IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S THIRD MOTION TO |
| vs. | ) | COMPEL DISCOVERY |
| | ) | |
| HOME DEPOT USA, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY

Pursuant to Rules 30 and 37 of the Federal Rules of Civil Procedure, Plaintiff Jon Muse hereby moves this Court for an order compelling Defendant Home Depot USA, Inc. to cooperate in discovery or risk additional sanctions for failing to make disclosures or cooperate in the normal course of discovery. Plaintiff urges this Court to find that counsel for Defendant has wrongly and repeatedly instructed a former employee not to answer questions during a truncated oral deposition held on January 7, 2006. Plaintiff requests that an award be included in this ruling.

DATED: Honolulu, Hawai'i, January 13, 2006.

STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | ) CIVIL NO. 04-00154 DAE/BMK |
| | ) (Civil Rights Violation) |
| Plaintiff, | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| vs. | ) MOTION |
| | ) |
| HOME DEPOT USA, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION

I. **INTRODUCTION**

Plaintiff's counsel attempted on January 7, 2006 to depose Debra Peterson, a former employee of Defendant Home Depot USA, Inc. However, contrary to customary legal practice relating to discovery and the rules of the court, Defendant's Counsel Jeffrey S. Harris instructed Ms. Peterson not to testify, claiming that the questions were argumentative, harassing, or protected by the attorney-client privilege. As brought out at the deposition, these instructions not to answer were wrong and this Court should instruct Defendant's counsel accordingly.

II. **DEFENDANT'S COUNSEL IMPROPERLY INSTRUCTED WITNESS TO NOT ANSWER PROPERLY POSED DEPOSITION QUESTIONS**

The deposition was adjourned as a result of the improper and unfounded instructions to Ms. Peterson to not answer certain questions at the deposition. The instructions appear to have been intended to obstruct proper inquiry into Ms. Peterson's credibility and ability to accurately recall events directly related to this litigation. A review of the deposition video (attached as Exhibit A) shows that Mr. Harris's instructions to Ms. Peterson were without merit, particularly with respect to his stated reasons that the questions were supposedly harassing or argumentative.

During the course of the deposition, it became apparent that Ms. Peterson had significant difficulty accurately recalling the November 3, 2003 encounter with Plaintiff Jon Muse at Home Depot. Ms. Peterson also testified that she had destroyed her initial written statement of the event, which she had made on the day of the November 3, 2003 encounter with Mr. Muse.

During the deposition, Plaintiff learned that Defendant Home Depot had terminated Ms. Peterson from her job in August 2004 for allegedly falsifying returns of merchandise. According to Ms. Peterson, the Honolulu Police

Department investigated but no criminal charges had been filed due to a lack of evidence[1].

During the course of the deposition, Ms. Peterson added facts not found in her employee statement of February 20, 2004, which raised serious questions about her credibility and ability to accurately recall details of the event.

The videotaped deposition began at 9:00 a.m. Mr. Harris first instructed Ms. Peterson not to answer so called argumentative and harassing questions at about 9:08-09 and again at 9:30-9:34am. Subsequent instructions occurred at 9:54:48 and 9:55:45. Another series occurred at 11:24:15, and finally Plaintiff's counsel moved to adjourn the deposition in order to obtain a ruling on this issue by this Court.

F.R.C.P Rule 30(d)(1) states in pertinent part that:

> . . . [a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).

The recorded deposition shows that Mr. Harris had no intention of presenting a motion as required by F.R.C.P. Rule 30(d)(1) and (4). He simply sought to impede and frustrate the fair examination of Ms. Peterson by improperly instructing her to not answer properly posed questions. His reasoning for his

---

[1] It appears that a conflict of interest may exist resulting from Ms. Peterson being represented at the deposition by Jeffrey Harris, counsel for Defendant Home Depot. Based upon her testimony, Ms. Peterson appears to have a possible cause of action against Defendant Home Depot for wrongful termination. No signed conflict waiver has been presented to Plaintiff's counsel.

