IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S MOTION TO** |
| vs. | ) | **STRIKE DEFENDANT HOME** |
| | ) | **DEPOT USA, INC.'S COUNTER** |
| HOME DEPOT USA, INC. | ) | **MOTION TO PLAINTIFF'S** |
| | ) | **THIRD MOTION TO COMPEL** |
| Defendant. | ) | **DISCOVERY** |
| | ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT
HOME DEPOT USA, INC.'S COUNTER MOTION TO
PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY**

Pursuant to Rules 7 and 35 of the Federal Rules of Civil Procedure and LR 37.1(a) and LR 37.1(b), Plaintiff Jon Muse hereby moves this Court for an order striking Defendant Home Depot USA, Inc.'s Counter Motion to Plaintiff's Third Motion to Compel Discovery. Said motion was filed on January 19, 2006 and delivered to Plaintiff's counsel at 3:04 p.m.

DATED: Honolulu, Hawai'i, January 20, 2006.

_____
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF STANLEY E. |
| vs. | ) | LEVIN |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF STANLEY E. LEVIN

I, STANLEY E. LEVIN, declare as follows:

1. I am an attorney licensed to practice in the State of Hawaii and is one of the attorneys for the Plaintiff in the above-entitled action.

2. I am one of the named attorneys in the above-captioned case.

3. Plaintiff is filing this motion to strike because Mr. Harris and his associates are intentionally ignoring a very important part of the discovery process—the meet and confer as required by LR 37.1

4. Ever since we first heard from Ms. Healther Rickenbrode, an associate of Mr. Harris, by e-mail dated January 18, 2006, I am informed and believe that Mr. Sherman responded to her about the meet and confer in his e-mail. She did not respond to Mr. Sherman's e-mail. Mr. Sherman's e-mail to her reminding her of

the clear duty counsel has to hold a meet and confer before counsel is able to file any discovery motion was sent on January 18, 2006.

5. Attached hereto as Exhibit A is a true and correct copy of Ms. Healther Rickenbrode's e-mail dated January 18, 2006 and Mr. Sherman's response to her e-mail.

6. I am informed and believe that the content of the motion was ripe for a resolution without the need for court time or energy.

7. The associate filed the motion without holding or even contacting either counsel about a meet and confer.

8. In light of the mandatory nature of the prohibition on holding meet and confers before a party can file any discovery motion, I urge the court to compel the compliance with the rules and strike the Defendant's counter motion until the rules are complied with.

9. I believe an inquiry in the termination of Ms. Peterson by Defendant Home Depot is both necessary and relevant. Ms. Peterson testified that she had been terminated for fraudulent returns (TR at p. 11 ll 20-25). Her credibility and her propensity for truthfulness are plainly at issue. Furthermore, it is very strange that Ms. Peterson would willingly testify on behalf of Defendant Home Depot after claiming in her deposition that she had been wrongfully terminated from her position at Home Depot. A reasonable inference must be drawn that some kind of

quid pro quo between Mrs. Peterson and Defendant Home Depot is in effect. It is also apparent, given the nature of the termination of Mrs. Peterson for fraudulent returns, that Defendant Home Depot does not find her to be honest or truthful. Only further examination of Mrs. Peterson will reveal the nature of any possible inducement by Home Depot to Mrs. Peterson to testify. Finally, in addition to the foregoing reasons, Mrs. Peterson's personnel file may also contain other indicia of her propensity for not being truthful and result in the discovery of other materials for impeachment purposes.

    I declare under penalty of perjury that the above is true and correct.

    Executed on the 20th day of January 2006.

_____
STANLEY E. LEVIN

3