ORIGINAL

OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN    1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN    5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY    5546
E-mail: feen@compuserve.com
Attorney At Law,
A Law Corporation
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 20 2006

at ___ o'clock and ___ min. ___M
SUE BEITIA, CLERK

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>    Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA, INC.<br><br>    Defendant. | CIVIL NO. 04-00154 DAE/BMK<br>(Civil Rights Violation)<br>**PLAINTIFF'S REPLY TO DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY; DECLARATION OF STANLEY E. LEVIN; EXHIBIT "A" AND CERTIFICATE OF SERVICE**<br><br>DATE: January 24, 2006<br>TIME: 9:00 a.m.<br>JUDGE: Honorable Barry M. Kurren<br>TRIAL: May 2, 2006 |

## TABLE OF CONTENTS

|      |                                              | PAGE |
|------|----------------------------------------------|------|
| I.   | INTRODUCTION                                 | 2    |
| II.  | INSTRUCTIONS NOT TO ANSWER WERE IMPROPER     | 2    |

# TABLE OF AUTHORITIES

                                                                    **PAGE**

**FEDERAL CASES**

In Re: Folding Carton Antitrust Litigation, 83 F.R.D. 132
    (N.D. Ill. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Keogh v. Pearson, 35 F.R.D. 20 (D.C.C. 1964) . . . . . . . . . . . . . . . .   4

McDonough v. Keniston, 188 F.R.D. 22, 24-5 (D. NH 1998) . . . . .   5

Boyd v. University of Maryland Medical System, 173 F.R.D.
    143, 144 (D. MD 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

**FEDERAL STATUTES**

F.R.C.P. Rule 30(d)(1)(3)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4,5

**PLAINTIFF'S REPLY TO DEFENDANT
HOME DEPOT USA, INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S
<u>THIRD MOTION TO COMPEL DISCOVERY</u>**

**I.    INTRODUCTION**

In Defendant's opposition to the motion, Defendant claims that there were proper instructions not to answer because the questions: 1) violated the attorney/client privilege; 2) were harassing; and 3) were "argumentative by an attorney. The questions were proper and the instruction not to answer was not. Moreover, the 30(b)(6) was clearly proper.

**II.   INSTRUCTIONS NOT TO ANSWER WERE IMPROPER.**

Defendant appeared to argue that six (6)[1] of the instructions not to answer were proper because the questions crossed the line and asked for information protected by the attorney/client privilege. None of these questions inquired into the content of any attorney-client communication, but related to how many times the deponent met with Mr. Harris or his employees and where they met. Early in

---

[1] Four (4) attorney-client objections are: TR at pp 34-5, ll 6-25 and ll 1-5 respectively. See Exhibit A attached hereto. One (1) attorney-client objection is found at TR at p. 36, ll 8-15. See Exhibit A attached hereto. The other attorney client objection is found at TR at p. 39, ll 17-25. See Exhibit A attached hereto. There were approximately **seven (7)** improper attorney-client instructions not to answer.

2

the deposition, Mr. Harris set the tone for the rest of the deposition in the following exchange (TR at p. 38, ll 6-15):

> Q. How many times-how many times have you met with Mr. Harris?
>
> MR. HARRIS: Objection, attorney-client privilege. Instruct the witness—instruct the witness not to answer.
>
> MR. SHERMAN: Actually, what communication is being violated there?
>
> MR. HARRIS: I'm not arguing with you. You can take that question and go talk to the magistrate. I'm objecting. I'm instructing the witness not answer.

Many of the questions did not remotely substantially implicate the attorney-client privilege, and two of the questions do not even skirt near the privilege. These two questions dealt with eye-witness reaction to persons with disabilities. It is Defendant's wrong position that his instruction not to answer was appropriate because Mr. Sherman was "harassing" and "badgering" the deponent. Attorney Sherman was not badgering anyone; he merely was pursuing inconsistencies, which Defendant's counsel clearly was uncomfortable in exposing. A blanket directive not to answer, however, is improper. There were approximately **eleven**

3

**(11)** improper non-privilege based instructions not to answer by Mr. Harris during the Peterson deposition[2].

Even the case generally cited to support Defendant's proposition that badgering or harassing is a valid basis for the instruction not to answer does not so hold. For example, the *In Re: Folding Carton Antitrust Litigation*, 83 F.R.D. 132 (N.D. Ill. 1979), the court upheld the instructions not to answer <u>complex and misleading</u> factual questions. Badgering and harassing are not even mentioned in the decision. Moreover, the court in *Folding Cartons* did order the re-deposition of a witness because the instruction not to answer was improper. Indeed, *Folding Carton* cites with approval the disposition of the court in *Keogh v. Pearson*, 35 F.R.D. 20 (D.C.C. 1964). However, that case did not deal with harassing or badgering questions either. So even based on the Defendant's preferred reasoning, it is operating without legal support. Furthermore, *Folding Cartons* was decided prior to the enactment of the amendment to F.R.C.P. Rule 30 requiring the objecting party to seek a protective order in the instance of harassing and argumentative deposition questioning.

---

[2] Mr. Harris interposed approximately **eleven (11)** improper non attorney-client instructions not to answer as follows: TR at p.43, ll 12-21 (2); TR at p. 44, ll 4-6 (1); TR at p. 60-1 ll 19-25, ll 1-10 (1); TR at 63, ll 17-24 (1); TR at p. 64, ll 4-25 (1); TR at p. 65, ll-6-15 (1); TR at 81, ll 7-25 (1); TR at p. 84-5, ll 19-25, ll 1-2 (1); TR at p. 93-4 ll 23-5, 1-10 (1). See Exhibit A attached hereto.

4

The Defendant intentionally avoids mentioning F.R.C.P. Rule 30(d)(1), (3), and (4) in its opposition. This is understandable, as Rule 30(d)(1), (3), and (4) plainly prohibit Mr. Harris's deposition conduct as to non-privilege instructions not to answer. *McDonough v. Keniston*, 188 F.R.D. 22, 24-5 (D. NH 1998). The court in *Boyd v. University of Maryland Medical System*, 173 F.R.D. 143, 144 (D. MD 1997) stated:

> As difficult as it is to do, and recognizing at the outset that reasonable minds can differ in good faith about many discovery issues, it is nonetheless required that counsel behave appropriately during deposition discovery. <u>There simply is no more aggravating action than a lawyer improperly instructing a deponent not to answer a question. This tactic frequently is used to frustrate new or inexperienced lawyers, and thwart legitimate discovery by more seasoned ones. As will next be discussed, there are very few circumstances in which an instruction not to answer a deposition question is appropriate, and the continued use of this tactic in light of the existing rules, guidelines and case law is a dangerous, and potentially expensive, endeavor.</u> [Emphasis added]

In point of fact, the question posed by Mr. Sherman were neither harassing nor badgering and Defendant has not cited to any authority that the mere posing of a question in similar form makes the question harassing or badgering. The defense attorney was simply acting in a very questionable manner. Indeed, early on in the deposition, Mr. Sherman made a clear overture to Mr. Harris that he wanted to discuss off the record the reasons for asking the question about the length of the

5

meeting with counsel and Mr. Harris with a wave of his hand foreclose any reasonable discussion of the subject at the deposition.

Accordingly, Plaintiff respectfully requests that the Court GRANT his Third Motion to Compel.

DATED: Honolulu, Hawaii, January 20, 2006.

_____
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff