OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN            1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN   5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY   5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff
JON MUSE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>      Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA, INC.<br><br>      Defendants. | CIVIL NO. 04-00154 DAE/BMK<br>(Civil Rights Violation)<br><br>DECLARATION OF BRUCE F.<br>SHERMAN |

<u>DECLARATION OF BRUCE F. SHERMAN</u>

I, BRUCE F. SHERMAN, declare as follows:



1. I am one of the named attorneys in the above captioned case.

2. I have reviewed the Certificate of Counsel in Support of Defendant's Counter Motion to Plaintiff's Third Motion to Compel Discovery (hereafter referred to as "Harris's certificate").

3. There were several telephone calls between Mr. Harris and myself on January 9th, 10th, and 11th, 2006. These calls primarily concerned whether or not the depositions scheduled for January 10th, 2006, January 13th, 2006, and January 20, 2006 would be taken off. I also discussed with Mr. Harris the discovery motion we intended to file and whether or not he would agree to shorten time. Mr. Harris indicated that he preferred that I contact him through e-mail regarding any issues.

4. I did not tell Mr. Harris that I encouraged Mrs. Peterson to sue the Defendant Home Depot for her termination, nor did I ever agree to any portrayal of the examination of Ms. Peterson as an on the record attempt to encourage Mrs. Peterson to sue for her termination.

5. We did not have any type of discussion for purposes of complying with the "meet and confer" requirements of LR 37.1 relating to the issue of Mrs. Peterson's termination and any supposed attempt by Plaintiff's counsel to induce her to sue Defendant Home Depot for wrongful termination on any of the dates cited by Mr. Harris.

6. I have no recollection, nor do I believe that any substantive conversation occurred on the dates listed Harris's certificate relating to Mr. Harris's statement: "He explained that he believed that Ms. Peterson should be required to continue answering questions whether the word "c___t" offended her and what other disabilities offended her, even though she had answered question like those several times.".

7. We did discuss spoliation and I recall Mr. Harris telling me that he was very familiar with the issue and caselaw due to his experience in other cases and that he did not believe we came close to being able to prove it.

8. A telephonic "meet and confer" pursuant to LR 37.1 occurred between counsel on or about January 4, 2006 regarding the Rule 30(b)(6) issue. The actual session had been rescheduled several times due to Mr. Harris's claim that he had to go to state court for jury questions in a state court trial he had just concluded. My co-counsel, Stan Levin, was present at and participated in this telephonic meeting.

9. I would not have engaged Mr. Harris in a "meet and confer" relating to the issue raised in the defendant's counter-motion filed on January 19, 2006 without the presence and participation of my co-counsel, Stan Levin. Any "meet and confer" regarding the Defendant's Counter Motion to Plaintiff's Third

Motion to Compel Discovery would have involved Mr. Levin and occurred at a specific time and place (if not held telephonically).

10. It was clear during the deposition of Mrs. Peterson on January 7, 2006, that her credibility was an issue. She was unclear at various points as to what year the November 3, 2003 incident actually took place or when she was hired to begin work at Defendant Home Depot. She also testified that she had destroyed her notes of the November 3, 2003 incident, while she was still an employee of Defendant Home Depot.

11. Mrs. Peterson testified at her deposition that she was terminated for "fraudulent returns" in or about August of 2004, after this lawsuit had been filed. Peterson TR at p. 11, ll 12-25. She also indicated that she had been investigated for these actions by the Honolulu Police Department and that LPS ("loss preventions") at Home Depot declined to have her prosecuted sometime in 2005. Peterson TR at pp 12-13.

12. Mrs. Peterson did not believe that she should have been terminated from her employment at Home Depot. Peterson TR at p. 15, ll 1-8. The termination also made it difficult for her to find other work. She indicated that she had been "devastated" by the termination and further said: "I was devastated. I couldn't get out of bed, couldn't eat. I was—I didn't know what was going on. I was just following procedures. Just following procedures." Peterson TR at p.

4

16, ll 10-19. Mrs. Peterson stated, however, that she has not been banned from Home Depot and still shops there. Peterson TR at p. 17, ll 7-18.

13.  It was apparent to me after hearing this testimony, that serious questions existed as the issues of bias, motive, or interest existed with regard to Mrs. Peterson's testimony on behalf of Defendant Home Depot. I could not help but wonder why would a person who felt that they had been wrongfully terminated, testify on behalf of the company that terminated her? Or why would a person who was devastated by a company's supposed wrongful termination of her, still testify on behalf of that company? The obvious conclusion to me was (and is) that some kind of arrangement or agreement existed between Mrs. Peterson and the defendant, which went directly to her interest and motive in testifying on behalf of Home Depot. It is also surprising that Home Depot, after firing Mrs. Peterson for an act of dishonesty (not unlike shoplifting), would permit her to still shop at Home Depot. Again, I could not (and cannot still) help but believe that some kind of agreement exists between Mrs. Peterson and the Defendant Home Depot, which indirectly (or otherwise) relates to her testimony on behalf of Home Depot and her termination from employment at Home Depot. This was particularly striking to me in light of the tendency of Mrs. Peterson to embellish and add to her testimony at the January 7, 2006 deposition as

compared with her prior written statements regarding the November 3, 2003 and April 25, 2004 incidents at Home Depot.

I declare under penalty of perjury that the above is true and correct.

Executed on the 21st day of January, 2006

*Bruce F. Sherman*
BRUCE F. SHERMAN