ORIGINAL

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS            2718-0
(jsh@torkildson.com)
JAN MURANAKA BOIVIN   8138-0
(jmb@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 1 2006

at 2 o'clock and 15 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>    Defendant. | CIVIL NO. CV04-00154 DAE/BMK<br><br>NOTICE TO COURT THAT PLAINTIFF JON MUSE CLAIMS THAT ACTION INVOLVES CHALLENGE TO CONSTITUTIONALITY OF STATUTE; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date:   March 20, 2006<br>Time:   10:00 a.m.<br>Judge:  Hon. David A. Ezra<br><br>Trial:  May 2, 2006 |

618463.V1

## NOTICE TO COURT THAT PLAINTIFF JON MUSE CLAIMS THAT ACTION INVOLVES CHALLENGE TO CONSTITUTIONALITY OF STATUTE

Defendant Home Depot USA, Inc., through its undersigned attorneys, pursuant to Rule 24(c) of the Federal Rules of Civil Procedure and Section 2403 of Title 28 of the United States Code, calls the attention of this Court to the assertion of Plaintiff Jon Muse that Defendant has challenged the constitutionality of Title III of the American with Disabilities Act, 42 U.S.C. §§12181 to 12189, H.R.S. § 347-13, and H.R.S. § 489-3.

Although Defendant disagrees with Plaintiff's assertion, which it understands was made in a telephone call to the Court's chambers, Defendant points out that the following argument is made beginning at page 31 of its Memorandum in Support of Motion filed November 29, 2005:

> If this Court interprets Title III, H.R.S. § 347-13, and H.R.S. § 489-3 as requiring Home Depot to serve a customer making sexist (and racist) remarks, such an interpretation would violate First Amendment protections against compelled ideological speech.
>
> This Court cannot force Home Depot to convey an antagonistic ideological message. *See Wooley v. Maynard,* 430 U.S. 705, 713, 51 L. Ed. 2d 752, 762, 97 S. Ct. 1428, 1434-36 (1977) (government may not compel motorists to display license plates bearing the motto "Live Free or Die"; "such interest cannot outweigh an individual's First Amendment right to avoid becoming the courier for such a message"); *West Virginia Bd. of Ed. v. Barnette,* 39 U.S. 624, 632, 63 S. Ct. 1178, 1183, 87 L. Ed. 1628, 1635 (1943) (government may not

compel children, contrary to their conscience, to salute the American flag and become "unwilling converts" to an "affirmation of a belief and an attitude of mind"); *Hurley*, 515 U.S. at 559, 115 S. Ct. at 2340-41, 132 L. Ed. 2d at 495; *Dale*, 530 U.S. at 654, 120 S. Ct. at 2454, 147 L. Ed. 2d at 556.

This is true even if this court construes Home Depot's refusal to serve a customer making racist and sexist remarks as an act of commercial speech, which is "usually defined as speech that does not more than propose a commercial transaction". *See United States v. United Foods, Inc.*, 533 U.S. 405, 410, 121 S. Ct. 2334, 2338, 150 L. Ed. 2d 438, 445 (2001) (assessments imposed on members of the mushroom industry for generic advertising programs violated a mushroom producer's First Amendment rights protecting it from compelled speech and compulsory financing of speech; "[j]ust as the First Amendment may prevent the government from prohibiting speech, the Amendment may prevent the government from compelling individuals from compelling individuals to express certain views").

This is because: "[T]he right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all. A system which secures the right to proselytize religious, political, and ideological causes must also guarantee the concomitant right to decline to foster such concepts. The right to speak and the right to refrain from speaking are complementary components of the broader concept of individual freedom of mind." *Wooley*, 430 U.S. at 714, 51 L. Ed. 2d at 762, 97 S. Ct. at 1435 (citations and internal quotation marks omitted). Home Depot need not utter the speech itself. It is enough "that the mandated support is contrary to the First Amendment principles set forth in cases involving expression by groups which includes persons who object to the speech, but who, nevertheless, must remain members of the group by law

or necessity." *United Foods, Inc.*, 533 U.S. at 413, 121 S. Ct. at 2339, 150 L. Ed. 2d at 446.

     Plaintiff cannot contend that calling someone a "c[]nt" (or a "n[]gger") is ideologically neutral. Plaintiff does not dispute the sincerity of Home Depot's views on sexism (or racism). Plaintiff also does not dispute that Home Depot found it contrary to its conscience to permit a customer to call one staff member a "c[]nt" and the other a "f[]cking c[]nt". In refusing to serve a customer uttering sexist (and racist) remarks since April 25, 2004, Home Depot has not yielded in conscience, and instead exercises its freedom not to effectively endorse Plaintiff's hateful statements by permitting him to remain. Home Depot should not have to "yield in conscience". *Cf. Rasmussen v. Glass*, 498 N.W.2d 508 (Minn. 1993) (deli owner did not have to yield in conscience because his proffered reason for refusing to service a customer was based upon a sincerely held religious belief; enforcement of a public accommodation ordinance burdened the owner's exercise of his religious beliefs, and the city did not have a compelling governmental interest in enforcement of the ordinance).

Dated:  Honolulu, Hawaii, February 1, 2006.

                                    TORKILDSON, KATZ, FONSECA,
                                    MOORE & HETHERINGTON,
                                    Attorneys at Law, A Law Corporation

                                    _____
                                    JEFFREY S. HARRIS
                                    JAN MURANAKA BOIVIN
                                    Attorneys for Defendant
                                    HOME DEPOT USA INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | CIVIL NO. **CV04-00154 DAE/BMK** |
| Plaintiff, | CERTIFICATE OF SERVICE |
| v. | |
| HOME DEPOT USA, INC., | |
| Defendant. | |

## **CERTIFICATE OF SERVICE**

I hereby certify on this date, a true and accurate copy of the foregoing document was duly served upon the following individuals by depositing same in the United States Mail, postage prepaid, addressed as follows:

    STANLEY E. LEVIN, ESQ.
    Davis Levin Livingston Grande
    851 Fort St., #400
    Honolulu, HI 96813

    and

    BRUCE F. SHERMAN, ESQ.
    1164 Bishop Street, #124
    Honolulu, HI 96813

    Attorneys for Plaintiff
    JON MUSE

618463.V1

-2-

Dated: Honolulu, Hawaii, February 1, 2006.

                                    TORKILDSON, KATZ, FONSECA,
                                    MOORE & HETHERINGTON,
                                    Attorneys at Law, A Law Corporation

_____
JEFFREY S. HARRIS
JAN MURANAKA BOIVIN
Attorneys for Defendant
HOME DEPOT USA INC.