IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| vs. | ) | MOTION |
| | ) | |
| HOME DEPOT USA, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

### I.   INTRODUCTION

Defendant Home Depot has named Mr. Muse a pariah in our society, and refuses to allow him in its commercial establishments or to do business with him in any way, shape, or form. The reason is that Mr. Muse has a disability *that compels him* to utter *two words* in random and uncontrollable ways. As set forth by the Defendant's attorney, Defendant Home Depot demands that Plaintiff "stay out of it [sic] stores until he avoids using vulgar language in front of employees and customers." See Exhibit A to Opposition to Defendants Motion to Dismiss.

3

The present Complaint validly seeks an injunction against Defendant's reprehensible behavior, and seeks damages for their complete failure to provide Mr. Muse an accommodation, *as required by law.*

## II. FACTS

Plaintiff Jon Muse is a forty-three-year-old man indisputably suffering from Tourette's Syndrome since childhood. Plaintiff (hereinafter referred to as "Muse" or "Jon Muse") is impaired significantly in his speech as he suffers from a distinct form of Tourette's called coporlalia as diagnosed by all of his doctors. This condition compels him to interject certain vulgarities randomly into his speech. The randomly interjected vulgarities are the words "f[]ck" and "c[]nt." Medication and treatment have been unable to control this aspect of Mr. Muse's Tourette's. Plaintiff's First Amended Complaint at ¶¶ 2 and 3.

On or about November 3, 2004, Plaintiff was exchanging certain items at the Defendant Home Depot's store located at 421 Ala Kawa Street in Honolulu, Hawai'i. While making his purchases, Mr. Muse **randomly** and **uncontrollably** voiced the words "f[]ck" and "c[]nt" as he necessarily responded to checkout clerk Debra Peterson's comments and questions. The supervisor on duty, named Darlyn Kunia, overheard the conversation and ordered Mr. Muse to stop using the vulgarities. Mr. Muse apologized to Peterson and Kunia and explained that his use of those words were due solely to his disability, Tourette's. Mr. Muse was quiet

and polite during the exchange. Dar indicated that she did not care what sort of disability Mr. Muse had, despite Mr. Muse's explanation. The store manager, Mike Dolan, was summoned and Mr. Muse again explained his condition and apologized. Dolan ignored Mr. Muse's explanation and stated that he would not tolerate such language. He stated further that he did not care what kind of disability Mr. Muse had and that Mr. Muse was not welcome at the store if he used such language. Clearly, Defendants employees did not understand the scope of Plaintiff's disability.

"Tourette's syndrome [TS] is an inherited, neurological disorder characterized by multiple involuntary body movements and uncontrollable vocalizations called tics that come and go over the years. In few cases, such tics can include inappropriate words and phrases." See National Institute of Neurological Disorders and Stroke "Tourette's Syndrome Fact Sheet" ("TS Fact Sheet"), p. 1 of 7, a copy of was attached Plaintiff's Opposition to Defendant's Motion to Dismiss as Exhibit B (hereinafter referred to as "Exhibit B"). One of the most socially stigmatizing symptoms of Tourette's Syndrome is called coprolalia, defined as the "involuntary utterances of vulgar or obscene words; seen in Gilles de la Tourette's syndrome." Stedman's Medical Dictionary, 26th Edition, (Publ. Williams & Wilkins) p.392. Although the basic cause of TS is unknown, current research suggests that there is an abnormality in the gene(s) affecting the brain's

metabolism of neurotransmitters such as dopamine, serotonin, and norepinephrine. Neurotransmitters are chemicals in the brain that carry signals from one nerve cell to another." Exhibit B, p. 4 of 7. "There is no cure for TS. . . . Although the disorder is generally lifelong and chronic, it is not a degenerative condition." Exhibit B, p. 5 of 7.

