IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | ) CIVIL NO. 04-00154 DAE/BMK |
| | ) (Civil Rights Violation) |
| Plaintiff, | ) |
| | ) DECLARATION OF BRUCE F. |
| vs. | ) SHERMAN |
| | ) |
| HOME DEPOT USA, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

### DECLARATION OF BRUCE F. SHERMAN

I, BRUCE F. SHERMAN, state under penalty of law that the following is true and correct:

1. I am co-counsel of record in the above-entitled action.

2. I make this declaration in support of the Plaintiffs' Motion to Continue Summary Judgment Hearing Pursuant to F.R.C.P. Rule 56(f), to which this declaration is attached.

3. I have reviewed or caused to have reviewed every document produced by the Defendants pursuant to Fed. R. Civ. Proc. Rules 26, 33, 34, and 36; the discovery orders issued by this Court; and/or Plaintiffs' discovery requests in this litigation.

4. Defendant Home Depot USA, Inc.'s Answer to First Amended Complaint filed on November 1, 2005, asserts as a third affirmative defense that the Plaintiff did not request a reasonable modification. It further states as a fourth affirmative defense in pertinent part that "[p]laintiff could not have been denied a modification he never requested.

5. Defendant seeks summary judgment in part for the following reasons:

(2) Plaintiff could not have been denied modifications he never requested; (3) Plaintiff's allegedly requested modification was unreasonable because it required Home Depot to become a courier for a sexist viewpoint, to incur liability for failure to respond to sexist, vulgar, and harassing comments, and to serve a customer whose statement were so incendiary that the customer posed a danger to himself and others; (4) Plaintiff was not physically disabled under Hawaii law, and even if Plaintiff was disabled, he received treatment becoming to a customer making sexist, vulgar, and harassing comments; and (5) enforcement of Title III and Hawaii law as to Home Depot's refusal to serve a customer making sexist, racist, vulgar, and harassment statements would violate the United States and Hawaii Constitutions, which protect against compelled ideological speech. [Defendant Home Depot USA, Inc.'s Motion for Summary Judgment at pp. 1-2].

6. Plaintiff's Amended Notice of Taking Rule 30(b)(6) Oral and Videotaped Deposition was filed on December 30, 2005 setting the time for the deposition for January 19, 2006 (a true and correct copy is attached hereto and marked as Exhibit 1). Plaintiff did not notice any depositions in the month December 2005 in large part to accommodate the trial schedule in state court of opposing counsel Jeffery Harris.

7. Plaintiff sought the Rule 30(b)(6) deposition of Defendant's designee regarding: 1) the corporate policy regarding the proper method of handling or accommodating a customer with a disability both generally and at the store specified in Plaintiff's complaint; 2) what training and preparation the corporation provides its employees to enable the handling of accommodations for disabled customers; and 3) the above with respect to the Americans with Disabilities Act.

8. Plaintiff seeks to elicit facts from this depositions relating to: 1) whether or not any national or local policy regarding the accommodation of persons with disabled persons by Home Depot at its stores existed; 2) whether or not such a policy was in effect and/or followed by Defendant's employees at the subject store on November 3, 2003 or April 25, 2004 with respect to the Plaintiff; 3) whether or not it would make any difference at all whether or not the Plaintiff requested an accommodation at the relevant times at Defendant's

store; 4) whether or not Defendant's employees had any power or authority to grant the Plaintiff any type of meaningful accommodation, particularly in light of the position Defendant has taken throughout this litigation that the Plaintiff would not be permitted in its stores so long as he exhibited the symptoms of Corprolalia or Corporaxia; 5) what types of accommodations are afforded under Defendant's policy; 6) what training employees received under such a policy; 7) how this national and local policy integrates Defendant's "core values" with respect to accommodating persons with disabilities, particularly in light of Defendant's assertion that it is unconstitutional to force it to comply with the Americans with Disabilities Act; and 8) if no such policy exists, then what possible accommodations could have made in light of any request by a disabled person or the Plaintiff specifically.

9. Defendant, after the granting of the Plaintiff's Third Motion to Compel, on the issue of whether or not the Rule 30(b)(6) notice stated with reasonable particularity the subjects the designated deponent would testify to, offered the week of February 27, 2006, specifically February 28, 2006 or March 1, 2006 in Atlanta, Georgia for the Rule 30(b)(6) deposition of the national policy designee. A designated Rule 30(b)(6) deponent for local policies has been indicated for a separate deposition, presumably in Hawaii. The parties

have not been able to agree upon the form of the court's order subsequent to the hearing on the Plaintiff's Third Motion to Compel.

10.   Plaintiffs current deadline for opposing Defendant's summary judgment motion is March 2, 2006. It is not possible to take the deposition of the Rule 30(b)(6) designated deponent in either Atlanta (even by video-conferencing) and Hawaii and have the transcripts prepared and the information digested and incorporated into any opposition to the Defendants summary judgment by March 2, 2006. The depositions of percipient witnesses Darlyn Kuhia and Michael Dolan will be incomplete without the information and facts gleaned from the Rule 30(b)(6) designated corporate deponents.

11.   Defendant's dilatory actions and continued failure to timely respond to Plaintiff's discovery requests or generally to respond to Plaintiff's discovery without the necessity of having Plaintiff file various motions to compel have severely impeded Plaintiff's ability to properly litigate this action. Specifically, Plaintiff will be unable to properly complete its discovery, including depositions of the Defendant, prior to the hearing on the individual Defendant's summary judgment motions scheduled for March 20, 2006.

12.   Plaintiffs therefore have no other alternative but to return to this Court to seek a continuance of the summary judgment hearing, in order to properly complete its discovery as to the matters described above.

13. The parties have discussed and traded e-mail concerning the matter of a continuance and have been unable to agree upon it. Any requirements of meet and confer have been met.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawai'i, February 21, 2006.

_____
BRUCE F. SHERMAN

Co-Counsel for Plaintiffs