IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF BRUCE F. |
| vs. | ) | SHERMAN |
| | ) | |
| HOME DEPOT USA, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## **DECLARATION OF BRUCE F. SHERMAN**

I, BRUCE F. SHERMAN, state under penalty of law that the following is true and correct:

1. I am co-counsel of record in the above-entitled action.

2. I make this declaration in support of the Plaintiff's Motion to Continue Summary Judgment Hearing Pursuant to F.R.C.P. Rule 56(f), to which this declaration is attached and Plaintiff's ex parte motion to shorten time.

3. Defendant, after the granting of the Plaintiffs Third Motion to Compel, on the issue of whether or not the Rule 30(b)(6) notice stated with reasonable particularity the subjects the designated deponent would testify to, offered the week of February 27, 2006, specifically February 28, 2006 or March 1, 2006 in Atlanta, Georgia for the Rule 30(b)(6) deposition of the national policy

designee. A designated Rule 30(b)(6) deponent for local policies has been indicated for a separate deposition, presumably in Hawaii. The parties have not been able to agree upon the form of the court's order subsequent to the hearing on the Plaintiff's Third Motion to Compel. Consequently, there is no written order yet reflecting the courts decision permitting the Rule 30(b)(6) deposition.

4. Plaintiffs current deadline for opposing Defendants summary judgment motion is March 2, 2006. It is not possible to take the deposition of the Rule 30(b)(6) designated deponent in either Atlanta (even by videoconferencing) and Hawaii and have the transcripts prepared and the information digested and incorporated into any opposition to the Defendants summary judgment by March 2, 2006. The depositions of percipient witnesses Darlyn Kuhia and Michael Dolan will be incomplete without the information and facts gleaned from the Rule 30(b)(6) designated corporate deponents. It is not known when the deposition can be scheduled for the local Rule 30(b)(6) designated deponent at this time, but similar time constraints argue against the value of such a deposition in the context of Plaintiffs current opposition deadline of March 2, 2006 and the summary judgment hearing of March 20, 2006.

5. It is doubtful that either the State of Hawai'i or the United States of America can reasonably evaluate or respond to Defendants constitutional challenges to the legislation upon which this litigation is premised by March 2,

2006 or reasonably prepare for a March 20, 2006. This situation has been caused by the failure of the Defendant to give notice of the constitutional challenge to the court.

6. The parties have discussed and traded e-mail concerning the matter of a continuance and have been unable to agree upon it. Any requirements of meet and confer have been met.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawai'i, February 21, 2006.

_____
BRUCE F. SHERMAN