**ORIGINAL**

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS        2718-0
(jsh@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorney for Defendant
HOME DEPOT USA, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 22 2006

at 2 o'clock and 55 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　Defendant. | CIVIL NO. CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(f); DECLARATION OF JEFFREY S. HARRIS; EXHIBIT A; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date:　　March 20, 2006<br>Time:　　10:00 a.m.<br>Judge:　　Hon. David A. Ezra<br><br>Trial:　　November 7, 2006 |

619584.V1

### DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(F)

Defendant Home Depot USA, Inc. opposes Plaintiff Jon Muse's motion to continue the hearing on Defendant's motion for summary judgment filed Novembeer 29, 2005, so that Plaintiff may seek more discovery. (The discovery that Plaintiff has taken already has at times been abusive. See Exhibit A).

The continuance will conflict with the purpose of summary judgment. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

The only facts that Plaintiff says he hopes to elicit from further discovery relate to "whether or not Defendant has either a national or local policy for the accommodation of persons with disabilities". These facts are not essential to resist the Defendant's summary judgment motion. This case has been and remains about whether federal or state statutes require Defendant to allow Plaintiff to say "c_nt" and "n_gger" to Defendant's customers and employees.

In order to satisfy the requirements of Fed. R. Civ. P. 56(f), the Plaintiff must show that the facts he seeks from the discovery he seeks during the

-3-

continuance are essential to resist the summary judgment. State of California v. Campbell, 138 F.3d 772, 78 (9th Cir. 1998) ("Essentialness of Facts Sought"). The Court can assume, for the purposes of the issues presented by the motion, that any national policy that Defendant has does not allow Plaintiff to say "c_nt" and "n_gger" to Defendant's customer and employees.

Plaintiff also contends that constitutional issues justify the requested continuance. However, until the Court decides whether the federal and state statutes involved may require Defendant to allow Plaintiff to say "c_nt" and "n_gger" to Defendant's customer and employees, the Court should not reach any constitutional questions.

This is well established. *See* Jean v. Nelson, 472 U.S. 846, 854, 86 L. Ed. 2d 664, 105 S. Ct. 2992 (1985) ("Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision. This is a fundamental rule of judicial restraint." (quotations and citations omitted)); United States v. Kaluna, 192 F. 3d 1188, 1197 (9th Cir. 1999) (en banc) (restating the "well-established" maxim that "courts are not 'to decide questions of a constitutional nature unless absolutely necessary to a decision of the case'").

Any constitutional issues that arise at that time can easily be deferred until after the statutory issues are decided.

Dated: Honolulu, Hawaii, February 22, 2006.

>TORKILDSON, KATZ, FONSECA,
>MOORE & HETHERINGTON,
>Attorneys at Law, A Law Corporation
>
>_____
>JEFFREY S. HARRIS
>Attorney for Defendant
>HOME DEPOT USA INC.