IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CV NO 04-00154 DAE/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

      The Court heard Plaintiff's Motion on February 27, 2006. Bruce

Sherman, Esq., and Stanley Levin, Esq., appeared at the hearing on behalf of

Plaintiff; Jeffrey Harris, Esq., appeared at the hearing on behalf of Defendant.

After reviewing the motion and the supporting and opposing memoranda, the Court

GRANTS Plaintiff's Motion To Continue Defendant's Motion for Summary

Judgment.

BACKGROUND

      Plaintiff Jon Muse ("Plaintiff") suffers from a form of Tourette's

Syndrome called coporlalia, which results in his use of certain vulgarities randomly

interjected into his speech.  On or around November 3, 2003, Plaintiff entered

Defendant Home Depot USA, Inc.'s ("Home Depot") store on Alakawa Street to

return a wheelbarrow.  At some point during the transaction, Plaintiff began using

obscenities.  There is a dispute as to whether the obscenities were randomly

interjected into his speech or whether they were directed at a Home Depot

employee.  Soon thereafter, Mike Dolan, the store manager, arrived and told

Plaintiff that his actions were unacceptable and that he is not welcome in the store

using such language.

On March 4, 2004, Plaintiff filed a Complaint in the Federal District

Court of the District of Hawaii.  In Count One of the Complaint, Plaintiff asserts

that Defendant violated Title III of the Americans with Disabilities Act ("ADA")

by refusing to serve Plaintiff based on his disability.  In Count Two of the

Complaint, Plaintiff claims that Defendant violated Hawaii Revised Statute

("H.R.S.") § 347-13 by denying Plaintiff equal services to Defendant's public

accommodations.  In Count Three of the Complaint, Plaintiff maintains that

Defendant violated H.R.S. § 489 by refusing to provide Plaintiff service because of

his disability.

On November 29, 2005, Home Depot filed a motion for summary

judgment seeking dismissal of all claims against it.  Plaintiff's opposition to the

2

motion is currently due on March 2, 2006.  On January 24, 2006, Judge Barry Kurren held a hearing in connection with several discovery disputes including Plaintiff's Third Motion to Compel Discovery.  Judge Kurren, through a Minute Order, granted in part Plaintiff's Third Motion to Compel Discovery.  The Minute Order further directed Bruce Sherman, attorney for Plaintiff, to prepare the order. However to date, the parties have been unable to agree as to the form of the order, and therefore no order has been filed.

Based on the outcome of the hearing, Home Depot has agreed to allow Plaintiff to depose an employee familiar with its national policies with regard to the handling of customers with disabilities.  Home Depot gave Plaintiff the option of conducting the deposition either on February 28 or March 1, 2006, in Atlanta, Georgia.  Currently, Plaintiff's opposition to Home Depot's motion for summary judgment is due on March 2, 2006.  Plaintiff claims that it would be virtually impossible for him to use the testimony from this deposition in time to adequately oppose Home Depot's Motion for Summary Judgment.  Plaintiff has therefore sought a continuance to allow him time to conduct further discovery and adequately prepare his opposition.

Home Depot, both in its opposition papers and through counsel's argument at the hearing on February 27, 2006, has stipulated that it has no policy

3

with regard to dealing with customers who shout expletives at or in front of

employees or customers, or in the alternative, their policy is to prohibit that type of

behavior in their stores.

<u>STANDARD OF REVIEW</u>

Rule 56(f) of the Federal Rules of Civil Procedure provides:

Should it appear from the affidavits of a party opposing
the motion that the party cannot for reasons stated present
by affidavit facts essential to justify the party's opposition, the court may refuse
the application for judgment or may order a **continuance** to permit affidavits to be
obtained or **depositions to be taken or discovery to be had** or may make such
other order as just.

Fed. R. Civ. P. 56(f) (emphasis added).  This provision prevents the opposing party

from being "railroaded" by a premature motion for summary judgment where he

has not had an opportunity to make full discovery.  <u>Celotex Corp. v. Catrett</u>, 477

U.S. 317, 326 (1986); <u>Price v. Gen'l Motors Corp.</u>, 931 F.2d 162, 164 (1st Cir.

1991) (stating that Rule 56(f) provides an additional safeguard against a premature

or improvident grant of summary judgment).

In order to obtain a postponement or continuance for further

discovery, the opposing party bears the burden of showing:  (1) evidence that he

plans to discover raises a genuine issue of material fact; (2) reasons why such

evidence cannot be presented at the present time; and (3) steps or procedures by

which the opposing party intends to use to obtain such evidence.  <u>Kelly v.</u>

<u>Marcantonio</u>, 187 F.3d 192, 203 (1st Cir. 1999); <u>Terrell v. Brewer</u>, 935 F.2d 1015,

1018 (9th Cir. 1991).

