Cite as: 546 U. S. ____ (2006)     1

Per Curiam

# SUPREME COURT OF THE UNITED STATES

ANTHONY ASH ET AL. *v.* TYSON FOODS, INC.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 05–379.    Decided February 21, 2006

PER CURIAM.

Petitioners Anthony Ash and John Hithon were superintendents at a poultry plant owned and operated by respondent Tyson Foods, Inc. Petitioners, who are African-American, sought promotions to fill two open shift manager positions, but two white males were selected instead. Alleging that Tyson had discriminated on account of race, petitioners sued under Rev. Stat. §1977, 42 U. S. C. §1981, and Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U. S. C. §2000e *et seq.*

A trial proceeded in the United States District Court for the Northern District of Alabama. At the close of the plaintiffs' evidence, Tyson moved for judgment as a matter of law, see Fed. Rule Civ. Proc. 50(a). The District Court denied the motion, and the jury found for petitioners, awarding compensatory and punitive damages. The employer renewed its motion for judgment under Rule 50(b). The District Court granted the motion and, in the alternative, ordered a new trial as to both plaintiffs under Rule 50(c). App. to Pet. for Cert. 35a; see generally *Unitherm Food Systems, Inc.* v. *Swift-Eckrich, Inc.,* 546 U. S. ___, ___ (2006) (slip op., at 4–11) (discussing Rule 50).

The United States Court of Appeals for the Eleventh Circuit affirmed in part and reversed in part. 129 Fed. Appx. 529, 536 (2005) *(per curiam).* As to Ash, the court affirmed the grant of the Rule 50(b) motion, deeming the trial evidence insufficient to show pretext (and thus insufficient to show unlawful discrimination) under the burden-shifting framework set forth in *McDonnell Douglas Corp.* v.

2      ASH v. TYSON FOODS, INC.

Per Curiam

*Green,* 411 U. S. 792 (1973). 129 Fed. Appx., at 533–534. As to Hithon, the court reversed the Rule 50(b) ruling, finding there was enough evidence to go to the jury. The court, however, affirmed the District Court's alternative remedy of a new trial under Rule 50(c), holding that the evidence supported neither the decision to grant punitive damages nor the amount of the compensatory award, and thus that the District Court did not abuse its discretion in ordering a new trial. *Id.*, at 536.

The judgment of the Court of Appeals, and the trial court rulings it affirmed, may be correct in the final analysis. In the course of its opinion, however, the Court of Appeals erred in two respects, requiring that its judgment now be vacated and the case remanded for further consideration.

First, there was evidence that Tyson's plant manager, who made the disputed hiring decisions, had referred on some occasions to each of the petitioners as "boy." Petitioners argued this was evidence of discriminatory animus. The Court of Appeals disagreed, holding that "[w]hile the use of 'boy' when modified by a racial classification like 'black' or 'white' is evidence of discriminatory intent, the use of 'boy' alone is not evidence of discrimination." *Id.*, at 533 (citation omitted). Although it is true the disputed word will not always be evidence of racial animus, it does not follow that the term, standing alone, is always benign. The speaker's meaning may depend on various factors including context, inflection, tone of voice, local custom, and historical usage. Insofar as the Court of Appeals held that modifiers or qualifications are necessary in all instances to render the disputed term probative of bias, the court's decision is erroneous.

Second, the Court of Appeals erred in articulating the standard for determining whether the asserted non-discriminatory reasons for Tyson's hiring decisions were pretextual. Petitioners had introduced evidence that their qualifications were superior to those of the two successful

Cite as: 546 U. S. ____ (2006)  3

Per Curiam

applicants. (Part of the employer's defense was that the plant with the openings had performance problems and petitioners already worked there in a supervisory capacity.) The Court of Appeals, in finding petitioners' evidence insufficient, cited one of its earlier precedents and stated: "Pretext can be established through comparing qualifications only when 'the disparity in qualifications is so apparent as virtually to jump off the page and slap you in the face.'" *Ibid.* (quoting *Cooper* v. *Southern Co.*, 390 F. 3d 695, 732 (CA11 2004)).

Under this Court's decisions, qualifications evidence may suffice, at least in some circumstances, to show pretext. See *Patterson* v. *McLean Credit Union,* 491 U. S. 164, 187–188 (1989) (indicating a plaintiff "might seek to demonstrate that respondent's claim to have promoted a better qualified applicant was pretextual by showing that she was in fact better qualified than the person chosen for the position"), superseded on other grounds by 42 U. S. C. §1981(b); *Texas Dept. of Community Affairs* v. *Burdine,* 450 U. S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretexts for discrimination"); cf. *Reeves* v. *Sanderson Plumbing Products, Inc.,* 530 U. S. 133, 148 (2000) ("[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated").

The visual image of words jumping off the page to slap you (presumably a court) in the face is unhelpful and imprecise as an elaboration of the standard for inferring pretext from superior qualifications. Federal courts, including the Court of Appeals for the Eleventh Circuit in a decision it cited here, have articulated various other standards, see, *e.g., Cooper, supra,* at 732 (noting that

4 ASH v. TYSON FOODS, INC.

Per Curiam

"disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question" (internal quotation marks omitted)); *Raad v. Fairbanks North Star Borough School Dist.*, 323 F. 3d 1185, 1194 (CA9 2003) (holding that qualifications evidence standing alone may establish pretext where the plaintiff's qualifications are "'clearly superior'" to those of the selected job applicant); *Aka v. Washington Hospital Center*, 156 F. 3d 1284, 1294 (CADC 1998) (en banc) (concluding the factfinder may infer pretext if "a reasonable employer would have found the plaintiff to be significantly better qualified for the job"), and in this case the Court of Appeals qualified its statement by suggesting that superior qualifications may be probative of pretext when combined with other evidence, see 129 Fed. Appx., at 533. This is not the occasion to define more precisely what standard should govern pretext claims based on superior qualifications. Today's decision, furthermore, should not be read to hold that petitioners' evidence necessarily showed pretext. The District Court concluded otherwise. It suffices to say here that some formulation other than the test the Court of Appeals articulated in this case would better ensure that trial courts reach consistent results.

The Court of Appeals should determine in the first instance whether the two aspects of its decision here determined to have been mistaken were essential to its holding. On these premises, certiorari is granted, the judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*