IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>             Plaintiff,<br><br>   v.<br><br>HOME DEPOT USA, INC.,<br><br>             Defendant. | NO. CV04-00154 DAE/BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

**I.   FACTUAL BASIS FOR MOTION**

On January 24, 2006, Defendant Home Depot USA, Inc. ("Defendant") served Defendant Home Depot USA, Inc.'s Second Request for Answers to Interrogatories to Plaintiff Jon Muse. See Exhibit "A". The interrogatories propounded upon Plaintiff included:

> Interrogatory No. 1:
> For all damages you are claiming, describe in detail each and every item and or category of damage, together with the method of calculation, and describe all documents and/or evidentiary material on which your computation is based upon, including all material bearing on the nature and extent of injuries allegedly suffered by you.
>
> Interrogatory No. 2:
> Please identify each and every person who you believe has information or knowledge related to any of the damages stated above in Interrogatory No. 1. Please

621566.V3

        include their name, address, telephone number, and a detailed summary of the knowledge they possess.

See id.

On February 23, 2006, Plaintiff served his Response to Defendant Home Depot USA, Inc.'s Second Request for Answers to Interrogatories to Plaintiff Jon Muse, dated January 24, 2006. Exhibit "B". With regard to Interrogatory No. 1, Plaintiff stated:

> Punitive Damages
> Compensatory Damages for psychological injury, embarrassment and alienation. I am entitled to compensatory damages and punitive damage to address the humiliation, anguish, emotional distress, and the inconvenience caused by Defendant's failure to provide reasonable accommodations. I am having a "hard time" emotionally after the incident and the second incident.
>
> Barnes v. Gorman, 536 U.S. 181 (2002)
> Expert report of Dr. Samuel H. Zinner
> Testimony of Dr. Samuel H. Zinner
> Testimony of Dr. William Sheehan

See Exhibit "B". This answer is incomplete and non-responsive to Defendant's request that Plaintiff provide information regarding the method of calculation used to determine damages. Defendant made a good faith request for Plaintiff to supplement his response to Interrogatory No. 1 during a phone teleconference on March 8, 2006. Decl. of Counsel at ¶¶ 4, 5. Plaintiff's counsel refused to provide the requested information. Decl. of Counsel at ¶ 6.

With regard to Interrogatory No. 2, Plaintiff listed the contact information

621566.V3                                                2

for Dr. Samuel H. Zinner, M.D., Dr. William P. Sheehan, and Dr. Wray Y. Tsuzaki, and made a general reference to Dr. Zinner's expert report and the "clinical notes provided in Plaintiff's first response to request for production of documents." See id. Plaintiff failed to provide any specific information regarding the knowledge that the foregoing individuals have related to the damages he is alleged to have suffered, and refused to supplement his answer despite defense counsel's good faith request on March 8, 2006. Decl. of Counsel at ¶¶ 5, 6.

On January 24, 2006, Defendant served Defendant Home Depot USA, Inc.'s Second Request for Production of Documents to Plaintiff Jon Muse. See Exhibit "C". Among other things, Defendant requested that Plaintiff produce (a) any and all documents relating or referring to income earned by Plaintiff from any and all sources since December 1996; and (b) any and all tax returns filed by Plaintiff since 1996. See id.

On February 23, 2006, Plaintiff served his Response to Defendant Home Depot USA, Inc.'s Second Request for Production of Documents to Plaintiff Jon Muse dated January 24, 2006. See Exhibit "D". With regard to Defendant's request for all documents relating to income earned by Plaintiff since December 1996, Plaintiff objected "to the extent that the requested documents are not calculated to lead to discovery of admissible evidence." See id. With regard to Defendant's request for all tax returns filed by Plaintiff since 1996, Plaintiff

objected "to the extent that it requests documents that are not calculated to lead to discoverable evidence that can be used at trial." See id. Defense counsel was unsuccessful in his attempt to resolve the dispute regarding the relevance of these documents during the teleconference on March 8, 2006. Decl. of Counsel ¶¶ 9, 10.

