TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS            2718-0
(jsh@torkildson.com)
JAN MURANAKA BOIVIN          8138-0
(jmb@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT USA, INC., <br><br> Defendant. | CIVIL NO. CV04-00154 DAE/BMK <br><br> DEFENDANT HOME DEPOT USA, INC.'S SECOND REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF JON MUSE; DEFINITIONS AND INSTRUCTIONS; INTERROGATORIES |

**DEFENDANT HOME DEPOT USA, INC.'S SECOND REQUEST FOR
ANSWERS TO INTERROGATORIES TO PLAINTIFF JON MUSE**

TO:  Stanley E. Levin, Esq.
     851 Fort Street
     400 Davis Levin Livingston Grande Place
     Honolulu, Hawaii 96813

53039/0011/617299.V1                EXHIBIT "A"                FILE COPY

Bruce F. Sherman, Esq.
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813

PLEASE TAKE NOTICE that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant HOME DEPOT USA, INC. (hereinafter "Defendant"), by and through its undersigned attorneys, Torkildson, Katz, Fonseca, Moore & Hetherington, Attorneys at Law, A Law Corporation, hereby requests that Plaintiff JON MUSE ("Plaintiff"), answer the following the Interrogatories served upon him.

PLEASE TAKE NOTICE that responses to these interrogatories must be made within thirty (30) days after its service at the offices of TORKILDSON, KATZ, FONSECA, MOORE & HETHERINGTON, TOPA Building, 15th Floor, 700 Bishop Street, Honolulu, Hawaii 96813.

Dated: Honolulu, Hawaii, January 24, 2006.

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS
JAN MURANAKA BOIVIN
Attorneys for Defendant
HOME DEPOT USA INC.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to this Request for Answers to Interrogatories:

1. "You" and "your" means and refers to Plaintiff JON MUSE.

2. "Defendant" means and refers to Defendant HOME DEPOT USA, INC., its agents, employees, attorneys and anyone else acting on its behalf.

3. The term "documents" means and includes any and all:

   a. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotaped recorded, visually reproduced, stenographically reproduced or reproduced in any other matter;

   b. Originals and all copies of any and all communications;

   c. Writings of any kind or type whatsoever;

   d. Data compilations, from which information can be obtained, translated, if necessary, by Defendants through detection devices into reasonably usable form as defined by Fed. R. Civ. P. 33;

   e. Books and pamphlets;

   f. Microtape, microfilm, photographs, movies, records, recordings, tape recordings and videotape recordings, stenographically or otherwise reproduced;

   g. Diaries and appointment books;

h.  Cables, wires, memoranda, reports, notes, minutes and interoffice communications;

i.  Computer disks or programs;

j.  Letters and correspondence;

k.  Contracts, agreements or proposals for contracts;

l.  Other legal instruments or official documents;

m.  Deeds, leases, mortgages, assignments or other instruments relating to real property or personal property;

n.  Published material of any kind;

o.  Financial statements, balance sheets, profit and loss statements, checking account statements, savings account statements, savings/time certificates, statements of financial condition, income tax returns, accounting records, worksheets, reports, projections, schedules, ledgers, books, records and journals;

p.  Vouchers, expense accounts, receipts, invoices, bills, orders, billings, and checks, including but not limited to canceled checks;

q.  Loans and letters of credit, including any applications, extensions and modifications thereto;

r.  Investigation or incident reports;

s.  Files and records;

    t.    Notes or summaries of conferences, meetings, discussions, interviews, or telephone conversations or messages; and,

    u.    Drafts or draft copies of any of the above.

4.    The word "person" means and includes a natural person, firm, association, organization, partnership, business trust, corporation or public entity.

5.    The term "communication" means and includes any oral or written exchange of information, whether telephonic, telegraphic, printed, recorded, graphic, photographic, or otherwise, and therefore, includes "documents" as described above.

6.    The term "disability" is defined in 42 U.S.C. § 12101.

7.    A request for the identification of any document means and includes a request for the following information with respect to each such document:

    a.    The type of document, its title, subject matter, and substance, and any other similar particulars as may be reasonably necessary to enable the Defendants to understand the nature and general purpose of the writing and to be able to identify the writing in a manner sufficient to distinguish it from all other writings;

    b.    The date, if any, which it bears;

    c.    The date or dates, if known, it was prepared or drafted;

  d. The date or place, if any, the document was sent, received, executed, or recorded;

  e. The full name, present address or addresses, and present telephone number or numbers of each such person who prepared or participated in the preparation of, drafted or participated in the drafting, mailing, receiving, execution or recording of such document;

  f. Any file, reference, invoice, or similar identifying number, symbol or date thereof, or connected therewith;

  g. The present or last known location of any originals or copies, including the names, addresses and telephone numbers of each person having possession, custody or control of each such original or copy; and

  h. A statement whether it will voluntarily be produced and made available to Defendants for inspection and copying. You need not comply with subparagraphs g. and h. of this paragraph with respect to any documents that you have previously produced, so long as you describe such previously produced documents and circumstances surrounding their production in sufficient detail as to enable the Defendants to identify such documents. You also need not comply with subparagraphs g. and h. of this paragraph with respect to any documents which you voluntarily produce in conjunction with you responses hereto.

8.  A request for the identification of any person means and includes a request for the following information with respect to such person:

    a.  Full name, present residence and business addresses and telephone numbers;

    b.  The last known residence and business addresses and telephone numbers if the present residence and business addresses and telephone numbers and unknown;

    c.  The person's occupations, position, or official capacity at the time the person performed the act to which the answer relates;

    d.  The person's present occupation, position, or official capacity;

    e.  The person's present company or governmental affiliation; and

    f.  As to each person identified, state those facts within that person's knowledge, information or belief.

