OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN      1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN   5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY    5546
E-mail: feen@compuserve.com
Attorney At Law,
A Law Corporation
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S MEMORANDUM IN** |
| vs. | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **MOTION TO COMPEL** |
| HOME DEPOT USA, INC. | ) | **DISCOVERY AND CERTIFICATE** |
| | ) | **OF SERVICE** |
| Defendant. | ) | |
| | ) | DATE:   May 19, 2006 |
| | ) | TIME:    2:00 p.m. |
| | ) | JUDGE:  Barry M. Kurren |
| | ) | |
| | ) | TRIAL:   October 24, 2006 |

1

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

## I.    INTRODUCTION

Plaintiff opposes Defendant's request to produce his tax returns for the past ten years because the tax returns are confidential, irrelevant and are protected by Plaintiff's right to privacy.  Defendant has also wrongly assumed a "method computation" is specific enough to be discoverable and also improperly seeks this court's intervention to force plaintiff to provide some kind of summaries of the doctor's testimony. All three grounds cited by defendants are invalid and Plaintiff urges this court to reject them all and, of course, Defendant's request for fees and costs.

## II.    DEFENDANT IS NOT ENTITLED TO THE PRODUCTION OF THE TEN YEARS OF INCOME DOCUMENTS AND TAX RETURNS.

Plaintiff is not claiming any lost wages or loss of future earnings in connection with this action, therefore Defendant fails to demonstrate any compelling need for or relevance of the information contained in the income documents or returns warranting disclosure.  Furthermore, Defendant has not made any adequate showing that the returns would disclose any fact material or necessary to the prosecution or defense of the present action.

Additionally, compliance with this request will cause a significant injury. Hawai`i law protects the confidentiality of individuals' tax returns. Hawaii Revised Statutes ("HRS") § 235-116 (1995) provides that:

> [a]ll tax returns and return information required to be filed under this chapter shall be confidential, including any copy of any portion of a federal return which may be attached to a state tax return, or any information reflected in the copy of such federal return. It shall be unlawful for any person, or any officer or employee of the State to make known intentionally information imparted by any income tax return or estimate made under sections 235-92, 235-94, 235-95, and 235-97 or willfully to permit any income tax return or estimate so made or copy thereof to be seen or examined by any person other than the taxpayer or the taxpayer's authorized agent, persons duly authorized by the State in connection with their official duties, the Multi-state Tax Commission or the authorized representative thereof, except as provided by law, and any offense against the foregoing provisions shall be punished by a fine not exceeding $500 or by imprisonment not exceeding one year, or both.

Similarly, federal law also evidences a strong public policy favoring confidentiality of federal tax returns by prohibiting the disclosure of returns except under certain circumstances. 26 U.S.C. § 6103; *See, e.g.*, *Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977).

In an action brought under the Americans with Disabilities Act ("ADA"), arising out of an employer's refusal to rehire an injured worker after the worker was taken off temporary permanent disability status, the worker did not have to comply with employer's request for production of tax returns; where many of returns requested were for calendar years that preceded any of events underlying

3

ADA suit, and employer failed to demonstrate the relevancy of any tax returns. Americans with Disabilities Act of 1990, §§ 2 et seq., 42 U.S.C.A. §§ 12101 et seq.; *Bagnall v. Freeman Decorating Co.*, 196 F.R.D. 329 (N.D. Ill. 2000).

While the Ninth Circuit has previously recognized that tax returns and related documents "do not enjoy an absolute privilege from discovery," *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 190-91 (C.D. Cal., 2006) (citing *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Heathman v. United States Dist. Ct. for the Central Dist. of Cal.*, 503 F.2d 1032, 1035 (9th Cir. 1974)), nevertheless courts in this circuit recognize "a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *A. Farber and Partners, Inc.*, 234 F.R.D. at 191 (citations omitted). Therefore, courts generally apply a two-prong test regarding the discoverability of tax returns to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns: (1) the court must find that the returns are relevant to the subject matter of the action and (2) the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. *A. Farber and Partners, Inc.*, 234 F.R.D. at 191 (citations omitted). The burden of showing relevancy lies on the party seeking the returns, and once that burden is met, the burden shifts to the party

opposing production to show that other sources exist from which the information is readily obtainable. *A. Farber and Partners, Inc.*, 234 F.R.D. at 191 (citations omitted).

Here, by merely asserting that the tax returns "will provide insight into Plaintiff's damage claims," Defendant has failed to meet his burden of showing that the information sought is relevant where the cause of action contains no claims for lost wages or loss of future earnings and will not disclose any fact material or necessary to the prosecution or defense of the present action.

Additionally, Plaintiff has a constitutionally based privacy interest in maintaining the confidentiality of his tax returns. Although there is no federal common law privilege akin to the right of privacy, " '[f]ederal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests.' " *A. Farber and Partners, Inc.*, 234 F.R.D. at 191 (citing *Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (C.D.Cal. 2005). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H.*, 228 F.R.D. at 657; *See Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992), *cert. denied*, 507 U.S. 910, 113 S.Ct. 1255 (1993). Here, Defendant's interest in ten years of Plaintiff's tax returns for providing "insight into Plaintiff's damage claims" is overbroad, fails to show any compelling need and is too generalized to

demonstrate any tie of relevance to Plaintiff's claims where no claim for lost wages or loss of future earnings are asserted. Therefore, Defendant's request does not outweigh Plaintiff Muse's claim of privacy.

For all of the foregoing reasons, Defendant's request for all tax returns filed by Plaintiff since 1996 should be denied.

## III.  DEFENDANT IS NOT ENTITLED TO MAKE PLAINTIFF PRODUCE THE "METHOD OF COMPUTATION"

In a completely separate interrogatory, Defendant asked Plaintiff to detail every cent he claims in damages and for some otherwise totally ambiguous and vague concept of a "method of computation." It is true as a general proposition that parties should fairly and reasonably respond to interrogatories. Defendant cites case authority for all of the general propositions. However, there is not one case in agreement with Defendant that a "method of calculation" is grounds for a motion to compel. Indeed, there is substantial justification that Defendant agrees that the method of calculation is too ambiguous because Defendant never defines that term itself.

Plaintiff provided Defendant full and fair answers to all discovery – that is all that the Plaintiff is required to do under the rules.

## IV.   THE MOTION CANNOT MAKE THE PLAINTIFF CREATE EVIDENCE

The third and perhaps the weakest basis for the motion to compel is that Plaintiff is bound to tell the Defendant "specific information regarding the knowledge that [his doctors] have related to the damages he is alleged to have suffered."   As posed this calls for the rankest form of unreliable evidence—speculation by one witness of what occurs in another's head.  Even if Plaintiff did talk about his injuries with these doctors then that is surely covered by the patient-doctor privilege and is non-discoverable.  Defendant has many traditional weapons he can employ to obtain this information directly from the doctors and certainly Defendant will confront the privilege head on, if any such discussions occurred.

DATED:  Honolulu, Hawaii, April 28, 2006.

/S/ STANLEY E. LEVIN

_____

STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff