IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| vs. | ) | **MOTION** |
| | ) | |
| HOME DEPOT USA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

Beginning discovery, Plaintiff served an initial set off admissions and interrogatories. Plaintiff followed this up with two more sets of requests for admissions. The problem has been the Defendant's responses to the Request for Admissions. At first, Defendant responded to the first set of admissions based on the incorrect notion that by February 4, 2005 there had been no required Rule 16 conference and no report. When confronted with this error, defense counsel agreed to file amended responses on February 18, 2005 as follows:

REQUEST FOR ADMISSION NO. 4:

Tourette's Syndrome substantially limits the major life activities of the person who suffers from it.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Defendant objects to this request on the ground that the Rule 26(f) conference has not been held yet.

Admit: _____        Deny: _____X_____

REQUEST FOR ADMISSION NO. 8:

Plaintiff's corprolalia evidenced itself when he involuntarily used the word "cunt" in the presence of Defendant's employees.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Defendant objects to this request on the ground that the Rule 26(f) conference has not been held yet.

We do not have enough information to admit or deny.

REQUEST FOR ADMISSION NO. 9:

Plaintiff has already supplied and Defendant's counsel has already seen a letter dated October 10, 2004 from Dr. William Sheehan, of Kaiser Permanente Clinic, which confirms the nature and severity of Plaintiff's Tourette's Syndrome.

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Defendant objects to this request on the ground that the Rule 26(f) conference has not been held yet.

We do not have enough information to admit or deny.

REQUEST FOR ADMISSION NO. 10:

Exhibit "A: attached hereto is a copy of the October 10, 2004, letter from Dr. Sheehan about Plaintiff's condition.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Defendant objects to this request on the ground that the Rule 26(f) conference has not been held yet.

We do not have enough information to admit or deny.

REQUEST FOR ADMISSION NO. 11:

The only "reasonable accommodation" offered by the Defendant is for Plaintiff not to come to the Defendant's store in person.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Defendant objects to this request on the ground that the Rule 26(f) conference has not been held yet.

Objection:   Vague.   The term "reasonable accommodation" is not used in connection with ADA Title III.

Admit:   _____          Deny:   _____X_____

REQUEST FOR ADMISSION NO. 12:

That no accommodation was offered to the Plaintiff at the time of the incident alleged in the complaint.

RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Defendant objects to this request on the ground that the Rule 26(f) conference has not been held yet.

Objection: Vague. The term "reasonable accommodation" is not used in connection with ADA Title III.

Admit: _____    Deny: _____X_____

REQUEST FOR ADMISSION NO. 13:

That at the time of the incident, the Plaintiff explained that he had Tourette's Syndrome to the Defendant's employees.

RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Defendant objects to this request on the ground that the Rule 26(f) conference has not been held yet.

Admit: _____    Deny: _____X_____

REQUEST FOR ADMISSION NO. 14:

That at the time of the incident, the Plaintiff explained the nature of his condition with Tourette's Syndrome to Defendant's employees.

RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Defendant objects to this request on the ground that the Rule 26(f) conference has not been held yet.

Admit: _____    Deny: _____X_____

REQUEST FOR ADMISSION NO. 15:

That after the explanation described in Request for Admission Number 14 above, Defendant's employees were aware that Plaintiff had a medical condition involving Tourette's Syndrome.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Defendant objects to this request on the ground that the Rule 26(f) conference has not been held yet.

Admit: _____    Deny: _____X_____

Defendant's response to Plaintiff's Second Request for Admissions dated May 10, 2005 are as follows:

REQUEST FOR ADMISSION NO. 16:

Home Depot is the world's largest home improvement retailer.

RESPONSE TO REQUEST FOR ADMISSION NO. 16:

Objection.  The request is irrelevant, and is not directed to information that is reasonably calculated to lead to admissible evidence.  The only potentially relevant purpose of the request is to establish punitive damages, but punitive damages are not available for the claims alleged in Plaintiff's Complaint.  In addition the terms "largest home improvement retailer" are vague and ambiguous, as the request does not identify what parameters are used to define the term "large" (i.e. gross sales, square footage, number of stores, etc.)

REQUEST FOR ADMISSION NO. 17:

Home Depot is the second largest retailer in the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 17:

Objection.  The request is irrelevant, and is not directed to information that is reasonably calculated to lead to admissible evidence.  The only potentially relevant purpose of the request is to establish punitive damages, but punitive damages are not available for the claims alleged in Plaintiff's Complaint.  In addition the terms "largest home improvement retailer" are vague and ambiguous, as the request does not identify what parameters are used to define the term "large" (i.e. gross sales, square footage, number of stores, etc.)

REQUEST FOR ADMISSION NO. 18:

Home Depot stores rang up one billion total transactions in 2001.

RESPONSE TO REQUEST FOR ADMISSION NO. 18:

Objection.  Defendant objects on the grounds that the request is irrelevant, is not calculated to lead to admissible evidence, and is vague and ambiguous.  The only potential relevance of the request is for purposes of punitive damages, but punitive damages are not available for any of the claims in Plaintiff's complaint.

REQUEST FOR ADMISSION NO. 19:

Home Depot is the fastest growing retailer in the history of retailing in the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Objection.  The request is relevant, and is directed to information that is not reasonably calculated to lead to admissible evidence.  In addition, the phrase "fastest growing retailer" is vague and ambiguous, as the request does not identify how "fastest" is measured.

REQUEST FOR ADMISSION NO. 20:

Over 22 million people visited the Home Depot stores each week.

