TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS             2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
JOHN S. MACKEY                7006-0
(jsm@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　Defendant. | **CIVIL NO. CV04-00154 DAE/BMK**<br>**(Civil Rights Violation)**<br><br>DEFENDANT HOME DEPOT USA, INC.'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY; CERTIFICATE OF SERVICE<br><br>Date:　May 19, 2006<br>Time:　2:00 p.m.<br>Judge:　Hon. Barry M. Kurren<br><br>Trial:　October 24, 2006 |

623730.V1

**DEFENDANT HOME DEPOT USA, INC.'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Defendant is seeking to compel Plaintiff to fully answer two interrogatories to which Plaintiff did not object, but failed to provide complete answers, 1) seeking his method of calculation of damages and 2) seeking information about what others know about his damages. Defendant also seeks to compel responses to two production requests: 1) documents relating to Plaintiff's income and 2) Plaintiff's tax returns.

## I. Method of Damage Calculation

Plaintiff has waived any objection to the interrogatory requesting his damages and their method of calculation by virtue of having made no objection to the request. Rule 33(b)(4), Federal Rules of Civil Procedure. In response to the motion, Plaintiff states "there is substantial justification that Defendant agrees that the method of calculation is too ambiguous because Defendant never defines that term itself." Plaintiff's opp. at 6. This is backwards, of course. Defendant tried to confine its definitions to terms that might seem ambiguous, and refrained from providing definitions for what seemed clear. But for the benefit of Plaintiff and the Court, what Defendant wants to know is 'how much is Plaintiff asking for and how did he arrive at that figure?'

This is information to which Defendant is clearly entitled. The Advisory Committee Notes to the 1993 Amendments, which added Subparagraph (1)(C) to Rule 26(a) of the Federal Rules of Civil Procedure, describe the parties obligation in initial disclosure of damages information as follows: "A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34."

The "initial disclosure of the amount of damages the party allegedly suffered may be sufficient even though the disclosing party failed to disclose the precise method by which it calculated the specified amount, if the method of calculation is appropriately the subject of expert evidence and the parties are under the obligation to provide disclosures of expert evidence in the future." 6 James Wm. Moore et al., *Moore's Federal Practice*, Section 26.22[4][c][ii] (3d ed. 1999) (citing *Pine Ridge Recycling v. Butts County*, 889 F.Supp. 1526,1527 (M.D. Ga. 1995). Plaintiff has not claimed that his damages calculations can only be done by experts, and, in any event, the deadline for disclosure of experts and their opinions has passed and the information has not been provided.

Since Plaintiff has not objected to this request, cited a case indicating why Defendant is not entitled to the requested information in response this motion, nor

623730.V1                                                2

done anything other than say "Plaintiff provided Defendant full and fair answers to all discovery," he should be compelled to answer fully.

## II. Summary of Information Possessed by Persons with Knowledge of his Damages

Plaintiff similarly made no objection to the request for a detailed summary of information known to those who have information about his damages. In response to the interrogatory, Plaintiff provided only the name and report of one doctor, the name and clinical notes and records of another, and only the name of a third.

In response to the motion to compel, Plaintiff asserts that this request "calls for the rankest form of unreliable evidence – speculation by one witness of what occurs in another's head." Plaintiff's opp. at 7. This is an interesting approach which, if accepted, would seem to call for exclusion of any expert evidence that might establish that Tourette's Syndrome is a product of real mental impairment and not just a controllable urge to offend. Plaintiff should either be bound by that statement or compelled to fully respond to the interrogatory.

Plaintiff also says that such information is covered by the doctor-patient privilege and is non-discoverable. This is nonsense. Plaintiff claims to have Tourette's Syndrome and to be disabled by it. He therefore waived the privilege by filing suit alleging a claim which puts his mental health in issue. *Sarko v. Penn-*

*Del Directory Co.*, 170 F.R.D. 127, 130 (D. Pa. 1997). That case states that "allowing a plaintiff to hide behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice." *Id.* (Internal quotes and ellipses omitted).

### III.  Income information and Tax returns discoverable

Plaintiff objected to Defendant's request for income information "to the extent that the requested documents are not calculated to lead to discovery of admissible evidence." His objection to the request for tax returns was similarly phrased and, we presume, intended to convey that Plaintiff thinks the requests do not seek discoverable evidence (as he didn't provide some information and object to full disclosure "to the extent" it was too broad). Although Plaintiff now appears to include some sort of privacy objection as a basis for opposing these requests (Plaintiff's opp. p. 5), that objection was not made in response to the discovery request.

Under federal law, tax returns are generally discoverable where necessary in private civil litigation. *St. Regis Paper Co. v. United States*, 368 U.S. 208, 82 S. Ct. 289, 7 L. Ed. 2d 240 (1961); *Young v. United States*, 149 F.R.D. 199, 201(D. Cal. 1993). With respect to a cause of action arising under federal law, federal common law regarding privileges applies (and does not afford a privilege against disclosure of tax returns) not state law privileges like the one Plaintiff quotes at length. Rule

501, Federal Rules of Evidence. In *Shaver v. Yacht Outward Bound*, 71 F.R.D. 561 (N.D.Ill.1972), the Court permitted discovery of federal tax returns even though the defendant's income was not strictly at issue. See, *id.*, at 564. *Credit Life Ins. Co., v. Uniworld Ins. Co.*, 94 F.R.D. 113, 120 (D. Ohio 1982).

Although tax returns are described as confidential by 26 U.S.C. section 6103, which can provide a somewhat elevated level of scrutiny of their relevance for discovery purposes (See *Gates v. Wilkerson*, 2005 U.S. Dist Lexis 5523, *4 (N.D.N.Y.)), income information generally is not covered by this statute, and Plaintiff ought to be compelled to produce that even if the court allows him to withhold tax returns. In any case, discovery of tax returns should be permitted where the litigant himself tenders an issue as to the amount of his income. *Gattegno v. Pricewaterhousecoopers*, LLP, 205 F.R.D. 70, 71 (Dist. Conn. 2001).

In this case Plaintiff has put his income at issue by claiming he is significantly limited in the major life activity of "working." His ability to generate income through operation of his own business, a business that requires maintaining professional relationships with suppliers and retailers, may be the best evidence available about the true extent of any limitation on his ability to work. This makes his tax returns potentially the only source of accurate and complete information bearing on just how limited he is, or is not, in his ability to work.

Because his income information and his tax returns are crucial to determining whether or not Plaintiff has a "disability," he should be compelled to provide them.

IV. **Conclusion**

Plaintiff has offered no objection to the interrogatory requests, has failed to supplement his answers in response to Defense counsel's attempt to resolve this dispute, and has hardly made an effort to oppose this motion to compel their answer. Furthermore, Defendant is entitled to income information and Plaintiff's tax returns. Plaintiff's should be compelled to answer fully as requested in the motion to compel, and should pay reasonable expenses incurred by Defendant associated with filing this motion.

DATED: Honolulu, Hawaii, May 8, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
> /s/ Jeffrey S. Harris
> JEFFREY S. HARRIS
> HEATHER M. RICKENBRODE
> JOHN S. MACKEY
>
> Attorneys for Defendant
> HOME DEPOT USA, INC.