TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
CLAYTON A. KAMIDA     6359-0
(cak@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>        Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>        Defendant. | CIVIL NO.  CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S FIRST AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., DATED JANUARY 4, 2005 |

DEFENDANT HOME DEPOT USA, INC.'S FIRST AMENDED RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HOME
DEPOT USA, INC., DATED JANUARY 4, 2005

COMES NOW, DEFENDANT HOME DEPOT USA, INC. ("Defendant"),

by and through its undersigned legal counsel, and hereby responds and objects to

595340.V2          1

Plaintiff's First Request for Admissions to Defendant Home Depot USA, Inc., dated January 4, 2005 (the "Request") as follows:

## ADMISSIONS

REQUEST FOR ADMISSION NO. 1:

Defendant is subject to Title III of the Americans with Disabilities Act.

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Admit: __X__   Deny: _____

REQUEST FOR ADMISSION NO. 2:

Plaintiff is an "individual with a disability" as described in Title III of the Americans with Disabilities Act ("ADA").

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Admit: _____   Deny: __X__

REQUEST FOR ADMISSION NO. 3:

Tourette's Syndrome is a covered "disability" under Title III of the ADA.

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Admit: _____   Deny: __X__

REQUEST FOR ADMISSION NO. 4:

Tourette's Syndrome substantially limits the major life activities of the person who suffers from it.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Defendant objects to this request on the ground that the Rule 26(f) conference has not been held yet.

Admit: _____    Deny: \_\_X\_\_

REQUEST FOR ADMISSION NO. 5:

Under Title III of the ADA, "major life activities" include but are not limited to "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Admit: _____    Deny: \_\_X\_\_

REQUEST FOR ADMISSION NO. 6:

"Coprolalia" is the involuntary outburst of obscene words or socially inappropriate and derogatory remarks.

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Admit: _____    Deny: \_\_X\_\_

REQUEST FOR ADMISSION NO. 7:

"Coprolalia" is a hallmark of a Tourette's Syndrome sufferer.

RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Admit: _____    Deny: \_\_X\_\_

REQUEST FOR ADMISSION NO. 8:

Plaintiff's coprolalia evidenced itself when he involuntarily used the word "cunt" in the presence of Defendant's employees.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

We do not have enough information to admit or deny.

REQUEST FOR ADMISSION NO. 9:

Plaintiff has already supplied and Defendant's counsel has already seen a letter dated October 10, 2004 from Dr. William Shehan, of Kaiser Permanente Clinic, which confirms the nature and severity of Plaintiff's Tourette's Syndrome.

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

We do not have enough information to admit or deny.

REQUEST FOR ADMISSION NO. 10:

Exhibit "A" attached hereto is a copy of the October 10, 2004, letter from Dr. Sheehan about Plaintiff's condition.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

We do not have enough information to admit or deny.

REQUEST FOR ADMISSION NO. 11:

The only "reasonable accommodation" offered by the Defendant is for Plaintiff not to come to the Defendant's store in person.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Objection: Vague. The term "reasonable accommodation" is not used in connection with ADA Title III.

Admit: _____   Deny: __X__

REQUEST FOR ADMISSION NO. 12:

That no accommodation was offered to the Plaintiff at the time of the incident alleged in the complaint.

RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Objection: Vague. The term "reasonable accommodation" is not used in connection with ADA Title III.

Admit: _____   Deny: __X__

REQUEST FOR ADMISSION NO. 13:

That at the time of the incident, the Plaintiff explained that he had Tourettes Syndrome to the Defendants' employees.

RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Admit: _____   Deny: __X__

REQUEST FOR ADMISSION NO. 14:

That at the time of the incident, the Plaintiff explained the nature of his condition with Tourettes Syndrome to Defendants' employees.

RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Admit: _____   Deny: __X__

REQUEST FOR ADMISSION NO. 15:

That after the explanation described in Request for Admission Number 14 above, Defendants' employees were aware that Plaintiff had a medical condition involving Tourettes Syndrome.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Admit: _____   Deny: __X__

DATED:   Honolulu, Hawaii, February 18, 2005.

                                      TORKILDSON, KATZ, FONSECA,
                                      MOORE & HETHERINGTON,
                                      Attorneys at Law, A Law Corporation

                                      _____
                                      JEFFREY S. HARRIS
                                      CLAYTON A. KAMIDA
                                      Attorneys for Defendant
                                      HOME DEPOT U.S.A., INC.