TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
CLAYTON A. KAMIDA          6359-0
(cak@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>    Defendant. | CIVIL NO. CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., DATED MARCH 29, 2005 |

DEFENDANT HOME DEPOT USA, INC.'S RESPONSE TO PLAINTIFF'S
SECOND REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT
USA, INC., DATED MARCH 29, 2005

COMES NOW, DEFENDANT HOME DEPOT USA, INC. ("Defendant"),

by and through its undersigned legal counsel, and hereby responds and objects to



Plaintiff's Second Request for Admissions to Defendant Home Depot USA, Inc., dated March 29, 2005 (the "Request") as follows:

## GENERAL OBJECTIONS

1. Defendant objects to each of Plaintiff's requests to the extent it requests information that is protected from disclosure by the attorney-client or work product privileges, or any other applicable privilege or immunity.

2. Defendant objects to Plaintiff's requests to the extent that they require the disclosure of confidential or proprietary business information, or information that would violate individual privacy rights.

3. Defendant objects to Plaintiff's requests to the extent that they seek admissions on matters which are irrelevant or not reasonably calculated to lead to admissible evidence.

4. Defendant objects to Plaintiff's requests on the grounds that they are overly broad, unduly burdensome and harassing to the extent that they require Defendant to obtain documents not in its possession, custody or control or to search and produce voluminous records. All responses refer only to documents within the possession or control of Defendant and do not refer to documents, if any, within the control or possession of other parties.

5. Defendant has not completed either its discovery or preparation for the trial of this matter. Further, Defendant has not completed its review and

analysis of the documents in its possession, custody or control or which have thus far been gathered in the course of discovery. Accordingly, these responses are made without prejudice to Defendant's right to supplement its responses herein or to present additional or modified answers at trial based upon information hereinafter obtained or evaluated.

6. Defendant specifically reserves the right to supplement or amend these responses or to present additional or modified answers at a later date.

7. In answering these requests, Defendant does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

    a. All objections as to competency, relevancy, materiality, and admissibility of the responses or the subject matter thereof;

    b. All objections as to vagueness, ambiguity or undue burden;

    c. All rights to object on any grounds to any subsequent pleading, at the trial of this or any other action; and

    d. All rights to object on any ground to any request for further responses to these or to any other requests involving or relating to the subject matter of the requests.

The applicable foregoing general and specific objections are hereby incorporated into each of Plaintiff's specific responses that follow with the same

force and effect as if fully set forth therein.

DATED:   Honolulu, Hawaii, May 10, 2005.

                                      TORKILDSON, KATZ, FONSECA,
                                      MOORE & HETHERINGTON,
                                      Attorneys at Law, A Law Corporation

                                      /s/ Clayton A. Kamida
                                      JEFFREY S. HARRIS
                                      CLAYTON A. KAMIDA
                                      Attorneys for Defendant
                                      HOME DEPOT U.S.A., INC.

## ADMISSIONS

REQUEST FOR ADMISSION NO. 16:

Home Depot is the world's largest home improvement retailer.

RESPONSE TO REQUEST FOR ADMISSION NO. 16:

Objection. The request is irrelevant, and is not directed to information that is reasonably calculated to lead to admissible evidence. The only potentially relevant purpose of the request is to establish punitive damages, but punitive damages are not available for the claims alleged in Plaintiff's Complaint. In addition the terms "largest home improvement retailer" are vague and ambiguous, as the request does not identify what parameters are used to define the term "large" (i.e. gross sales, square footage, number of stores, etc.)


REQUEST FOR ADMISSION NO. 17:

Home Depot is the second largest retailer in the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 17:

Objection. The request is irrelevant, and is not directed to information that is reasonably calculated to lead to admissible evidence. The only potentially relevant purpose of the request is to establish punitive damages, but punitive damages are not available for the claims alleged in Plaintiff's Complaint. In addition the terms "second largest retailer" are vague and ambiguous, as the request does not identify what parameters are used to define the term "large" (i.e. gross sales, square footage, number of stores, etc.).


REQUEST FOR ADMISSION NO. 18:

Home Depot stores rang up one billion total transactions in 2001.

## RESPONSE TO REQUEST FOR ADMISSION NO. 18:

Objection. Defendant objects on the grounds that the request is irrelevant, is not calculated to lead to admissible evidence, and is vague and ambiguous. The only potential relevance of the request is for purposes of punitive damages, but punitive damages are not available for any of the claims in Plaintiff's complaint.

## REQUEST FOR ADMISSION NO. 19:

Home Depot is the fastest growing retailer in the history of retailing in the United States.

## RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Objection. The request is irrelevant, and is directed to information that is not reasonably calculated to lead to admissible evidence. In addition the phrase "fastest growing retailer" is vague and ambiguous, as the request does not identify how "fastest" is measured.

## REQUEST FOR ADMISSION NO. 20:

Over 22 million people visited the Home Depot stores each week.

## RESPONSE TO REQUEST FOR ADMISSION NO. 20:

Objection. The request is irrelevant, and is directed to information that is not reasonably calculated to lead to admissible evidence. Punitive damages are not available for the claims alleged in Plaintiff's Complaint. In addition, the request does not state the time period during which the number of visitors are measured.

REQUEST FOR ADMISSION NO. 21:

Home Depot is the first to reach 30 billion, then 40 billion and now 50 billion in sales.

RESPONSE TO REQUEST FOR ADMISSION NO. 21:

Objection: The request is irrelevant, and is directed to information that is not reasonably calculated to lead to admissible evidence. Punitive damages are not available for the claims alleged in Plaintiff's Complaint. In addition the request is vague and ambiguous, because although it describes Home Depot as the "first," it does not state what it is that Home Depot is "first" at being.

REQUEST FOR ADMISSION NO. 22:

Home Depot is the youngest retailer in the Fortune 500.

RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Objection: The request is irrelevant, and is not directed to information that is reasonably calculated to lead to admissible evidence. Punitive damages are not available for the claims alleged in Plaintiff's Complaint. The request is also vague and ambiguous as to the term "youngest retailer."

REQUEST FOR ADMISSION NO. 23:

In 2002, Home Depot was ranked 13th among the Fortune 500.

RESPONSE TO REQUEST FOR ADMISSION NO. 23:

Objection: The request is irrelevant, and is directed to information that is not reasonably calculated to lead to admissible evidence. Punitive damages are not available for the claims alleged in Plaintiff's Complaint.

REQUEST FOR ADMISSION NO. 24:

In 2002, Home Depot ranked 22nd in profit according to Forbes.

RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Objection: The request is irrelevant, and is directed to information that is not reasonably calculated to lead to admissible evidence. Punitive damages are not available for the claims alleged in Plaintiff's Complaint.

REQUEST FOR ADMISSION NO. 25:

Home Depot was listed as one of the 20 top companies for leaders in 2002 by CEO magazine.

RESPONSE TO REQUEST FOR ADMISSION NO. 25:

Objection: The request is irrelevant, and is directed to information that is not reasonably calculated to lead to admissible evidence. Punitive damages are not available for the claims alleged in Plaintiff's Complaint.

REQUEST FOR ADMISSION NO. 26:

The employee statement [sic] provided by Home Depot in this case were only written statements from Debra Peterson, Darlyn Kuhia, and Michael Dolan.

RESPONSE TO REQUEST FOR ADMISSION NO. 26:

Objection: Defendant objects on the grounds that the request is vague, ambiguous, and unintelligible. The request does not state who the statements were provided to. The request does not explain what it means by "only."

REQUEST FOR ADMISSION NO. 27:

The written statement submitted by Michael Dolan was completed by Mr. Dolan on February 24, 2004 for events which took place in November, 2003.

RESPONSE TO REQUEST FOR ADMISSION NO. 27:

Defendant assumes that the request refers to the statement of Michael Dolan dated February 24, 2004, Bates No. 11013300004-5, produced by Defendant to Plaintiff in discovery. Defendant objects on the grounds that the document speaks for itself. Notwithstanding the foregoing objection, Defendant admits the written statement is dated February 24, 2004 and describes certain events on November 3, 2003.

Admit: ___X___   Deny: _____


REQUEST FOR ADMISSION NO. 28:

The written statement from Darlyn Kuhia was completed on February 24, 2004 for events that took place in November, 2003.

RESPONSE TO REQUEST FOR ADMISSION NO. 28:

Defendant assumes this request refers to the written statement dated February 24, 2004 from Darlyn Kuhia, Bates No. 11013300003, produced to Plaintiff in discovery. Defendant objects on the grounds that the document speaks for itself. Notwithstanding the foregoing objection, Defendant admits that Kuhia's written statement is dated February 24, 2004, and describes events taking place in November 2003..

Admit: ___X___   Deny: _____


REQUEST FOR ADMISSION NO. 29:

There are two statements signed by Debbie Peterson submitted by the Defendant.

RESPONSE TO REQUEST FOR ADMISSION NO. 29:

Defendant assumes this request refers to the statements with Bates Nos. 11013300002 and 11013300006, which have already been produced by Defendant to Plaintiff in discovery. Two statements signed by Debra Peterson have been produced to Plaintiff in response to Plaintiff's discovery requests.

Admit:     X        Deny:  _____

REQUEST FOR ADMISSION NO. 30:

One written statement of Debbie Peterson was completed on February 24, 2004 for events which took place in November, 2003.

RESPONSE TO REQUEST FOR ADMISSION NO. 30:

Defendant objects on the grounds that the document speaks for itself. Notwithstanding the foregoing objection, Defendant is unaware of a written statement by Debra Peterson completed on February 24, 2004.

Admit:  _____   Deny:     X

REQUEST FOR ADMISSION NO. 31:

The other written statement of Debbie Peterson was completed on April 26, 2004 for events which took place in April, 2004.

RESPONSE TO REQUEST FOR ADMISSION NO. 31:

Defendant objects on the grounds that the document speaks for itself, and improperly assumes that Debra Peterson has only given two written statements. Notwithstanding the foregoing objection, there is a written statement of Debra Peterson dated April 26, 2004. Upon information and belief, the document was completed by Ms. Peterson on that date, and describes events on that date.

601288.V1                                          6

Admit:    X    Deny: _____

### REQUEST FOR ADMISSION NO. 32:

Defendant has no written policy about how employees are to conduct themselves when the employees are dealing with a person with a disability.

### RESPONSE TO REQUEST FOR ADMISSION NO. 32:

Objection. Defendant objects on the grounds that the request is irrelevant, and is not calculated to lead to admissible evidence. No state or federal law requires employers to maintain such a policy. Notwithstanding the foregoing objection, Defendant responds as set forth below.

Admit: _____    Deny:    X

### REQUEST FOR ADMISSION NO. 33:

Defendant has no written policy setting forth the company's procedure for handling interactions with a customer who has Tourette's syndrome.

### RESPONSE TO REQUEST FOR ADMISSION NO. 33:

Objection. Defendant objects on the grounds that the request is irrelevant, and is not calculated to lead to admissible evidence. No state or federal law requires companies to have a written policy regarding the procedures for handling customers with Tourette's syndrome. The request is admitted in part and denied in part. Home Depot has numerous policies for handling interactions with customers. However, Home Depot has no written policy specifically regarding handling interactions with customers with Tourette's syndrome.

Admit:    X    Deny: _____

REQUEST FOR ADMISSION NO. 34:

On November 3, 2003, Plaintiff was denied full and equal enjoyment of the goods and services available from the Defendant because Plaintiff has Tourette's Syndrome.

RESPONSE TO REQUEST FOR ADMISSION NO. 34:

Admit: _____   Deny: __X__

REQUEST FOR ADMISSION NO. 35:

Because of his disability, Plaintiff spoke offensive words such as "cunt" while he was being checked out of Home Depot by Debbie Peterson.

RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Objection. The request is compound, argumentative, and calls for a legal conclusion. Notwithstanding the foregoing objection, the request is admitted in part and denied in part. Defendant admits that Plaintiff "spoke offensive words such as 'cunt'" to Debbie Peterson. Defendant denies that Plaintiff has a "disability" for purposes of the Americans With Disabilities Act or state law.

Admit: _____   Deny: __X__

REQUEST FOR ADMISSION NO. 36:

Michael Dolan, the manager of the store at that time approached the Plaintiff and told him that if he didn't stop using the word "cunt", he would be forced to leave the Home Depot premises.

RESPONSE TO REQUEST FOR ADMISSION NO. 36:

Defendant admits that Michael Dolan was the manager on duty at the time of

601288.V1                                8

the incident, and that Plaintiff used the term "cunt." However, Defendant, after making reasonable inquiry, is unable to answer the remainder of this request because the information currently known or readily available is insufficient at this time. Defendant will supplement this response.

Admit: _____    Deny: _____

### REQUEST FOR ADMISSION NO. 37:

Mr. Dolan and Ms. Peterson were both told (before they took any action towards plaintiff) that he was using this language because he suffered from Tourette's Syndrome.

### RESPONSE TO REQUEST FOR ADMISSION NO. 37:

Admit: _____    Deny: __X__

### REQUEST FOR ADMISSION NO. 38:

Both Mr. Dolan and Ms. Peterson said that they did not care about his condition; and that he had to stop saying "cunt" immediately.

### RESPONSE TO REQUEST FOR ADMISSION NO. 38:

Objection, the request is compound, and vague and ambiguous. Notwithstanding the foregoing objection, the request is admitted in part and denied in part. Defendant admits that Mr. Dolan requested that Plaintiff stop using foul and abusive language. Defendant denies that both Mr. Dolan and Ms. Peterson said that "they did not care about his condition."

Admit: _____    Deny: __X__

REQUEST FOR ADMISSION NO. 39:

There were about one dozen other customers who witnessed the events described in request for admission numbered 34 to 38 above.

RESPONSE TO REQUEST FOR ADMISSION NO. 39:

Objection. Defendant objects on the grounds that the request is irrelevant, and not reasonably calculated to lead to admissible evidence. Notwithstanding that objection, the request is answered as set forth below.

Admit: _____   Deny: __X__

REQUEST FOR ADMISSION NO. 40:

Defendant has no written policy setting forth the company's procedure for handling interactions with a customer who has Corprolalia.

RESPONSE TO REQUEST FOR ADMISSION NO. 40:

Objection. The request is irrelevant and is not reasonably calculated to lead to admissible evidence. No state or federal law requires a written policy setting forth a company's procedure for handling interactions with a customer who has Corprolalia. Notwithstanding the foregoing objection, although Home Depot has policies for handling interactions with customers, including but not limited to customers with impairments, it has no policy specifically dealing with customers with Corprolalia.

Admit: __X__   Deny: _____

REQUEST FOR ADMISSION NO. 41:

On November 3, 2003, Plaintiff was denied full and equal enjoyment of the goods and services available from the Defendant because Plaintiff has Corprolalia.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 41</u>:

Admit: _____   Deny: __X__

DATED:   Honolulu, Hawaii, __May 10__, 2005.

                                TORKILDSON, KATZ, FONSECA,
                                MOORE & HETHERINGTON,
                                Attorneys at Law, A Law Corporation

                                _____
                                JEFFREY S. HARRIS
                                CLAYTON A. KAMIDA
                                Attorneys for Defendant
                                HOME DEPOT U.S.A., INC.

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
CLAYTON A. KAMIDA          6359-0
(cak@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 0 2005

at ___ o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>   Plaintiff,<br><br>   v.<br><br>HOME DEPOT USA, INC.,<br><br>   Defendant. | CIVIL NO. CV04-00154 DAE/BMK<br><br>CERTIFICATE OF SERVICE<br><br>[Defendant Home Depot USA, Inc.'s Response To Plaintiff's Second Request For Admissions To Defendant Home Depot USA, Inc., Dated March 29, 2005] |

## **CERTIFICATE OF SERVICE**

I hereby certify on ___May 10___, 2005, Defendant Home Depot

USA, Inc.'s Response To Plaintiff's Second Request For Admissions To

Defendant Home Depot USA, Inc., dated March 29, 2005, were duly served upon

601288.V1

the following individuals via hand delivery, addressed as follows:

    Stanley E. Levin, Esq.   (Original +1)
    851 Fort Street
    400 Davis Levin Livingston Grande Place
    Honolulu, Hawaii 96813
        and
    Bruce Sherman, Esq.   (1 copy)
    1164 Bishop Street, Suite 124
    Honolulu, HI 96813

Attorneys for Plaintiff
JON MUSE

Dated: Honolulu, Hawaii, _May 10_, 2005.

                TORKILDSON, KATZ, FONSECA,
                MOORE & HETHERINGTON,
                Attorneys at Law, A Law Corporation

                _____
                JEFFREY S. HARRIS
                CLAYTON A. KAMIDA
                Attorneys for Defendant
                HOME DEPOT USA INC.