TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS        2718-0
(jsh@torkildson.com)
JAN MURANAKA BOIVIN    8138-0
(jmb@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>          Plaintiff,<br><br>     v.<br><br>HOME DEPOT USA, INC.,<br><br>          Defendant. | CIVIL NO. CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., DATED AUGUST 9, 2005 |

**DEFENDANT HOME DEPOT USA, INC.'S RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., DATED AUGUST 9, 2005**

COMES NOW, DEFENDANT HOME DEPOT USA, INC. ("Defendant"),

by and through its undersigned legal counsel, and hereby responds and objects to



EXHIBIT C

Plaintiff's Third Request for Admissions to Defendant Home Depot USA, Inc., dated August 9, 2005 (the "Request") as follows:

## GENERAL OBJECTIONS

1.    Defendant objects to each of Plaintiff's requests to the extent it requests information that is protected from disclosure by the attorney-client or work product privileges, or any other applicable privilege or immunity.

2.    Defendant objects to Plaintiff's requests to the extent that they require the disclosure of confidential or proprietary business information, or information that would violate individual privacy rights.

3.    Defendant objects to Plaintiff's requests to the extent that they seek admissions on matters which are irrelevant or not reasonably calculated to lead to admissible evidence.

4.    Defendant objects to Plaintiff's requests on the grounds that they are overly broad, unduly burdensome and harassing to the extent that they require Defendant to obtain documents not in its possession, custody or control or to search and produce voluminous records.  All responses refer only to documents within the possession or control of Defendant and do not refer to documents, if any, within the control or possession of other parties.

5.    Defendant has not completed either its discovery or preparation for the trial of this matter.  Further, Defendant has not completed its review and

analysis of the documents in its possession, custody or control or which have thus far been gathered in the course of discovery. Accordingly, these responses are made without prejudice to Defendant's right to supplement its responses herein or to present additional or modified answers at trial based upon information hereinafter obtained or evaluated.

6. Defendant specifically reserves the right to supplement or amend these responses or to present additional or modified answers at a later date.

7. In answering these requests, Defendant does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

a. All objections as to competency, relevancy, materiality, and admissibility of the responses or the subject matter thereof;

b. All objections as to vagueness, ambiguity or undue burden;

c. All rights to object on any grounds to any subsequent pleading, at the trial of this or any other action; and

d. All rights to object on any ground to any request for further responses to these or to any other requests involving or relating to the subject matter of the requests.

The applicable foregoing general and specific objections are hereby incorporated into each of Plaintiff's specific responses that follow with the same force and effect as if fully set forth therein.

DATED:    Honolulu, Hawaii, September 22, 2005.

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation


JEFFREY S. HARRIS
JAN MURANAKA BOIVIN
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# ADMISSIONS

## REQUEST FOR ADMISSION NO. 42:

Defendant has taken the position in this case that it was the Plaintiff's obligation to propose a "reasonable accommodation" to Defendant's employees.

## RESPONSE TO REQUEST FOR ADMISSION NO. 42:

Admit: _____     Deny: ___X___

Plaintiff has the burden of showing that he requested a reasonable modification in Defendant's alleged discriminatory policy or practice.

## REQUEST FOR ADMISSION NO. 43:

Plaintiff's tone of voice throughout the interaction with Defendant's employees on November 3, 2003 was not yelling or raising his voice above the level required for normal conversation.

## RESPONSE TO REQUEST FOR ADMISSION NO. 43:

Admit: _____     Deny: ___X___

Plaintiff said the profane words loud enough for surrounding employees and customers to hear.

## REQUEST FOR ADMISSION NO. 44:

Darlyn Kubia never had any previous experience with a person suffering from Tourette's Syndrome.

## RESPONSE TO REQUEST FOR ADMISSION NO. 44:

Admit: _____     Deny: ___X___

Defendant cannot truthfully admit or deny the request at this time, based on the reasonable inquiry that it has made in a good faith attempt to respond to the request. Defendant intends to make further inquiry, and supplement this response.

REQUEST FOR ADMISSION NO. 45:

Deborah Peterson never had any previous experience with a person suffering from Tourette's Syndrome.

RESPONSE TO REQUEST FOR ADMISSION NO. 45:

Admit: _____    Deny: ___X___

Defendant cannot truthfully admit or deny the request at this time, based on the reasonable inquiry that it has made in a good faith attempt to respond to the request. Defendant intends to make further inquiry, and supplement this response.

REQUEST FOR ADMISSION NO. 46:

Defendant did not make statements about the incident of November 3, 2003 until 2004.

RESPONSE TO REQUEST for ADMISSION NO. 46:

Admit: _____    Deny: ___X___

Objection: Defendant objects to this request on the grounds that it is vague and ambiguous.

Without waiving any objection, Defendant responds that if the request refers to the statements bates-stamped 11013300002-7, then they were not prepared until 2004.

_____
JEFFREY S. HARRIS
JAN MURANAKA BOIVIN
Attorneys for Defendant

REQUEST FOR ADMISSION NO. 47:

Mr. Dolan's statement, in his own handwriting refers to an incident dated November 3, 2003.

RESPONSE TO REQUEST FOR ADMISSION NO. 47:

Admit: _____    Deny: ___ X ___

Objection: Defendant objects to this request on the grounds that it is vague and ambiguous.

Without waiving any objection, defendant responds that if the statement that the request refers to is the one bates-stamped 11013300004, then it speaks for itself.

_____
JEFFREY S. HARRIS
JAN MURANAKA BOIVIN
Attorneys for Defendant

## REQUEST FOR ADMISSION NO. 48:

Deborah Peterson, in her written statement, claims the incident occurred on November 3, 2002.

## RESPONSE TO REQUEST FOR ADMISSION NO. 48:

Admit: _____    Deny: ___ X ___

Objection: Defendant objects to this request on the grounds that it is vague and ambiguous.

Without waiving any objections, Defendant responds that this is obviously a clerical error, as Ms. Peterson did not start working at the Defendant until December 2002.

_____
JEFFREY S. HARRIS
JAN MURANAKA BOIVIN
Attorneys for Defendant

## REQUEST FOR ADMISSION NO. 49:

Deborah Peterson completed a second incident form memorializing the events of April 25, 2004.

3

RESPONSE TO REQUEST FOR ADMISSION NO. 49:

Admit: _____    Deny: ___X___

Defendant cannot truthfully admit or deny the request at this time, based on the reasonable inquiry that it has made in a good faith attempt to respond to the request. Defendant intends to make further inquiry, and supplement this response.

REQUEST FOR ADMISSION NO. 50:

As of November 3, 2003, Defendant had operating at the Home Depot store a fully operational checkout kiosk where the customer could checkout without interacting with an employee of Defendant.

RESPONSE TO REQUEST FOR ADMISSION NO. 50:

Admit: _____    Deny: ___X___

Objection: Defendant objects to this request on the grounds that it is vague and ambiguous.

Without waiving any objection, Defendant responds that two employees are present at the checkout kiosks to help with oversized items and other concerns customers may have.

_____
JEFFREY S. HARRIS
JAN MURANAKA BOIVIN
Attorneys for Defendant

REQUEST FOR ADMISSION NO. 51:

As of November of 2004 and presently, Defendant had and has been operating at the Home Depot store a fully operational checkout kiosk where the customer could checkout without interacting with an employee of Defendant.

RESPONSE TO REQUEST FOR ADMISSION NO. 51:

Admit: _____    Deny: ___X___

Objection: Defendant objects to this request on the grounds that it is vague

and ambiguous.

Without waiving any objection, Defendant responds that two employees are present at the checkout kiosks to help with oversized items and other concerns customers may have.

_____
JEFFREY S. HARRIS
JAN MURANAKA BOIVIN
Attorneys for Defendant

## REQUEST FOR ADMISSION NO. 52:

Defendant has taken the position in this case that so long as Plaintiff manifests the symptoms of corprolalia and Tourettes Syndrome that no "reasonable accommodation" will entail the Plaintiff's physical entry into and use of the Defendant's stores.

## RESPONSE TO REQUEST FOR ADMISSION NO. 52:

Admit: _____    Deny: ___X___

Defendant's position is set forth in the answer and the motion to dismiss.

DATED:    Honolulu, Hawaii, September 22, 2005.

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation


_____
JEFFREY S. HARRIS
JAN MURANAKA BOIVIN
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
JAN MURANAKA BOIVIN    8138-0
(jmb@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | CIVIL NO. CV04-00154 DAE/BMK |
| Plaintiff, | CERTIFICATE OF SERVICE |
| v. | [Defendant Home Depot USA, Inc.'s Response To Plaintiff's Third Request For Admissions To Defendant Home Depot USA, Inc., Dated August 9, 2005] |
| HOME DEPOT USA, INC., | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on September 22, 2005, Defendant Home Depot USA, Inc.'s

Response To Plaintiff's Third Request For Admissions To Defendant Home Depot

USA, Inc., dated August 9, 2005 were duly served upon the following individuals

via hand delivery, addressed as follows:

Stanley E. Levin, Esq.    (Original +1)
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
        and
Bruce Sherman, Esq.    (1 copy)
1164 Bishop Street, Suite 124
Honolulu, HI  96813

Attorneys for Plaintiff
JON MUSE

Dated:  Honolulu, Hawaii, September 22, 2005.

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation


JEFFREY S. HARRIS
JAN MURANAKA BOIVIN
Attorneys for Defendant
HOME DEPOT USA INC.

2