# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF    HAWAII

JON MUSE,

         Plaintiff,

V.

HOME DEPOT U.S.A., INC.

         Defendant.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: CV04-00154 DAE/BMK
District of Hawaii

TO: WRAY Y. TSUZAKI, M.D.
Kaiser Permanente - Honolulu Clinic
1010 Pensacola Street
Honolulu, Hawaii 96814

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "1" attached.

| PLACE Produce by U.S. Postal Mail to: Jeffrey S. Harris, Esq., Torkildson Katz Fonseca Moore & Hetherington, 700 Bishop Street, 15th Floor, Honolulu, Hawaii 96813 | DATE AND TIME July 10, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) /s/      Attorney for Defendant | DATE JUN 29 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey S. Harris, Esq., Torkildson Katz Fonseca Moore & Hetherington, 700 Bishop Street, 15th Floor, Honolulu, Hawaii 96813; (808) 523-6000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT "A"

O 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT "1"

## DEFINITIONS AND INSTRUCTIONS

1. The word "you", "your" and "yourself" means and includes Wray Y. Tsuzaki, M.D.

2. The term "Document" or "Documents" means and includes any and all non-privileged:

   a. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced or reproduced in any other manner;

   b. Originals and all copies of any and all communications;

   c. Writings of any kind or type whatsoever;

   d. Data compilations from which information can be obtained, translated, if necessary, by Plaintiffs through detection devices into reasonably usable form as defined in Rule 34 of the Hawai'i Rules of Civil Procedure;

   e. Books and pamphlets;

   f. Microtape, microfilm, photographs, movies, records, recordings, tape recordings and videotape recordings, stenographically or otherwise reproduced;

g. Diaries and appointment books;

h. Cables, wires, memoranda, reports, notes, minutes and interoffice communications;

i. Computer disks or programs;

j. Letters and correspondence;

k. Contracts, agreements or proposals for contracts;

l. Other legal instruments or official documents;

m. Deeds, leases, mortgages, assignments or other instruments relating to real property or personal property;

n. Published material of any kind;

o. Financial statements, balance sheets, profit and loss statements, checking account statements, savings account statements, savings/time certificates, statements of financial condition, income tax returns, accounting records, worksheets, reports, projections, schedules, ledgers, books, records and journals;

p. Vouchers, expense accounts, receipts, invoices, bills, orders, billings, and checks, including, but not limited to, canceled checks;

q. Loans and letters of credit, including any applications, extensions and modifications thereto;

r. Investigation or incident reports;

s.  Files and records;

t.  Notes or summaries of conferences, meetings, discussions, interviews, or telephone conversations or messages; and

u.  Drafts or draft copies of any of the above.

## DOCUMENTS TO BE PRODUCED

1. Any and all documents or writings constituting, referring, relating, or pertaining in anyway to JON MUSE ("Muse") D.O.B.         1961, including, but not limited to all correspondence, memos, and notes.

2. Any and all logs, journals, daily planners, calendars, schedules and time keepers, referring, relating, or pertaining in any way to Muse.

3. Any and all tape recordings, sound recordings, photographs, video tape recordings, referring, relating, or pertaining in any way to Muse.

4. Any and all medical records and information referring, relating or pertaining to Muse, including but not limited to physician's notes, laboratory tests, x-ray films, progress notes, and summaries.

5. Any and all documents and writings constituting, referring, relating, or pertaining in any way to any and all analyses, reports, opinions, and evaluations prepared by you that refer, relate, or pertain in any way to Muse.

6. Any and all notes, memos, and/or correspondence related to the above analyses, reports, opinions, and evaluations.

7. Any and all books, manuals, publications, brochures or other professional or technical writings used or relied upon to perform such analysis, reports, opinions, and evaluations.

626522.v1

8. Any and all documents and writings reflecting any and all opinions you have reached with respect to the above-described analysis, reports, opinions, and evaluations.

9. Any and all tests, examinations, and test results constituting, referring, relating, or pertaining in anyway to Muse.

10. Any and all documents and writings constituting, referring, relating, or pertaining in any way to any and all analysis, reports, opinions, and evaluations prepared by persons other than you that refer, relate, or pertain in any way to Muse.

11. Any and all invoices, statements, and billings relating, or pertaining in any way to Muse.

12. If you have been retained as an expert witness by Jon Muse or his attorneys, please provide the following:

   a. Any and all correspondence relating to the retention of your services;

   b. Written materials and other information which have been provided to you relating to this case;

   c. Any and all instructions given to you by plaintiff's counsel;

   d. Names of individuals to whom you have communicated about this case;

   e. Any and all notes and other documents prepared by you in relation to

2

      this case;

f.    All communications between you and plaintiff's counsel;

g.    Any and all invoices, statements, time sheets and/or other documents reflecting time that you have spent on the case and tasks that you have performed, and

h.    All drafts of your report(s).

i.    Transcripts of any and all of your prior deposition and/or trial testimony in other cases.

j.    Copies of all of the documents referred to in your report and/or *curriculum vitae*.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JON MUSE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　　Defendant. | NO. **CV04-00154 DAE/BMK**<br><br>CERTIFICATE OF SERVICE<br><br>**[RE: Defendant Home Depot USA, Inc.'s Notice of Issuance of Subpoena Duces Tecum]** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on the dates and by the methods of service noted below, a true and correct copy of "DEFENDANT HOME DEPOT USA, INC.'S NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM [Wray Y. Tsuzaki, M.D.]" was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF</u>:

Stanley E. Levin, Esq.　　slevin@davislevin.com　　June 29, 2006

Bruce Sherman, Esq.　　Failey52@hawaii.rr.com　June 29, 2006

Attorneys for Plaintiff JON MUSE

　　　DATED: Honolulu, Hawai'i, June 29, 2006.

　　　　　　　　　　　　　　　　　TORKILDSON, KATZ, FONSECA,
　　　　　　　　　　　　　　　　　MOORE & HETHERINGTON,
　　　　　　　　　　　　　　　　　Attorneys at Law, A Law Corporation

　　　　　　　　　　　　　　　　　/s/ Jeffrey S. Harris
　　　　　　　　　　　　　　　　　JEFFREY S. HARRIS
　　　　　　　　　　　　　　　　　HEATHER M. RICKENBRODE
　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　HOME DEPOT USA, INC.

626522.v1