IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>    Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA, INC.<br><br>    Defendants.<br>_____ | CIVIL NO. 04-00154 DAE/BMK<br>(Civil Rights Violation)<br><br>MEMORANDUM IN SUPPORT<br>OF MOTION |

### MEMORANDUM IN SUPPORT OF MOTION

**I.    FACTUAL BACKGROUND**

This is a civil rights action for injunctive relief and damages for violations of Title III of the American with Disabilities Act (hereafter referred to as "ADA"), Public Law 101-336, 104 Stat. 327, 42 U.S.C. §12101, et. seq. and Hawaii Revised Statutes (hereafter referred to as "H.R.S.") Section 347-13(a) et. seq. The Defendant owns and/or manages a national chain of hardware stores known as Home Depot, and the subject store, which is a "public accommodation" as defined by 26 CFR Part 26 is located in Honolulu, Hawaii. The Plaintiff is a resident of Honolulu who has Tourette's Syndrome, with Corprolalia and Coprolaxia. He has a substantial impairment of a major life activity and comes under the scope and protection of the ADA as a person with a disability.

On March 4, 2004, Plaintiff filed in this Court a Complaint against Home Depot USA, Inc. On March 5, 2004, Plaintiff filed his First Amended Complaint for injunctive relief and damages for violations of Title II of the American with Disabilities Act.

The First Amended Complaint asserted claims for, *inter alia*, prospective injunctive and declaratory relief based upon alleged violations of the Defendants' common law duties, validly promulgated regulations, and the Constitutions of the United States and the State of Hawai'i. All of the alternative theories of recovery sought retroactive and prospective redress for the deprivation of freedoms and injuries suffered, and being suffered, by persons acquitted pursuant to H.R.S. § 704-411. The need for the Second Amended Complaint did not come to the attention of Plaintiff until a 30(b)(6) deposition of Defendant was taken in June 2006, and Plaintiff learned that Defendant was a federal contractee.

## II.     ARGUMENT

Federal Rules of Civil Procedure Rule (hereinafter "Fed. R. Civ. P.") 15 governs motions for leave to amend filed beyond the time prescribed by a scheduling order. See Fed. R. Civ. P. 15; see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992); Payne v. Ryder Sys., Inc., 173 F.R.D. 537, 540 (M.D. Fla. 1997). The Ninth Circuit has specifically held that "[o]nce the district court [has] filed a pretrial scheduling order pursuant to Fed. R. Civ. P. 16 which establishes a time table for amending pleadings," a Plaintiff's

ability to amend his or her complaint is governed first by Rule 16(b), not Rule 15(a). See Id. at 607-8; see also Jackson v. Laureate, Inc., 186 F.R.D. 605, 606 (E.D. Cal. 1999).

In the present case, the Court held a Rule 16 Scheduling Conference and entered a Scheduling Order on May 10, 2005.

What is absolutely clear is that if the Court is satisfied that there is no bad faith or malice, then the Court will grant the amendment. The same essential; analysis applies to the Rule 16 Scheduling Conference Order. Accordingly, Plaintiffs' must first satisfy Fed. R. Civ. P. Rule 15's "good cause" standard. See Johnson, 975 F.2d at 608-9; see also Thorn v. Blue Cross & Shield of Fla., 192 F.R.D. 308 (M.D. Fla. 2000) ("Rule 16(b) requires a showing of good cause to deviate from the deadline set in the scheduling order."); see also, Johnson, 975 F.2d at 609 (holding that the good cause standard primarily considers the diligence of the party seeking the amendment."); see also, Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995) ("To demonstrate good cause a party must show that despite diligence the time table could not have reasonably been met.") Only once "good cause" has been shown, may the court consider whether leave to amend is proper under Fed. R. Civ. P. Rule 15.

In this Motion before the Court, Plaintiffs seek to add no new parties and just one claim for relief to the instant action.

First, applying Rule 15 to the instant Motion: Theorectically, Plaintiffs have been diligent in pursuing discovery in this matter. Plaintiffs also could not have discovered the existence of the circumstances justifying the addition of the proposed new claim any sooner.

Second, applying Rule 15 to the instant Motion: Fed. R. Civ. P 15 (a) requires that "leave shall be freely given when justice so requires." Furthermore, federal policy strongly favors determination of cases on their merits.

Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party can make a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. Forman v. Davis, 371 U.S. 178, 182; 83 S.Ct. 227, 230 (1962); Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997). The circumstances under which F.R.C.P. Rule 15(a) "permits denial of leave to amend are limited." Ynclan v. Department of Air Force, 943 F.2d 1388, 1391 (5th Cir. 1991).

In the present case, the Plaintiffs' Complaint was filed on or about March 4, 2004, the First Amended Complaint was filed on March 5, 2004. There is no discernable prejudice to the Defendant as there are no new parties sought to be added. The request to add a new cause of action should be granted.

III.   CONCLUSION

The requirement of Fed. R. Civ. P. 15 showing good cause has been met. Additionally, Rule 15(a)'s provisions that leave to amend shall be freely given when justice so requires is to be applied with extraordinary liberality. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Plaintiffs respectfully request that this Court grant them leave to file the Second Amended Complaint.

DATED: Honolulu, Hawai'i, July 3, 2006.

/s/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiffs