OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN      1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN   5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY    5546
E-mail: feen@compuserve.com
ATTORNEY AT LAW
A Law Corporation
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff
JON MUSE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | SECOND AMENDED COMPLAINT |
| vs. | ) | AND SUMMONS |
| | ) | |
| HOME DEPOT USA, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**SECOND AMENDED COMPLAINT**

EXHIBIT A

Plaintiff JON MUSE, through his undersigned counsel, avers and alleges as follows:

1.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over a federal question being raised herein, specifically an alleged violation of Title III of the American with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq*; and also has pendant jurisdiction pursuant to 28 U.S.C. §1367 over the related state law claims of alleged violations of H.R.S. § 347-13 and 489-2.

2.    Venue is proper because all the parties were at all material times residing and presently are in this district.

3.    Plaintiff is a 45-year-old man who has a long history of Tourette's disorder only partially controlled by medication. He is significantly impaired in his speech from interjecting vulgarities, most commonly the word "cunt," into his speech.

4.    Defendant is a foreign profit corporation incorporated in 1989 and doing business in this district as "Home Depot."

5.    On November 3, 2003, Plaintiff was making purchases at Defendant's store at 421 Alakawa Street in Honolulu.

6.    In making his purchases Plaintiff conversed with the check-out clerk and voiced randomly and involuntarily vulgarities. The supervisor on duty named "Dar" overheard and ordered him to stop.

7.    Plaintiff apologized to Dar and the clerk and explained that it was because of his disability. Plaintiff was quiet and polite but quite embarrassed because the persons in the check-out lines were listening to the exchange. Dar indicated she did not care what sort of disability the Plaintiff had.

8.    Dar was not mollified, and she summoned the manager, Mike Dolan. Plaintiff again apologized and made his explanation to the manager.

9.    The manger also disregarded Plaintiff's explanation. He stated that he would not tolerate such language.

10.    The manager told Plaintiff that he did not care what kind of disability he had and that the Plaintiff was not welcome there if he used such language.

## COUNT ONE

11.    Plaintiff incorporates herein the preceding paragraphs of this pleading.

12.    Plaintiff is a person with a disability.

13.    Defendant operates a public accommodation.

14.    Under ADA Title III Defendant may not discriminate against Plaintiff on account of his disability.

15.    In violation of ADA Title III, Defendant discriminated against Plaintiff by refusing to provide him with equal service because of Plaintiff's disability, his speech interspersed randomly with vulgarities involuntarily.

16.    Because Plaintiff explained that his objectionable speech was an involuntary effect of his disability and Defendant's manager refused him service after learning of Plaintiff's disability, the Defendant's discrimination was committed with reckless indifference to Plaintiff's civil rights.

## COUNT TWO

17.    Plaintiff incorporates herein the preceding paragraphs of this pleading.

18.    Plaintiff is a person with a disability.

19.    Defendant operates a public accommodation.

20.    Under H.R.S. §347-13 public accommodations may not discriminate against persons with disabilities by denying them equal services of their public accommodations.

21.    Here the Defendant's employee decided *sua sponte* that Plaintiff was not entitled for equal services because of his disability.

22.    Defendant's denial of equal services was improper discrimination in violation of H.R.S. §347-13 because it refused to give him services on account of his disability.

23.    Because Plaintiff explained that his objectionable speech was an involuntary effect of his disability and Defendant's manager refuse him service after learning of Plaintiff's disability, the Defendant's discrimination was committed with reckless indifference to Plaintiff's civil rights.

## COUNT THREE

24.    Plaintiff incorporates herein the preceding paragraphs of this pleading.

25.    Plaintiff is a person with a disability.

26.    Defendant operates a public accommodation.

27.    Under H.R.S. Chapter 489, a public accommodation may not discriminate against a person with a disability by denying him service.

28.    Defendant violated H.R.S. §489-2 by refusing service to Plaintiff on account of his disability.

29.    Because Plaintiff explained that his objectionable speech was an involuntary effect of his disability and Defendant's manager refused him service after learning of Plaintiff's disability, the Defendant's discrimination was committed with reckless indifference to Plaintiff's civil rights.

## COUNT FOUR

30.    Plaintiff incorporates herein the preceding paragraphs of this pleading.

31.    Plaintiff is a person with a disability.

32.    Defendant either directly or through its agents and representatives, receives federal funds that assist in the operation and management of Defendant Home Depot USA, Inc., and as such, is subject to Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (hereinafter referred to as "Section 504"), and the federal regulations promulgated thereto.

33.    The conduct previously alleged in paragraphs 1 through 32 inclusive, violates Section 504 and the federal regulations promulgated thereto. Defendant has violated Section 504 by, among other things, failing to provide for Plaintiff with a reasonable accommodation or otherwise providing for his disability during Plaintiff's visit to Defendant Home Depot USA, Inc.'s retail outlet described above and refusing Plaintiff future entry to any of Defendant Home Depot, USA, Inc.'s retail outlets, thereby directly and proximately causing injuries in amount to be proven at trial.

34.    Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 749, Plaintiff prays for judgment as set forth below.

## CAUSATION

35.    As a proximate cause of each of the three courts alleged herein Plaintiff sustained compensable injury to an extent to be shown at trial. Therefore, Plaintiff requests the following relief:

A.    Judgment in his favor and against the Defendant;

B.    Legal relief in the form of compensatory damages;

C.    Punitive Damages;

D.    Attorney's fees and costs;

E.    Costs of suit;

F.    Prejudgment and post-judgment interest; and

G.    Such other relief as the court deems necessary to do complete justice.

DATED: Honolulu, Hawaii, _____, 2006.


_____
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff
JON MUSE

EXHIBIT A