TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

| | |
|---|---|
| JEFFREY S. HARRIS | 2718-0 |
| (jsh@torkildson.com) | |
| HEATHER M. RICKENBRODE | 8174-0 |
| (hmr@torkildson.com) | |
| JOHN S. MACKEY | 7006-0 |
| (jsm@torkildson.com) | |

700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>     Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>     Defendant. | NO. CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; CERTIFICATE OF SERVICE |

DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT

626925.V1

I.  **Introduction**

Plaintiff Richard A. Dunham claims to have Tourettes Syndrome, which, he claims, manifests itself in his involuntary use of obscene language. Plaintiff claims his Tourettes was what made him refer to a Home Depot cashier and then her supervisor as a "c**t" and a "f***ing c**t" respectively. Plaintiff was asked to leave the store after completing his transaction. Plaintiff filed this suit claiming the Americans with Disabilities Act requires Home Depot to provide him some "accommodation" beyond what Home Depot has already offered should Plaintiff wish to buy things from Home Depot in the future. Plaintiff now wants to add a claim that Defendant Home Depot violated Section 504 for the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794.

II. **Plaintiffs Rehabilitation Act claim is meritless because Home Depot does not receive federal "financial assistance"**

Fed. R. Civ. P. 15(a). Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." See *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Id.* at 758; *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006). While leave to amend should be freely given, "[a] trial court may deny such a motion if permitting amendment would . . . result in futility for lack of merit."

*Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

Plaintiffs Rehabilitation Act claim is without merit because Home Depot is not a recipient of "federal assistance," a prerequisite for the Rehabilitation Act's anti discrimination provisions to apply to Home Depot.

> In order to prevail under § 504 [a] plaintiff must prove: (1) that he is a handicapped individual as defined in the statute; (2) that he is otherwise qualified to participate in the program or activity at issue; (3) that he was excluded from the program or activity solely by reason of his handicap; (4) and that *the program or activity receives federal financial assistance.*

*Henning v. Village of Mayfield Village*, 610 F.Supp. 17, 18 (N.D. Ohio 1985) (emphasis added) (citing *Doe v. New York University*, 666 F.2d 761 (2d Cir. 1981); *Fitzgerald v. Green Valley Area Ed. Agency*, 589 F. Supp. 1130 (S.D. Iowa 1984).

Plaintiff states that the basis for his Rehabilitation Act claim is that Plaintiff learned, during the course of taking a 30(b)(6) deposition, that Home Depot was a "federal contractee".[1] Plaintiff's memorandum in support p. 2. Being a federal contractee does not constitute "receiving federal financial assistance." The Rehabilitation Act does not, therefore, apply to Home Depot.

---

[1] It is disingenuous for Plaintiff to claim this fact was discovered at the deposition. The "discovery" consisted of Plaintiff's counsel merely asking that the deponent confirm statements in material produced by Home Depot in response to earlier discovery.

"Federal financial assistance" as used in the Rehabilitation Act, does not include government procurement contracts. *Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202, 1209 (9th Cir. 1984). "Federal financial assistance" means a subsidy. *Id.*; *Mass v. Martin Marietta Corp.*, 805 F.Supp. 1530, 1542 (D. Colo. 1992) (citing *DeVargas v. Mason & Hanger-Silas Mason Co.*, 911 F.2d 1377, 1382 (10th Cir. 1990). If the government intends only to compensate defendant for goods and services received, then there is no subsidy, even if the compensation exceeds fair market value. *DeVargas*, 911 F.2d at 1382.

In addition, even if Home Depot had received "federal financial assistance," it would be necessary for Plaintiff to plead and prove that he was discriminated against by the program or activity that received the subsidy. *Jacobson*, 742 F.2d at 1211. "[T]he federal funds must have some nexus to the program or activity in which the handicapped person is to participate." *Henning*, 610 F.Supp. at 19 (citing *Grove City College v. Bell*, 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984) (applying Title IX only to the college's federal financial aid program, and not the entire college)). Having not made the first step of alleging federal financial assistance was provided, obviously Plaintiff cannot make this further step of claiming to have been discriminated against by a particular Home Depot program or activity receiving a government subsidy.

## III.  Conclusion

Because Plaintiff does not allege discrimination by a program or activity of Home Depot's that receives federal financial assistance, his motion for leave to amend a claim under the Rehabilitation Act is without merit and should be denied.

Dated:  Honolulu, Hawaii, July 7, 2006.

                                          TORKILDSON, KATZ, FONSECA,
                                        MOORE & HETHERINGTON,
                                        Attorneys at Law, A Law Corporation


                                        /s/ John S. Mackey
                                        JEFFREY S. HARRIS
                                        HEATHER M. RICKENBRODE
                                        JOHN S. MACKEY
                                        Attorneys for Defendant
                                        HOME DEPOT USA, INC.