OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN   5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY   5546
E-mail: feen@compuserve.com
ATTORNEY AT LAW
A Law Corporation
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff
JON MUSE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | CIVIL NO. 04-00154 DAE/BMK |
| | (Civil Rights Violation) |
| Plaintiff, | |
| | PLAINTIFF'S REPLY TO |
| vs. | DEFENDANT HOME DEPOT USA, |
| | INC.'S OPPOSITION TO |
| HOME DEPOT USA, INC. | PLAINTIFF'S MOTION FOR |
| | LEAVE TO FILE SECOND |
| Defendant. | AMENDED COMPLAINT; |
| | DECLARATION OF STANLEY E. |
| | LEVIN; EXHIBIT "B"; AND |
| _____ | CERTIFICATE OF SERVICE |

PLAINTIFF'S REPLY TO DEFENDANT HOME DEPOT
USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT

The Defendant's opposition conveniently fails to actually cite the page in the Policies & Procedure portion of the Associate's manual, which refers to the applicability of Section 504 of the Rehabilitation Act of 1973 (attached hereto and marked as Exhibit "B") to Defendant Home Depot. The page was part of approximately 600 plus pages of discovery material, which was produced by Defendant in late March of 2006—which is close to a year after it should have been originally produced. The applicability of the statement contained in Exhibit "B" was confirmed at the deposition of the Rule 30(b)(6) designee, Emory L. Cooper, which was finally taken on June 6, 2006. The Court is well aware of the delay in taking the Rule 30(b)(6) designee's deposition caused by the refusal of the Defendant to agree to the deposition until some seven months or more have passed since the Plaintiff's original Rule 30(b)(6) request (not to mention the numerous discovery motions involving the request).

Exhibit "B" states in pertinent part:

> The Home Depot is a Federal Contractor-a company that does business with the Federal Government. In 1965, President Lyndon B. Johnson signed an Executive Order (which was later amended) requiring companies that do business with the government to take affirmative action to ensure that applicants and employees are not treated differently due to race, color, religion, gender or national origin. Additional laws included affirmative action

>   obligations for people with disabilities (the Rehabilitation Act of 1973), and the Vietnam Era Veterans' Readjustment Assistance Act of 1974 (VEVRAA). The office of Federal Contract Compliance Programs (OFCCP) is responsible for ensuring that contractors comply with the Executive Order. Each Home Depot unit posts Associate and applicant notices regarding the Affirmative Action Program to communicate to associates that The Home Depot is an Affirmative Action Employer. Associates are encouraged to become familiar with this notice and where it is posted in their unit.

It certainly appears that the Defendant believes, as stated in its own publications and guideline materials, that §504 of the Rehabilitation Act of 1974 applies to it. Interestingly, there is no declaration by any employee of Home Depot, which either refutes this statement or even qualifies it.

The Defendant also states in its Memorandum in Opposition at p. 4, that: "…even if Home Depot had received "federal financial assistance," it would be necessary for Plaintiff to plead and prove that he was discriminated against by the program or activity that received the subsidy." The Defendant supports this assertion by citing *Grove City College v. Bell*, 465 U.S. 555, 104 S.Ct 1211, 79 L.Ed.2d 516 (1984); *Henning v. Village of Mayfield Village*, 610 F.Supp. 17 (N.D. Ohio 1985); and *Jacobson v. Delta Airlines, Inc.* 742 F.2d 1201 (9th Cir. 1984). The Defendant is plainly wrong in this assertion and argument. In 1988 Congress enacted (in partial response to the Supreme Court's decision *in Grove City, supra*) the Civil Rights Restoration Act (Act March 22, 1988, P.L. 100-259, 102 Stat. 29) which included amendments adding an extensive definition

of a program or activity receiving federal financial assistance, codified as §504(b). This greatly increased the scope of §504 by legislatively overruling prior judicial opinions holding that §504 was "program-specific" and that only the particular program or activity which directly received federal assistance was subject to §504. The Defendant apparently forgot to take notice of the Civil Rights Restoration Act and its negative effect on the cases cited by the Defendant.

I.  **CONCLUSION**

Plaintiff has sufficiently pled the §504 allegations. There is sufficient time left to make discovery in support of it, but at this juncture, given the statements above, the Plaintiff should be afforded the opportunity to prove these allegations at trial, particularly in light of Defendant's admission that §504 of the Rehabilitation Act applies to it.

DATED: Honolulu, Hawai'i, July 14, 2006.

/s/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY
Attorneys for Plaintiff