IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>              Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA, INC.<br><br>              Defendant. | CIVIL NO. 04-00154 DAE/BMK<br>(Civil Rights Violation)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS** |

**MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL AND FOR SANCTIONS**

Plaintiff served his Fourth Request for Admissions (the Defendant's responses are attached hereto and marked as Exhibit "1") on Defendant Home Depot USA, Inc. on July 19, 2006 by hand delivery. Plaintiff, at the same time, served his Second Request for Production (the Defendant's responses are attached hereto and marked as Exhibit "2") on Defendant by hand delivery. The request for production was linked to the Fourth Request for Admissions in that it requested that the Defendant produce documents to support any response to a request for admission that was not an unequivocal admission. The Defendant refused to either admit or deny request for admissions numbers 57, 58, 59, 60, 62, 64, 65, 66, and 67, objecting in large part that the requests were not designed to lead to the discovery of admissible evidence. The Defendant did not unequivocally admit any of the Fourth Requests for Admission, but did deny request for admissions

numbers 53, 54, 55, 56, 61, 63, 68, and 69.  The Defendant did not produce any documents in response to Plaintiff's Second Request for Production.

I. **THE REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION PLAINLY SATISFY ANY REQUIREMENTS IMPOSED BY FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1).**

Federal Rule of Civil Procedure Rule 26(b)(1) states:

> (1) **In General**. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of person having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i)(ii), and (iii).

The Defendants objection to virtually all of the requests for admission for the reason that each request is "not reasonably calculated to lead to the discovery of admissible evidence" is specious at best.  The court in *Anton v. Prospect Café Milano, Inc.*, 233 F.R.D. 216, 218 (D.C.D.C. 2006) stated:

> Rule 26(b)(1) authorizes discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The term "relevance" is broadly construed and "[r]elevant information need not be admissible at the trial if the discovery appears reasonable calculated to lead to the discovery of admissible evidence." Id; *Food Lion, Inc. v United Food & Comm'l Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997); *see also Smith v. Schlesinger*, 513 F.2d 462, 473 n.37 (D.C.Cir., 1975)(noting that "a party may discover information which is not admissible at trial if such

information will have some probable effect on the organization and presentation of the moving party's case"). Put another way, "[a] showing of relevance can be viewed as a showing of need[, as] for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not relevant to the subject matter involved in the pending action." *Friedman v. Bach Halsey Stuart Shields, Inc.* 738 F.2d 1336, 1341 (D.C. Cir. 1984). That said, relevancy does not encompass discovery of information with "no conceivable bearing on the case." Id. ( citing *8 Fed. Prac. & Proc.2d §2008*). A trial court enjoys considerable discretion over discovery matters. Id.; *United State v. Krizek*, 192 F.3d 1024, 1029 (D.C.Cir. 1999).

Request for admissions numbers 57 and 65 and Requests for Production numbers 5 and 13 relate to the defense raised by the Defendant that it would be subject to legal liability for Mr. Muse's Coprolalia. The Defendant in its Memorandum in Support of Motion to Dismiss filed April 9, 2004 at pp 6-7 stated:

> The only conceivable modification that Plaintiff could have requested, which he didn't, was requiring the clerk, supervisor, manager and customers that were present to accept him voicing vulgarities. This modification, had it been requested, would have been unreasonable.
>
> Requiring employees to accept Plaintiff voicing vulgarities would have exposed Defendant to liability under Title VII of the Civil Rights Act and the corresponding state law. The EEOC guidelines on sexual harassment expressly provide that "[a] employer may also be responsible for the acts of non-employees, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knew or should have known of the conduct and fails to take immediate and appropriate corrective action."

While Plaintiff doubts that this could be applied to his situation, nonetheless, it has been raised as a defense, in one form or another.

3

Requests for Production numbers 1, 2, 3, 9, and 12 ask for documents, which tend to support any response other than an unqualified yes to requests for admissions numbers 53, 54, 55, 61, and 64. The depositions of treating physician William P. Sheehan, M.D. and Plaintiff's expert Samuel H. Zinner, M.D. have been taken by the Defendant. Additionally, every relevant medical record is in the possession of the Defendant, including the report of its own expert Dr. Marvit. The clarification by Defendant's counsel (e-mail dated August 21, 2006 attached hereto and marked as Exhibit "3") makes it plain that the Plaintiff must guess at which documents the Defendant may rely upon at trial. It also raises the prospect that the answers are not being given in good faith.

Given the statement by Defendant's counsel at the August 17, 2006 hearing, the responses (or rather lack of any response) to request for admission numbers 66 and 68 and the lack of any production of documents for request for production of documents numbers 14, 15, and 16 (all of which relate to Section 504 of the Rehabilitation Act) are in bad faith and violate the mandate of F.R.C.P. Rule 26(b)(1).

Defendant Home Depot has maintained throughout this litigation, that it will not permit Plaintiff Jon Muse to shop at its stores, so long as he utters profanity before any of its employees or customers, regardless of whether or not it is an uncontrollable utterance by him, resulting from his Tourette's condition. This

4

position plainly contradicts the Defendant's response to request for admission number 56 and request for production number 4.

The failure to respond to request for admissions numbers 58, 59, 60, and 62 and requests for production numbers 6, 7, 8, and 10 is again plainly done in bad faith and contradicts the requirements of F.R.C.P. Rule 26(b)(1). It is not a sufficient reason to refuse to answer a request for admission or production that the responding party does not like the question or the way it is propounded. The defendant has raised the issue in its motion for summary judgment that the Plaintiff does not meet the criteria for disability as defined by the Americans with Disabilities Act, 42 U.S.C. §12001 et seq. Plainly these requests are relevant to that subject as the Plaintiff alleges that he has both Tourette Syndrome and ADHD.

Response to request for admission number 63 is argumentative and improper. Rather than respond to each request as the rules require, counsel for Home Depot seeks to use the required response as some sort of sounding-off platform. There is absolutely no doubt that the Rules of Civil Procedure do not permit counsel to ignore the rules and withhold a definitive response while allowing the Defendant to just blow steam because it must answer them. Home Depot has not responded properly to most of the admissions that were propounded to them. The court should finally rule that this method of non-responding to

5

important admissions (which if answered properly would streamline the trial) is totally arrogant and self-serving.

As for request for admissions numbered 69 and 70, just further point up the impropriety of defense counsel's actions.  These are not negligent responses but rather cold and calculating and put forward with the specific intent of not responding to any request whether it is short and carefully worded or longer and also carefully worded.  Compare responses to request for admissions numbered 53 and 54 with request for admissions numbered 69 and 70.

It is also noteworthy to demonstrate for the court the mindset Plaintiff has been repeatedly confronted with, the court should review the responses to the second set which contained statements taken right off.

## II. CONCLUSION

The Defendant's response to Plaintiff's discovery makes a mockery of the discovery process.  It is the final piece in a pattern and practice of discovery abuse that has continued throughout this case.  The Defendant seeks to harken back to the day when trials were by ambush.  This Stalingrad defense approach only wastes time and resources and lines the pockets of the attorneys affecting it.  It is simply stunning that the Defendant did not produce even one (1) document or refer to even one (1) document in its response to the Plaintiff's request for production.  It is equally stunning that the Defendant did not either admit or deny nine (9) of

Plaintiff's requests for admission, erroneously asserting that none of the requests could reasonably lead to the discovery of admissible evidence-an absurd interpretation and application of F.R.C.P. Rule 26(b)(1).  The assertions that any of the discovery requests were overbroad, burdensome or harassing are simply without any merit whatsoever.  The purpose of discovery, in large part, is to narrow the issues to be presented at trial (in effect to consume the dross and refine the gold) to both expedite trial and assure that each side is able to fairly present its case.  The tactics of the Defendant throughout discovery in this case have been designed to assure that every issue is given a scorched earth defense and that the trial will end up being the model of a Stalingrad defense.

      For the reasons stated above, Plaintiff asks this court to grant Plaintiff's Fifth Motion to Compel Discovery and for sanctions and attorneys' fees and costs.

      DATED:  Honolulu, Hawaii, August 23, 2006.

/S/ STANLEY E. LEVIN

_____
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff