IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　　Defendant. | NO. **CV04-00154 DAE/BMK**<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION

Plaintiff JON MUSE ("Plaintiff") identified William P. Sheehan, M.D. ("Sheehan") as an expert and has stated that Sheehan will testify about his treatment of Plaintiff's alleged Tourette's Syndrome.

Sheehan's testimony is irrelevant because it involves medical conditions that Plaintiff has not identified as the basis for his claims and proposed modifications that Sheehan has no idea how to address.

Sheehan's testimony is unreliable under Federal Rules of Evidence 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993), because it is speculative and based on inconsistent and incomplete treatment.

629814.V4

Sheehan's testimony exceeds his treatment of Plaintiff. He was not identified as a consulting expert witness by Plaintiff's, and he has not provided any report required by Fed. R. Civ. P. 26(a)(2)(B).

## II. DISCUSSION

### A. Sheehan's Testimony Is Subject To Federal Rule Of Evidence 702

Federal Rule of Evidence 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of this case.

Fed. R. Evid. 702. This rule confers Sheehan's anticipated testimony, as it involves "specialized knowledge." See Robinson v. G.D. Searle & Co., 286 F. Supp. 2d 1216 (D. Cal. 2003) (applying Rule 702 to analyze the testimony of Plaintiff's treating physician); Guarnieri v. Pa. Fed'n Bhd. of Maint. of Way. Emples., 153 F. Supp. 2d 736, 745 (E.D. Pa. 2001) (concluding that treating physician testimony "must meet the requirements of Rule 702 and the Daubert line of cases.") (citing Turner v. Iowa Fire Equip. Co., 229 F.3d 1202, 1207 (8th Cir. 2000) ("A treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians

629814.V4

hired solely for purposes of litigation."); see also Fed. R. Evid. 701 (precluding lay witness testimony "based on scientific, technical or other specialized knowledge within the scope of Rule 702."); Advisory Committee Note to Fed. R. Evid. 701, 18 U.S.C.A. at 4-5 (2001 ed.) ("Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702.")

**B.   Sheehan's Testimony Fails To Meet The Requirements of Rule 702 And Daubert**

"Expert testimony is admissible pursuant to rule 702 if it is both relevant and reliable." Elsayed Mukhtar v. California State University, Hayward, 299 F.3d 1053, 1063 (9th Cir. 2002). Sheehan's testimony is neither relevant nor reliable.

**1.   Sheehan's Testimony is Irrelevant**

Sheehan diagnosed Plaintiff has having Attention Deficit Hyperactive Disorder, compulsive behavior, obsessive thinking, depression, and anxiety, as well as observing that he had Tourette's Syndrome. Sheehan Tr. at 13:18-14:01 (attached hereto as Exhibit "A"). This diagnosis irrelevant, because Plaintiff has made no claim in reliance upon any of those conditions. Plaintiff's Complaint

cites "Tourette's disorder" as his alleged impairment, see Complaint ¶ 3, and his response to Interrogatory No. 2 of Defendant's First Request for Answers to Interrogatories ("Please describe any disability that you had, at the times when you were in Defendant's store") did not list Attention Deficit Hyperactive Disorder, compulsive behavior, obsessive thinking or anxiety. ("Plaintiff's Response to Defendant Home Depot USA, Inc.'s First Request For Answers To Interrogatories To Plaintiff Jon Muse, Dated May 24, 2005" is attached hereto as Exhibit "B".)

Plaintiff's having any condition other than Tourette's Syndrome does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401. As such, this testimony concerning this subject is entirely irrelevant and should be excluded under Federal Rules of Evidence 402 and 702.

Sheehan's testimony is also irrelevant to the extent that it seeks to address his opinions regarding potential accommodations or modifications. During his deposition, Sheehan testified that he did not know how to balance the interests and rights of an individual who has Tourette's Syndrome against those of individuals who come into contact with, and are offended by, the comments and conduct of an individual with Tourette's Syndrome. Sheehan Tr. at 58:17-59:05 (attached hereto as Exhibit "A"). He also testified that there have been situations in which he

drafted a card explaining Tourette's Syndrome for other patients with Tourette's Syndrome to carry around and show people when incidents arose regarding the condition. Sheehan Tr. at 43:17-19 (attached hereto as Exhibit "A"). When asked about the effectiveness of this approach, Sheehan admitted that it was unsuccessful.

> Q. (by Sherman) Do you give other patients letters, in the instances where you've had other patients with similar conditions as Jon, you give them letters explaining their condition?
>
> A. ( by Sheehan) I have. I have.
>
> Q. <u>And has that worked out well for them</u>?
>
> A. <u>No.</u>

Sheehan Tr. at 96:03-09 (emphasis added) (attached hereto as Exhibit "A"). Rather than supporting Plaintiff's case, this shows that giving Plaintiff a card to show or posting a sign outside the Alakawa store would not be a reasonable modification in this matter, even if that had been requested.

Since Sheehan's testimony involves medical conditions that Plaintiff has not identified as the basis for his claims and proposed modifications that he admits to having no idea on how to address, it would not "assist the trier of fact to understand the evidence or to determine a fact in issue", and is therefore inadmissible under Rule 702.

### 2. Sheehan's Testimony is Unreliable

Sheehan's testimony is also unreliable. The United States Court of Appeals for the Ninth Circuit has emphasized that "[t]he trial court must act as a 'gatekeeper' to exclude 'junk science' that does not meet Rule 702's reliability standards by making a preliminary determination that the expert's testimony is reliable." Elsayed, 299 F.3d at 1063 (citations omitted). Factors considered to determine reliability include: "(1) whether the scientific theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether there is a known or potential error rate, and (4) whether the theory or technique is generally accepted in the relevant scientific community." Elsayed, 299 F.3d at 1064 (citations omitted). Applying these factors to this case, Sheehan's testimony is inadmissible because it is not sufficiently reliable.

Sheehan's testimony is unreliable because it is speculative. Provident Life and Acc. Ins. Co. v. Fleischer, 26 F. Supp. 2d 1220 (C.D. Cal. 1998). He cannot testify with any certainty regarding the nature and extent of Plaintiff's condition, and his deposition testimony cites to no standardized methodology used to diagnose and treat Plaintiff. Sheehan Tr. 28:16-25 (attached hereto as Exhibit "A"). As the Supreme Court recognized in General Elec. Co. v. Joiner, 522 U.S. 136 (1997)

629814.V4

> [C]onclusions and methodology are not entirely distinct from one another ... [N]othing in either <u>Daubert</u> or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.

522 U.S. at 146. Thus, when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, <u>Daubert</u> and Rule 702 mandate the exclusion of that unreliable opinion testimony from trial. <u>See</u> <u>Heller v. Shaw Indus., Inc.</u>, 167 F.3d 146, 153 (3d Cir. 1999) ("[A] district court must examine the expert's conclusions in order to determine whether they could reliably follow from the facts known to the expert and the methodology used.").

This case calls for exclusion. Sheehan acknowledged that Plaintiff's treatment was extremely limited and inconsistent in that: (a) periods of more than six months or one year elapsed between appointments, Sheehan Tr. at 23:15-18; 66:22-67:01 (attached hereto as Exhibit "A"): (b) even when he did treat Plaintiff, his contact was brief and over the telephone after a long hiatus (contrary to his employer's guidelines), his appointments were abbreviated and involved medication management, as opposed to comprehensive treatment, Sheehan Tr. at 27:21-28:12; 52:18-53:05; 53:21-55:02 (attached hereto as Exhibit "A"); (c) Sheehan failed to conduct a thorough analysis of Plaintiff's condition, as he did not

determine whether Plaintiff had premonitory urges such that he could suppress his obscene gestures or statements for periods of time, Sheehan Tr. at 27:14-18 (attached hereto as Exhibit "A"); and (d) Sheehan believed he had no need to conduct a thorough analysis regarding Plaintiff's ability to suppress his tics within his extremely limited role of medication management at Kaiser, Sheehan Tr. at 55:03-09 (attached hereto as Exhibit "A").

An expert's analysis must be reliable at every step. The Third Circuit has explained that the Daubert "requirement that the expert testify to scientific knowledge – conclusions supported by good grounds for each step in the analysis – means that any step that renders the analysis unreliable under the Daubert factors renders the expert's testimony inadmissible." In re Paoli R. R. Yard PCB Litig., 35 F.3d 717, 745 (3d Cir. 1994), cert. denied, 513 U.S. 1190 (1995). Sheehan's testimony is unreliable because he did not treat Plaintiff in a consistent and thorough manner. By testifying openly about these shortcomings in treatment, Sheehan has unequivocally shown that his opinion is based upon insufficient facts. See Fed. R. Evid. 702 (requiring that an expert base his testimony "upon sufficient facts or data").

Kumho Tire emphasizes that the purpose of Rule 702's gatekeeping function is to "make certain that an expert … employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."

629814.V4

526 U.S. 137, 152 (1999). Since Sheehan did not diagnose or treat Plaintiff by employing a testable methodology that has been subjected to peer review and is generally accepted in the relevant scientific community, he should not be permitted to testify as a treating physician in this matter. Any probative value in such testimony would be substantially outweighed by its prejudicial effect, justifying exclusion under Federal Rule of Evidence 403.

    **C.**    **Sheehan Should Be Excluded From Testifying Under Federal Rules of Civil Procedure 26 and 37, As His Opinions Exceed His Own Treatment Of Plaintiff And He Cannot Testify As A "Consulting Expert".**

Sheehan is not listed as an expert witness in Plaintiff's Supplemental Disclosures of Experts, dated August 16, 2006. Indeed, during the course of discovery Plaintiff has stated that Sheehan's testimony would be limited to his care for the Plaintiff between the years 2000 and 2005. Despite these statements, Plaintiff is expected to attempt to offer Sheehan's opinions that go beyond his limited care for the Plaintiff.

During his deposition, Sheehan stated that Plaintiff's counsel provided him with copies of the expert reports drafted by Dr. Zinner and Dr. Marvit to assist his deposition preparation. See Sheehan Tr. at 5:05-6:08 (attached hereto as Exhibit "A"). When asked if he read these reports as part of his treatment with Jon Muse, he stated:

    A.    (by Sheehan) No.

> Q. (by Harris) Because you're not treating Jon Muse anymore?
>
> A. That's right.
>
> Q. <u>So you read the materials that Mr. Sherman gave you in order to prepare for the deposition today?</u>
>
> A. <u>Yes.</u>

<u>See</u> Sheehan Tr. at 6:21-7:03 (attached hereto as Exhibit "A") (emphasis added). Sheehan further testified that he never had any communications with either Zinner or Marvit when he was treating Plaintiff, <u>see</u> Sheehan Tr. at 11:20-12:08 (attached hereto as Exhibit "A"), and that he did not know Zinner. <u>See</u> Sheehan Tr. at 82:16-19 (attached hereto as Exhibit "A").

With respect to treating physicians, courts have recognized "the unfairness of permitting a party to employ a physician who treated an injured party to provide testimony extending beyond simply the care of the plaintiff to classic expert opinion regarding causation and prognosis." <u>Thomas v. Consolidated Rail Corp.</u>, 169 F.R.D. 1, 2 (D. Mass. 1996). "[A] treating physician who bases his opinion on the medical records of another physician, not just on his own examination of the patient, is required to prepare an expert report because such review indicates his is being retained in connection with the litigation." <u>Kirkham v. Societe Air Fr.</u>, 236 F.R.D. 9 (D. D.C. 2006) <u>citing</u> <u>Riddick v. Washington Hospital Center</u>, 183 F.R.D.

327, 331 (D. D.C. 1998) ("[I]f it turns out that Dr. Mines was requested to review medical records of another health care provider in order to develop an opinion for the litigation of this matter rather than having reviewed the records on her own in 1994 in order to provide treatment, she will not be permitted to give her opinion as to causation and injury"); Wreath v. United States of America, 161 F.R.D. 448, 450 (D. Kan. 1995) ("A treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of that provider would be specially retained notwithstanding that he also happens to be the treating physician."); see also Salas v. United States, 165 F.R.D. 31, 33 (W.D.N.Y. 1995)("[W]hen the doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B).").

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires an expert to prepare and sign a report prior to testifying as a "consulting expert". The report must contain:

> A complete statement of all opinions to be expressed and the basis and reasons thereof; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any

> other cases in which the witness has testified as an expert
> at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). Sheehan did not prepare any such report. Plaintiff's failure to comply with Federal Rule of Civil Procedure 26 as it relates to disclosure of expert testimony requires this Court to exclude Sheehan from testifying. See Shapardon v. West Beach Estates, 172 F.R.D. 415 (D. Haw. 1997).

This is particularly the case where Federal Rule of Civil Procedure 37(c)(1) provides:

> A party that without substantial justification fails to
> disclose information required by Rule 26(a) or 26(e)(1)
> shall not, unless such failure is harmless, be permitted to
> use as evidence at trial, at a hearing, or on a motion any
> witness or information not so disclosed. In addition to
> or in lieu of this sanction, the court, on motion and after
> affording an opportunity to be heard, may impose other
> appropriate sanctions. In addition to requiring payment
> of reasonable expenses, including attorney's fees, caused
> by the failure, these sanctions may include any of the
> actions authorized under subparagraphs (A), (B), and (C)
> of subdivision (b)(2) of this rule . . ..

Fed. R. Civ. P. 37(c)(1). Courts typically strike expert witnesses who are not disclosed in accordance with the requirements of Rule 26. See, e.g., In Re Air Crash, 982 F. Supp. 1086 (D.S.C. 1997)(striking expert witnesses not timely disclosed in accordance with Rule 26).

Plaintiff's conduct in misrepresenting that Sheehan will testify as a treating physician while attempting have Sheehan testify as a consulting expert constitutes

629814.V4

-13-

exactly the kind of behavior the rule is designed to avoid. Rule 37 requires that Sheehan be excluded.

### III. CONCLUSION

For the foregoing reasons, the Court should restrain Plaintiff from attempting to introduce evidence, testimony, argument and comment concerning the opinions of Dr. William Sheehan.

DATED: Honolulu, Hawaii, September 1, 2006.

Respectfully submitted,

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

s/Jeffrey S. Harris
JEFFREY S. HARRIS
HEATHER M. RICKENBRODE
Attorneys for Defendant
HOME DEPOT USA, INC.