OF COUNSEL:

DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN      1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN   5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY    5546
E-mail: feen@compuserve.com
ATTORNEY AT LAW
A Law Corporation
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S PRE-TRIAL |
| vs. | ) | STATEMENT AND CERTIFICATE |
| | ) | OF SERVICE |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | TRIAL WEEK:  October 24, 2006 |
| _____ | ) | JUDGE:  David A. Ezra |

## PLAINTIFFS' PRETRIAL STATEMENT

### I.     PARTIES.

Plaintiff above-named, by and through his counsel, STANLEY E. LEVIN of DAVIS LEVIN LIVINGSTON GRANDE, BRUCE F. SHERMAN, and THOMAS F. FEENEY hereby submits his Pretrial Statement pursuant to Rule 16.6 of the Local Rules of Practice for the United States District Court for the District of Hawaii.

### II.    JURISDICTION AND VENUE.

This court has original jurisdiction pursuant to 28 U.S.C. § 1331, a federal question being raised herein specifically an alleged violation of Title III of the American with Disabilities Act of 1990, 42 U.S.C. § 12181 et seq.; and also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the related state law violations of H.R.S. §§ 347-13 and 489-2.

No party disputes jurisdiction or venue.

### III.   SUBSTANCE OF ACTION.

Plaintiff Jon Muse [hereinafter "Muse" or "Jon Muse"] is a forty-three year old man with a long history of Tourette Syndrome.  Jon Muse is impaired significantly in his speech, and consequently his major life activities, as he suffers from two distinct forms of Tourette Syndrome called coprolalia and copropraxia.

His disability causes him to utter certain words compulsively, without any intent, and randomly into otherwise normal speech patterns and substance.  He also

will make certain vulgar gestures (such as "giving the finger" and sticking out his tongue, though often he will attempt to disguise these by making it appear that he is brushing his hair.)   Regretfully, the words and gestures uncontrollably interjected are considered vulgarities by many, which offend certain aspects of society, though not all.   He runs his own plant supply business and finds that Defendant Home Depot's store offers the greatest convenience, widest selection, and best prices for items necessary to his business.

The randomly interjected vulgarities are primarily the words "cunt", "nigger", and "fuck[ing]".[1] Regretfully, neither medication nor other treatment has been able to control this aspect of Mr. Muse's Tourette Syndrome.   The words used by Mr. Muse are not shouted or uttered in any volume higher than his usual speaking voice, which is not particularly loud or prominent.

On or about November 3, 2004, Mr. Muse was exchanging merchandise at the Defendant's Home Depot store located at 421 Ala Kawa Street in Honolulu, Hawai'i.   The Defendant's store is a public accommodation.   While conversing with the customer service clerk, Mr. Muse randomly and uncontrollably voiced the words "fuck" and "cunt" because of his coprolalia.   The supervisor on duty, named "Dar", overheard the conversation and ordered Mr. Muse to stop using the words.

---

[1]    The use of such words, both in society and in litigation, is relatively common; hundreds of published cases routinely report the use of such words with the full spelling retained for accuracy.  In the instant case, unlike the reported cases, all parties and the Court are aware that that the words never have been directed from or at any one herein with malicious intent and are simply "words," which Mr. Muse utters uncontrollably as part of his disability. As is often the case, naming something and putting light upon it, takes away any power to injure that otherwise would persist in darkness.

Mr. Muse calmly apologized to the clerk and Dar and explained that his use of those words were due to his disability, Tourettes, and not uttered with any intent to offend.   Mr. Muse was quiet and polite during the exchange.  Dar indicated that she did not care what sort of disability Mr. Muse had, despite Mr. Muse's explanation.

Assistant store manager, Mike Dolan, was summoned and Mr. Muse again explained his condition and apologized.  The assistant store manager ignored Mr. Muse's explanation and stated that he (and his store) would not tolerate such language.  He further stated that he did not care what kind of disability Mr. Muse had and that Mr. Muse was not welcome at the store if he used such language

Mr. Muse was so disturbed by Home Depot's treatment of him that he went to see his treating psychiatrist, Dr. Sheehan, who boosted his anti-depressive medication because of Mr. Muse's increased anxiety.  Although Mr. Muse has had difficulties with interacting with sales persons his whole life, rarely has he encountered the continued and absolute irrational intolerance persisted in by Home Depot.

The Defendant refuses to permit Mr. Muse access to its stores so long as he uses (or may possibly use) the words described above in front of any of its employees or customers, regardless of the lack of any intent to do so on Mr. Muse's part.  Defendant Home Depot will not grant Mr. Muse any reasonable

accommodation pursuant to Title III of the Americans with Disabilities Act, which would permit Jon Muse to enter the store during regular hours and without such severe restrictions as to render any effort by Jon Muse to integrate his life with society an exercise in futility. The closest thing to an accommodation offered to Mr. Muse by the Defendant is that it will permit him to shop on-line, using his own courier to return items. There is also a claim by the Defendant that to permit Mr. Muse into the store with his symptoms would subject it to claims of sexual harassment by its employees or customers. No evidence has been offered by the Defendant of any such claims against it. Finally, it has raised an argument that it First Amendment rights under the United States Constitution and the comparable section of the Hawaii State Constitution would be violated by enforcement of the Americans with Disabilities Act and the state law claim.

A case filed at the same time with this court involved a similar situation with the Bank of Hawaii. The parties in that matter were able to reach a settlement that permitted Mr. Muse to enter the bank branch in question and contact a specific individual and conduct his banking off to the side. This arrangement has been successfully in effect for over two (2) years.

The Defendant does not have either a national or local policy or program for providing accommodations for person with disabilities, asserting that its approach of treating each customer with respect is sufficient. It also claims that it does not

provide "personal shoppers" or other such assistance to persons with disabilities (including, but not limited to individuals who may be blind, mobility impaired, or deaf). Defendant Home Depot alleges that Mr. Muse does not possess a disability that affects a major life activity pursuant to the Americans with Disabilities Act. The Defendant has also asserted that Mr. Muse is precluded from any relief because he did not request an accommodation at the time the original incident on November 3, 2003, despite the facts: 1) that it had no policy regarding accommodations for persons with disabilities; and 2) that it will grant no reasonable accommodation to Mr. Muse, after two and a half years of litigation, affording Mr. Muse any reasonable physical access to the store.

Defendant Home Depot has named, and wants the rest of society to name, Mr. Muse a pariah in our society, and refuses to allow him in its commercial establishments or to do business with him in its retail establishments in any way, shape, or form. Yet Home Depot argues that Mr. Muse's disability does not affect a major life activity. The reason: Because Mr. Muse has a psychological disability *that compels him* to utter *a few words* and/or make gestures in random and uncontrollable ways. As set forth by the Defendant's attorney, Defendant Home Depot commanded that Plaintiff "stay out of it [sic] stores until he avoids using vulgar language in front of employees and customers." See Letter from Attorney Jeffrey Harris to Attorney Bruce Sherman, attached hereto as Exhibit A.

## IV.    UNDISPUTED FACTS.

GENERAL: Most of the facts set forth below are either undisputed or beyond legitimate dispute, although they have not all been formally admitted by the Home Depot.

1.    Plaintiff Jon Muse has Tourette Syndrome, including, but not limited to coprolalia and copropraxia.

2.    Defendant Home Depot's stores are public accommodations pursuant to the Americans with Disabilities Act.

3.    Defendant Home Depot has no national or local program or policy for providing accommodations for persons with disabilities pursuant to the Americans with Disabilities Act.

4.    Defendant Home Depot refuses to permit Plaintiff Jon Muse to shop in any of its stores so long as he exhibits the symptoms of his Tourette Syndrome, specifically coprolalia and copropraxia.

5.    Plaintiff Jon Muse works on his own in his own plant supply business, which requires that he obtain work equipment from retailers such as Defendant Home Depot.

6.    Defendant Home Depot has, for the most part, the greatest selection and best prices for work equipment needed by Plaintiff Jon Muse for his business.

7.    Defendant Home Depot's position regarding Jon Muse's condition is such that there was no accommodation which he could have requested at any time relevant to this litigation.

8.    Plaintiff Jon Muse specifically informed Defendant's employees of his Tourette Syndrome and the specific symptoms relating to his use of the words "cunt" and "fuck[ing]" at the time of the November 3, 2003 incident.

9.    Defendant Home Depot, by and through their local counsel, threatened to seek a restraining order against Plaintiff Jon Muse, if he did not cease shopping at Home Depot during the pendancy of this litigation.

10.    Plaintiff Jon Muse was informed by employees of the Defendant on November 3, 2003, that he should not return to the store, so long as he used vulgar language, regardless of whether or not his use was volitional.

11.    The nature of Plaintiff Jon Muse's coprolalia and copropraxia has tended to isolate him from society and prevented from consistently holding any job that involves contact on a regular and extended basis with other employees, limiting his options to working for himself.

12.    The utterance of the words "cunt", "fuck[ing]", and "nigger" by Mr.

Muse is at a volume no greater or more noticeable than his usual pattern and volume of speech, in short, he does not shout or yell these words in public or private.

13.    Tourette Syndrome is a neurological disorder, thus subject to the protections of H.R.S. § 347-13(a).

14.    Plaintiff, Jon Muse, has ADHD.

## V.    DISPUTED FACTUAL ISSUES.

### LIABILITY

Defendant Home Depot challenges the extent to which Mr. Muse's disability affects a major life activity, thereby rendering Mr. Muse's disability unprotected by the ADA, although Home Depot admits that Mr. Muse's disability should disqualify him from shopping at its stores; Plaintiff asserts that his disabilities substantially affect the major life activities of interacting with others, communicating, and working sufficient to qualify his disability for protection under the Americans with Disabilities Act, and related State Law statutes.

Home Depot appears to challenge also whether Tourette Syndrome has a sufficient neurological component to qualify as a disability subject to the protections of H.R. S. § 347-13(a).

9

DAMAGES.

The disputed issues will be the extent of the accommodations that Home Depot is required to provide to allow Plaintiff to shop at it stores.  Under the ADA, Plaintiff seeks to have the Court declare that Home Depot is in violation of the ADA, and comparable State laws in its refusal to allow or otherwise accommodate Plaintiff's disability, and impose an injunction upon Home Depot that prevents it from refusing to accommodate him when he wishes to shop at Home Depot. Under H.R.S. § 347-13(a), Plaintiff seeks similar declaratory and injunctive relief, as well as monetary damages for the violations of State law.

## VI.    RELIEF PRAYED.

As set forth above, Plaintiff seeks declaratory and injunctive relief to the extent that he is a person with a qualified disability under the ADA and comparable State laws, that Home Depot has violated the provisions of applicable Federal and State law (e.g., the ADA and H.R.S. § 347-13(a), *inter alia*), that Home Depot is obligated to provide Plaintiff with an appropriate and reasonable accommodation that requires Home Depot to allow Plaintiff to shop at any of its stores at the times reasonably convenient to Plaintiff and in a manner that does not require Plaintiff to make unreasonable efforts to shop at any of its stores.

Plaintiff seeks compensatory and punitive damages under Title III of the ADA, as well, for Home Depot's intentional discrimination of Mr. Muse.  <u>See</u>

generally *Tyler v. City of Manhattan*, 118 F.3d 1400 (10th Cir., 1997) (Jenkins, J. dissenting); cf., *Barnes v. Gorman*, 536 U.S. 181 (2002)(punitive damages not allowed under section 504 of the Rehabilitation Act or under Title II of the ADA as against public entities).

Plaintiff also seeks monetary compensatory and punitive damages under State law as well as an award of attorneys' fees and costs pursuant to the ADA and state law.  Pursuant to state law, Plaintiff is entitled to three time actual damages or $1,000.00, whichever is greater.  In this case, Plaintiff will testify to the severe emotional distress caused by Defendant's intentional, willful, and malicious conduct.

## VII.   POINTS OF LAW.

The following legal issues may be in dispute:

The purely legal issue disputed by Home Depot is the constitutionality of the ADA, and Home Depot's purported [First Amendment] rights to control the assertedly moral content of the speech of its customers while in its stores.

## VIII.  PREVIOUS MOTIONS.

The procedural history of this case includes a motion to dismiss, a motion to for leave to file a second amended complaint, Defendants' Motion for Summary Judgment.

1.      **Defendants' Motion to Dismiss**. On April 9, 2004 Defendant Home Depot filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. Rule 12(b)(6). This court entered its order denying the Defendant's Motion to Dismiss on January 11, 2005. The court found that Defendant Home Depot did not show that the Plaintiff was unable as a matter of law to state a claim for violation of Title III of the Americans with Disabilities Act. The Order Denying Defendant's Motion to Dismiss dated January 11, 2005 also held that the Defendant was not persuasive, as a matter of law, in alleging that the Plaintiff could not state a claim under H.R.S. § 347-13 (Count II of Plaintiff's First Amended Complaint). The court, in its order, was also not persuaded that the Defendant must exclude Plaintiff Jon Muse from its store to avoid potential liability for sexual harassment.

2.      **Plaintiff's Motion for Leave to File a Second Amended Complaint.**   Plaintiff filed a Motion for Leave to File a Second Amended Complaint on July 3, 2006 in order to add a count alleging that Defendant was subject to and in violation of Section 504 of the Rehabilitation Act. The matter was heard on August 17, 2006 by Magistrate Judge Barry M. Kurren and the motion was denied.

3.      **Defendant Home Depot USA, Inc.'s Motion for Summary Judgment.**   On November 29, 2005 Defendant Home Depot filed a motion for

summary judgment arguing that: 1) Plaintiff's Tourette's [sic] Syndrome does not substantially limit Plaintiff Jon Muse in a major life activity; 2) Plaintiff could not have been denied modifications he never requested; 3) Plaintiff's requested modifications are unreasonable "because it required Home Depot to become a courier for a sexist viewpoint, to incur liability for failure to respond to sexist, vulgar, and harassing comments, and to serve a customer whose statements were so incendiary that the customer posed a danger to himself and others"; 4) Plaintiff was not physically disabled under Hawaii law and even if he was disabled, received treatment becoming to a customer making sexist, vulgar, and harassing comments; and 5) enforcement of Title III and Hawaii law as to Home Depot's refusal to serve a customer making sexist, racist, vulgar, and harassing statements would violates the United States and Hawaii Constitutions, which protect against compelled ideological speech. This motion is currently set to be heard on October 16, 2006 at 9:00 a.m. before the Honorable David A. Ezra.

## IX.    WITNESSES TO BE CALLED.

### A)    EXPERT WITNESS

1.    Samuel H. Zinner, M.D., F.A.A.P.
University of Washington
Center on Human Development & Disability
Box 357920
Seattle, Washington 98195-7920

Dr. Zinner will testify as an expert on Tourette Syndrome. He has evaluated the Plaintiff Jon Muse and will testify as to liability. Dr. Zinner will testify about all of the matters covered in his reports, which have been submitted to the Defendants.

**B)    LAY WITNESSES**

1.    William P. Sheehan, M.D.
      Medical Director
      State of Hawaii Department of Health, Adult Mental Health Division
      1250 Punchbowl Street, Room 256
      Honolulu, HI 96813

Dr. Sheehan will testify as the treating physician for Plaintiff Jon Muse from approximately 2000 through 2005.

2.    Rule 30(b)(6)(person most knowledgeable for Home Depot)
      Emory L. Cooper
      c/o Torkildson Katz Fonseca
        Moore & Hetherington
      700 Bishop Street, 15th Floor
      Honolulu, Hawaii 96813

Emory Cooper will testify about, among other things, the national and local (Hawaii) policy relating to persons with disabilities. He is also knowledgeable about Home Depot's policy relating to profanity.

3.    Debra Peterson
      45-1133 Makaleha St.
      Kaneohe, Hawaii 96744

Debra Peterson is a percipient witness. She was employed by Defendant Home Depot at the time of the November 3, 2003 incident.

    4.      Darlyn Kuhia
            831 Ku'ikahi St.
            Honolulu, Hawaii 96826

Darlyn Kuhia is a percipient witness. She was and still is employed by Defendant Home Depot at the store where the November 3, 2003 incident took place.

    5.      Michael J. Dolan
            1650 Ala Moana Blvd., Unit 1613
            Honolulu, HI. 96813

Michael J. Dolan is a percipient witness. He was employed as an assistant store manager at the subject store at the time of the November 3, 2003 incident.

    6.      Jon Muse
            c/o Davis Levin Livingston Grande
            851 Fort Street
            400 Davis Levin Livingston Grande Place
            Honolulu, Hawaii 96813

Mr. Muse will testify as to liability and damages.

    7.      Additional witnesses: Plaintiff reserves the right to call any of the witnesses listed in Defendant's Pre-Trial Statement. Plaintiff may call any rebuttal witnesses as necessary.

## X.    EXHIBITS, SCHEDULES AND SUMMARIES

It is agreed to by the parties that the Exhibits will be pre-marked and exchanged on September 12, 2006 the parties will confer regarding possible stipulations to the authenticity and admissibility of the proposed exhibits will be

done by.  Any objections as to the admissibility of exhibits shall be filed by the deadline.

## XI.    FURTHER DISCOVERY OR MOTIONS.

Discovery has been completed with the exception of disputed responses to Plaintiff's Fourth Request for Admissions and Plaintiff's Second Request for Production, which are the subject to a motion to compel filed by the plaintiff on August 23, 2006.  All expert reports have been exchanged.  The Plaintiffs presently plan to file a Motion for Partial Summary Judgment as to Liability regarding certain motions in limine.  The Defendants' Motion for Summary Judgment is scheduled for October 16, 2006 before Judge Ezra.  Plaintiff's opposition to that motion is due September 28, 2006.

## XII.   STIPULATIONS.

See above.  In addition, it is anticipated that the parties will be able to stipulate to the authenticity of many of the exhibits.

## XIII.  AMENDMENTS, DISMISSALS.

Except as set forth above, no amendments to pleadings have been made and no claims have been dismissed.

## XIV.  SETTLEMENT DISCUSSION.

The parties have engaged in numerous settlement discussions without success, and currently are engaged in renewed discussions.

## XV.   AGREED STATEMENT.

It is unlikely that the parties will be able to agree on a statement of the case, in whole or in part.

## XVI.   BIFURCATION, SEPARATE TRIAL OF ISSUES.

Bifurcation or separate trial of issues is neither feasible nor desired.

## XVII.  REFERENCE TO MASTER OR MAGISTRATE JUDGE.

This has not been discussed.  Reference to a master or a Magistrate Judge is not agreeable to Plaintiff at this time.

## XVIII. APPOINTMENT AND LIMITATION OF EXPERTS.

Appointment by the Court of an independent expert is neither feasible nor desired.

## XIX.  TRIAL.

This is a non-jury trial.

## XX.   ESTIMATE OF TRIAL TIME.

Depending on the court's ruling at the hearing currently set for October 16, 2006 at 9:00 a.m., the trial estimate will be two to three days for the Plaintiffs or about four to six days total.

## XXI.  CLAIMS OF PRIVILEGE OR WORK PRODUCT.

All materials prepared for the mediation are confidential work product.

## XXII.  MISCELLANEOUS.

Not applicable.

DATED: Honolulu, Hawaii, September 5, 2006.

/S/ STANLEY E. LEVIN

_____

STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff
JON MUSE