TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS           2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
JOHN S. MACKEY              7006-0
(jsm@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JON MUSE, | NO. CV04-00154 DAE/BMK |
|---|---|
| Plaintiff, | DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S FIFTH MOTION TO COMPEL; CERTIFICATE OF SERVICE |
| v. | |
| HOME DEPOT USA, INC., | |
| Defendant. | Trial: October 24, 2006 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S FIFTH MOTION TO COMPEL**

The Plaintiff served a request for admissions and a corresponding request for production. The Defendant served responses to the Plaintiff's requests. The

629561.V2

Plaintiff has now moved to compel further discovery, contending that the Defendant's response were evasive or incomplete. However, there is no basis for the Plaintiff's contention. An additional explanation follows each request and response.

### REQUEST FOR ADMISSION NO. 53

Mr. Muse suffers from Tourette Syndrome.

_____ ADMIT    __X__ DENY

Plaintiff is unable to prove that he had Tourette Syndrome on November 3, 2003. Defendant has no documents showing whether or not he did, except for any that may have already been produced.

### REQUEST FOR ADMISSION NO. 54

Mr. Muse has coprolalia.

_____ ADMIT    __X__ DENY

Plaintiff is unable to prove that he had coprolalia on November 3, 2003. Defendant has no documents showing whether or not he did, except for any that may have already been produced.

### REQUEST FOR ADMISSION NO. 55

Mr. Muse has copropraxia.

_____ ADMIT    __X__ DENY

Plaintiff is unable to prove that he had copropraxia on November 3, 2003. Defendant has no documents showing whether or not he did, except for any that

may have already been produced.

### REQUEST FOR ADMISSION NO. 56

It would make no difference whether or not Mr. Muse had requested a modification at the time of either incident, so long as he exhibits the symptoms of coprolalia, Home Depot would and will not permit him to physically access the store in question or any of its stores.

_____ ADMIT   __X__ DENY

Plaintiff is unable to prove this speculative fact existed, on November 3, 2003.

### REQUEST FOR ADMISSION NO. 57

That Home Depot has not had any lawsuits, formal or informal complaints, or reports of incidents, other than this lawsuit, involving liability for a customer's sexist, vulgar, racist, and/or harassing comments to either Home Depot employees or Home Depot customers.

_____ ADMIT   _____ DENY

**Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "formal or informal complaints, or reports of incidents," and "involving liability for a customer's sexist, vulgar, racist, and/or harassing comments."

It would be burdensome for Defendant to determine whether there were any such incidents, even if the terms that Plaintiff used were not vague and ambiguous.

Defendant would clearly be exposed to liability for allowing sexual and racial harassment of its employees and customers by Plaintiff.

629561.V2                                    3

**REQUEST FOR ADMISSION NO. 58**

That Tourette's Syndrome can substantially limit an individual in a major life activity as defined by the Americans with Disabilities Act.

\_\_\_\_\_ ADMIT   \_\_\_\_\_ DENY

**Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "can substantially limit an individual".

The issue is whether Plaintiff had an impairment that substantially limited a major life activity on November 3, 2003. Speculation whether the kind of impairment that Plaintiff allegedly had could sometimes substantially limit a major life activity of someone else is meaningless in this case. Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002); *accord* French v. Hawaii Pizza Hut, Inc., 105 Haw. 462, 470, 99 P.3d 1046 (Haw. 2004).

**REQUEST FOR ADMISSION NO. 59**

That coprolalia can substantially limit an individual in a major life activity as defined by the Americans with Disabilities Act.

\_\_\_\_\_ ADMIT   \_\_\_\_\_ DENY

**Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "can substantially limit an individual".

The explanation for the response to request no. 58 applies here.

**REQUEST FOR ADMISSION NO. 60**

That copropraxia can substantially limit an individual in a major life activity as defined by the Americans with Disabilities Act.

\_\_\_\_\_ ADMIT     \_\_\_\_\_ DENY

**Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "can substantially limit an individual".

The explanation for the response to request no. 58 applies here.

**REQUEST FOR ADMISSION NO. 61**

Mr. Muse has attention-deficit/hyperactivity disorder (ADHD).

\_\_\_\_\_ ADMIT     \_\_X\_\_ DENY

Plaintiff is unable to prove that he had ADHD on November 3, 2003. Defendant has no documents showing whether or not he did, except for any that may have already been produced.

**REQUEST FOR ADMISSION NO. 62**

That attention-deficit/hyperactivity disorder (ADHD) can substantially limit an individual in a major life activity as defined by the American with Disabilities Act.

\_\_\_\_\_ ADMIT     \_\_\_\_\_ DENY

**Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "can substantially limit an individual".

The explanation for the response to request no. 58 applies here.

### REQUEST FOR ADMISSION NO. 63

That permitting Mr. Muse any modification which would permit him to physically enter a Home Depot store, while exhibiting the symptoms of coprolalia, would not and does not require Home Depot to become a courier for a sexist viewpoint.

\_\_\_\_\_ ADMIT     \_\_X\_\_ DENY

Defendant disagrees with this contention.

### REQUEST FOR ADMISSION NO. 64

That Mr. Muse's use of the words "cunt", "fucking" and/or "nigger" are not intentional.

\_\_\_\_\_ ADMIT     \_\_\_\_\_ DENY

**Objection**. The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to what instances it refers to and "intentional".

Plaintiff is unable to prove this contention as to his use of the words on November 3, 2003. Defendant has no documents showing whether or not he did, except for any that may have already been produced.

### REQUEST FOR ADMISSION NO. 65

That Home Depot has not been found legally liable for the use of sexist, vulgar, racist, or harassing comments by a customer to Home Depot employees, customers or third parties at any Home Depot store.

\_\_\_\_\_ ADMIT     \_\_\_\_\_ DENY

> **Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "use of sexist, vulgar, racist, and/or harassing comments by a customer."

It would be burdensome for Defendant to determine whether there were any such incidents, even if the terms that Plaintiff used were not vague and ambiguous. Defendant would be exposed to liability for allowing sexual and racial harassment of its employees and customers by Plaintiff.

### REQUEST FOR ADMISSION NO. 66

Home Depot is subject to the provisions of § 504 of the Rehabilitation Act.

\_\_\_\_\_ ADMIT    \_\_\_\_\_ DENY

> **Objection.** The request is vague and ambiguous, with respect to "subject to." Home Depot is not subject to private rights of action to enforce the Rehabilitation Act.

There is no private right of action against companies who contract with the federal government on an arms length basis. Defendant receives no grants.

### REQUEST FOR ADMISSION NO. 67

Home Depot believes that it is subject to the provisions of § 504 of the Rehabilitation Act.

\_\_\_\_\_ ADMIT    \_\_\_\_\_ DENY

> **Objection.** The request is not reasonably calculated to the discovery of admissible evidence.

The explanation for the response to request no. 66 applies here.

**REQUEST FOR ADMISSION NO. 68**

Home Depot receives Federal funding such that it is subject to the provisions of § 504 of the Rehabilitation Act.

_____ ADMIT    __X__ DENY

The explanation for the response to request no. 66 applies here.

**REQUEST FOR ADMISSION NO. 69**

Home Depot considers Mr. Muse's Tourette Syndrome/coprolalia disability as a disability that should prevent him from entering its retail establishments and shopping, regardless of accommodation.

_____ ADMIT    __X__ DENY

**Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "considers Mr. Muse's Tourette Syndrome/coprolalia disability as a disability".

Defendant would be exposed to liability for allowing sexual and racial harassment of its employees and customers by Plaintiff.

**REQUEST FOR ADMISSION NO. 70**

Home Depot considers Mr. Muse's Tourette Syndrome/coprolalia disability as a disability that should prevent him from entering and shopping in any retail establishment that objects to the utterance of the words "cunt", "fuck," and/or "nigger" even if those words are not uttered intentionally.

_____ ADMIT    __X__ DENY

**Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, specifically as to "considers Mr. Muse's Tourette Syndrome/coprolalia disability as a disability".

The explanation for the response to request no. 69 applies here.

Defendant requests the Court DENY Plaintiff's Fifth Motion to Compel in its entirety.

Dated: Honolulu, Hawaii, September 5, 2006.

    TORKILDSON, KATZ, FONSECA,
    MOORE & HETHERINGTON,
    Attorneys at Law, A Law Corporation

    /s/ Jeffrey S. Harris
    JEFFREY S. HARRIS
    HEATHER M. RICKENBRODE
    JOHN S. MACKEY
    Attorneys for Defendant
    HOME DEPOT USA, INC.