TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS            2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE   8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>        Plaintiff,<br><br>  v.<br><br>HOME DEPOT USA, INC.,<br><br>        Defendant. | **NO. CV04-00154 DAE/BMK**<br><br>DEFENDANT HOME DEPOT USA, INC.'S AMENDED MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; DECLARATION OF JEFFREY S. HARRIS; EXHIBITS "1" – "14"; CERTIFICATE OF SERVICE<br><br>Date:   October 16, 2006<br>Time:  9:00 a.m.<br>Judge: Hon. David A. Ezra<br>Trial:   October 24, 2006 |

630688.V4

# DEFENDANT HOME DEPOT USA, INC.'S
# AMENDED MEMORANDUM IN SUPPORT
# OF MOTION FOR SUMMARY JUDGMENT

Defendant Home Depot, Inc. submits this amended memorandum in support of summary judgment, in light of the additional discovery taken since the Court continued the hearing on the motion for summary judgment on February 27, 2006. See Order Granting Plaintiff's Motion to Continue Defendant's Motion for Summary Judgment (Feb. 27, 2006).

## I.     UNDISPUTED FACTS

1.     "Communication" is the only major life activity that Plaintiff Jon Muse claims was substantially limited. Declaration of Jeffrey S. Harris ¶ 2 Exh. 1. (Plaintiff's Response to Defendant Home Depot USA, Inc.'s Third Request for Answers to Interrogatories, No. 1).

2.     Plaintiff has been unable to communicate with others only a few times over the past few years.   Harris Decl. ¶ 3 Exh. 2 (Muse Tr. at 69:01-20).

3.     Plaintiff communicates with others, in conjunction with his job, when he attends Narcotics Anonymous and Gamblers Anonymous meetings, in his leadership roles with Narcotics Anonymous, in his interactions with friends, acquaintances, and ex-wife, and in his relationships with his son and girlfriend. Exh. 2 (Muse Tr. at 38:02-40:25; 45:10-17; 46:01-48:22; 51:02-04; 51:25-52:04;

52:10-14; 117:22-118:10; 118:15-124:10; 125:13-17; 126:20-127:10; 179:25-180:10).

4. Plaintiff communicated his transactional needs to Home Depot Cashier Debra Peterson on November 3, 2003, and his transactions were completed to his satisfaction. Harris Decl. ¶ 4 Exh. 3 (Peterson Tr. at 50:15-22; 76:10-14); Exh. 2 (Muse Tr. at 150:12-18; 151:05-09).

5. Plaintiff had no trouble communicating with Dr. Samuel Zinner, or Dr. William Sheehan. Harris Decl. ¶ 5 Exh. 4 (Zinner Tr. at 96:10-18-99:19-100:16); Harris Decl. ¶ 6 Exh. 5 (Sheehan Tr. at 22:22-23:14).

6. Plaintiff's business requires him to interact with numerous individuals working at nurseries, private residences, and floral shops, and his customers buy his flowers regardless of his condition. Exh. 2 (Muse Tr. at 45:22-47:18; 47:21-48:22; 118:15-124:10).

7. Plaintiff does not have high levels of hostility in his interaction with others. Exh. 2 (Muse Tr. at 70:17-19).

8. Plaintiff interacts with others when he goes to Starbucks almost every day for coffee, picks up prescriptions at the Pali Longs, spends time at the home of his neighbor, spends time with close friends, acquaintances, his girlfriend and son, attends appointments with physicians, attends Narcotics Anonymous meetings twice a week, coordinates weekly speakers for one of his Narcotics Anonymous

meetings (which has between 25 and 50 attendees), sponsors five individuals in Narcotics Anonymous, attends weekly Gamblers Anonymous meetings, and interacts with his ex-wife.  Exh. 2 (Muse Tr. at 38:02-40:25; 45:10-17; 51:25-52:04; 53:19-54:01; 56:24-57:17; 57:24-58:04; 61:02-64:09; 65:18-23; 117:22-118:10; 125:13-17; 126:20-127:10; 179:25:180:10); Exh. 4 (Zinner Tr. at 96:10-18; 99:19-100:16); Exh. 5 (Sheehan Tr. at 22:01-23:14).

9. Plaintiff did not request any modification or accommodation from anyone at Home Depot.  Exh. 2 (Muse Tr. at 79:23-80:09; 83:02-12; 149:02-151:14)); Exh. 3 (Peterson Tr. at 45:01-06); Harris Decl. ¶ 8 Exh. 7 (Plaintiff's Response to Defendant's First Request for Answers to Interrogatories, Dated May 24, 2005, No. 3).

10. Plaintiff was not banned from Home Depot; he agreed to stay out of the store until the resolution of this matter.  Exh. 2 (Muse Tr. at 129:05-08); Exh. 3 (Peterson Tr. at 65:22-66:01; 85:23-25); Harris Decl. ¶ 7 Exh. 6 (Dolan Tr. at 63:02-05); Declaration of Jeffrey S. Harris ¶ 12.

11. The only modifications Plaintiff requests now are a personal shopper, or the posting of a sign outside the Alakawa Home Depot store informing customers that someone with Tourette's Syndrome is shopping inside.  Exh. 4 (Zinner Tr. at 58:03-59:02); Exh. 5 (Sheehan Tr. at 42:05-18).

12. Plaintiff disclaimed any request to walk through the Home Dept store when customers or employees were present, in order to avoid having his case dismissed. Harris Decl. ¶ 9 Exh. 8 (Sept. 10, 2004 Transcript of Proceedings at 21:06-16, 28:17-19).

13. Plaintiff's use of the terms "c[]nt" and "f[]cking" on November 3, 2003 were unwelcome and extremely upsetting to cashier Debra Peterson, supervisor Darlyn Kuhia and manager Michael Dolan. Exh. 3 (Peterson Tr. at 40:04-23; 41:17-22; 42:12-16; 43:06-13; 50:23-51:08; 59:18-60:14; 73:11-23; 76:02-77:21; 78:05-79:21; 93:16-22); Exh. 6 (Dolan Tr. at 54:01-55:03; 55:21-56:12; 57:15-58:21; 60:11-14; 61:24-62:19); Harris Decl. ¶ 10 Exh. 9 (Kuhia Tr. at 33:08-20; 33:25-34:05; 35:19-37:01; 38:18-21; 53:17-20; 54:24-55:08).

14. In the United States' Response to Notice of Challenge to Constitutionality of Federal Statute, filed in this matter on March 23, 2006, the United States Attorney stated "[t]he ADA does not prohibit an entity from fairly enforcing universal standards of behavior and language in the workplace and persons with disabilities must abide by such standards as well." Harris Decl. ¶ 11 Exh. 10 (United States' Response to Notice of Challenge to Constitutionality of Federal Statute, filed in this matter on March 23, 2006).

630688.V4

## II.   MATTERS OF LAW

### A.   **Plaintiff Was Not Substantially Limited In His Communication.**

Plaintiff must show that he disabled at the time of the November 3, 2006 events. Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1063 (9th Cir. 2005); Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 794 (9th Cir. 2001). To be disabled, he had to have "a physical or mental impairment that substantially limited one or more of the major life activities of such individual". 42 U.S.C. Section 12102(2)(A). Assuming for the purpose of this motion only that Plaintiff had a physical or mental impairment, he cannot show that it substantially limited any major life activity.

"Communication" is the only major life activity that Plaintiff claims was substantially limited. Undisputed Facts, paragraph 1. A limitation caused by an impairment must prevent or severely restrict the individual from doing activities that are of central importance to most people's daily lives." Toyota Motor Mfg, Kentucky, Inc. v. Williams, 534 U.S. 184, 197-98 (2002). He must be "unable to perform a major life activity that the average person in the general population can perform", 29 C.F.R. 1630.2(j).

There can be no dispute that Plaintiff is not substantially limited in communication activity. During the past few years, there have only been a few instances in which Plaintiff was unable to communicate with others when he felt it

was necessary. Undisputed Facts, paragraph 2. This did not make him "unable to perform a major life activity that the average person in the general population can perform". 29 C.F.R. 1630.2(j); Fraser v. Goodale, 342 F.3d 1032, 1041 (9th Cir. 2003) ("Being unable to think and communicate three times in a five month period is not a substantial limitation.").

Plaintiff interacted and communicated with others throughout his daily life, whether it was in conjunction with his job, at various stores, at Narcotics Anonymous and Gamblers Anonymous meetings, or during interactions with friends, acquaintances, his son, girlfriend, and ex-wife. Undisputed Facts, paragraphs 3, 6-8. He communicated with Dr. William Sheehan and Dr. Samuel Zinner. Undisputed Facts, paragraph 5. He was communicated his transactional needs to Home Depot cashier Debra Peterson on November 3, 2003, and his transactions were carried according to the requests he communicated. Undisputed Facts, paragraph 4.

As a result, Plaintiff was not substantially limited in his communication. Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1130-31 (10th Cir. 2003) (communication not substantially limited where plaintiff had no difficulty speaking to her doctor, he had no difficulty understanding her, and she had conversations with "family members, friends, other employees and supervisors"). Fraser, 342 F.3d at 1041 (the fact that Plaintiff "simply differs from the average person in how

[he] performs a major life activity is patently insufficient for a substantial limitation. Similarly, that [Plaintiff] merely suffers some limit does not mean that [he] suffers a substantial limit.").

Since Plaintiff was not substantially limited in any major life activity, he was not disabled.

### B.     Plaintiff Did Not Request Any Modification.

Plaintiff must show that he requested a modification of defendant's policies, practices or procedures on November 3, 2003. Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1082 (9th Cir. 2004).

There can be no dispute that Plaintiff did not request any modification on November 3, 2003. Undisputed Facts, paragraphs 9, 10.

Since Plaintiff did not request any modification on November 3, 2003, he cannot show that Home that Home Depot violated the law. See Fortyune, 364 F.3d at 1082 (plaintiff can only be successful in a Title III claim if he shows that defendant discriminated against him by failing to make a requested reasonable modification); Mannick v. Kaiser Found. Health Plan, Inc., No. C 03-5905, 2006 U.S. Dist. Lexis 57173 * 38 (N.D. Cal. July 31, 2006) (holding that the plaintiff failed to meet his burden when he provided no evidence showing that he requested a transfer as a reasonable modification) (attached hereto as Exh. 11).

    **C.**    **Plaintiff is Judicially Estopped From Requesting the Modifications That He Requests Now.**

The doctrine of judicial estoppel is "applied to bar a party from making a factual assertion in a legal proceeding which directly contradicts an earlier assertion made in the same proceeding." Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990). It "precludes party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).

Even assuming that the only two modifications that Plaintiff requests now (personal shopper, sign outside store) are relevant to this action, both involve Plaintiff walking through the store when customers and employees are present. Undisputed Facts, paragraph 11. His previous disclaimer of request to walk through the store when customers and employees are present judicially estops him from requesting these modifications now. See Undisputed Facts, paragraph 12.

    **D.**    **The Modifications that Plaintiff Requests Now Are Not Reasonable.**

Plaintiff must also show the any modification he requested is reasonable. Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1082-83 (9th Cir. 2004).

The request for a personal shopper would have been unreasonable as a matter of law. 6 FR 35544, 35565 ("Of course, a store would not be required to

provide a personal shopper.") (interpreting 28 C.F.R. 36.303(b)(4)); Adelman v. Acme Mkts. Corp., Civil Action No. 95-4037, 1996 U.S. Dist. Lexis 4152, *3-*4 (E.D. Pa. Apr. 2, 1996) ("Defendant is correct that the ADA does not require it to do plaintiff's shopping for him. While retrieving an item from a shelf may be a "reasonable modification" to a store's self-service policy, a covered entity is not required to provide a personal shopper.") (attached hereto as Exh. 12).

Granting the requests for a personal shopper or a sign would expose customers and employees from Plaintiff's offensive words and behavior and Home Depot to statutory and tort liability. 29 C.F.R. Section 1604.11(e) ("[a]n employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action."); Freitag v. Ayers, No. 03-16702, No. 03-17184, No. 03-17398, 2006 U.S. App. Lexis 23383 *18 (9th Cir. Sept. 13, 2006) (attached hereto as Exh. 13); Folkerson v. Circus Circus Enterprises, Inc., 107 F.3d 754, 756 (9th Cir. 1997) ("We now hold that an employer may be held liable for sexual harassment on the part of a private individual, such as the casino patron, where the employer either ratifies or acquiesces in the harassment by not taking immediate and/or corrective actions when it knew or should have known of the conduct").

>To state a claim for sexual harassment, the following must be established:
>
>>(1) the claimant was subjected to sexual advances, requests for sexual favors, or other verbal conduct of a sexual nature, (2) that this conduct was unwelcome, (3) that the conduct was severe or pervasive; (4) the conduct had the purpose or effect of either (a) unreasonably interfering with work performance or (b) creating an intimidating, hostile or offensive work environment; (5) the claimant actually perceived the conduct as having such purpose or effect; and (6) the claimant's perception was objectively reasonable to a person of the claimant's gender in the same position as the claimant.

Nelson v. University of Hawaii, 97 Hawaii 376, 390, 38 P.3d 95, 109 (2001); see also Arquero v. Hilton Hawaiian Village LLC, 104 Hawaii 423, 428, 91 P.3d 505, 510 (2004); Hawaii Administrative Rules Section  12-46-109(a).

Plaintiff's use of the terms "c[]nt" and "f[]cking" on November 3, 2003 were unwelcome, severe and pervasive, and extremely upsetting to Home Depot's employee, supervisor and manager.  Undisputed Facts, paragraph 13; Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir. 1994) (noting that the term "f[]cking c[]nt" is sex-specific harassment)' see also Little v. Windermere Relocation, Inc., 301 F.3d 958, 966 (9th Cir. 2001); Nelson v. University of Hawaii, 97 Haw. 376, 391-392, 38 P.3d 95, 110-111 (Haw. 2001).

There is no exception from liability for permitting sexual or racial harassment that is "unvoluntary".  See Ellison v. Brady, 924 F.2d 872, 880 (9th Cir. 1991) ("We note that the reasonable victim standard we adopt today classifies

630688.V4

conduct as unlawful sexual harassment even when harassers do not realize that their conduct creates a hostile working environment."); EEOC v. Nat'l Educ. Ass'n, Alaska, 422 F.3d 840, 845 (9th Cir. 2005) ("However, a pattern of abuse in the workplace directed at women, whether or not it is motivated by "lust" or by a desire to drive women out of the organization, can violate Title VII."); Undisputed Facts, paragraph 14 ("The ADA does not prohibit an entity from fairly enforcing universal standards of behavior and language in the workplace and persons with disabilities must abide by such standards as well.").

### E. Plaintiff Cannot Seek Recovery For Violations of Hawaii Revised Statutes, Sections 347-13 and 489-3.

Plaintiff's claims pursuant to Sections 347-13 and 489-3 fail for the same reasons addressed in Sections A-D above. Home Depot also incorporates by reference the argument contained in its Memorandum in Support of Defendant's Motion for Summary Judgment, filed November 29, 2005, at 26-30 (attached hereto as Exh. 14).

### F. Requiring The Modifications that Plaintiff Requests Now Would Be Unconstitutional.

Requiring the foregoing modifications would violate constitutional protections against compelled ideological speech. United States v. United Foods, Inc., 533 U.S. 405, 410; Wooley v. Maynard, 430 U.S. 705, 713 (1977); West Virginia Bd. of Ed. v. Barnette, 39 U.S. 624 (1943). (Home Depot incorporates by

reference the argument contained in its Memorandum in Support of Defendant's Motion for Summary Judgment, filed November 29, 2005, at 31-33 (attached hereto as Exh. 14)).

### III. CONCLUSION

For the foregoing reasons, and those presented in the Memorandum in Support of Defendant's Motion for Summary Judgment, Defendant respectfully requests that the Court grant its motion for summary judgment.

DATED:  Honolulu, Hawaii, September 15, 2006.

                TORKILDSON, KATZ, FONSECA,
                MOORE & HETHERINGTON,
                Attorneys at Law, A Law Corporation

                /s/ Jeffrey S. Harris
                JEFFREY S. HARRIS
                HEATHER M. RICKENBRODE
                Attorneys for Defendant
                HOME DEPOT USA, INC.

630688.V4