# EXHIBIT "12"


LEXSEE 1996 U.S. DIST. LEXIS 4152

FRED H. ADELMAN v. ACME MARKETS CORP.

CIVIL ACTION NO. 95-4037

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1996 U.S. Dist. LEXIS 4152; 5 Am. Disabilities Cas. (BNA) 867

April 2, 1996, Decided
April 3, 1996, Filed

COUNSEL: [*1] FRED H. ADELMAN, DO, PLAINTIFF, [COR LD NTC] [PRO SE], BENSALEM, PA.

For ACME MARKETS CORP, DEFENDANT: OTTO W. IMMEL, [COR LD NTC], DECHERT, PRICE AND RHOADS, PHILA, PA.

JUDGES: JUDGE JAY C. WALDMAN

OPINION BY: JAY C. WALDMAN

OPINION:

MEMORANDUM ORDER

Plaintiff alleges that defendant discriminated against him on the basis of his disability in violation of Title III of the Americans with Disabilities Act ("ADA"), *42 U.S.C. § 12182,* for which he seeks $200,000 in compensatory and punitive damages. Presently before the court is defendant's motion to dismiss pursuant to Rule 12(b)(6).

The court will "accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the [plaintiff]." *Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).* His complaint may be dismissed if the facts pled and the reasonable inferences therefrom as so construed are insufficient to support the relief sought. *Pennsylvania ex. rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).*

Viewed in a light most favorable to plaintiff, the pertinent facts are as follow. Plaintiff is disabled. n1 He shopped [*2] at defendant grocery store for food and necessities. Due to his disabilities, plaintiff required assistance from defendant's employees to procure items in the store that he was unable to obtain himself. He explained his need to defendant's employees. They initially ignored plaintiff's requests for assistance but then agreed to assist him. They engaged in conduct, however, such as lying about the availability of requested items or making plaintiff wait for inordinate periods of time, which suggested to plaintiff that accommodating his needs was not a welcome task. He was told that he could "shop elsewhere" if he was not satisfied with the assistance being provided by the store employees.

> n1 Plaintiff alleges that he has "disabilities of communication, memory, intellect, physical endurance, and ability to travel." This description is adequate to show disability at this juncture. See *Adelman v. Dunmire, 1996 WL 107853* (E.D. Pa. Mar. 12, 1996).

Title III of the ADA provides:

> No individual shall be discriminated [*3] against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation.

*42 U.S.C. § 12182*(a). A grocery store is a "place of public accommodation." See *28 C.F.R. § 36.104.* Such a place engages in "discrimination" when it fails reasonably to modify its policies, practices or procedures when necessary to provide goods and services to disabled individuals unless the entity can demonstrate that making such modifications would fundamentally alter the nature of its goods or services, or when it fails to remove architectural barriers that are structural in nature where such removal is readily achievable. *42 U.S.C. § 12182*(b)(2)(A).

Defendant is correct that the ADA does not require it to do plaintiff's shopping for him. While retrieving an item from a shelf may be a "reasonable modification" to a



EXHIBIT 12

Case 1:04-cv-00154-DAE-BMK   Document 182-14   Filed 09/15/2006   Page 3 of 3

Page 2

1996 U.S. Dist. LEXIS 4152, *3; 5 Am. Disabilities Cas. (BNA) 867

store's self-service policy, a covered entity is not required to provide a personal shopper. *28 C.F.R. § 36.303*, App. B, § 36.303. n2 Plaintiff has not specifically alleged that defendant has refused [*4] to do his shopping for him. Rather, plaintiff's allegation that he "relied upon the assistance of the management and staff operating Defendant's store for the procurement of needed foodstuffs and necessities that he could not obtain himself" can fairly be read to mean that plaintiff only sought assistance to obtain certain items he was unable to reach because of his disability. n3

> n2 Providing a clerk to retrieve inaccessible merchandise would also be a readily achievable alternative to removal of architectural barriers. Id.; *28 C.F.R. § 36.305*, App. B, § 36.305. Inaccessible shelves are considered "architectural barriers." *28 C.F.R. § 36.304*.

> n3 See *Staron v. McDonald's Corp., 51 F.3d 353, 356 (2d Cir. 1995)*(determining whether particular modification is reasonable generally involves "fact-specific, case-by-case inquiry").

Title III, however, does not authorize a claim by a private individual for money damages. n4 Rather, it provides only for injunctive relief and attorney's fees. *42 U.S.C.* [*5] *§ 12188(a); Hoepfl v. Barlow, 906 F. Supp. 317, 319 (E.D. Va. 1995); Aikins v. St. Helena Hosp., 843 F. Supp. 1329, 1338 (N.D. Cal. 1994)*. n5

> n4 Such damages are recoverable only in a civil action commenced by the Attorney General. *42 U.S.C. § 12188(b)(2)(B)*.

> n5 A pro se party, even one who is a lawyer, may not recover "attorney fees." *Kay v. Ehrler, 499 U.S. 432, 435, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991)*.

Although not asserted in his complaint, plaintiff argues in opposition to the motion that his claim is viable under alternative legal theories to which he refers. It is not. There is no violation of the Fourteenth Amendment in the absence of state action. *Lugar v. Edmondson Oil Co., 457 U.S. 922, 936, 73 L. Ed. 2d 482, 102 S. Ct. 2744 (1982)*. Disability discrimination is not prohibited by Title VII and plaintiff has not alleged that defendant was his "employer." See *42 U.S.C. § 2000e et seq.* The Rehabilitation Act applies only to the federal government and those entities which receive federal funds under a contract or grant. See *29 U.S.C. § 701 et seq.* Finally, the court cannot discern any cognizable claim under the Uniform Commercial Code from the facts alleged. [*6]

Plaintiff is not seeking injunctive relief. Even if he were, an allegation of past disability discrimination will not support a claim under the ADA for injunctive relief. Rather, it must appear that the plaintiff will seek goods or services from a defendant and will likely suffer discrimination in the future. *Hoepfl, 906 F. Supp. at 321; Schroedel v. New York University Medical center, 885 F. Supp. 594, 598-99 (S.D.N.Y. 1995); Hutchinson v. U.P.S., 883 F. Supp. 379, 398 (N.D. Iowa 1995); Atakpa v. Perimeter Ob-Gyn Associates, 912 F. Supp. 1566, 1573 (N.D. Ga. 1994); Aikins, 843 F. Supp. at 1334*. Plaintiff has not alleged that he has any desire or intent to patronize defendant's establishment in the future and, from his filings in this and other similar cases he has initiated, appears interested only in obtaining monetary compensation. Nevertheless, because plaintiff may be able and may wish to present a present or future claim for injunctive relief, the court will dismiss his current complaint without prejudice to do so.

Accordingly, this 2d day of April, 1996, upon consideration of defendant's Motion to Dismiss and plaintiff's response, **IT IS HEREBY ORDERED** [*7] that said Motion is **GRANTED** in that the amended complaint herein is **DISMISSED** without prejudice.

**BY THE COURT:**

**JAY C. WALDMAN, J.**