# EXHIBIT "14"

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
JAN MURANAKA BOIVIN   8138-0
(jmb@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 29 2005

at 3 o'clock and 45 min. P M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>      Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>      Defendant. | CIVIL NO. CV04-00154 DAE/BMK<br><br>NOTICE OF MOTION;<br>DEFENDANT HOME DEPOT USA,<br>INC.'S MOTION FOR SUMMARY<br>JUDGMENT; MEMORANDUM IN<br>SUPPORT OF MOTION;<br>CERTIFICATE OF COMPLIANCE;<br>CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date:      March 20, 2006<br>Time:     10:00 a.m.<br>Judge:    Hon. David A. Ezra<br><br>Trial:       May 2, 2006 |

#612578



EXHIBIT 14

FILE COPY

unreasonable to require Home Depot to serve a customer whose statements are so incendiary that he posed a danger to himself and others.

### E. PLAINTIFF CANNOT SEEK RECOVERY FOR A VIOLATION OF § 347-13 (COUNT II)[10]

Plaintiff's claims pursuant to § 347-13 fail for the same reasons addressed in sections B through D above. Home Depot also proffers the following additional arguments.

#### 1. Plaintiff Cannot Seek Recovery For A Violation Of § 347-13 Because He Is Not Physically Disabled (Count II)

Section 347-13(a) of the Hawai'i Revised Statutes provides, in pertinent part:

> (a) The blind, visually handicapped, and <u>otherwise physically disabled</u> are entitled to full and equal accommodations, advantages, facilities, and privileges of all common carriers, airplanes, motor vehicles, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law and applicable alike to all persons.

Haw. Rev. Stat. § 347-13(a) (2004) (emphasis added). Section 347-13.5 provides a civil action for persons injured by a violation of § 347-13.[11]

---

[10] Plaintiff's HCRC charge was premised on discriminatory actions occurring on or before November 3, 2003.

[11] Chapter 347 sets forth the rights of Blind and Visually Handicapped Persons. The purpose of § 347-13 was to, "recognize the rights of the blind and other handicapped persons by updating existing sections relating to the blind. . . ." See H.R. Stand. Comm. Rep. No. 93, 6th Leg., Reg. Sess. (1971), *reprinted in* 1971 Haw. House J. 718; H.R. Stand. Comm. Rep. No. 461-72, 6th Leg., Reg. Sess. (1971), *reprinted in* 1972 Haw. House J. 941. Unlike "blind" and "visually handicapped", the phrase, "otherwise physically disabled" is undefined in Chapter 347.

The interpretation of the statute is a question of law. When interpreting the statute, the Court follows the "cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning." *Ross v. Stouffer Hotel Co. (Hawaii) Ltd., Inc.*, 76 Hawai'i 454, 461, 879 P.2d 1037, 1044 (1994) (citing *Kaapu v. Aloha Tower Dev. Corp.*, 74 Hawai'i 365, 388, 846 P.2d 882, 888-89 (1993)). This means giving operative words their common meaning, unless there is something in the statute requiring a different interpretation. *See id.*

In *Ross*, the Supreme Court, addressing § 378-2, looked to Black's Law Dictionary to determine what "discharge" meant in the employment discrimination context and then looked to The Random House College Dictionary to define the term "occurred." *See id.; accord, Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawai'i 408, 424, 32 P.3d 52, 68 (2001) ("We may "resort to legal or other well accepted dictionaries as one way to determine the ordinary meaning of certain terms not statutorily defined.") (citation omitted).

Plaintiff does not argue that the statute should be extended to mental impairments. Because Plaintiff is not blind or visually handicapped, it appears that Plaintiff is arguing that that he has a physical disability.

According to Merriam Webster Online Dictionary, the term "physical" means:

> **1 a** : having material existence : perceptible especially through the senses and subject to the laws of nature <everything *physical* is measurable by weight, motion, and resistance -- Thomas De Quincey> **b** : of or relating to material things
> **2 a** : of or relating to natural science **b** (1) : of or relating to physics (2) : characterized or produced by the forces and operations of physics
> **3 a** : of or relating to the body **b** : concerned or preoccupied with the body and its needs : CARNAL **c** : characterized by especially rugged and forceful physical activity : ROUGH <a *physical* hockey game> <a *physical* player>

Merriam Webster Online Dictionary, available at http://www.m-w.com. The term "disabled" is defined as,

> to make incapable or ineffective; *especially* : to deprive of physical, moral, or intellectual strength

*Id.* ("to deprive of legal right" omitted).

Plaintiff is not deprived of his senses. Plaintiff is able to walk, see, hear, speak, and breathe. Plaintiff is not physically disabled.

### 2. Plaintiff Was Entitled To The Same Privileges As Any Other Customer

Even if Section 347-13(a) applied to mental disabilities, which it does not, Plaintiff was entitled to the same privileges as any other customer. *Cf. Baldwin School*, 133 F.3d at 152-53 (plaintiff not entitled to be "exempted from the normal operation of the school's disciplinary code . . . [t]hat a private non-special needs school is covered by the ADA does not, as a matter of law, transform it into a

special needs school"). Home Depot maintains eight core values, and Home Depot's application of these eight core values is applied uniformly to all customers and employees. One of the eight core values is "Respect for All People":

> In order to remain successful, our associates must work in an environment of mutual respect, free of discrimination and harassment. Everyone has vague, regardless of gender, ethnic or education background.

CSOF ¶ 2. Home Depot prohibits all racist and sexist statements in its stores.[12] Home Depot did not discriminate against Plaintiff because Home Depot treated Plaintiff as it would have treated any other customer making sexist, vulgar, and harassing remarks.

It is not unusual for a business to refuse service to offensive customers. *See Ward v. Housatonic Area Reg'l Transit Dist.*, 154 F. Supp. 2d 339, 344-45 (D. Conn. 2001) (bus rider refused service for disruptive acts, which included referring to the female driver as "he/she/it, whatever" and swearing at another female driver and calling her an idiot); *cf. Johnson v. Tait*, 774 P.2d 185, 190 (Alaska 1989) (tavern owner validly refused to serve a customer wearing motorcycle "colors"; "We are aware of no case requiring the individual proprietor of a small establishment to provide a forum for the expressive rights of her fellow citizens").

---

[12] Home Depot need not even raise a written policy against epithets to establish its application of a neutral policy to all customers. *See Larsen*, 242 F. Supp. 2d at 1348 (granting summary judgment in favor of the defendant with respect to alleged violations of Title III based on an implied policy).

Plaintiff's claim under § 347-13(a) therefore fails.

F. **PLAINTIFF WAS NOT SUBJECT TO A DISCRIMINATORY PRACTICE (COUNT III)**

Plaintiff's claims pursuant to § 489-3 fail for the same reasons addressed in sections B through D above. Section 489-3 provides, in pertinent part:

> Unfair discriminatory practices which deny, or attempt to deny, a person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation on the basis of race, sex, color, religion, ancestry, or disability are prohibited.

Haw. Rev. Stat. § 489-3 (2004).

As argued above, Home Depot could not have denied Plaintiff services Plaintiff did not request. Therefore, this analysis is limited to Plaintiff's implicit request to be checked out, while calling the cashier a "c[]nt" in front of an eight-year-old child.

As argued in Section E, Plaintiff was not discriminated against because he received the same treatment any other offensive customer would have received for calling a cashier a "c[]nt" and referring to members of the staff while using the term "f[]ck".

G.  **ENFORCEMENT OF TITLE III, H.R.S. § 347-13, AND H.R.S. § 489-3 AS TO HOME DEPOT'S REFUSAL TO SERVE A CUSTOMER MAKING SEXIST AND RACIST STATEMENTS WOULD VIOLATE THE HAWAI'I AND UNITED STATES CONSTITUTIONS**

If this Court interprets Title III, H.R.S. § 347-13, and H.R.S. § 489-3 as requiring Home Depot to serve a customer making sexist (and racist) remarks, such an interpretation would violate First Amendment protections against compelled ideological speech.

This Court cannot force Home Depot to convey an antagonistic ideological message. *See Wooley v. Maynard,* 430 U.S. 705, 713, 51 L. Ed. 2d 752, 762, 97 S. Ct. 1428, 1434-36 (1977) (government may not compel motorists to display license plates bearing the motto "Live Free or Die"; "such interest cannot outweigh an individual's First Amendment right to avoid becoming the courier for such a message"); *West Virginia Bd. of Ed. v. Barnette,* 39 U.S. 624, 632, 63 S. Ct. 1178, 1183, 87 L. Ed. 1628, 1635 (1943) (government may not compel children, contrary to their conscience, to salute the American flag and become "unwilling converts" to an "affirmation of a belief and an attitude of mind"); *Hurley,* 515 U.S. at 559, 115 S. Ct. at 2340-41, 132 L. Ed. 2d at 495; *Dale,* 530 U.S. at 654, 120 S. Ct. at 2454, 147 L. Ed. 2d at 556.

This is true even if this court construes Home Depot's refusal to serve a customer making racist and sexist remarks as an act of commercial speech, which

is "usually defined as speech that does not more than propose a commercial transaction". *See United States v. United Foods, Inc.*, 533 U.S. 405, 410, 121 S. Ct. 2334, 2338, 150 L. Ed. 2d 438, 445 (2001) (assessments imposed on members of the mushroom industry for generic advertising programs violated a mushroom producer's First Amendment rights protecting it from compelled speech and compulsory financing of speech; "[j]ust as the First Amendment may prevent the government from prohibiting speech, the Amendment may prevent the government from compelling individuals from compelling individuals to express certain views").

This is because:

> [T]he right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all. A system which secures the right to proselytize religious, political, and ideological causes must also guarantee the concomitant right to decline to foster such concepts. The right to speak and the right to refrain from speaking are complementary components of the broader concept of individual freedom of mind.

*Wooley*, 430 U.S. at 714, 51 L. Ed. 2d at 762, 97 S. Ct. at 1435 (citations and internal quotation marks omitted). Home Depot need not utter the speech itself. It is enough "that the mandated support is contrary to the First Amendment principles set forth in cases involving expression by groups which includes persons who object to the speech, but who, nevertheless, must remain members of the group by

law or necessity." *United Foods, Inc.*, 533 U.S. at 413, 121 S. Ct. at 2339, 150 L. Ed. 2d at 446.

Plaintiff cannot contend that calling someone a "c[]nt" (or a "n[]gger") is ideologically neutral. Plaintiff does not dispute the sincerity of Home Depot's views on sexism (or racism). Plaintiff also does not dispute that Home Depot found it contrary to its conscience to permit a customer to call one staff member a "c[]nt" and the other a "f[]cking c[]nt". In refusing to serve a customer uttering sexist (and racist) remarks since April 25, 2004, Home Depot has not yielded in conscience, and instead exercises its freedom not to effectively endorse Plaintiff's hateful statements by permitting him to remain. Home Depot should not have to "yield in conscience". *Cf. Rasmussen v. Glass*, 498 N.W.2d 508 (Minn. 1993) (deli owner did not have to yield in conscience because his proffered reason for refusing to service a customer was based upon a sincerely held religious belief; enforcement of a public accommodation ordinance burdened the owner's exercise of his religious beliefs, and the city did not have a compelling governmental interest in enforcement of the ordinance).