OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN    1152-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN   5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY   5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE,<br><br>    Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA, INC.,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 04-00154 DAE/BMK<br>(Civil Rights Violation)<br><br>PLAINTIFF'S CONCISE STATEMENT OF FACTS IN RESPONSE TO DEFENDANT HOME DEPOT USA, INC.'S CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; PLAINTIFF'S CONCISE STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF STANLEY E. LEVIN; EXHIBITS "1" – "10" AND CERTIFICATE OF SERVICE<br><br>DATE:  October 16, 2006<br>TIME:  9:00 a.m.<br>CHIEF JUDGE: Hon. David A. Ezra<br>TRIAL WEEK: October 24, 2006 |

PLAINTIFF'S CONCISE STATEMENT OF FACTS IN RESPONSE TO DEFENDANT HOME DEPOT USA, INC.'S CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff Jon Muse, by and through his undersigned attorneys, pursuant to LR.7.9 and 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawai'i, responds to Defendant Home Depot USA, Inc.'s Concise Statement of Facts in Support of Motion for Summary Judgment. Plaintiff, Jon Muse further sets forth his Concise Statement of Facts in Support of Plaintiff's Motion for Partial Summary Judgment which is being filed simultaneously with this document.

Plaintiff asserts a general objection that some of the facts listed in the Defendant's Concise Statement of Facts in Support of their Motion for Summary Judgment are neither concise nor material to the Defendant's Motion for Summary Judgment on the issue of Plaintiff's disability status or Home Depot's obligation to provide an accommodation.

**PLAINTIFF'S RESPONSES TO DEFENDANT HOME DEPOT'S FACTS:**

| | |
|---|---|
| 1. Disputed, based upon the experience of Jon Muse, Home Depot does not train for excellent customer service, respect for all people, building strong relationships, doing the right thing, or giving back to the community. Head cashier Darlyn Kuhia hears customers swearing at other customers but takes no action. Moreover, assuming this | 1. See Muse Deposition Transcript, Exhibit 1, pp:ll-- 71:15-25, 72:1-21, 731-14, 74:16-18, 79:13-25, 80:1-2, 82:4-12, 129:21-24, 145:11-20, 155:5-9, 156:3-27, 158:9-11, 160:3-8, 161:14-25, 162:1-4, 162:16-19, 167:22-25, 168, 1-25, 171:4-25, 177:10-19, 178:1-14, 180:23-25, 181:1-7; Kuhia Deposition Transcript – Exhibit 8 at 60:25, 61:1-12. |

| | |
|---|---|
| lawsuit is successful, it will adversely affect the reputation of Home Depot and thereby decrease the shareholders' value. | Defendant has no policies for the treatment of persons with disabilities. See Exhibit 9 (42:14-25, 43:1-11, 45:8-9). |
| 2. Disputed, "all people" includes Mr. Muse. | 2. See also Response No. 1, above. |
| 3. Undisputed. | 3. |
| 4. Undisputed. | 4. |
| 5. Undisputed. | 5. |
| 6. Disputed. Mr. Muse did not "call" Debra Peterson a "cunt," he involuntarily uttered the word "cunt" while speaking with her. | 6. See Muse Deposition, pp:ll-- 71:15-25, 72:15-21, 155:5-9; see Report of Dr. Zinner, attached as Exhibit 2; see Report of Dr. William Sheehan, dated October 10, 2004, attached as Defendant's Exhibit A-6. See Generally, Curriculum Vita of Drs. Zinner and Sheehan, attached as Exhibits 2 (after report) and 4, respectively. |
| 7. Disputed only to the extent that Concise Statement of Fact No. 7 implies that the word "cunt" was directed at Debra Peterson. | 7. See Response No. 6. |
| 8. Undisputed | 8. |
| 9. Undisputed that Debra is female. Disputed that Debra was offended. | 9. See Muse Deposition, p. 73, 12-14, 133:4-15, 156:3-27. |
| 10. Disputed. Statement of Fact misstates cited deposition testimony; deposition testimony merely asserts Mr. Muses speculation of what someone might feel; Mr. Muse's opinion based upon what he heard and witnessed at the time was that Mr. Peterson was not overly disturbed by his disability's symptoms. | 10. See Response No. 9. |
| 11. Disputed. | 11. See Response No. 7. |
| 12. Disputed. | 12. See Response No. 6, See also Exhibit 1-155:5-9. |
| 13. Undisputed. | 13. |

3

| | |
|---|---|
| 14. Undisputed. | 14. |
| 15. Undisputed. | 15. |
| 16. Disputed. | 16. |
| 17. Disputed. | 17. See Response No. 6. |
| 18. Undisputed. | 18. |
| 19. Undisputed. | 19. |
| 20. Undisputed. | 20. |
| 21. Undisputed. | 21. |
| 22. Undisputed. | 22. |
| 23. Disputed. Mr. Muse asked for people to be understanding of and thereby compassionate with his disability. | 23. Muse Deposition, 72:15-21, 82:4-12, 178:1-14, 180:23-15, 181:1-7; Defendant's Exhibit A-2. |
| 24. Disputed. | 24. See Response No. 23. |
| 25. Undisputed as to the filing. | 25. The document speaks for itself. |
| 26. Undisputed as to the filing. | 26. The document speaks for itself. |
| 27. Undisputed. | 27. |
| 28. Undisputed. | 28. |
| 29. Disputed. | 29. See Muse Deposition at pp. 8, 72-73, 133, 154-156. |
| 30. Disputed. | 30. See Muse deposition, p. 80:11-12. |
| 31. Undisputed. | 31. |
| 32. Disputed. | 32. See Response No. 6, and disputed to the extent that the statement implies that that was all that Mr. Muse said while speaking with Ms. Peterson. |
| 33. Disputed to the extent that Statement of Fact seeks to confine Mr. Muse's "requested modification" to exchanging a faulty wheel barrel; Mr. Muse's request for accommodation was to be allowed to shop at Home Depot. | 33. See Exhibit 1 (Muse Deposition, at pp:ll: 71:15-25, 72:1-11, 72:15-21, 79:13-25, 80:1-2, 82:4-12, 161:14-25, 162:1-4, 162:16-19, 177:10-19, 178:1-14) |
| 34. Disputed. Mr. Muse's ongoing request was to be allowed to shop at Home Depot. | 34. |
| 35. Undisputed. | 35. |

4

| | |
|---|---|
| 36. Disputed to the extent that Statement of Fact No. 36 seeks to limit and/or misrepresent the severity of Mr. Muse's disability.  In Defendant's Exhibit A-6, Dr. Sheehan described Mr. Muse's disability as "moderately severe." | 36. |
| 37. Undisputed. | 37. |
| 38. Undisputed, generally; Mr. Muse no longer shops at Home Depot because they refuse to let him shop at its stores. | 38. See Defendant's Exhibit A-2, Exhibit 4 (Letter dated from Defendant's counsel to Plaintiff's counsel refusing entry under any attainable circumstances). |
| 39. Undisputed. | 39. |
| 40. Disputed. | 40. See Muse Deposition, p. 19:3-7. |
| 41. Disputed. | 41. See Muse Deposition, p. 122:2 – 123:1, 175:2 – 6. |
| 42. Undisputed. | 42. |
| 43. Undisputed. | 43. |
| 44. Undisputed. | 44. |
| 45. Disputed. | 45. |
| 46. Disputed. . Mr. Muse avoids surfing, and other potentially social interactions with strangers because of his Tourette Syndrome and problems with human interactions that it causes. | 46. See Muse Deposition, 174:12-25; Defendant's Exhibit A-6. |
| 47. Undisputed. | 47. |
| 48. Undisputed. | 48. |
| 49. Undisputed. | 49. |
| 50. Undisputed. | 50. |
| 51. Disputed.  The term is Copropraxia, not Coprolalia. | 51. See Zinner's Report, Exh. 2. |
| 52. Undisputed, though the "kill" was used obviously in a figurative sense, not a literal one. | 52. See Muse Deposition, p. 18:25 – 20:13. |
| 53. Undisputed. | 53. |
| 54. Undisputed. | 54. |

| | |
|---|---|
| 55. Disputed to the extent that Statement of Fact implies that Mr. Muse's disability does not significantly affect the major life activities of interacting with others and working. | 55. See Exhibit 2, and Plaintiff's Statement of Fact No. 2. |
| 56. Disputed. | 56. See Response No. 55. |
| 57. Disputed. | 57. See Response No. 55. |
| 58. Undisputed. | 58. |
| 59. Undisputed. | 59. |

DATED: Honolulu, Hawai'i, September 18, 2006.

/S/ STANLEY E. LEVIN

_____
BRUCE F. SHERMAN
STANLEY LEVIN
THOMAS F. FEENEY

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S CONCISE STATEMENT |
| vs. | ) | OF FACTS IN SUPPORT OF |
| | ) | PLAINTIFF'S MOTION FOR PARTIAL |
| HOME DEPOT USA, INC., | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| | ) | |

PLAINTIFF'S CONCISE STATEMENT OF FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 1. Plaintiff Jon Muse suffers from a disability known as Tourette Syndrome with Coprolalia and Copropraxia aspects. | 1. Exhibit 1 (Muse Deposition, at pp:ll: 14:7-9, 154:2-11); Exhibit 2 (Dr. Zinner's Report and CV); Exhibit 3 (Dr. Sheehan's Deposition at 13:19-21, 14:2-5), Exhibit 4 (Sheehan's CV); Exhibit 5 (SSI Disability Information); and Exhibit 6 (Day in the Life of Jon Muse DVD. |
| 2. Plaintiff Jon Muse's disability affects the major life activities of working and interacting with others. | 2. Exhibit 1 (15:11-17, 17:11-18, 17:24-25, 18:25, 19:1-17, 20:1-13, 22:4-9, 26:21-25, 27:1-5, 35:9-12, 36:3-8; 43:7-8, 43:20-21; 44:16-19, 49:3-4, 95:19-25, 96:1; 103:5-8, 168:1-25, 172:13-15, 173:8-11, 174:12-25, 175: 1-6, 175:14-17, 182:7-12, 183:16-24, 184:12-13; Exhibits 2, 3, 4, 5, and 6. |
| 3. Defendant Home Depot USA, Inc., considers Jon Muse as a person with a disability severe enough to ban him from all of its stores, and by implication any other retail establishment in which Jon Muse possibly would interact with | 3. Exhibit 1 (pp:ll: 71:15-25, 72:1-11, 72:15-21, 73:1-11, 79:13-25, 80:1-2, 82:4-12, 129:21-25, 145:11-20; 161:14-25, 162:1-4, 162:16-19, 171:4-25; 177:10-19, 178:1-14, 180:23-25, 181:1-7; Exhibit 7. |

| | |
|---|---|
| customers and would interact with employees. | |
| 4. An accommodation that would provide Plaintiff Jon Muse the opportunity to shop at Home Depot's stores would not be unreasonably burdensome. | 4. Exhibit 2, Exhibit 3 (pp:ll: 41:1-25, 42:1-25, 43:1-25, and 96:1-25); Exhibit 8 (49:24-25, 62:1-12, 66:13-15); Exhibit 9 (42:14-25, 43:1-11, 45:8-9). |

DATED: Honolulu, Hawai'i, September 18, 2006.

/S/ STANLEY E. LEVIN

_____
BRUCE F. SHERMAN
STANLEY LEVIN
THOMAS F. FEENEY

Attorneys for Plaintiffs

3