IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CERTIFIED COPY

JON MUSE,                          )
                                   )
            Plaintiff,             )
                                   )
    vs.                            )  Civil No. 04-00154 DAE/BMK
                                   )  (Civil Rights Violation)
HOME DEPOT USA, INC.,              )
                                   )
            Defendant.             )
_____)


DEPOSITION OF HOME DEPOT USA, INC.

THROUGH ITS REPRESENTATIVE EMORY L. COOPER

ORANGE, CALIFORNIA

JUNE 6, 2006


ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com

REPORTED BY: LISA O'SULLIVAN, CSR NO. 7822

FILE NO.: A003F61

1

EXHIBIT 9

1  with customer issues.
2          In my tenure with the Home Depot, I've never had to
3  deal with the legal area or the section in the legal
4  department that deals with customer issues, so I'm not sure
5  exactly what the scope of their responsibility is.
6     Q    Okay, whom else did you speak with besides
7  Mr. McEnroe in order to prepare for this deposition today?
8     A    Outside the people that I've already mentioned to
9  you --
10    Q    Yes.
11    A    -- I don't recall anyone.
12    Q    If at a later date you do recall someone, you'll
13 inform your attorney so he can inform us; is that correct?
14    A    Yes.
15         MR. HARRIS:  Objection.  There's no duty to
16 supplement deposition testimony.
17    Q    BY MR. SHERMAN:  Mr. Cooper, let me refer you to
18 page 3 of the Third Amended Notice of Deposition, and the
19 portion that begins, "The deponent will be a person or
20 persons most knowledgeable for the deposition of the
21 30(b)(6) for the national Home Depot representative about
22 the following."
23         Are you at that point in the document?
24    A    Yes, sir.
25    Q    Are you the person -- are you prepared to testify

18

1       A    Yes, sir, I do.

2       Q    Do you agree today that the answers you will give

3  to our questions will be binding on Home Depot?

4            MR. HARRIS:  Objection, outside the scope of the

5  notice and the rule.  And asks for a legal conclusion.

6            THE WITNESS:  Could you repeat the question?

7            MR. SHERMAN:  If I could ask the court reporter to

8  read the question back to the witness, please.

9            (Record is read.)

10           MR. HARRIS:  Objection, outside the scope of the

11 notice and the rule.  And requests a legal conclusion.

12           Go ahead and answer.

13           THE WITNESS:  Yes.

14      Q    BY MR. SHERMAN:  What is Home Depot's policy

15 regarding accommodating customers with disabilities?

16           MR. HARRIS:  Objection, assumes facts not in

17 evidence.

18      Q    BY MR. SHERMAN:  You can answer.

19      A    Sir, the policy that we have as it relates to

20 maintaining our workforce or our work environment has to do

21 with respecting individuals, whether they're customers or

22 associates or vendors or, you know, anyone that visits our

23 workplace.

24           You know, there's not a specific policy per se that

25 talks about customers with a disability.  We treat anyone

```
 1  that comes onto our premises with respect, and that's a
 2  requirement within the organization.
 3      Q   Is there a written version of this policy?
 4      A   Of our respect policy, sir?  Yes, sir.
 5      Q   No, of the policy with regard to accommodating
 6  customers with disabilities.
 7      A   No, sir.
 8      Q   Have you reviewed any e-mails or memos regarding
 9  any policy regarding accommodating customers with
10  disabilities?
11      A   No, sir, not that I recall.
12      Q   Has this lawsuit, to your knowledge, resulted in
13  any change or implementation of any policy for Home Depot
14  for the accommodation of customers with disabilities?
15      A   No, sir, not that I'm aware of.
16      Q   Are there any written policies regarding
17  accommodating customers with disabilities on a local level
18  in Hawaii?
19      A   Not that I'm aware of, sir.  I think it's the same
20  policy in Hawaii as it is throughout the organization.
21      Q   So would it be fair to say that Hawaii doesn't have
22  a written policy specifically as to the accommodation of
23  customers with disabilities?
24      A   The only policy that Hawaii should be operating
25  under is the same policy that we have throughout the
```

```
 1   specifically?
 2           MR. HARRIS:  Objection, assumes facts not in
 3   evidence.  Misstates the prior testimony.
 4       Q   BY MR. SHERMAN:  You may answer, sir.
 5           MR. HARRIS:  Objection.  There's been no testimony
 6   as to any such specific policy.
 7       Q   BY MR. SHERMAN:  Mr. Cooper, you may answer.
 8       A   I think I've said before, we don't have a national
 9   corporate policy on addressing disabilities of customers.
10       Q   What do you know about the Americans with
11   Disabilities Act, Mr. Cooper?
12           MR. HARRIS:  Objection, outside the scope of the
13   deposition.  Specifically covered by a prior magistrate
14   judge's order.  Harassing.
15       Q   BY MR. SHERMAN:  Mr. Cooper, you can answer.
16       A   Could you repeat the question?
17       Q   Certainly.  What do you know about the Americans
18   with Disabilities Act, Mr. Cooper?
19           MR. HARRIS:  Same objection, outside the scope of
20   the deposition.  Harassing.  Violates the court's order and
21   the parties' agreement.
22           THE WITNESS:  Could I have a moment with my
23   counsel?
24       Q   BY MR. SHERMAN:  I'd like to ask you if you could
25   try to answer the question without consulting with
```