TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS           2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE   8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>  Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>  Defendant. | NO. CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S **FIRST AMENDED PRETRIAL STATEMENT;** CERTIFICATE OF SERVICE<br><br>Trial:   October 24, 2006 |

**DEFENDANT HOME DEPOT USA, INC.'S FIRST
AMENDED PRETRIAL STATEMENT**

COMES NOW DEFENDANT HOME DEPOT USA, INC. (hereinafter

"Home Depot"), and pursuant to Local Rule 16.6, submits the following First

Amended Pretrial Statement.

630529.V1

(a) <u>Party</u>.

This statement is filed on behalf of Defendant Home Depot.

(b) <u>Jurisdiction and Venue</u>.

The statutory basis for federal jurisdiction and venue are 28 U.S.C. § 1331 and 42 U.S.C. § 12181 *et seq*, as well as 28 U.S.C. § 1367 and Haw. Rev. Stat. §§ 347-12, 489-2.

(c) <u>Substance of Action</u>.

This case arises from Plaintiff Jon Muse's ("Muse") claim that the Americans with Disabilities Act ("ADA") and state laws entitle him to harass Home Depot employees and customers with vulgar and offensive language that denigrates women and African-Americans, and is incendiary to all people regardless of whether they are women or African-Americans. Home Depot does not agree that the ADA and state law give Mr. Muse such a right.

(d) <u>Undisputed Facts</u>.

    (i) Home Depot operates a public accommodation.

    (ii) Muse entered Home Depot's Honolulu Store on November 3, 2003.

    (iii) Muse approached Debra Peterson's counter to return an item, and used the following obscene words in his interaction with her: "c[]nt" "f[]cking".

    (iv) Peterson was offended by Muse's remarks, and summoned her supervisor, Darlyn Kuhia.

    (v) Kuhia informed Plaintiff not to use the foregoing obscene and offensive words.

  (vi) Kuhia called Manager Mike Donlan.

  (vii) Donlan came to the counter and told Muse that verbal abuse of associates in front of customers was unacceptable.

  (viii) Muse said that he had Tourette's Syndrome, and that he was just there to complete his transaction and leave.

  (ix) Muse was permitted to complete his transaction.

  (x) Muse did not ask for a personal shopper or signage explaining that a customer with Tourette's Syndrome was present.

  (xi) Muse did not ask for customers to submit to his language.

  (xii) Muse did not make any other specific requests.

  (xiii) Muse did not request any modifications between November 3, 2003 and March 5, 2004, the date that he filed his First Amended Complaint.

  (xiv) Muse entered Home Depot's Honolulu Store on April 25, 2004 and returned to Peterson's counter.

  (xv) Muse used the following obscene words in his interaction with her: "c[]nt" "f[]cking".

  (xvi) Muse was permitted to complete his transaction.

  (xvii) Muse's alleged Tourette's Syndrome does not cause him to be limited in any of the following: performance of manual tasks; ability to walk; ability to see; ability to hear; ability to breathe; and ability to learn.

  (xviii) Muse shops at stores.

  (xix) Muse's alleged Tourette's Syndrome does not cause any severe problems with close friends.

  (xx) Muse's alleged Tourette's Syndrome does not cause any severe problems with acquaintances, although sometimes they do make comments.

  (xxi) Although some of his clients' workers giggle and mimic him, Muse's alleged Tourette's Syndrome has not resulted in any adverse interactions with his clients. He is still able to make deliveries and collect money.

630529.V1

(xxii) Muse goes to a Narcotics Anonymous group. A member once mimicked him, but he still goes.

(xxiii) Muse goes to Gamblers Anonymous meetings and interacts, relates and identifies with others at the meetings.

(xxiv) Muse claims to have coprolalia and uses the following words: c[]nt, f[]ck, n[]gger, sh[]t and b[]tch.

(xxv) Muse claims to have copropraxia, which includes "giving the finger."

(xxvi) Muse has provoked fights with others due to his alleged Tourette's Syndrome.

(xxvii)    Muse has been threatened with violence as a result of his alleged Tourette's Syndrome.

(xxviii)    Muse believes that he cannot control whether he gets "beaten up" for calling a woman a "c[]nt".

(xxix) Muse has not lost any business revenue as a result of his November 3, 2003 and April 25, 2004 visits to Home Depot.

(e)    Disputed Factual Issues.

(i)    Whether Muse suffered from any physical impairment.

(ii)    Whether any impairment that Muse suffered from substantially limited his activity of communication with others.

(iii)    Whether any substantial limitations of Muse's communication activity manifested themselves during the incidents at Home Depot.

(iv)    Whether Muse asked for any reasonable modifications because of any substantial limitations of his communication activity.

(v)    Whether a modification of a chaperone would have been reasonable, if Muse had requested it.

(vi)    Whether a modification of prominently displaying a sign warning customers and employees of Plaintiff's behavior would have been reasonable, if Muse had requested it.

      (vii)   Other factual issues presented by conflicts between the parties' pretrial statements or further developments.

  (f)    <u>Relief Prayed</u>.

Home Depot requests dismissal of Muse's action with prejudice.

  (g)    <u>Points of Law</u>.

      (i)    <u>Title III, Americans with Disabilities Act Claim</u>

To prove that he his disabled, Muse must demonstrate that he has a "physical or mental impairment that substantially limits one or more of [Muse's] major life activities." 42 U.S.C. § 12102 (2005). The only major life activity that Muse claims was limited is communication with others. Muse cannot show that he was substantially limited in his communication with others.

Even if Muse could prove that he was disabled, he would not be able to prove that he requested and was denied a reasonable modification. <u>Johnson v. Gambrinus Co./Spoetzl Brewery</u>, 116 F.3d 1052, 1058-60 (5th Cir. 1997). He never requested a modification. <u>See</u> <u>Larsen v. Carnival Corp.</u>, 242 F. Supp. 2d 1333, 1342 (S.D. Fla. 2003); <u>Karr v. Wal-Mart Stores, Inc.</u>, NO. 02-11245 (11th Cir. Sept. 2, 2003) (per curiam; unpub.).

Even if Muse had requested a modification (such as having a chaperone or posting a sign at the entrance of the Alakawa store), Muse would not be able to demonstrate that such a modification was reasonable. Compare, <u>Zukle v. The Regents of the Univ. of Calif.</u>, 166 F.3d 1041, 1051 n.16 (9th Cir. 1999) (request

-5-

for accommodation is unreasonable if it is made too late); Bercovitch v. Baldwin School, 133 F.3d 141, 152 (1st Cir. 1998) (request for modification is unreasonable if it requires a public accommodation to disregard its rules of conduct); Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston, 515 U.S. 447 (1995) (request for modification is unreasonable if it requires a public accommodation to propound a particular view on sexual orientation); Larsen v. Carnival Corp., 242 F. Supp. 2d 1333, 1348 (S.D. Fla.) (request for modification is unreasonable if it poses a danger to the person requesting it).

    (ii)  Hawaii Revised Statutes Section 347-13 Claim

  To prove his claim under Section 347-13 of the Hawaii Revised Statutes, Muse must demonstrate that he is blind, handicapped, or otherwise physically disabled. Haw. Rev. Stat. § 347-13(a) (2004). Plaintiff is not blind or visually handicapped, and as such, it would seem that he appears to argue that he is physically disabled. Plaintiff cannot show that he suffers from a physical disability in that he is deprived of his senses such that he cannot walk, see, hear, speak or breathe. Further, Plaintiff cannot show that he was denied the same privileges as any other customer who made sexist, vulgar, and harassing remarks. See Ward v. Housatonic Area Reg'l Transit Dist., 154 F. Supp. 2d 339, 344-45 (D. Conn. 2001) (bus rider refused service for disruptive acts).

   (iii) <u>Hawaii Revised Statutes Section 489-3 Claim</u>

For the reasons expounded more fully in sections (i) and (ii) above, Mr. Muse's claim under Section 489-3 of the Hawaii Revised Statutes also fails. Home Depot could not have denied Mr. Muse services that he did not request. Further, Home Depot would have asked any customer or employee uttering those sexist, vulgar, and harassing words to leave its property. It was therefore not discriminatory for Home Depot to subject Mr. Muse to the same treatment any other offensive customer would have received in similar circumstances.

 (h) <u>Previous Motions</u>.

| Date | Motion | Disposition |
| --- | --- | --- |
| 4/09/04 | Defendant Home Depot USA, Inc.'s Motion to Dismiss Complaint | Denied 1/11/05 |
| 2/23/05 | Plaintiff's Motion to Compel Discovery and for Sanctions | |
| 3/16/05 | Plaintiff's Second Motion to Compel Discovery | |
| 11/29/05 | Defendant Home Depot USA, Inc.'s Motion for Summary Judgment | Hearing scheduled for October 16, 2006. |
| 1/13/06 | Plaintiff's Third Motion to Compel Discovery | Denied 3/23/06 |
| 1/19/06 | Defendant Home Depot USA, Inc.'s Counter Motion to Plaintiff's Third Motion to Compel Discovery | Denied 3/23/06 |
| 1/20/06 | Plaintiff's Motion to Strike Defendant Home Depot USA, Inc.'s Counter Motion to Compel Discovery | Denied 3/23/06 |
| 2/22/06 | Plaintiff's Motion to Continue Defendant's Motion for Summary Judgment Pursuant to | Granted 3/1/06 |

| Date | Motion | Disposition |
|---|---|---|
|  | F.R.C.P. 56(f) |  |
| 4/7/06 | Defendant Home Depot USA, Inc.'s Motion to Compel Discovery and For Sanctions | Granted in Part and Denied in Part 6/8/06 |
| 5/1/06 | Plaintiff's Fourth Motion to Compel Discovery | Granted in Part and Denied in Part 6/8/06 |
| 7/3/06 | Plaintiff's Motion for Leave to File Second Amended Complaint | Denied 8/16/06 |
| 8/23/06 | Plaintiff's Fifth Motion to Compel Discovery and For Sanctions | Not heard yet |

    (i)    <u>Witnesses to be Called</u>.

        (1)    Jon Muse
                  c/o Stanley E. Levin, Esq.
                  400 Davis Levin Livingston Grande Place
                  851 Fort Street
                  Honolulu, Hawaii  96813

                  -and-

                  Bruce F. Sherman, Esq.
                  1164 Bishop Street, #124
                  Honolulu, Hi  96813

Plaintiff has personal knowledge regarding matters at issue in this litigation, including, but not limited to, his allegations contained in the Complaint.

        (2)    Michael J. Dolan
                  c/o Torkildson, Katz, Fonseca, Moore & Hetherington
                  700 Bishop Street, Suite 1500
                  Honolulu, Hawaii  96813

Mr. Dolan has personal knowledge regarding matters at issue in this litigation, including, but not limited to, the allegations contained in the Complaint.

630529.V1

    (3)  Darlyn P. Kuhia
        c/o Torkildson, Katz, Fonseca, Moore & Hetherington
        700 Bishop Street, Suite 1500
        Honolulu, Hawaii  96813

Ms. Kuhia has personal knowledge regarding matters at issue in this litigation, including, but not limited to, the allegations contained in the Complaint.

    (4)  Debra A. Peterson
        c/o Torkildson, Katz, Fonseca, Moore & Hetherington
        700 Bishop Street, Suite 1500
        Honolulu, Hawaii  96813

Ms. Peterson has personal knowledge regarding matters at issue in this litigation, including, but not limited to, the allegations contained in the Complaint.

  (j)  <u>Exhibits, Schedules and Summaries</u>.

    (i)  Debra Peterson's Employee Statement, dated February 20, 2004 (Exhibit 27 to Muse's Deposition);

    (ii)  Darlyn Kuhia's Employee Statement, dated February 20, 2004 (Exhibit 28 to Muse's Deposition);

    (iii)  Michael Dolan's Employee Statement, dated February 24, 2004 (Exhibit 29 to Muse's Deposition);

    (iv)  Debra Peterson's Employee Statement, dated April 26, 2004 (Exhibit 30 to Muse's Deposition);

    (v)  Plaintiff's Response to Defendant Home Depot USA, Inc.'s First Request for Answers to Interrogatories to Plaintiff Jon Muse dated May 24, 2005;

    (vi)  Plaintiff's Response to Defendant Home Depot USA, Inc.'s Second Request for Answers to Interrogatories to Plaintiff Jon Muse dated January 24, 2006;

 (vii) Plaintiff's Response to Defendant Home Depot USA, Inc.'s First Request for Admissions to Plaintiff Jon Muse dated May 24, 2006;

 (viii) Plaintiff's Response to Defendant Home Depot USA, Inc.'s Third Request for Answers to Interrogatories to Plaintiff Jon Muse dated May 24, 2006;

 (ix) Plaintiff's Supplemental Response to Defendant Home Depot USA, Inc.'s First Request for Answers to Interrogatories to Plaintiff Jon Muse dated May 24, 2005 Pursuant to Order Granting in Part and Denying in Part Plaintiff Jon Muse's Fourth Motion to Compel Discovery and Granting in Part and Denying in Part Defendant Home Depot USA, Inc.'s Motion to Compel Discovery filed June 8, 2006;

 (x) Home Depot Discrimination Policies;

 (xi) Home Depot Workplace Harassment Policies;

 (xii) Home Depot Sexual Harassment Policies;

 (xiii) Home Depot "Living Our Values";

 (xiv) Letter from Jeffrey S. Harris to Lunsford Dole Phillips, dated May 14, 2004.

 (xv) Transcript of Proceedings before the Honorable David Alan Ezra, <u>Jon Muse v. Home Depot USA, Inc.</u>, Civil No. 04-00154 DAE, <u>Jon Muse v. Bank of Hawaii</u>, Civil No. 04-00156SOM (Sept. 10, 2004).

 (k) <u>Further Discovery or Motions</u>.

Muse filed his Fifth Motion to Compel Discovery, which is scheduled to be heard on September 22, 2006.

Home Depot filed a Motion for Summary Judgment on November 29, 2005 that is scheduled to be heard on October 16, 2006.

630529.V1

(l)     <u>Stipulations</u>.

None requested or proposed.

(m)     <u>Amendments, Dismissals</u>.

None requested or proposed.

(n)     <u>Settlement Discussion</u>.

On August 23, 2006, Home Depot transmitted an offer of settlement to Muse's counsel that would allow Muse to shop in its Alakawa store either before or after store hours, provided that he calls a week in advance to provide adequate time for staffing, describes the kinds of goods that he would like to examine to ensure adequate precautions in the areas involved, has contact only with a designated company representative to ask directions or questions and check out his purchases, brings his own personal shopper to assist him in the aisles so that he has no contact with others, and refrains from conversation with anyone other than the designated company representative and his personal shopper. Muse's attorneys have not responded to this proposal.

(o)     <u>Agreed Statement</u>.

Presentation of the action on an agreed statement of facts is not likely to be feasible.

(p)     <u>Bifurcation, Separate Trial of Issues</u>.

Home Depot sees no need to bifurcate the trial.

(q)     <u>Reference to Master or Magistrate Judge</u>.

Reference of this case to the Magistrate is neither desired nor feasible.

(r)     <u>Appointment and Limitation of Experts</u>.

Appointment of an impartial expert and limitation of the number of experts does not seem necessary.

(s)     <u>Trial</u>.

A bench trial is scheduled for October 24, 2006.

(t)     <u>Estimate of Trial Time</u>.

Home Depot expects to need about two court days for the presentation of its case.

(u)     <u>Claims of Privilege or Work Product</u>.

Not applicable.

(v)     <u>Miscellaneous</u>.

Not applicable.

DATED:  Honolulu, Hawaii, September 19, 2006.

        TORKILDSON, KATZ, FONSECA,
        MOORE & HETHERINGTON,
        Attorneys at Law, A Law Corporation

        /s/ Heather M. Rickenbrode
        JEFFREY S. HARRIS
        HEATHER M. RICKENBRODE
        Attorneys for Defendant
        HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>           Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>           Defendant. | NO. **CV04-00154 DAE/BMK**<br><br>CERTIFICATE OF SERVICE |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT, on the dates and by the methods of service noted below, a true and correct copy of "DEFENDANT HOME DEPOT USA, INC.'S PRETRIAL STATEMENT," dated September 5, 2006, was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF</u>:

| | | |
|---|---|---|
| Stanley E. Levin, Esq. | slevin@davislevin.com | September 19, 2006 |
| Bruce Sherman, Esq. | Failey52@hawaii.rr.com | September 19, 2006 |

Attorneys for Plaintiff JON MUSE

         DATED:  Honolulu, Hawaii, September 19, 2006.

>                                TORKILDSON, KATZ, FONSECA,
>                                MOORE & HETHERINGTON,
>                                Attorneys at Law, A Law Corporation
>
>                                /s/ Heather M. Rickenbrode            
>                                JEFFREY S. HARRIS
>                                HEATHER M. RICKENBRODE
>                                Attorneys for Defendant
>                                HOME DEPOT USA, INC.

630529.V1