IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　　Defendant. | NO. **CV04-00154 DAE/BMK**<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

Defendant HOME DEPOT USA, INC. ("Defendant") anticipates that Plaintiff JON MUSE ("Plaintiff") will attempt to introduce evidence, testimony, argument and comment concerning the opinions of Samuel H. Zinner, M.D. ("Zinner") with regard to Plaintiff's condition and whether any modifications could reasonably be made to address it in October 2005.

Defendant anticipates that Plaintiff will also attempt to introduce evidence, testimony, argument and comment concerning the opinions of Zinner that Plaintiff's condition is caused by faulty wiring/is physical, that Plaintiff cannot suppress the offensive words and gestures that he uses, and that putting a sign outside the store where Plaintiff wants to shop warning about his offensive words and gestures would be a reasonable modification.

626464.V9

Since this anticipated evidence, testimony, argument and comment is not relevant or reliable, it must be excluded from trial.

1.   The opinions of Zinner are not relevant.

Plaintiff must prove that the opinions of Zinner are relevant, i.e., that they "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993).

All of Zinner's opinions relate to Plaintiff's condition and what modifications Zinner thinks could be made to address it in October 2005. Declaration of Jeffrey S. Harris ¶ 2, Exh. A (October 9, 2005 report), and ¶ 3 Exh. B (14:17-16:04, 40:06-17, 41:15-42:05, 43:08-15). Plaintiff's condition also waxed and waned during the intervening two-year period between November 2003 and October 2005. Exh. B (37:12-18; 55:18-25; 59:03-07; 59:22-60:05). See Declaration of Jeffrey S. Harris ¶ 4, Exh. C (Zinner, "Tourette Disorder", Pediatrics in Review Vol. 21, No. 11, 372, 374 (Nov. 2000) ("Tics typically wax and wane over time, with periods of exacerbation and remission ranging from moments to weeks or more")).

The issues in this case involve Plaintiff's condition and whether any modifications could reasonably be made to address it at the time of the November 2003 incident. Deppe v. United Airlines, 217 F.3d 1262, 1265 (9th Cir. 2000) ("At

issue herein is whether Deppe was disabled under the ADA at the time United terminated his employment."); Kocsis v. Multi-Care Management, Inc., 97 F.3d 876, 884 (6th Cir. 1996) ("Kocsis must first establish as part of her prima facie case that she was a 'qualified individual with a disability' at the time of the discriminatory act"). Since Zinner's opinions are not relevant to these issues, they must be excluded. Fagan v. United International Insurance Company, 128 F. Supp. 2d 182, 186 n. 2 (S.D.N.Y. 2001) ("The earliest report which suggested a chronic condition was issued March 22, 1999, eight months after plaintiff was fired. Therefore, these reports were irrelevant as to the issue of whether plaintiff suffered a disability at the time of his employment."); Provident Life And Acc. Ins. Co. v. Fleischer, 26 F. Supp. 2d 1220, 1225-26 n.5 (C.D. Cal. 1998) ("In this case, Dr. Long's report is of no value in assisting the court to determine the cause or on-set of Fleischer's mental disability that occurred four years earlier."); Bitney v. Honolulu Police Dep't, 96 Haw. 243, 254 (2001) ("Accordingly, the relevance of the [post-discharge] memorandum as to the extent of Bitney's alleged disability and its effect upon her function when she was employed by the HPD is, at most, vaporous.")

2. The opinions of Zinner are not reliable.

Plaintiff must also prove that the opinions of Zinner are based on reliable methods. Daubert, 509 U.S. at 592-93 & n.10, on remand, 43 F.3d 1311, 1318-19 n. 10 (9th Cir. 1995).

To determine whether or not the methods by which Zinner reached his opinions are reliable, several factors may be considered. Daubert, 509 U.S. at 593-94; Elsayed Mukhtar v. California State University, Hayward, 299 F.3d 1053, 1063-64 (9th Cir. 2002). These factors include: (1) whether the theory or technique underpinning the expert's opinion can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate, (4) whether the theory or technique is generally accepted in the relevant scientific community. Elsayed Mukhtar, 299 F.3d at 1064.

Even if Plaintiff proved that Zinner used reliable methods to reach his opinions, the Court may conclude that there is simply too great an analytical gap between the data and the opinion proffered. General Electric Co. v. Joiner, 522 U.S. 136, 146 (1997) ("Nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").

Plaintiff is unable to satisfy his burden of proving that any of Zinner's opinions are reliable.

      a.    Plaintiff cannot establish the reliability of Zinner's opinion that Plaintiff's condition is caused by faulty wiring/is physical.

One of Zinner's opinions is that Plaintiff's condition is caused by faulty wiring/is physical. Exh. A at 12; see also Exh. B (116:15-24). However, Plaintiff cannot show that there is any theory or technique underpinning that opinion, much less that it can be or has been tested. Plaintiff cannot show that any such theory or technique has been subjected to peer review and publication, or that there is a known or potential rate of error. Plaintiff cannot show that any such theory or technique enjoys general acceptance in the scientific community. Plaintiff cannot show any connection between any opinion reached by use of such a method and the information that Zinner obtained about Plaintiff. The only connection is by the *ipse dixit* of Zinner.

      b.    Plaintiff cannot establish the reliability of Zinner's opinion that Plaintiff cannot suppress the offensive words and gestures that he uses.

Another one of Zinner's opinions is that Plaintiff cannot suppress the offensive words and gestures that he uses. However, Plaintiff cannot show that there is any theory or technique underpinning that opinion, much less that it can be or has been tested. (Although Zinner referred to a technique, he admitted that he did not use it.) Plaintiff cannot show that any theory or technique has been

-5-

subjected to peer review and publication, or that there is a known or potential rate of error. Plaintiff cannot show that any theory enjoys general acceptance in the scientific community. Plaintiff cannot show any connection between any opinion reached by use of such a method and the information that Zinner obtained about Plaintiff. The only connection is the *ipse dixit* of Zinner. Exh. B (56:01-57:18, 63:09-19, 66:21-67:5, 69:12-70:16, 71:01-06, 73:23-74:14, 88:19-89:01).

The opinion also conflicts with a prior publication by Zinner. Exh. B (73:08-20); Exh. C (Zinner, "Tourette Disorder", Pediatrics in Review Vol. 21, No. 11, 372, 374 (Nov. 2000) ("Beyond the first decade of life, most people who have TD describe a sensation or 'premonitory urge' preceding a tic. This sensation occurs in the muscle group(s) expressing the tic and is described as a tension that is relieved by performing the tic. To understand this phenomenon, it may be helpful to consider the analogy of an itch on one's nose. The itch may intensify, with the temptation to scratch becoming increasingly acute. With this in mind, the tic usually can be suppressed to a greater or lesser degree.")).

    c. Plaintiff cannot establish the reliability of Zinner's opinion that putting a sign outside the store where Plaintiff wants to shop warning about his offensive words and gestures would be a reasonable modification.

Another one of Zinner's opinions is that putting a sign outside the store where Plaintiff wants to shop warning about Plaintiff's offensive words and

gestures would be a reasonable modification.  (Zinner disclaimed having any opinion about a "store chaperone".  Exh. B (77:15-79:01).

Zinner is not qualified to give an opinion about what would be a reasonable modification.  Exh. B (84:04-11; 127:05-128:07).  Haines v. Honolulu Shipyard, Inc., 125 F. Supp. 2d 1020 (D. Haw. 2000); Daubert II, 43 F.3d at 1317 ("[A] scientist's normal workplace is the lab or the field, not the courtroom or lawyer's office.")

Moreover, Plaintiff cannot show that there is any theory or technique underpinning that opinion, much less that it can be or has been tested.  He cannot show that any theory or technique has been subjected to peer review and publication, or that there is a known or potential rate of error.  He cannot show that any theory enjoys general acceptance in the scientific community.  Plaintiff cannot show any connection between any opinion reached by use of such a method and the information that Zinner obtained about Plaintiff.  The only connection is by the *ipse dixit* of Zinner.  Exh. B (91:19-92:23, 93:14-95:11; 117:05-118:12).

Since Plaintiff is unable to show that Zinner's opinions are reliable, they must be excluded.

626464.V9

For the above reasons, the Court must exclude any evidence, testimony, argument and comment concerning the opinions of Zinner.

DATED:  Honolulu, Hawaii, September 20, 2006.

>TORKILDSON, KATZ, FONSECA,
>MOORE & HETHERINGTON,
>Attorneys at Law, A Law Corporation
>
>/s/ Jeffrey S. Harris
>JEFFREY S. HARRIS
>HEATHER M. RICKENBRODE
>Attorneys for Defendant
>HOME DEPOT USA, INC.