TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS            2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　　　Defendant. | **NO. CV04-00154 DAE/BMK**<br><br>DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S 09/18/2006 MOTION FOR PARTIAL SUMMARY JUDGMENT AND REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF JEFFREY S. HARRIS; EXHIBIT A; CERTIFICATE OF SERVICE<br><br>Date:　October 16, 2006<br>Time:　9:00 a.m.<br>Judge:　Hon. David A. Ezra<br>Trial:　October 24, 2006 |

631268.V1

**DEFENDANT HOME DEPOT USA, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
09/18/2006 MOTION FOR PARTIAL SUMMARY JUDGMENT
AND REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    ARGUMENT**

    **A.    Plaintiff was not substantially limited in any major life activity**

Plaintiff has failed to show that he was substantially limited in the activity of communication, which is the only task that he previously claimed was a major life activity that was substantially limited, when the incident involved in this case occurred on November 3, 2003. Defendant's Separate and Concise Statement of Facts in Opposition to Plaintiff's Motion for Partial Summary Judgment (hereafter "Def. 9/28 CSOF") ¶1(a) to (h), 2(b); Defendant Home Depot USA, Inc.'s Amended Memorandum In Support of Motion for Summary Judgment, filed September 15, 2006 (hereafter "Def. 9/15 Memo.") at 6-8 (attached hereto as Exh. A).

Plaintiff now contends that he was substantially limited in the activities of working and interacting with others. Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment and In Opposition to Defendant's Motion

for Summary Judgment, filed September 18, 2006 (hereafter "Plt. 9/18 Memo.") at 15 to 19.

However, Plaintiff did not claim that his working or interacting with others activities were limited until September 18, 2006; he limited his claim to communication starting from before six of the seven depositions in this case, and not ending until weeks after the discovery cutoff. Def. 9/28 CSOF ¶(2)(b). The Court should not allow Plaintiff to raise this additional claim now. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292-1294 (9th Cir. 2000) (holding plaintiffs could not raise disparate impact theory not pled in complaint for first time at summary judgment after close of discovery); see Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266-67 (9th Cir. 1991).

Even if the Court allows Plaintiff to raise this additional claim, all of the exhibits cited in Plaintiff's Concise Statement of Facts in Support of Plaintiff's Motion for Partial Summary Judgment filed September 18, 2006 (hereafter "Plt. 9/18 CSOF") ¶1, to support this additional claim are inadmissible for the purpose Plaintiff purports to use them. Specifically:

(a)     Plaintiff's Exhibit 1 (Muse deposition excerpts) is irrelevant, improper lay opinion and self-serving hearsay. Fed. R. Evid. 402, 701 and 802.

(b)     Plaintiff's Exhibits 2, 3 and 4 (Zinner report and CV, Sheehan deposition excerpts and Sheehan's CV) are irrelevant, unreliable hearsay.  Fed. R. Evid. 104, 401, 402, 702, 703 and 802; <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 591 (1993); <u>See</u> Defendant Home Depot USA, Inc.'s First (1st) Motion in Limine (Restraining Plaintiff Jon Muse From Attempting to Introduce Evidence, Testimony, Argument and Comment Concerning the Opinions of William Sheehan, M.D.) filed September 1, 2006 (hereafter "Def. 1st MIL"); Defendant Home Depot USA, Inc.'s Second (2nd) Motion in Limine (Restraining Plaintiff Jon Muse From Attempting to Introduce Evidence, Testimony, Argument and Comment Concerning the Opinions of Samuel Zinner) filed September 20, 2006 (hereafter "Def. 2nd MIL").

Plaintiff's Exhibit 5 (SSI Disability Information) and Plaintiff's Exhibit 6 (Day in the Life Video) are irrelevant, improper lay opinion, hearsay and unauthenticated.  Fed. R. Evid. 402, 701, 802 and 901.

Even if Plaintiff's Exhibits 1 to 5 were admissible, they could not show that Plaintiff was substantially limited in the activities of working and interacting with others on November 3, 2003.

Plaintiff was not substantially limited in the activity of working, unless his exhibits could show that he was "significantly restricted in the ability to perform

either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities". Thornton v. McClatchy Newspapers, 261 F.3d 789, 794-795 (9th Cir. 2001), clarified in 292 F.3d 1045 (9th Cir. 2002). "Plaintiff must present specific evidence about relevant labor markets to defeat summary judgment on a claim of substantial limitation of working." 261 F.3d at 795.

Plaintiff was not substantially limited in the activity of interacting with others, unless his exhibits could show that his "relations with others were characterized on a regular basis by severe problems, for example, consistently high levels of hostility, social withdrawal, or failure to communicate when necessary" at the relevant time, which is necessary to show that interacting with others was substantially limited. McAlindin v. County of San Diego, 192 F.3d 1226, 1235 (9th Cir. 1999). "Mere trouble getting along with coworkers is not sufficient to show a substantial limitation." 192 F.3d at 1235.

Nothing in Plaintiff's Exhibits 1 through 5 could satisfy the requirements of Thornton or McAlindin, even if they were admissible. Plaintiff was not substantially limited in the activities of communication, working or interacting with others, and therefore was not disabled. Def. 9/28 CSOF ¶¶1(a) to (h), 2(b).

    **B.**    **Plaintiff did not request any modifications.**

Plaintiff has failed to show that he requested any modification of Defendant's policies, practices or procedures on November 3, 2003, as was required to establish a claim that Defendant failed to make a requested reasonable modification. Def. 9/28 CSOF ¶3(a) (citing Exh. 2 at 150:12-18; 151:05-09; Exh. 3 at 50:15-22; 76:10-14); Def. 9/15 Memo. at 8.

Plaintiff now contends that he made the necessary modification request by asserting that he told Defendant's employees he had Tourette's Syndrome. Plt. 9/18 Memo at 22. He cites no evidentiary support for this assertion. Even if he did, merely telling Defendant's employees that he had Tourette's Syndrome was not requesting a modification. To make such a request, Plaintiff was required to at least say what modification he desired. Fortyune v. American Multi-Cinema, 364 F.3d 1075, 1078-9, 1082 (9th Cir. 2004) ("Mrs. Fortyune sought the assistance of the Theater's manager. […] the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability"); see Brown v. Lucky Stores, 246 F.3d 1182, 1188 (9th Cir. 2001) (defendant had no obligation to engage in interactive process, because plaintiff did not request accommodation); Zuke v. Regents of the Univ. of California, 166 F.3d 1041, 1051

n. 16 (9th Cir. 1999) (failure to request accommodation until after adverse action contributed to unreasonableness).

None of the cases cited by Plaintiff authorized him to conceal what modification he desired until years after filing his lawsuit, and not comply with the request requirement.  Johnson v. Gambrinus Company/Spoetzl Brewery, 116 F.3d 1052, 1056 (5th Cir. 1997) ("Johnson informed Fikac that he had a legal right to take the tour with his guide dog"); Dudley v. Hannaford Bros. Co., 333 F.3d 299, 308 (1st Cir. 2003) ("Dudley requested Hannaford to deviate from that policy").

Plaintiff speculates that any modification request he could have made on November 3, 2003 would have been a futile gesture.  42 U.S.C. §12188 does provide that:  "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual knowledge that a person or organization covered by this subchapter does not intend to comply with its provisions."  Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1137 (9th Cir. 2002) (inadequate physical barriers).  However, Plaintiff has the burden of showing that he satisfied this requirement.  Davoll v. Webb, 194 F.3d 1116, 1132-33 (10th Cir. 1999) ("Only in the rare case where an employer has essentially foreclosed the interactive process through its policies or explicit actions will the futile gesture doctrine apply. […] [A]n employee's subjective belief about the

futility of initiating the interactive process will not, by itself, relieve him or her of that obligation."). Plaintiff offers no evidence that he actually knew Defendant did not intend to comply with the ADA on November 3, 2003.

**C. Plaintiff is judicially estopped from requesting any modifications that involve walking through the store when employees or customers are present.**

Plaintiff's previous disclaimer of any request to walk through the Alakawa store when customers or employees were present, in order to avoid having his case dismissed, judicially estops him from requesting those modifications now. Def. 9/28 CSOF ¶4(c) (citing Exh. 8 at 21:06-16; 28:17-19); Def. 9/15 Memo. at 9.

**D. The modifications that Plaintiff proposes now are not reasonable**

Plaintiff has failed to show that the modifications that he proposes now are reasonable. Def. 9/28 CSOF ¶4(a) to (e); Def. 9/15 Memo. at 9-12.

All of the exhibits that Plt. 9/18 CSOF ¶4 cites to support the proposed modifications are inadmissible for the purpose Plaintiff purports to use them.

(a) Plaintiff's Exhibits 2 and 3 (Zinner report and CV, Sheehan deposition excerpts and Sheehan's CV) are irrelevant, unreliable hearsay. Fed. R. Evid. 104, 401, 402, 702, 703 and 802, Daubert, 509 U.S. at 591 (1993); See Def. 1st MIL, Def. 2nd MIL.

(b) Plaintiff's Exhibits 8 and 9 (Kuhia and Cooper Deposition excerpts) are irrelevant, improper lay opinion and hearsay.  Fed. R. Evid. 402, 701 and 802.

(c) Plaintiff's Exhibit 10 (Bankoh settlement agreement) is irrelevant, a compromise, improper lay opinion, irrelevant and unreliable opinion and hearsay.  Fed. R. Evid. 402, 408, 701, 702, 703 and 802.

Even if Plaintiff's Exhibits 2, 3, 8, 9 and 10 were admissible, they would not show that the modifications Plaintiff now proposes are reasonable.  The modifications would expose Defendant's employees and customers to offensive words and behavior and Home Depot to statutory and tort liability, and are therefore unreasonable.  Def. 9/28 CSOF 4(a), (b), (d), (e); Def. 9/15 Memo. at 9-12.

**E.    Plaintiff's claims under Section 347-13 and Section 489-3 of the Hawaii Revised Statutes fail for the reasons that his ADA Title III claim fails.**

Plaintiff's claims under Haw. Rev. Stat. §§ 347-13(a) and 489-3 fail for the same reasons that his claims under ADA Title III fail, as those sections define disability and discrimination no more broadly than the corresponding federal law.  French v. Hawaii Pizza Hut, Inc., 105 Haw. 462, 467, 99 P.3d 1046, 1051 (2004); Bitney v. Honolulu Police Dep't, 96 Haw. 243, 254, 30 P.3d 257, 268 (2001).

Haw. Rev. Stat. § 489-2 and 42 U.S.C. §12102(2) define "disability" similarly.  See, Section 489-2 ("'Disability' means the state of having a physical or mental impairment which substantially limits one or more major life activities, having a record of such an impairment, or being regarded as having such an impairment."), Section 12102(2) ("The term 'disability' means, with respect to an individual — (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.")

Section 347-13(a) is even narrower; it is limited to the "blind, visually handicapped, and otherwise physically disabled".  Even if Plaintiff could show that he was disabled under ADA Title III, he could not show that he was "otherwise physically disabled".  The exhibits that Plaintiff could cite to show that he was "otherwise physically disabled" are inadmissible for the purpose Plaintiff purports to use them.

(a)     Plaintiff's Exhibits 2, 3 and 4 (Zinner report and CV, Sheehan deposition excerpts and Sheehan's CV) are irrelevant, unreliable hearsay.  Fed. R. Evid. 104, 401, 402, 702, 703 and 802, Daubert, 509 U.S. at 591; see Def. 1st MIL, Def. 2nd MIL.

(b) Plaintiff's Exhibit 10 (Bankoh settlement agreement) is irrelevant, a compromise, improper lay opinion, irrelevant and unreliable opinion and hearsay. Haw. R. Evid. 402, 408, 701, 702, 703 and 802.

Plaintiff also admits that he has a psychological disability. Plt. 9/18 Memo at 7 ("Mr. Muse has a psychological disability").

Neither Section 347-13(a) nor Section 489-3 define discrimination to include "reasonable modification", as does 42 U.S.C. §12182(2)(a)(i) for purposes of ADA Title III. Section 347-13(a) is explicitly subject "to the conditions and limitations established by law and applicable alike to all persons". Id. Section 489 likewise disclaims the desire to require any modifications. Haw. Rev. Stat. §489-2 ("No place of public accommodation defined in this section shall be requested to reconstruct any facility or part thereof to comply with this chapter."); see, Sen. Stand. Comm. Rep. No. 2918, in 1990 Senate Journal, at 1196 ("It is the intent of your Committee that places of public accommodation not be required to make any modifications to be in compliance with the law.").

Plaintiff has also failed to dispute that the Defendant's supervisor and manager's statements were based not on Plaintiff having an alleged disability, but on Plaintiff voicing vulgarities. See Doe v. Kahala Dental Group, 72 Haw. 150, 152, 808 P.2d 1276, 1277 (1991) ("Thus, it is clear that the October 16 prospective

refusal of services was based, not upon appellant's having a handicap, but upon appellant's refusal to furnish information as to his physical condition. In our view, therefore, the complaint failed to state a claim upon which relief could be granted.").

Further, there is no evidence that Plaintiff was treated differently than any other similarly situated persons. Any exhibits that Plaintiff could cite to show he was treated differently would be inadmissible for that purpose. Plaintiff's Exhibit 8 (Kuhia and Cooper Deposition excerpts) is irrelevant, improper lay opinion and hearsay. Fed. R. Evid. 402, 701 and 802.

Even if Plaintiff's Exhibit 8 was admissible, it would not show that he was treated differently. Unidentified customers who may have been overhead making unidentified curses would not be similarly situated. Hac v. University of Hawaii, 102 Haw. 92, 102, 73 P.3d 46, 56 (2003) (Plaintiff "must prove that all of the relevant aspects of his [or her] employment situation were similar to those employees with whom he [or she] seeks to compare his [or her] treatment.")

### F. Requiring the modifications that Plaintiff requests now would be unconstitutional

Requiring the foregoing modifications would violate constitutional protections against compelled ideological speech. Wooley v. Maynard, 430 U.S. 705, 713 (1977) ("The right of freedom of thought protected by the First

-12-

Amendment against state action includes both the right to speak freely and the right to refrain speaking at all."). If Defendant were required to allow customers making vulgar and offensive sexist and racist comments, it would be conveying an ideological message against its will. See Wooly, 430 U.S. at 713; West Virginia Bd. of Ed. v. Barnette, 319 U.S. 624, 632 (1943); United States v. United Foods, Inc., 533 U.S. 405, 410 (2001).

## II.   CONCLUSION

For the foregoing reasons, and those presented in the Amended Memorandum in Support of Defendant's Motion for Summary Judgment, Defendant respectfully requests that the Court deny Plaintiff's Motion for Partial Summary Judgment and grant Defendant's Motion for Summary Judgment.

DATED:  Honolulu, Hawaii, September 28, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
> /s/ Jeffrey S. Harris
> JEFFREY S. HARRIS
> HEATHER M. RICKENBRODE
> Attorneys for Defendant
> HOME DEPOT USA, INC.