TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS            2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>         Plaintiff,<br><br>    v.<br><br>HOME DEPOT USA, INC.,<br><br>         Defendant. | **CV04-00154DAE/BMK**<br><br>DEFENDANT HOME DEPOT USA, INC.'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S 09/18/2006 MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF JEFFREY S. HARRIS; EXHIBITS 1-10; CERTIFICATE OF SERVICE<br><br>Date:   October 16, 2006<br>Time:   9:00 a.m.<br>Judge:  Hon. David A. Ezra<br>Trial:  October 24, 2006 |

# DEFENDANT'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S 09/18/2006 MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to LR56.1, Defendant Home Depot USA, Inc. hereby submits its separate concise statement of material facts in opposition to Plaintiff Jon Muse's Motion for Partial Summary Judgment. Facts 1 through 4 below correspond to the "facts" and supporting evidence presented in Plaintiff's Concise Statement of Facts in Support of Plaintiff's Motion for Partial Summary Judgment filed September 18, 2006 ("Plaintiff's CSOF").

In actuality, the "facts" contained in Plaintiff's CSOF are conclusory legal arguments that are unsubstantiated by the record. Defendant responds to them with citations to material facts and supporting evidence demonstrating that Plaintiff's Motion for Partial Summary Judgment must be denied. Evidentiary objections to Plaintiff's Statement of Facts are included in the corresponding Memorandum.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS**

| Facts | Evidence |
|---|---|
| **(1) Plaintiff's First SOF is a conclusory legal argument that is contradicted by the record.** Facts Supporting Defendant's Position include:<br><br>(a) "Communication" is the <u>only</u> major life activity that Plaintiff Jon Muse claims was substantially limited.<br><br>(b) Plaintiff has been unable to communicate with others only a few times over the past few years. | Decl. of Jeffrey S. Harris ¶¶ 2 – 6; **Exh. 1** (Plaintiff's Response to Defendant Home Depot USA, Inc.'s Third Request for Answers to Interrogatories, No. 1.); **Exh. 2** (Muse Tr. at 38:02-40:25; 45:10-17; 45:22-48:22; 51:02-04; |

| | |
|---|---|
| (c)  Plaintiff communicates with others, in conjunction with his job, when he attends Narcotics Anonymous and Gamblers Anonymous meetings, in his leadership roles with Narcotics Anonymous, in his interactions with friends, acquaintances, and ex-wife, and in his relationships with his son and girlfriend.<br><br>(d)  Plaintiff communicated his transactional needs to Home Depot Cashier Debra Peterson on November 3, 2003, and his transactions were completed to his satisfaction.<br><br>(e)  Plaintiff had no trouble communicating with Dr. Samuel Zinner, or Dr. William Sheehan.<br><br>(f)  Plaintiff's business requires him to interact with numerous individuals working at nurseries, private residences, and floral shops, and his customers buy his flowers regardless of his condition.<br><br>(g)  Plaintiff does not have high levels of hostility in his interaction with others.<br><br>(h)  Plaintiff interacts with others when he goes to Starbucks almost every day for coffee, picks up prescriptions at the Pali Longs, spends time at the home of his neighbor, spends time with close friends, acquaintances, his girlfriend and son, attends appointments with physicians, attends Narcotics Anonymous meetings twice a week, coordinates weekly speakers for one of his Narcotics Anonymous meetings (which has between 25 and 50 attendees), sponsors five individuals in Narcotics Anonymous, attends weekly Gamblers Anonymous meetings, and interacts with his ex-wife. | 51:25-52:04; 52:10-14; 53:19-54:01; 56:24-57:17; 57:24-58:04; 61:02-64:09; 65:18-23; 69:01-20; 70:17-19; 86:02-87:01; 117:22-118:10; 118:15-124:10; 125:13-17; 126:20-127:10; 150:12-18; 151:05-09; 179:25-180:10; **Exh. 3** (Peterson Tr. at 50:15-22; 76:10-14); **Exh. 4** (Zinner Tr. at 96:10-18; 99:19-100:16); **Exh. 5** (Sheehan Tr. at 22:01-23:14). |
| **(2)  Plaintiff's Second SOF is a conclusory legal argument that is contradicted by the record.**  Facts Supporting Defendant's Position include: | Same evidentiary support as 1; Decl. of Jeffrey S. Harris ¶ 7. |

-3-

| | |
|---|---|
| (a) Same facts as 1(a)-(h).<br><br>(b) Also, Plaintiff did not claim that his working or interacting with others activities were limited until September 18, 2006; he limited his claim to communication from before six of the seven depositions in this case, until weeks after the discovery cutoff. | |
| **(3) Plaintiff's Third SOF is a conclusory legal argument that is contradicted by the record.** Facts Supporting Defendant's Position include:<br><br>(a) Plaintiff communicated his transactional needs to Home Depot Cashier Debra Peterson on November 3, 2003, and his transactions were completed to his satisfaction.<br><br>(b) Plaintiff did not request any modification or accommodation from anyone at Home Depot.<br><br>(c) Plaintiff was not banned from Home Depot; he agreed to stay out of the store until the resolution of this matter. | Decl. of Jeffrey S. Harris ¶¶ 8-10; **Exh. 2** (Muse Tr. at 79:23-80:09; 83:02-12; 129:05-08; 149:02-151:14); **Exh. 3** (Peterson Tr. at 45:01-06; 50:15-22; 65:22-66:01; 76:10-14; 85:23-25); **Exh. 6** (Dolan Tr. at 63:02-05); **Exh. 7** (Plaintiff's Response to Defendant's First Request for Answers to Interrogatories, Dated May 24, 2005, No. 3). |
| **4. Plaintiff's Fourth SOF is a conclusory legal argument that is contradicted by the record**. Facts supporting Defendant's position include:<br><br>(a) Plaintiff did not request any modification or accommodation from anyone at Home Depot.<br><br>(b) The only modifications Plaintiff requests now are a personal shopper, or the posting of a sign outside the Alakawa Home Depot store informing customers that someone with Tourette's Syndrome is shopping inside.<br><br>(c) Plaintiff disclaimed any request to walk through the | Decl. of Jeffrey S. Harris ¶¶ 11-13; **Exh. 2** (Muse Tr. at 79:23-80:09; 83:02-12; 149:02-151:14); **Exh. 3** (Peterson Tr. at 40:04-23; 41:17-22; 42:12-16; 43:06-13; 45:01-06; 50:23-51:08; 59:18-60:14; 73:11-23; 76:02-77:21; 78:05-79:21; 93:16-22); **Exh. 4** (Zinner Tr. |

| | |
|---|---|
| Home Dept store when customers or employees were present, in order to avoid having his case dismissed.<br><br>(d)  Plaintiff's use of the terms "c[]nt" and "f[]cking" on November 3, 2003 were unwelcome and extremely upsetting to cashier Debra Peterson, supervisor Darlyn Kuhia and manager Michael Dolan.<br><br>(e)  In the United States' Response to Notice of Challenge to Constitutionality of Federal Statute, filed in this matter on March 23, 2006, the United States Attorney stated "[t]he ADA does not prohibit an entity from fairly enforcing universal standards of behavior and language in the workplace and persons with disabilities must abide by such standards as well." | 58:03-59:02); **Exh. 5** (Sheehan Tr. 42:05-18); **Exh. 6** (Dolan Tr. at 54:01-55:03; 55:21-56:12; 57:15-58:21; 60:11-14; 61:24-62:19); **Exh. 7** (Plaintiff's Response to Defendant's First Request for Answers to Interrogatories, Dated May 24, 2005, No. 3); **Exh. 8** (Sept. 10, 2004 Transcript of Proceedings at 21:06-16, 28:17-19); **Exh. 9** (Kuhia Tr. at 33:08-20; 33:25-34:05; 35:19-37:01; 38:18-21; 53:17-20; 54:24-55:08); **Exh. 10** (United States' Response to Notice of Challenge to Constitutionality of Federal Statute, filed in this matter on March 23, 2006). |

DATED:  Honolulu, Hawaii, September 28, 2006.

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

/s/ Jeffrey S. Harris
JEFFREY S. HARRIS
HEATHER M. RICKENBRODE
Attorneys for Defendant
HOME DEPOT USA, INC.