OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN    5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY    5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | PLAINTIFF'S MOTION IN LIMINE |
| | ) | NO. 1: TO PROHIBIT AND |
| vs. | ) | RESTRAIN ANY DEFENSE |
| | ) | COUNSEL OR ITS STAFF FROM |
| HOME DEPOT USA, INC., | ) | MENTIONING OR |
| | ) | REPRESENTING THAT HOME |
| Defendant. | ) | DEPOT USA, INC. HAS BEEN |
| | ) | INVOLVED WITH SEXUAL |
| | ) | HARASSMENT AS A RESULT OF |
| | ) | A CUSTOMER SUFFERING FROM |
| | ) | TOURETTE SYNDROME AND |
| | ) | CERTIFICATE OF SERVICE |
| | ) | TRIAL WEEK:  October 24, 2006 |
| _____ | ) | JUDGE:  David A. Ezra |

PLAINTIFF'S MOTION IN LIMINE NO. 1: TO PROHIBIT
AND RESTRAIN ANY DEFENSE COUNSEL OR ITS STAFF
FROM MENTIONING OR REPRESENTING THAT HOME
DEPOT USA, INC. HAS BEEN INVOLVED WITH SEXUAL
HARASSMENT AS A RESULT OF A CUSTOMER
SUFFERING FROM TOURETTE SYNDROME

## I.    INTRODUCTION

Throughout this litigation, Defendant has made all sorts of wild and unproven claims that by permitting Plaintiff to be accommodated at the customer sales portion of the Home Depot will subject Home Depot to liability for sexual harassment.  However, when pressed for details, the defense counsel has been unable to provide any corroboration for this wild allegation.  Because the mentioning of this unproven and unprovable fact is fundamentally prejudicial and biased, Plaintiff urges this Court to prohibit any defense counsel or its staff from alleging this wild claim as a justification for not providing any reasonable accommodation to Plaintiff.

## II.    DEFENSE COUNSEL IS NOT PERMITTED TO TRY THIS CASE BASED ON UNPROVEN AND UNPROVABLE THEORIES.

Ever since the first contested hearing before Judge Ezra, defense counsel, in response and in argument to the Court, has speculated that it was a fair justification for Home Depot not to accommodate the Plaintiff because such accommodation would be viewed as sexual harassment and subject Home Depot to additional, unwanted liability.  Plaintiff has taken the position that these wild allegations have

never occurred, except in the jaded mind of defense counsel and therefore is not a proper justification for not offering an accommodation to Plaintiff. These allegations are not relevant to any material issue in this action and therefore do not comply with the requirements of Federal Rule of Evidence Rule 402. The allegations have no tendency to make the existence of any fact that is on consequence to the determination of this action more probable or less probable that it would be without the proposed evidence.

Defendant's attorneys have claimed that the mention of "f[]ck" and "c[]nt" are so abhorrent and repulsive that any act which the Defendant takes which is not clearly against the use of such words in the store will be the basis for a sexual harassment case by the employees or the customers against Home Depot. This position is highly ridiculous. First and foremost, Plaintiff has asked defense counsel to produce evidence that such a sexual harassment claim was ever even made against Home Depot or any Title III company. Defense counsel has never clearly admitted it, but they have denied the issue when confronted with the clear interrogatories and production of documents on this wild claim. Since this is a jury waived trial and the rules of evidence may be relaxed somewhat, Plaintiff does not want the rules relaxed to the point of exhaustion to allow every wild and crazy theory which defense counsel can conjure up. It is Plaintiff's position that if the defense counsel has not produced any documentation or proof to date that these

unlikely scenarios ever occurred to Home Depot, their mention and reference to it in any of the proceedings is prejudicial and must be barred. Assuming arguendo, that there could be any relevance to such allegations, Federal Rule of Evidence Rule 403 would prohibit the introduction as the purported relevance of such evidence is outweighed on the ground that its admission at trial will produce confusion, needless delay and expense in the conduct of the trial in this matter.

## III. CONCLUSION

For the foregoing reasons, Plaintiff urges this Court to grant this motion and to prohibit any defense counsel or its staff from alleging this wild claim as a justification for not providing any reasonable accommodation to Plaintiff.

DATED: Honolulu, Hawaii, October 3, 2006.

/s/ STANLEY E. LEVIN
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff