IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　　　　Defendant. | NO. **CV04-00154 DAE/BMK**<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

Defendant HOME DEPOT USA, INC. ("Defendant") anticipates that Plaintiff JON MUSE ("Plaintiff") will attempt to introduce evidence, testimony, argument and comment on the September 14, 2005 report by Robert C. Marvit, M.D. (identified as Plaintiff's Trial Exhibit 10). This anticipated evidence, testimony, argument and comment is not relevant or reliable, and it must be excluded from trial, except to the extent that it comes within an exception to the hearsay rule.

　　1.　　The opinions of Dr. Marvit are not relevant.

Plaintiff must prove that the opinions of Dr. Marvit "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993). All of Dr. Marvit's opinions relate to Plaintiff's condition during his examination on

631390.V2

September 5, 2005.  Declaration of Jeffrey S. Harris ¶ 2, Exh. A (September 14, 2005 report).  The issues in this case involve Plaintiff's condition at the time of the November 2003 incident.  Deppe v. United Airlines, 217 F.3d 1262, 1265 (9th Cir. 2000); Kocsis v. Multi-Care Management, Inc., 97 F.3d 876, 884 (6th Cir. 1996).

Dr. Marvit's opinions are not relevant to Plaintiff's condition in November 2003, and they must be excluded.  Fagan v. United International Insurance Company, 128 F. Supp. 2d 182, 186 n. 2 (S.D.N.Y. 2001); Provident Life And Acc. Ins. Co. v. Fleischer, 26 F. Supp. 2d 1220, 1225-26 n.5 (C.D. Cal. 1998); Bitney v. Honolulu Police Dep't, 96 Haw. 243, 254 (2001).

2. The opinions of Dr. Marvit are not reliable.

Plaintiff must also prove that the opinions of Dr. Marvit are based on reliable methods.  Daubert, 509 U.S. at 592-93 & n.10, on remand, 43 F.3d 1311, 1318-19 n. 10 (9th Cir. 1995).  Several factors can be considered in determining whether the methods Dr. Marvit used to reach his opinions were reliable, including:  (1) whether the theory or technique underpinning the expert's opinion can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate, (4) whether the theory or technique is generally accepted in the relevant scientific community.  Elsayed Mukhtar v. California State University, Hayward, 299 F.3d 1053, 1063-64 (9th Cir. 2002); see also Daubert, 509 U.S. at 593-94.

Even if Plaintiff proved that Dr. Marvit used reliable methods to reach his opinions, the Court may conclude that there is simply too great an analytical gap between the data and the opinion proffered. General Electric Co. v. Joiner, 522 U.S. 136, 146 (1997).

Plaintiff is unable to satisfy his burden of proving that any of Dr. Marvit's opinions are reliable. Plaintiff cannot show that there are any theories or techniques underpinning Dr. Marvit's opinions, much less that they can be or have been tested. Plaintiff cannot show that any such theories or techniques have been subjected to peer review and publication, or that there is a known or potential rate of error. Plaintiff cannot show that any such theories or techniques enjoys general acceptance in the scientific community, or that a connection exists between any opinion reached by use of such methods and the information that Dr. Marvit obtained about Plaintiff. The only connection is by the *ipse dixit* of Marvit. This is insufficient to meet either the reliability requirements of Federal Rule of Evidence 702 and 703, or those established by Daubert. See Fed. R. Evid. 702, 703; Daubert, 509 U.S. at 592-93 & n.10, on remand, 43 F.3d 1311, 1318-19 n. 10 (9th Cir. 1995).

For the above reasons, the Court should exclude any evidence, testimony, argument and comment concerning the September 14, 2005 report by Dr. Robert

-3-

631390.V2

C. Marvit, except to the extent that it comes within an exception to the hearsay rule.

    DATED: Honolulu, Hawaii, October 3, 2006.

                                      TORKILDSON, KATZ, FONSECA,
                                      MOORE & HETHERINGTON,
                                      Attorneys at Law, A Law Corporation

                                      /s/ Jeffrey S. Harris
                                      JEFFREY S. HARRIS
                                      HEATHER M. RICKENBRODE
                                      Attorneys for Defendant
                                      HOME DEPOT USA, INC.