IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | NO. **CV04-00154 DAE/BMK** |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION |
| v. | |
| HOME DEPOT USA, INC., | |
| Defendant. | |

## **MEMORANDUM IN SUPPORT OF MOTION**

Defendant HOME DEPOT USA, INC. ("Defendant") anticipates that Plaintiff JON MUSE ("Plaintiff") will attempt to introduce evidence, testimony, argument and comment concerning major life activities other than communication. Since this anticipated evidence, testimony, argument and comment was not disclosed in Plaintiff's discovery responses prior to the discovery deadline, it must be excluded from trial.

On June 23, 2006, Plaintiff denied Admission 2 listed in Defendant's First Request for Admissions to Plaintiff, which stated "Any physical or mental impairment that Plaintiff had, during the period of time covered by the Complaint, did not substantially limit any major life activities of Plaintiff." See Declaration of Jeffrey S. Harris (hereinafter "Harris Decl.") ¶¶ 2-3; Defendant Home Depot USA, Inc.'s First Request for Admissions to Plaintiff Jon Muse Dated May 24,

631084.V1

2006, Admission 2 (attached hereto as Exh. A); Plaintiff's Response to Defendant Home Depot USA, Inc.'s First Request for Admissions to Plaintiff Jon Muse Dated May 24, 2006, Admission 2 (attached hereto as Exh. B).

Plaintiff's Response to Defendant Home Depot USA, Inc.'s Third Request for Answers to Interrogatories to Plaintiff Jon Muse Dated May 24, 2006 (attached hereto as Exh. C) states in relevant part:

> I have suffered since childhood from a form of Tourette's Syndrome called "Coprolalia," which is the involuntary outburst of obscene words or socially inappropriate and derogatory remarks. <u>It interferes with the major life activity of communication.</u>

Declaration of Jeffrey S. Harris (hereinafter "Harris Decl.") ¶ 4; Exh. C; <u>see also</u> Harris Decl. ¶5; Defendant Home Depot USA, Inc.'s Third Request for Answers to Interrogatories (attached hereto as Exh. D); First Amended Complaint ¶ 3.

Local Rule 16.3 requires that "all discovery must be completed no later than thirty (30) days prior to the scheduled trial date." LR16.3.  Here, all parties were on notice that the discovery cutoff date was August 25, 2006.  Federal Rule of Civil Procedure 26(e) required Plaintiff to supplement his discovery responses upon learning that they were incomplete or incorrect in some material respect. Fed. R. Civ. Pro. 26(e)(2).   Prior to the discovery deadline, Plaintiff failed to claim that other life activities, such as working or interacting with others, were substantially limited on November 3, 2003 and April 25, 2004.  <u>See</u> Exh. A-D.

-2-

Allowing Plaintiff to introduce additional major life activities at trial would prejudice Home Depot, as it completed discovery (including five of six depositions) under the premise that Plaintiff's claim was limited to the major life activity of communication.  See Thibeault v. Square D Co., 960 F.2d 239, 247 (1st Cir. 1992) (reasoning that an eleventh-hour change in a party's theory of case is harmful to the adversary).  As such, Plaintiff should be precluded from introducing any major life activities other than communication during trial.  Fed. R. Civ. Pro. 37(c)(1) ("A party that without substantial justification fails to … amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial … information not so disclosed."); see also Kulas v. Dean, #1914, 19 Fed. Appx. 576, 577 (9th Cir. 2001) (plaintiff's trial was unfair because he was denied access to critical information during discovery); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-1107 (9th Cir. 2001) (exclusion was the appropriate remedy for failing to fulfill the disclosure requirements of Rule 26); Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100, 1118 (C.D. Cal. 2002) (exclusion appropriate where plaintiff learned of a defense theory "only after it had filed its motion for summary judgment", which placed plaintiff "at a distinct disadvantage and constituted unfair surprise"); Stender v. Vincent, 92 Haw. 355, 367-69, 992 P.2d 50, 62-64 (2000) (exclusion appropriate where documents were produced after the discovery deadline).

For the above reasons, the Court should exclude any evidence, testimony, argument and comment concerning any major life activity other than communication.

DATED:  Honolulu, Hawaii, October 3, 2006.

>TORKILDSON, KATZ, FONSECA,
>MOORE & HETHERINGTON,
>Attorneys at Law, A Law Corporation
>
>/s/ Jeffrey S. Harris
>JEFFREY S. HARRIS
>HEATHER M. RICKENBRODE
>Attorneys for Defendant
>HOME DEPOT USA, INC.