TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS                2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
JOHN S. MACKEY                  7006-0
(jsm@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　Defendant. | NO. CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF JON MUSE |


EXHIBIT A

53039/0011/624765.V1

## DEFENDANT HOME DEPOT USA, INC.'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF JON MUSE

TO: Stanley E. Levin, Esq.
Davis Levin Livingston Grande
851 Fort Street, #400
Honolulu, Hawaii 96813

Bruce Sherman, Esq.
1164 Bishop Street, Suite 124
Honolulu, HI 96813

Attorneys for Plaintiff
JON MUSE

The Defendant hereby requests, pursuant to Fed. R. Civ. P. 36, that the Plaintiff admit, for purposes of the pending action only, the truth of the following statements, opinions of fact and application of law to fact, within 30 days from the date of service of this request.

The Plaintiff is reminded that, if for any reason he cannot admit to an entire request, then he must specify which part is admitted and qualify or deny the remainder. Further, the Plaintiff is reminded that he may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable him to admit or deny.

Each matter for which an admission is requested will be deemed admitted if the Plaintiff fails to serve a timely response to this request on Defendants' counsel.

This request for admissions does not call for the disclosure of any privileged

material. If, however, the Plaintiff fails to admit or to deny any request for admission, or to explain fully the basis for a failure to so admit, or to disclose any information requested by any request for admission, in whole or in part, on the basis of any privilege, then with respect to the refusal and/or failure, the Plaintiff is requested to specify the particular privilege or privileges upon which he relies and is further requested to identify the sources of information without disclosing the contents thereof. Such specifications and identification may, nevertheless, be considered insufficient and Defendants reserve their right to proceed by a motion to determine the sufficiency of the answers or objections or otherwise.

## DEFINITIONS

As used in this request:

1. The term "Plaintiff" means Plaintiff.

2. The phrase "physical impairment or mental impairment" is defined in 28 C.F.R. §36.104.

3. The term "Complaint" means the complaint in this action.

4. The phrase "major life activities" is defined in 28 C.F.R. §36.104.

5. The phrase "substantially limits" is defined in Toyota Motor Mfg., v. Williams, 534 U.S. 184, 194; 122 S.Ct. 681; 151 L.Ed.2d 615 (2002).

6. The phrase "reasonable modification" is defined as it is used 28 C.F.R. §36.302(a).

Dated: Honolulu, Hawaii, May 24, 2006.

                                TORKILDSON, KATZ, FONSECA,
                                MOORE & HETHERINGTON,
                                Attorneys at Law, A Law Corporation

                                JEFFREY S. HARRIS
                                HEATHER M. RICKENBRODE
                                JOHN S. MACKEY

                                Attorneys for Defendant
                                HOME DEPOT USA, INC.

## REQUESTS FOR ADMISSIONS

Request for Admission 1:

The Plaintiff did not have any physical or mental impairment, during the period of time covered by the Complaint.

Admit: _____    Deny: _____

Request for Admission 2:

Any physical or mental impairment that Plaintiff had, during the period of time covered by the Complaint, did not substantially limit any major life activities of Plaintiff.

Admit: _____    Deny: _____

Request for Admission 3:

There is no reasonable modification that would allow Plaintiff to shop in Defendant's stores.

Admit: _____    Deny: _____

## VERIFICATION

STATE OF HAWAII                         )
                                        ) SS.
CITY AND COUNTY OF HONOLULU             )

JON S. MUSE, being first duly sworn upon oath, deposes and says that he has read the foregoing responses to DEFENDANT HOME DEPOT USA, INC.'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF JON MUSE, that he knows the contents hereof, and that the same is true to the best of his information and belief.

_____
JON MUSE

Subscribed and sworn to before me this
_____ day of _____, 2006.


_____
Notary Public, State of Hawaii

My Commission Expires:_____