IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>   Plaintiff,<br><br>  v.<br><br>HOME DEPOT USA, INC.,<br><br>   Defendant. | NO. **CV04-00154 DAE/BMK**<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

Defendant HOME DEPOT USA, INC. ("Defendant") anticipates that Plaintiff JON MUSE ("Plaintiff") will attempt to introduce evidence, testimony, argument and comment concerning documents Plaintiff was obligated but failed to produce prior to the discovery deadline. See Declaration of Jeffrey S. Harris ¶¶ 2-11; Exh. A-J.

Local Rule 16.3 requires that "all discovery must be completed no later than thirty (30) days prior to the scheduled trial date." LR16.3. Here, all parties were on notice that the discovery cutoff date was August 25, 2006. Yet Plaintiff failed to produce five documents prior to the discovery deadline that were identified as exhibits in his Amended Pretrial Statement, filed September 14, 2006, and on his preliminary Exhibit List, served on September 26, 2006. Those documents are:

631214.V2

- "Financial Statement of Home Depot, Inc.", dated May 31, 2006 (attached hereto as Exh. K);

- Eligibility Confirmation letter from the Social Security Administration, dated September 8, 2006 (attached hereto as Exhibit L);

- Declaration of Laura Whitman, dated September 18, 2006 (attached hereto as Exhibit M);

- Day in the Life of Jon Muse video, apparently filmed on April 11, 2006 and May 6, 2006 (attached as Exhibit 6 to Plaintiff's Motion for Partial Summary Judgment, filed on September 18, 2006);

- Confidential Settlement Agreement and Release between Plaintiff and Bank of Hawaii, dated February 2, 2005 (attached under seal as Exhibit 10 to Plaintiff's Motion for Partial Summary Judgment, filed on September 18, 2006).

Defendant reviewed Exh. L, M, N and the Day in the Life of Jon Muse video for the first time when Plaintiff served his Motion for Partial Summary Judgment and Memorandum in Opposition to Defendant's Motion for Summary Judgment on September 18, 2006.  Defendant reviewed Exh. K for the first time when the parties exchanged exhibits on September 26, 2006 in compliance with the Court's Amended Rule 16 Scheduling Order.

631214.V2

Plaintiff's failure to produce the foregoing documents before the discovery deadline constitutes a discovery ambush that violates the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 26(e)(2). As such, it is entirely appropriate for this Court to preclude Plaintiff from introducing these documents at trial. Fed. R. Civ. Pro. 37(c)(1) ("A party that without substantial justification fails to … amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial … information not so disclosed.").

Allowing Plaintiff to introduce at trial documents that were not timely produced would prejudice Home Depot, because it was precluded from conducting further discovery with regard to these exhibits. Further, Plaintiff can offer no valid justification for his failure to produce these documents prior to the August 25, 2006 discovery deadline where they are either dated before that date or they reference activities that occurred before that date. As such, Plaintiff should be precluded from introducing Exh. K, L, M, N and the Day in the Life of Jon Muse video at trial. See Kulas v. Dean, #1914, 19 Fed. Appx. 576, 577 (9th Cir. 2001) (plaintiff's trial was unfair because he was denied access to critical information during discovery); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-1107 (9th Cir. 2001) (exclusion was the appropriate remedy for failing to fulfill the disclosure requirements of Rule 26); Thibeault v. Square D Co., 960 F.2d

-3-

239, 245 (1st Cir. 1992) ("In the Rule 26(e) context, preclusion can be imposed in response to a party's subversion of the trial process, even if the responsible party was guilty of laxity rather than bad faith."); <u>Cambridge Elecs. Corp. v. MGA Elecs., Inc.</u> 227 F.R.D. 313, 320-325 (D. Cal. 2004) (district court disregarded evidence that was not previously disclosed prior to the discovery deadline); <u>ATD Corp. v. Lydall, Inc.</u>, 159 F.3d 534, 551 (Fed. Cir. 1998) (district court has discretion to exclude evidence from trial not produced in accordance with the court's case management order, especially when the party "offers no reason to justify its submission long after the close of discovery"); <u>Stender v. Vincent</u>, 92 Haw. 355, 367-69, 992 P.2d 50, 62-64 (2000) (exclusion appropriate where documents were produced after the discovery deadline).

    DATED: Honolulu, Hawaii, October 3, 2006.

    TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

    /s/ Jeffrey S. Harris
JEFFREY S. HARRIS
HEATHER M. RICKENBRODE
Attorneys for Defendant
HOME DEPOT USA, INC.