
FILE

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
CLAYTON A. KAMIDA          6359-0
(cak@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　Defendant. | CIVIL NO. CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JON MUSE |

DEFENDANT HOME DEPOT USA, INC.'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF JON MUSE

TO:  Stanley E. Levin, Esq.
     851 Fort Street
     400 Davis Levin Livingston Grande Place
     Honolulu, Hawaii 96813

602999.V1


EXHIBIT A

Bruce F. Sherman, Esq.
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Home Depot USA, Inc. ("Home Depo" and/or "Defendant"), by and through its undersigned attorneys, Torkildson, Katz, Fonseca, Moore & Hetherington, hereby requests that Plaintiff Jon Muse ("Plaintiff"), produce for examination, inspection and copying all of the following documents or items which are in his possession, custody and control, at the offices of Torkildson, Katz, Fonseca, Moore & Hetherington, 700 Bishop Street, 15th Floor, Honolulu, Hawai`i 96813, or at some other convenient location mutually agreed upon by the parties within thirty (30) days of receipt of this Request.

PLEASE TAKE FURTHER NOTICE that Plaintiff is required by Rule 34 of the Federal Rules of Civil Procedure to file a written response hereto within thirty (30) days after service, and that the failure to respond or produce the items requested will be grounds for a motion by Defendant pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel production and impose sanctions.

Dated: Honolulu, Hawaii, May 24, 2005.

                                        TORKILDSON, KATZ, FONSECA,
                                        MOORE & HETHERINGTON,
                                        Attorneys at Law, A Law Corporation

                                        _____
                                        JEFFREY S. HARRIS
                                        CLAYTON A. KAMIDA
                                        Attorneys for Defendant
                                        HOME DEPOT USA INC.

## DEFINITIONS AND INSTRUCTIONS

Each of these definitions and instructions are hereby incorporated into each of the Requests to which it pertains.

As used herein, the terms "you", "your", "Plaintiff" and "Jon Muse", mean and include Jon Muse and all other persons or entities acting or purporting to act on behalf of Jon Muse, including, without limitation, his agents, employees, consultants, investigators, attorneys and former attorneys, insurance carriers, accountants, advisors, and his agents, employees, and consultants.

As used herein, the term "person", means and includes, without limitation, any natural person, firm, company, partnership, association, joint venture, sole proprietorship, organization, business trust, corporation, public entity, governmental entity, or any other group combination acting as a unit or form of legal business.

As used herein, the terms "documents" and "writing" mean and include any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds, or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photostating, photographing, sound and video recording, or any other method of recording, including computer files and/or disks, and/or electronic mail, whether in your

602999.V1

possession or under your control or not, relating to or pertaining in any manner to the subject in connection with which it is used, and includes, but is not limited to, all file copies and all drafts prepared in connection with the documents and writings, whether used or not. This definition also includes, but is not limited to:

  a. Letters, correspondence, memoranda, telegrams, telexes, facsimiles, cables, wires, printed copies of computer electronic mail, and other communications;

  b. Notes, reports, minutes, interoffice communications, summaries, and outlines;

  c. Notes or summaries of conferences, meetings, discussions, interviews, or telephone conversations or messages;

  d. Agreements, contracts, offers, and proposals;

  e. Promissory notes, deeds, leases, agreements of sale, mortgages, and other instruments related to real property or personal property;

  f. Other legal instruments or official documents;

  g. Financial statements, balance sheets, profit and loss statements, statements of financial condition, tax returns, and loan applications;

  h. Work papers, ledgers, and journals;

   i. Books of accounts, checks and canceled checks, deposit receipts, statements, bills, airbills, consignment notes, purchase orders, invoices, vouchers, expense accounts, receipts, orders, and billings;

   j. Estimates, budgets, projections, cost analyses, and damage calculations;

   k. Investigation and incident reports;

   l. Bulletins, books, periodicals, newsletters, articles, brochures, advertisements, reports, logs, agenda, minutes, pamphlets, and other published materials;

   m. Diaries, calendars, desk calendars, and appointment books;

   n. Photographs, slides, films, notes, drafts, worksheets, transcripts, tapes, microtapes, microfilms, movies, records, tapes recordings, video tapes recordings and other recordings (mechanical, electronic, typed, or written);

   o. Data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form as defined in Rule 34 of the Federal Rules of Civil Procedure, including those contained in computer files and/or disks;

   p. Any other instrument or device which contains any information or from which any information can be derived or retrieved.

As used herein, the term "conversation" includes, without limitation, any discussion, conversation, conference, meeting, interview, telephone call, and any statement or representation made therein.

As used herein, the term "communication" means any verbal or written exchange of information, whether telephonic, telegraphic, printed, recorded, graphic, photographic, or otherwise, and therefore, includes "documents" and "conversations" as defined above.

As used herein, the term "claim" means and includes any claims or allegations set forth in any complaint, counterclaim, cross-claim, or third-party complaint in this action.

As used herein, the term "Complaint" means that certain action entitled Jon Muse v. Home Depot USA, Inc.; Civil No. 04-00154 DAE/BMK filed in the United States District Court for the District of Hawai`i on March 14, 2004.

As used herein, the term "First Amended Complaint" means that certain action entitled Jon Muse v. Home Depot USA, Inc.; Civil No. 04-00154 DAE/BMK filed in the United States District Court for the District of Hawai`i on March 15, 2004.

As used herein, the term "Defendant" means and includes the above-named Defendant and any of its employees, agents, or representatives.

The following instructions are to be considered applicable to all demands for production of documents and things contained herein:

(a) In producing these documents, you are requested to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives, or investigators;

(b) If any of these documents cannot be produced in full, produce to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you do have concerning the unproduced portion;

(c) If any documents or things requested were at one time in existence, but no longer in existence, please so state, specifying for each document or thing: (1) the type of document or thing; (2) the types of information contained thereon; (3) the date upon which it ceased to exist; (4) the identities of all persons having knowledge of the circumstances under which it ceased to exist; and (5) the identities of all persons having knowledge or who had knowledge of the contents thereof;

(d) This Request is a continuing one. If, after producing documents, you obtain or become aware of any further documents

responsive to this Request, you are required to produce to Defendant such additional documents; and

(e) If any documents covered by this Request are withheld by reason of a claim of privilege, a list shall be furnished, as part of your required response to this Request, identifying each document for which a privilege is claimed together with the following information with respect to each document withheld: (1) date; (2) sender; (3) recipient; (4) the identity of any person whom copies were furnished; (5) general subject matter; (6) basis on which privilege is claimed; and (7) the paragraph of the Request to which such document relates.

## DOCUMENTS TO BE PRODUCED

1. Any and all documents and writings, constituting, referring, relating, or pertaining to your mental and/or physical condition for the period between 1990 to present, including but not limited to, all medical reports, memos, doctors' notes, progress notes, nurses' notes, summaries, test results, statements and invoices.

2. Any and all writings or documents constituting, relating, referring and pertaining to any of the allegations contained in your Complaint and/or First Amended Complaint.

3. Any and all writing or documents constituting, relating, referring and pertaining to any and all interview notes of any all persons who you believe have information or knowledge related to any of the allegations contained in your Complaint and/or First Amended Complaint.

Dated: Honolulu, Hawaii, May 24, 2005.

                                        TORKILDSON, KATZ, FONSECA,
                                        MOORE & HETHERINGTON,
                                        Attorneys at Law, A Law Corporation

                                        _____
                                        JEFFREY S. HARRIS
                                        CLAYTON A. KAMIDA
                                        Attorneys for Defendant
                                        HOME DEPOT USA INC.

602999.V1