ORIGINAL

OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN    1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN    5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY    5546
E-mail: feen@compuserve.com
Attorney At Law
A Law Corporation
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff
JON MUSE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE,<br><br>      Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 04-00154 DAE/BMK<br>(Civil Rights Violation)<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT HOME DEPOT USA, INC'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JON MUSE DATED JANUARY 24, 2006 |



EXHIBIT G

PLAINTIFF'S RESPONSE TO DEFENDANT HOME DEPOT USA, INC'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JON MUSE DATED JANUARY 24, 2006

TO: JEFFREY S. HARRIS, ESQ.
    CLAYTON A. KAMIDA, ESQ.
    TORKILDSON, KATZ, FONSECA,
     MOORE & HEATHERINGTON
    700 Bishop Street, 15th Floor
    Honolulu, Hawaii 96813

Plaintiff Jon Muse, by and through his above named attorneys, responds to Defendant Home Depot USA, Inc.'s Second Request For Production Of Documents To Plaintiff Jon Muse Dated January 24, 2006. Said response to Production of Documents is attached hereto.

DATED: Honolulu, Hawaii, February 23, 2006.

STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff

## PRODUCTION OF DOCUMENTS

NO. 1:
Please produce all of the documents identified in response to questions listed in DEFENDANT HOME DEPOT USA, INC.'S SECOND REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF JON MUSE.

Response: To the extent that Plaintiff understands those terms, all such documents are in Defendant's possession.

NO. 2:
Please produce all of the documents identified in response to questions listed in DEFENDANT HOME DEPOT USA, INC.'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF JON MUSE.

Response: To the extent that Plaintiff understands those terms, all such documents are in Defendant's possession.

NO. 3:
Any and all documents relating or referring to income earned by Plaintiff from any and all sources since December 1996.

Response: Plaintiff objects to the extent that the requested documents are not calculated to lead to discovery of admissible evidence.

STANLEY E. LEVIN
Attorney for Plaintiff

NO. 4
Any and all tax returns filed by Plaintiff since 1996.

Response: Plaintiff objects to the extent that it requests documents that are not calculated to lead to discoverable evidence that can be used at trial.

STANLEY E. LEVIN
Attorney for Plaintiff

NO. 5
Any and all documents, including but not limited to, diaries, journals, calendars, day-timers, logs, or appointment books maintained by Plaintiff from 1996 to the present, in which Plaintiff describes any of the wrongful conduct by Home Depot USA, Inc. alleged in the Complaint or First Amended Complaint.

Response: Plaintiff has no such documents.

NO. 6
Any and all correspondence and/or statement obtained from any present or past employees of Home Depot USA, Inc. or any company related thereto.

Response: To the extent that Plaintiff understands those terms, all such documents are in Defendant's possession.

NO. 7
Any and all documents relating in any way to any damages you are seeking to recover in this litigation.

Response: Plaintiff objects to the extent that the requested documents are not calculated to lead to discovery of admissible evidence.

_____
STANLEY E. LEVIN
Attorney for Plaintiff

Without waiving the objection, to the extent that Plaintiff understands those terms, Plaintiff has no such documents.

NO. 8
Any and all documents provided to or received from any expert witnesses retained to testify in connection with this lawsuit.

Response: To the extent that Plaintiff understands those terms, all such documents are in Defendant's possession.

4

NO. 9
Any and all documents that describe the qualifications of any expert witnesses retained to testify in connection with this lawsuit.

Response: to the extent that Plaintiff understand those terms, all such documents are contained in PLAINTIFFS' INITIAL DISCLOSURE OF EXPERTS filed October 10, 2005.

NO. 10
For any expert witness retained to testify in connection with this lawsuit, any summary opinion report or summary of the substance of the facts and opinions to which the expert will testify.

Response: to the extent that Plaintiff understand those terms, all such documents are contained in PLAINTIFFS' INITIAL DISCLOSURE OF EXPERTS filed October 10, 2005.

NO. 11
Any and all documents that refer or relate to any statement you made to any third party (other than your attorneys) after October 2003 concerning the discrimination you allegedly suffered, or any wrongful conduct by Home Depot USA, Inc. that resulted in injury to you.

Response: To the extent that Plaintiff understands those terms, all such documents are in Defendant's possession.

NO. 12
All documents referring or relating to your impairment or disability for the period between 1990 to present, including but not limited to, all medical reports, memos, doctors' notes, progress notes, nurses' notes, summaries, test results, statements, and invoices.

Response: To the extent that Plaintiff understands those terms, all such documents are in Defendant's possession.

5

NO. 13

All documents you intend to introduce into evidence at the trial of this matter.

Response: To the extent that Plaintiff understands those terms, Plaintiff has not determined what documents will be introduced into evidence at this time.

NO. 14

All documents you intend to introduce into evidence at the trial of this matter.

Response: Plaintiff objects to the extent that the request is duplicative of NO. 13 and is not calculated to lead to discovery of admissible evidence.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　STANLEY E. LEVIN

　　　　　　　　　　　　　　　　　　Attorney for Plaintiff