3

instructions rings hallow in light of his unwillingness and failure to submit a motion to this Court pursuant to F.R.C.P. Rule 30(d)(4). His actions plainly violate F.R.C.P. Rule 30(d)(3). Furthermore, a review of the videotaped deposition indicates that the questions were neither argumentative nor harassing.

### III. THE QUESTIONS MET THE REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE

The questions posed by Plaintiff's counsel met the requirements of F.R.C.P. Rule 30(d)(1) and did not violate the attorney-client privilege as Defendant's counsel claimed. There can be no doubt that Mr. Harris's instruction to Ms. Peterson to not answer several questions (such as who Ms. Peterson met with at counsel's office, when she met, etc.) were improper. While the content of conversations between Mr. Harris (and/or his associates) and Ms. Peterson would for the most part be protected by the attorney-client privilege, testimony of meetings and those present at those meetings would not be subject to the attorney-client privilege. As the video shows, Mr. Harris refused to even discuss the basis for his instructions with the deponent, Ms. Peterson.

Mr. Harris first instructed Ms. Peterson not to answer so called "attorney-client privilege" questions at approximately 9:09:15 of the deposition. He again issued a series of instructions not to answer questions between approximately 9:30-9:34, and again at 9:54:48. Questions posed were with respect to whether or not

Mr. Harris or his associates had met with Ms. Peterson. No inquiries were made as to the content of the conversations.

The party seeking to invoke the attorney-client privilege carries the burden of proving that the privilege applies. *United States v. Plache*, 913 F.2d 1375, 1379 n. 1 (9th Cir. 1990). Plaintiff cannot imagine how Defendant Home Depot could possibly meet this burden with respect to the deposition questions described above.

### IV. THE DESTRUCTION OR ABSENCE OF EVIDENCE CONSTITUTE SPOLIATION

The testimony of Ms. Peterson raises a serious question as to spoliation. The Ninth Circuit has recognized the inherently broad power of a district court "...to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir.1980). Consequently, sanctions for spoliation of evidence may be imposed under the court's inherent power to manage it own affairs. *Kronish v. United States*, 150 F.3d 112, 130 (2d Cir.1998).

There is no doubt that the destruction by Ms. Peterson of her notes constitutes spoliation[2]. Ms. Peterson also testified that the video cameras at the

---

[2] The delivery by the court of an instruction to a jury that they may draw an inference from the examination of destroyed evidence that would have produced evidence harmful to the destroying party and helpful to the non-destroying party is not the only remedy available. See *Stender v. Vincent*, 92 Haw. 355, 992 P.2d 50, 54-6 (2000).

5

Home Depot store are on "24/7" and that the cameras would have been able to view and record both encounters with Plaintiff, which occurred on November 3, 2003 and April 25, 2004. We have not received any explanation as to why there are no videotapes of both incidents. The destruction of original notes by Ms. Peterson and the absence of video evidence of the November 3, 2003 and April 25, 2004 encounters with Plaintiff at Home Depot constitute spoliation.

A litigant may be obligated to preserve what it knows or should know that would be critical evidence in a pending action or one in the offing. *Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F.Supp. 1443 (CD CA 1984); *Computer Assocs. Int'l, Inc. v. American Fundware, Inc.* 133 FRD 166, 170 (D CO 1990). The Ninth Circuit in *Glover v. BIC Corp.*, 6 F.3d 1318, 1330 (9th Cir. 1998) stated:

> As Unigard correctly notes, however, a finding of "bad faith" is not a prerequisite to this corrective procedure. 982 F.2d at 368-70 & n. 2. Surely a finding of bad faith will suffice, but so will simple notice of "potential relevance to the litigation."

*Akiona*, 938 F.2d at 161.

Defendant Home Depot cannot credibly argue that it was not on notice of the possibility that Mr. Muse would bring claims against it. The store manager, Mike Dolan, who confronted Mr. Muse on November 3, 2003 hand wrote a statement

memorializing that encounter on February 24, 2004, in which he stated: "His [Mr. Muse] response was that he would file a complaint."

V.  **DEFENDANT'S COUNSEL ALSO OBJECTED TO PLAINTIFF'S RULE 30(b)(6) NOTICE OF DEPOSITION**

Plaintiff filed a Rule 30(b)(6) Notice of Deposition, which Defendant's counsel also objected to and claimed that the description of the Rule 30(b)(6) contained in Plaintiff's notice did not describe the designation of the corporate deponent with reasonable particularity. The parties met and conferred regarding this issue on January 3, 2006 and were unable to reach an agreement.

At issue is whether Plaintiff stated with reasonable particularity the person to be designated pursuant to F.R.C.P Rule 30(b)(6). Plaintiff's Rule 30(b)(6) Notice of Deposition describes the deponent to be designated as follows:

> Person(s) most knowledgeable for the Deposition 30(b)(6) about the following:
>
> 1) The corporate policy regarding the proper method of handling or accommodating a customer with a disability both generally and at the store specified in Plaintiff's complaint;
>
> 2) What training and preparation the corporation provides it employees to enable the handling of accommodations for disable customers; and
>
> 3) The Americans with Disabilities Act.

The court in *Starlight International Inc. v. Herlihy*, 186 F.R.D. 626, 688 (D KS 1999) stated:

7

> A notice of deposition made pursuant to Rule 30(b)(6) requires the corporation to produce one or more officers to testify with respect to matters set out in the deposition notice or subpoena. A party need only designate, with reasonable particularity, the topics for examination. The corporation, then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.

Plaintiff's counsel explained that item No. 3 (the Americans with Disabilities Act (ADA)) should be read to mean corporate policies applying to the requirements of the ADA as to the treatment and accommodation of persons with disabilities, including but not limited to the training of employees.

Rule 30(b)(6) provides that the designated person, testifying on behalf of an entity, "shall testify as to matters known or reasonably available to that organization." The court in *Rainey v. American Forest & Paper Ass'n.* 26 F.Supp.2d 82, 96 (D.D.C. 1998), quoting the advisory committee notes (1970 amend.) to Rule 30(b)(6) stated: "[f]oremost among the purposes of the Rule is to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to person in the organization and thereby to it."

The description contained in Plaintiffs Rule 30(b)(6) Notice adequately satisfies the requirement with "reasonable particularity". Defendant's objections to proper discovery procedure appears unfounded and without substance.

## VI.  CONCLUSION

Plaintiff's counsel has attempted to resolve discovery issues with Defendant's counsel to no avail. Mr. Harris stated he would move for a protective order prohibiting the taking of previously scheduled depositions at a later date due to his state court trial schedule. Plaintiff's counsel has tried to accommodate Mr. Harris in scheduling. However, given his actions at Ms. Peterson's deposition, his objection to the Rule 30(b)(6) Notice, and other areas of discovery, Plaintiff's counsel believes that the underlying issue is not in scheduling, but in the avoidance of factual discovery.

For the reasons stated above, Plaintiff asks this Court to grant Plaintiff's Third Motion to Compel Discovery.

DATED: Honolulu, Hawai'i, January 13, 2006.

STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY
Attorneys for Plaintiff, JON MUSE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | CIVIL NO. 04-00154 DAE/BMK |
| | (Civil Rights Violation) |
| Plaintiff, | |
| | DECLARATION OF STANLEY E. |
| vs. | LEVIN |
| | |
| HOME DEPOT USA, INC., | |
| | |
| Defendant. | |

### DECLARATION OF STANLEY E. LEVIN

I, STANLEY E. LEVIN, declare as follows:

1. I am an attorney licensed to practice in the State of Hawaii and is one of the attorneys for the Plaintiffs in the above-entitled action.

2. I am one of the named attorneys in the above-captioned case.

3. Attached hereto as Exhibit A is a true and correct copy in DVD format of the videotaped of Ms. Deborah Peterson taken on January 7, 2006.

I declare under penalty of perjury that the above is true and correct.

Executed on the 13 th day of January 2006.



STANLEY E. LEVIN