### III. PROCEDURAL HISTORY

Defendant Home Depot filed the instant summary judgment motion on November 29, 2005. Defendant asserts that it should be granted summary judgment in part because:

> (2) Plaintiff could not have been denied modifications he never requested; (3) Plaintiff's allegedly requested modification was unreasonable because it required Home Depot to become a courier for a sexist viewpoint, to incur liability for failure to respond to sexist, vulgar, and harassing comments, and to service a customer whose statement were so incendiary that the customer posed a danger to himself and others; (4) Plaintiff was not physically disabled under Hawaii law, and even if Plaintiff was disabled, he received treatment becoming to a customer making sexist, vulgar, and harassing comments; and (5) enforcement of Title III and Hawaii law as to Home Depot's refusal to serve a customer making sexist, racist, vulgar, and harassment statements would violate the United States and Hawaii Constitutions, which protect against compelled ideological speech. [Defendant Home Depot USA, Inc.'s Motion for Summary Judgment at pp. 1-2]

On January 11, 2006, Defendant filed the Supplemental Declaration of Michael Dolan in Support of Motion for Summary Judgment Filed November 29, 2005. Dolan's supplemental declaration states that: 1) he has in his capacity as

6

Assistant Store Manager at the Alakawa store asked customers to leave based on their use of the words "f[]ck" and "c[]nt"; 2) he directly and indirectly supervises associates; and 3) he has directly and indirectly supervised associates, who in 2005 and 2006, have assisted a regular customer who appears to have Tourette's syndrome (the customer interjecting yips repeatedly into his speech. Plaintiff has yet to be able to take either Dolan's deposition or that of another percipient witness, Daryln Kuhnia, due to discovery disputes. No depositions were scheduled in December of 2005 in order to accommodate the state court trial schedule of Defendant's lead counsel, Jeffrey Harris. Declaration of Bruce F. Sherman.

On January 24, 2006 a discovery hearing on several discovery motions was held. The court held that the Plaintiff was entitled to take the deposition of a designated witness pursuant to F.R.C.P. Rule 30(b)(6) ("Rule 30(b)(6)") relating to person(s):

1) familiar with the national policy the Plaintiff has described; and

2) familiar with the generation of and/or the implementation of that policy in Hawaii; and

3) insofar as the second designation under the 30(b)(6) notice requires a national response, Defendant will make available for oral deposition person(s) who are familiar with the national policy on the handling of customers with disabilities; and

7

4) Defendant shall make available for oral deposition person(s) who are knowledgeable about the implementation of the national policy on the handling of customers with disabilities.

The parties have been unable to agree upon the form of the order to date. The Defendant told Plaintiff's counsel that the Rule 30(b)(6) designated deponent will be available to be deposed in Atlanta, Georgia on either February 28, 2006 or March 1, 2006[1]. The time in which Plaintiff must respond to Defendant's summary judgment motion is currently set for March 2, 2006.

## IV. ARGUMENT

### A. LEGAL STANDARD

Rule 56(f) of the Federal Rules of Civil Procedure[2] allows the denial of summary judgment or continuance of the motion hearing if the party opposing the motion "has not had an opportunity to make full discovery." Celotex Corp. v.

---

[1] Plaintiff first noticed the Rule 30(b)(6) deposition on December 20, 2005, setting it for January 19, 2006 at 1:00 p.m. Defendant improperly asserted that the description, later found by the court to be sufficient, lacked specific particularity and refused to designate a deponent. Declaration of Bruce F. Sherman at ¶¶ 6 and 7.

[2] Rule 56(f) of the Federal Rules of Civil Procedure provides:
> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. Proc. Rule 56(f).

Catrett, 477 U.S. 317, 326 (1986). The primary purpose of Rule 56(f) is to ensure that parties have a reasonable opportunity to prepare their case and to ensure against a premature grant of summary judgment. Price v. Gen'l Motors Corp., 931 F.2d 162, 164 (1st Cir. 1991) (citing 10A Wright, Miller & Kane, Federal Practice & Procedure § 2740 (1983)); see also Weinberg v. Whatcom County, 241 F.3d 746, 746 (9th Cir. 2001).

The party opposing summary judgment may file a Rule 56(f) specifically seeking that the court defer ruling on the then-pending summary judgment motion until further discovery is completed. See C.B. Trucking, Inc. v. Waste Management, Inc., 137 F.3d 41, 44 (1st Cir. 1998). The Rule 56(f) request must be made in a timely fashion, which generally means before any summary judgment response is filed or, in any event, prior to oral argument on the motion. See Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 46 n.4 (1st Cir. 1999); Mass. Sch. of Law at Andover v. Amer. Bar Ass'n, 142 F.3d 26, 44 (1st Cir. 1998).

It is the movant's burden to demonstrate the requisite basis for relief under Rule 56(f), that is, the existence of facts necessary to preclude summary judgment. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996), cert. denied, 522 U.S. 950, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997); see also Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (citation omitted) (Denial of Rule 56(f)

request proper where "evidence sought is almost certainly nonexistent or is the object of pure speculation.").

The grant or denial of a Rule 56(f) motion is within the district court's discretion. See Natural Res. Def. Council v. Houston, 146 F.3d 1118 (9th Cir. 1998), cert. denied, 526 U.S. 1111 (1999). Ordinarily, such requests are construed generally and are granted liberally. Simas, 170 F.3d at 46 n.4. Thus, in cases where material facts are in the possession of the party moving for summary judgment, "continuance of motion for summary judgment for purposes of discovery should be granted almost as a matter of course." Costlow v. United States, 552 F.2d 560 (3d Cir. 1977).

In ruling on a Rule 56(f) motion, the court must balance the movant's need for the requested discovery against the burden [to the respondent] of the requested discovery and delay of the summary judgment motion. Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998). Courts, therefore, will generally require a successful Rule 56(f) movant to show, by sworn affidavit: (1) the particular discovery sought; (2) how those specific facts would preclude summary judgment; and (3) why this discovery was not and/or could not have been obtained earlier. See In re Silicon Graphics, Inc. Securities Litig., 183 F.3d 970, 989 (9th Cir. 1999); Terrell v. Brewer, 935 F.2d 1015, 1018. These showings must be specific - vague or badly conclusory statements will not suffice. See Byrd v. United States

EPA, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999) (no conclusory statements); Carpenter v. Fed. Nat'l Mortgage Ass'n, 174 F.3d 231, 237 (D.C. Cir.), cert. denied, __ U.S. __, 120 S.Ct. 184, 145 L.Ed.2d 155 (1999) (same). Moreover, the affidavit containing these showings must be authoritative; that is, the affiant must have first-hand knowledge of the facts asserted therein. See C.B. Trucking, 137 F.3d at 41; but cf. Simas, 170 F.3d at 46 n.4.

If the court finds the Rule 56(f) request valid, it may "(1) refuse to grant summary judgment; (2) order a continuance to permit affidavits or discovery to be obtained; or (3) make such other order as is just." Weinberg, 241 F.3d at 750-751 (citation omitted).

The court is unlikely to grant such a request where the moving party has not been diligent in beginning discovery. Schindler Elevator, 113 F.3d at 921. A party may not, for example, directly attempt to defeat the summary judgment motion and then, when an adverse ruling is entered, seek a Rule 56(f) extension of discovery. Rodriguez-Cuervos v. Walmart Stores, Inc., 181 F.3d 15, 23 (1st Cir. 1999). If the moving party fails to adequately make any of these showings, the court may deny the requested postponement and rule upon the pending summary judgment motion. See, Silicon Graphics, 183 F.3d at 189.

### B) **FACTUAL ISSUES TO BE DETERMINED THROUGH DISCOVERY**

It is virtually impossible for the Plaintiff to be able to take and use any of the testimony from a February 28, 2006 or March 1, 2006 deposition in Atlanta Georgia in time to oppose Defendant's summary judgment motion. Even, if the deposition were to be done via video conferencing, there would not be time to obtain a transcript and incorporate facts gleaned therefrom into Plaintiffs opposition. Facts regarding whether or not Defendant has either a national or local policy for the accommodation of persons with disabilities are critical to defeating Defendants claim that the Plaintiff did not request an accommodation at the time of the November 3, 2003 incident. See for example No. 22 of Defendant Home Depot USA, Inc.'s Concise Statement of Facts in Support of Motion for Summary Judgment. Whether or not the employees at the Akalea store could have offered any type of accommodation to Jon Muse, particularly in light of the Defendants policies and practices, is a critical factual issue. Plaintiff will not be able to know these facts until the Rule 30(b)(6) deposition has been taken, as well as the deposition of the percipient witnesses, Darlyn Kunia and Michael Dolan.

The testimony of percipient witnesses Darlyn Kunia and Assistant Store Manager are critical to the factual determination as to whether or not the Plaintiff could have made a request for an accommodation at the time of the incident in

light of the unknown existence of any national or local policy relating to persons with disabilities. It is interesting to note that Defendants counsel has so strenuously resisted naming a Rule 30(b)(6) deponent since November of 2005.

The parties have been embroiled in discovery disputes for the past three months. Plaintiffs counsel first sought to schedule the deposition of the Rule 30(b)(6) designee in November 4, 2005, but the Defendant refused to designate a deponent. The depositions of Kunia and Dolan were cancelled to be reset when discovery issues were resolved.

The e-mails between counsel illustrate the problem Plaintiffs counsel has encountered in resolving matters with opposing counsel (attached hereto and marked as Exhibit 1). Defendant counsels e-mail of February 16, 2006 seems to plainly indicate that Defendants counsel will not permit any depositions prior to the hearing date. The next e-mail from Defendants counsel seems to back down from this position. It has become almost impossible for Plaintiffs counsel to know what the Defendants real position is regarding discovery, however, the effect of all this is that discovery has been significantly delayed. Not surprisingly, this inures to the benefit of the Defendant and places the Plaintiff in a position of being without the possession of facts critical to opposing the Defendants summary judgment motion.

The need for additional discovery described above satisfies the following F.R.C.P. Rule 56(f) criteria of: (1) the particular discovery sought; (2) how those specific facts would preclude summary judgment; and (3) why this discovery was not and/or could not have been obtained earlier. See In re Silicon Graphics, Inc, Securities Litig., 183 F.3d 970, 989 (9th Cir. 1999); Terrell v. Brewer, 935 F.2d 1015, 1018.

### C) DEFENDANTS CONSTITUTIONAL CHALLENGE TO THE AMREICANS WITH DISABILITIES ACT

Defendant's claim "enforcement of Title III and Hawaii law as to Home Depot's refusal to serve a customer making sexist, racist, vulgar, and harassment statements would violate the United States and Hawaii Constitutions, which protect against compelled ideological speech." Regardless of whether or not this claim is well taken, it does present a constitutional attack upon the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq* and any State of Hawaii statutes involved.

F.R.C.P. Rule 24(c) states in pertinent part:

> When the constitutionality of an act of Congress affecting the public interest is drawn in question in any action in which the United State or an officer, agency, or employee thereof is not a party, the court shall notify the Attorney General of the United States as provided in Title 28, U.S.C. § 2403. When the constitutionality of any statute of a State affecting the public interest is drawn in question in any action in which that State or any agency, officer, or employee thereof is not a party, the court shall notify the attorney general of the

State as provided in Title 28, U.S.C. § 2403. A party challenging the constitutionality of legislation should call the attention of the court it its consequential duty, but failure to do so is not a waiver of any constitutional right otherwise timely asserted.

Defendant's counsel did not give notice to the court of its constitutional claims pursuant to F.R.C.P. Rule 24. Both entities should be granted sufficient time in which to determine whether or not they need to weigh in on this issue. The current hearing date does not provide that needed time.

V.  **CONCLUSION**

Plaintiff, for the reasons stated above, respectfully requests that this court grant the motion to continue hearing date.

DATED: Honolulu, Hawai'i, February 21, 2006.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff
JON MUSE