        In considering whether a continuance is proper with regard to a

motion for summary judgment, the court should balance the need of the party

seeking additional discovery against the burden that such discovery and ensuing

delay will have on the party seeking summary judgment.  <u>Harbert Int'l, Inc. v.</u>

<u>James</u>, 157 F.3d 1271, 1280 (11th Cir. 1998).  Where a party fails to present an

adequate basis for a continuance, a court may deny further discovery and proceed

to adjudicate the motion for summary judgment.  <u>See</u> <u>In re Silicon Graphics, Inc.,</u>

<u>Sec. Litig.</u>, 183 F.3d 970, 989 (9th Cir. 1999).

<u>DISCUSSION</u>

        In the present case, Judge Kurren has ordered that Plaintiff is entitled

to depose a Rule 30(b)(6) witness who is knowledgeable as to Home Depot's

national policy with regard to the handling of customers with disabilities.  Home

Depot has provided two possible dates for the deposition, February 28 or March 1,

2006.  Plaintiff's counsel, through a declaration, has also stated that he intends to

conduct a Rule 30(b)(6) deposition of a person knowledgeable of Home Depot's

local policies, presumably in Hawaii.  (Declaration of Bruce F. Sherman in Support

5

of Pl.'s Mot. to Continue Summ. J., ¶ 3).  Due to discovery disputes, Plaintiff has been unable to notice these depositions prior to Judge Kurren's Order on January 24, 2006.

As Plaintiff's opposition to Home Depot's motion for summary judgment is currently due on March 2, 2006, there is no question that Plaintiff will be materially prejudiced if the depositions permitted by Judge Kurren will in any way raise a genuine issue of material fact sufficient to preclude summary judgment.  Thus, the only question is whether Plaintiff, through affidavit of counsel, has stated sufficient facts to raise a reasonable possibility that the above noted depositions might yield evidence relevant to refuting the factual allegations set forth by Home Depot.  The Court finds that Plaintiff has met this burden.

Plaintiff asserts that the Rule 30(b)(6) depositions are relevant to determining whether Home Depot has a policy, at the local or national level, to accommodate disabled persons and the extent and substance of such policy. Defendant claims that these facts are relevant to determine whether Home Depot could have provided a reasonable accommodation notwithstanding the issue of whether Plaintiff made such a request.  Plaintiff also asserts Home Depot's policies with regard to disabled persons is directly relevant to challenge Home Depot's

claim that its constitutional rights would be violated if the ADA is interpreted to compel it to allow Plaintiff into its stores.

Home Depot contends that the depositions are not relevant to the underlying issue, which is limited to whether federal or state statutes require Home Depot to allow Plaintiff to say "c_nt" and "n_gger" to its customers and employees. Therefore, Home Depot maintains that any facts or evidence that Plaintiff's deposition might elicit are not essential to the disposition of its motion of summary judgment.

The Court finds that while a likelihood exists that Plaintiff's further discovery may not in fact reveal evidence pertinent to its opposition to Home Depot's motion for summary judgment, the totality of the circumstances mitigates in favor of granting a continuance. Clearly the depositions will not have a bearing on whether Plaintiff's alleged disability places him in a protected class pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, or the relevant sections of the Hawaii Revised Statutes. However, the Court finds that testimony elicited from the deposition might prove relevant to Plaintiff's claim that Home Depot

employees did not and, as a matter of policy, were not prepared to offer Plaintiff a reasonable accommodation or were not trained to do so.[1]  In addition, by granting Plaintiff's Third Motion to Compel Discovery, Judge Kurren has found that the testimony sought from the depositions is relevant to Plaintiff's claims.

Home Depot has not articulated any prejudice that it would suffer as a result of this Court's granting of a continuance of the hearing beyond that normally associated with such an action.  Therefore, this Court finds that prudential concerns weigh in favor of continuing Home Depot's hearing on its motion for summary judgment until such time that Plaintiff has had a reasonable opportunity to conduct discovery and digest the evidence derived therefrom.

---

[1]Home Depot's stipulation that it does not have a policy with regard to dealing with customers who shout expletives at or in front of employees or customers does not obviate Plaintiff's basis for conducting a Rule 30(b)(6) deposition.  The issue in this case is not whether Home Depot does not permit such behavior in its stores, but rather given Plaintiff's disorder and the alleged facts, was Home Depot required to offer Plaintiff some type of reasonable accommodation.

CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion

To Continue Home Depot's Motion for Summary Judgment.


IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 27, 2006.



_____
David Alan Ezra
United States District Judge




Jon Muse v. Home Depot USA, Inc., CV No. 04-00154 DAE/BMK; ORDER
GRANTING PLAINTIFF'S MOTION TO CONTINUE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

9