## II. ARGUMENT

### A. Plaintiff's Refusal To Describe His Method Of Calculating The Compensatory And Punitive Damages To Which He Has Claimed Entitlement Violates FRCP 26, 33 and 37

Rule 33 of the Federal Rules of Civil Procedure ("FRCP") establishes that parties have a "duty to provide full answers to interrogatories – i.e., answers should include all the information within the responding party's knowledge and control." Bell v. Woodward Governor Co., Case No. 03 C 50190, 2005 U.S. Dist. Lexis 19602 (N.D. Ill. Sept. 8, 2005). Where a party objects to or fails to fully answer an interrogatory, Rule 33 allows "[t]he party submitting the interrogatories [to] move for an order under Rule 37(a) ..." (FRCP 33(b)(5)), which states:

> If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

FRCP 37(a)(2)(B). "For the purposes of a motion to compel under Rule 37(a), an

evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond." Jones v. Syntex Lab., Inc., Case No. 99 C 3113, 2001 U.S. Dist. Lexis 17926 at *4 (N.D. Ill. Oct. 30, 2001).

Defendant's request for information regarding Plaintiff's damage claims, including Plaintiff's method of calculating damages, is entirely relevant to this dispute. Defendant made a good faith attempt to resolve this issue during a teleconference with Plaintiff's counsel on March 8, 2006, but Plaintiff's counsel refused to supplement the answer to Interrogatory No. 1. See Decl. of Counsel at ¶¶ 4-6. In so doing, Plaintiff's counsel failed to state any valid grounds to justify this refusal. See Decl. of Counsel at ¶ 6. Plaintiff's incomplete answer to Interrogatory No. 1 is therefore improper and has no substantial justification. In light of this, Plaintiff's attempt to thwart Defendant's legitimate discovery efforts should not be condoned, and an Order should be issued compelling Plaintiff to provide information on his method of calculating damages. See Convolve, Inc. v. Compaq Computer Corp., 223 F.R.D. 162, 174 (D. N.Y. 2004) (requiring Convolve, Inc. to supplement its answers to interrogatories by setting forth "the amount of damages alleged with respect to each claim (to the extent that damages are unique to particular claims), the amounts attributable to each category of damages (lost profits, etc.), the methodology and calculations for arriving at those figures, and the general types of evidence that support the calculations"); City &

County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (D. Cal. 2003) (requiring plaintiff to provide its assessment of damages "in light of the information currently available to it in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure and make informed decisions as to settlement and discovery") (citations omitted); see also Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 687 (D. Kan. 1991) (concluding that "Caton is entitled to a specific and substantive answer, i.e. the dollar amount of plaintiff's claimed damages and a definitive description of other non-pecuniary relief, if any, plaintiff seeks").

### B. Plaintiff's Refusal To Produce Documents Relating To Income Earned From All Sources Since December 1996, And All Tax Returns Filed Since December 1996, Violates FRCP 26, 34 and 37

In addition to requiring Plaintiff to provide information regarding the method of calculating damages, FRCP 26 also requires him to make available "for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." FRCP 26(a)(1)(C). Despite his clear obligation to produce documents used to support his damage calculations, Plaintiff refused to produce documents relating to income Plaintiff earned from all sources since December of 1996, and all tax

returns filed since December of 1996. See Exhibit "C". In so doing, Plaintiff objected to Defendant's request "to the extent that the requested documents are not calculated to lead to discovery of admissible evidence." See Exhibit "D"; Decl. of Counsel at ¶¶ 9-10.

Plaintiff's assertion that his financial records are irrelevant is inaccurate, as these documents will provide insight into Plaintiff's damage claims against Defendant. See Bayou Steel Corp. v. Danieli Corp., Civil Action No: 99-3440, 2001 U.S. Dist. Lexis 5946 at *6-8 (E.D. La. Apr. 30, 2001) (noting that there was no justification for the plaintiff's failure to produce much of the documentation supporting its damage claim). Moreover, while tax returns are protected by a "quasi-privilege", they "are subject to disclosure where the information sought is relevant and is not available from other sources." Betz v. The Legal Aid Society, No. 89 Civ. 3401, 1990 U.S. Dist. Lexis 13947 (S.D. N.Y. Oct. 18, 1990). In this case, Plaintiff's tax records are relevant to his claim for compensatory damages, as they will demonstrate any changes in income subsequent to the incidents at issue. Since Plaintiff has refused to produce any other financial records, Defendant has no way of knowing whether the same information is available from another source. As a result, Plaintiff should be compelled to produce financial records and tax returns dated from 1996 to 2006.

    C.    **Plaintiff's Refusal To Provide Detailed Summaries Of The Knowledge That Dr. Samuel H. Zinner, Dr. William P. Sheehan, And Dr. Wray Y. Tsuzaki Possess Regarding Plaintiff's Damage Claims Violates FRCP 26 and 37**

Plaintiff's reply to Interrogatory No. 2 is entirely unresponsive to Defendant's request for detailed summaries of the knowledge Dr. Zinner, Dr. Sheehan and Dr. Tsuzaki possess regarding Plaintiff's alleged damages. Plaintiff specifically identified Dr. Zinner, Dr. Sheehan and Dr. Tsuzaki as individuals with knowledge related to Plaintiff's damage claims. Instead of providing detailed summaries regarding the knowledge that the foregoing witnesses possess, however, Plaintiff referred Defendant to the expert report of Dr. Zinner, attached hereto as Exhibit "E", and the clinical notes provided in Plaintiff's first response to request for production of documents, attached hereto as Exhibit "F".

"Ordinarily, interrogatory answers should be complete in themselves and not mere references to other discovery." Bell v. Woodward Governor Co., Case No. 03 C 50190, 2005 U.S. Dist. Lexis 4451 at *7 (D. Ill. 2005). While it is not improper under FRCP 33(d) to respond to an interrogatory by referring to documents produced in certain instances, such a tactic is entirely inappropriate in this case. First, the expert report and treatment notes Plaintiff referenced are not Plaintiff's business records, and it is established that "[o]nly business records may be used in lieu of interrogatory answers." Jackson v. Geometrica, Inc., Case No.

3:04-cv-640-J-20HTS, 2006 U.S. Dist. Lexis 10996 *10 (D. Fla. 2006).

More importantly, the documents to which Plaintiff referred Defendant fail to make specific reference the damages that Plaintiff is alleged to have sustained. Instead, they evaluate Plaintiff's overall health condition between 2000 and 2005. This reply is unresponsive to Defendant's request, as Plaintiff has not clarified which sections of these documents demonstrate the knowledge possessed by Dr. Zinner, Dr. Sheehan and Dr. Tsuzaki. It is particularly difficult for Defendant to obtain insight into the knowledge possessed by the foregoing individuals, since Plaintiff has refused to provide specific information on the damages he claims to have sustained or the method of calculating those damages. Plaintiff should not be permitted to avoid answering Defendant's legitimate interrogatory in this way, especially where he has not raised any objection to it. It is appropriate for Plaintiff to supplement his response by providing a direct answer to Interrogatory No. 2.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court issue an Order:

    A.    Requiring Plaintiff to:

    (1)    Supplement his answer to Question 1 of Defendant's Second Request for Answers to Interrogatories by describing in detail the method of calculating the compensatory and punitive damages to which Plaintiff has claimed entitlement;

(2) Produce (a) any and all documents relating or referring to income earned by Plaintiff from any and all sources since December 1996; and (b) any and all tax returns filed by Plaintiff since 1996;

(3) Supplement his answer to Question 2 of Defendant's Second Request for Answers to Interrogatories by providing detailed summaries of the knowledge that Dr. Samuel H. Zinner, Dr. William P. Sheehan, and Dr. Wray Y. Tsuzaki possess; and

**B.** Awarding Defendant its reasonable expenses, including attorneys' fees, in compelling Plaintiff to respond to Defendant's discovery requests.

DATED: Honolulu, Hawaii, March 28, 2006.

        TORKILDSON, KATZ, FONSECA,
        MOORE & HETHERINGTON,
        Attorneys at Law, A Law Corporation

        _____
        JEFFREY S. HARRIS
        HEATHER M. RICKENBRODE
        Attorneys for Defendant
        HOME DEPOT USA, INC.