9.  A request for the identification of any oral communication means and includes a request for the following information with respect to such communication:

    a.  The date and time of the oral communication;

    b.  The place of oral communication;

    c.  The identification of each of the persons that participated in the oral communication;

d.  A description of each oral communication, including everything that was said or done by each of the participants; and

e.  Identification of each document relating or referring to the oral communication which has not already been identified as a document.

10.  If, after exercising due diligence to obtain the information requested, you cannot or will not answer any interrogatory fully or completely, whether because of privilege or otherwise, please:

a.  State that your answer is incomplete;

b.  Specify the part or parts of the interrogatory to which you are unable to unwilling to respond;

c.  State the facts and/or grounds upon which you rely to support your contention that you are not able and/or should not be compelled to answer completely;

d.  Answer fully and completely the part or parts of the interrogatory to which you are able to respond; and

e.  State the information, knowledge or belief you have concerning the unanswered part or parts of such interrogatory. This subparagraph e. is not applicable to interrogatories not answered due to the claim of privilege.

11.  In answering the interrogatories, you are required not only to furnish information available from your own personal knowledge, but also information

which is in the possession of your attorneys, agents, or anyone else acting on your behalf or their behalf.

12. In lieu of identifying or quoting particular documents, when such identification is requested, said documents may be attached to the responses to the interrogatories.

13. The interrogatories shall be deemed continuing so as to require supplemental answers if you obtain or recall further information between the time the answers are served and the time of trial. Answers may be inserted in the spaces provided in the interrogatories. If, for any reason, additional space is necessary in answering any interrogatory, complete your answers on additional sheets bearing the same respective exhibit number as the number of the interrogatory which you are answering.

14. Should you, your counsel, or anyone representing your interests learn of any additional person or persons having knowledge relating to the matters inquired into after answering the interrogatories and before trial, it is requested that you furnish the names of the persons to the undersigned, giving timely notice thereof, so as to allow Defendants to make its discovery.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For all damages you are claiming, describe in detail each and every item and or category of damage, together with the method of calculation, and describe all documents and/or evidentiary material on which your computation is based upon, including all material bearing on the nature and extent of injuries allegedly suffered by you.

Answer:

### INTERROGATORY NO. 2:

Please identify each and every person who you believe has information or knowledge related to any of the damages stated above in Interrogatory No. 1. Please include their name, address, telephone number, and a detailed summary of the knowledge they possess.

Answer:

## INTERROGATORY NO. 3:

Do you claim that you lost personal income or earnings as a result of any alleged wrongful conduct by Defendants? If so, state the amount of loss, together with an explanation of how it is computed (including, wages, benefits, etc.).

Answer:

## INTERROGATORY NO. 4:

Do you claim that you lost clients or potential clients as a result of any alleged wrongful conduct by Defendants? If so, state the amount of loss, together with an explanation of how it is computed (including, wages, benefits, etc.) and the name, address, and contact information for these clients or potential clients.

Answer:

## INTERROGATORY NO. 5:

Describe any and all injuries and/or adverse medical conditions suffered by you as a result of the alleged discrimination and retaliation.

Answer:

## INTERROGATORY NO. 6:

Please identify each and every current or former Home Depot USA, Inc. employee who you have spoken to you in connection with this matter. Please include their name, address, telephone number, and a detailed summary of the knowledge they possess.

Answer:

## VERIFICATION

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

JON S. MUSE, being first duly sworn upon oath, deposes and says that he has read the foregoing response to DEFENDANT HOME DEPOT USA, INC.'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF JON MUSE, that he knows the contents hereof, and that the same is true to the best of his information and belief.

_____
JON MUSE

Subscribed and sworn to before me this
_____ day of _____, 2006.


_____
Notary Public, State of Hawaii

My Commission Expires:_____

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS            2718-0
(jsh@torkildson.com)
JAN MURANAKA BOIVIN          8138-0
(jmb@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 4 2006

at ___o'clock and ___min ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>            Plaintiff,<br><br>    v.<br><br>HOME DEPOT USA, INC.,<br><br>            Defendant. | CIVIL NO.  CV04-00154 DAE/BMK<br><br>CERTIFICATE OF SERVICE RE: DEFENDANT HOME DEPOT USA, INC.'S SECOND REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF JON MUSE |

**CERTIFICATE OF SERVICE RE:
DEFENDANT HOME DEPOT USA, INC.'S
SECOND REQUEST FOR ANSWERS TO
<u>INTERROGATORIES TO PLAINTIFF JON MUSE</u>**

I hereby certify on this date, two copies of "DEFENDANT HOME DEPOT

USA, INC.'S SECOND REQUEST FOR ANSWERS TO INTERROGATORIES

53039/0011/617299.V1

FILE COPY

TO PLAINTIFF JON MUSE; DEFINITIONS AND INSTRUCTIONS; INTERROGATORIES", were duly served upon the following individuals by hand delivery addressed as follows:

>Stanley E. Levin, Esq.
>851 Fort Street
>400 Davis Levin Livingston Grande Place
>Honolulu, Hawaii 96813
>
>and
>
>Bruce F. Sherman, Esq.
>1164 Bishop Street, Suite 124
>Honolulu, Hawaii 96813
>
>Attorneys for Plaintiff
>JON MUSE

Dated: Honolulu, Hawaii, January 24, 2006.

TORKILDSON, KATZ, FONSECA,<br>
MOORE & HETHERINGTON,<br>
Attorneys at Law, A Law Corporation<br>
<br>
JEFFREY S. HARRIS<br>
JAN MURANAKA BOIVIN<br>
Attorneys for Defendant<br>
HOME DEPOT USA INC.