RESPONSE TO REQUEST FOR ADMISSION NO. 20:

Objection.  The request is irrelevant, and is directed to information that is not reasonably calculated to lead to the admissible evidence.  Punitive damages are not available for the claims alleged in Plaintiff's Complaint.  In addition, the request does not state the time period during which the number of visitors are measured.

REQUEST FOR ADMISSION NO. 21:

Home Depot is the first to each 30 billion, then 40 billion and new 50 billion in sales.

RESPONSE TO REQUEST FOR ADMISSION NO. 21:

Objection.  The request is irrelevant, and is directed to information that is not reasonably calculated to lead to the admissible evidence.  Punitive damages are not available for the claims alleged in Plaintiff's Complaint.  In addition, the

request is vague and ambiguous, because although it describes Home Depot as the "first," it does not state what it is that Home Depot is "first" at being.

REQUEST FOR ADMISSION NO. 22:

Home Depot is the youngest retailer in the Fortune 500.

RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Objection. The request is irrelevant, and is directed to information that is not reasonably calculated to lead to the admissible evidence. Punitive damages are not available for the claims alleged in Plaintiff's Complaint. The request is also vague and ambiguous as to the term "youngest retailer."

REQUEST FOR ADMISSION NO. 23:

In 2002, Home Depot was ranked 13th among the Fortune 500.

RESPONSE TO REQUEST FOR ADMISSION NO. 23:

Objection. The request is irrelevant, and is directed to information that is not reasonably calculated to lead to the admissible evidence. Punitive damages are not available for the claims alleged in Plaintiff's Complaint.

REQUEST FOR ADMISSION NO. 24:

In 2002, Home Depot ranked 22nd in the profit according to Forbes.

RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Objection. The request is irrelevant, and is directed to information that is not reasonably calculated to lead to the admissible evidence. Punitive damages are not available for the claims alleged in Plaintiff's Complaint.

REQUEST FOR ADMISSION NO. 25:

Home Depot was listed as one of the 20 top companies for leaders in 2002 by CEO magazine.

RESPONSE TO REQUEST FOR ADMISSION NO. 25:

Objection. The request is irrelevant, and is directed to information that is not reasonably calculated to lead to the admissible evidence. Punitive damages are not available for the claims alleged in Plaintiff's Complaint.

REQUEST FOR ADMISSION NO. 26:

The employee statement [sic] provided by Home Depot in this case were only written statements from Debra Peterson, Darlyn Kuhia, and Michael Dolan.

RESPONSE TO REQUEST FOR ADMISSION NO. 26:

Objection: Defendant objects on the grounds that the request is vague, ambiguous, and unintelligible. The request does not state who the statements were provided to. The request does not explain what it means by "only."

REQUEST FOR ADMISSION NO. 36:

Michael Dolan, the manager of the store at the time approached the Plaintiff and told him that if he didn't stop using the word "cunt", he would be forced to leave the Home Depot premises.

RESPONSE TO REQUEST FOR ADMISSION NO. 36:

Defendant admits that Michael Dolan was the manager on duty at the time of the incident, and that Plaintiff used the term "cunt."  However, Defendant, after making reasonable inquiry, is unable to answer the remainder of this request because the information currently known or readily available is insufficient at this time.  Defendant will supplement this response.

Admit:    _____        Deny:        _____

Defendant's Response to Plaintiff's Third Request for Admissions dated September 22, 2005 are as follows:

REQUEST FOR ADMISSION NO. 44:

Darlyn Kubia never had any previous experience with a person suffering from Tourette's Syndrome.

RESPONSE TO REQUEST FOR ADMISSION NO. 44:

Admit:    _____        Deny:        _____X_____

Defendant cannot truthfully admit or deny the request at this time, based on the reasonable inquiry that it has made in a good faith attempt to respond to the request. Defendant intends to make further inquiry, and supplement this response.

REQUEST FOR ADMISSION NO. 45:

Deborah Peterson never had any previous experience with a person suffering from Tourette's Syndrome.

RESPONSE TO REQUEST FOR ADMISSION NO. 45:

Admit: _____    Deny: _____X_____

Defendant cannot truthfully admit or deny the request at this time, based on the reasonable inquiry that it has made in a good faith attempt to respond to the request. Defendant intends to make further inquiry, and supplement this response.

Therefore, Plaintiff's counsel has attempted to resolve discovery issues with Defendant's counsel but to no avail. Mr. Harris stated he would supplement these responses but has not done so as of this date.

It must be noted that it is important for the trial in this case that the record be clear and unequivocal. Mr. Harris, by his continued neglect to these responses forecloses such a record. All that Plaintiff requests is that Mr. Harris file the proper response to these requests.

It should be noted that Defendant's own expert, Dr. Robert Marvitt, conducted a "Complex Medical Examination" of Plaintiff on September 7, 2005, a

copy of which was appended as Exhibit "A" to Defendant Home Depot USA, Inc.'s Disclosure of Expert testimony filed with court on November 29, 2005. Dr. Marvitt stated in the report that "[h]e had some mild corprolalia and this primarily was the repetitive use of the word "cunt". He also has mannerisms, which were the bilateral action of sticking up his "middle finger" (a classic description of corpraxia).

For the reasons stated above, Plaintiff asks this court to grant Plaintiff's Fourth Motion to Compel Discovery and for sanctions.

DATED: Honolulu, Hawaii, May 1, 2006.

/S/ STANLEY E. LEVIN

_____
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff