OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN   5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY   5546
E-mail: feen@compuserve.com
<u>ATTORNEY AT LAW</u>
A Law Corporation
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff
JON MUSE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>          Plaintiff,<br><br>     vs.<br><br>HOME DEPOT USA, INC.,<br><br>          Defendant. | CIVIL NO. 04-00154 DAE/BMK<br>(Civil Rights Violation)<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT HOME DEPOT USA, INC.'S THIRD REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF JON MUSE DATED MAY 24, 2006 |



EXHIBIT I

PLAINTIFF'S RESPONSE TO DEFENDANT HOME DEPOT USA, INC.'S THIRD REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF JON MUSE DATED MAY 24, 2006

TO: JEFFREY S. HARRIS, ESQ.
    CLAYTON A. KAMIDA, ESQ.
    TORKILDSON, KATZ, FONSECA,
     MOORE & HEATHERINGTON
    700 Bishop Street, 15th Floor
    Honolulu, Hawaii 96813

Plaintiff Jon Muse, by and through his undersigned counsel, responds to Defendant Home Depot USA, Inc.'s Third Request For Answers To Interrogatories To Plaintiff Jon Muse Dated May 24, 2006. Said response to interrogatories is attached hereto.

DATED: Honolulu, Hawaii, June 13, 2006.

_____
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff

## INTERROGATORIES

### INTERROGATORY NO. 1:

a.  set forth in particular and in detail all facts upon which you rely in so contending and:

Answer:

Plaintiff objects to the request as being overly broad and unduly burdensome.

_____
STANLEY E. LEVIN
Attorney for Plaintiff

To the extent that Plaintiff understands those terms, Plaintiff states as follows:

I have suffered since childhood from a form of Tourette's Syndrome called "Coprolalia," which is the involuntary outburst of obscene words or socially inappropriate and derogatory remarks. It interferes with the major life activity of communication. In society it is very difficult to carry on day-to-day communications with people who are unaware of what Coprolalia is and how it effects me.

The fact is that Home Depot USA, Inc. has failed to provide any modification that would allow me to physically enter a store and shop. The fact is that the only modification Home Depot USA, Inc. has mentioned is not a modification at all. The fact is that what was mentioned is shopping on-line; this is

3

available to the general public so it is not a modification. The fact is that shopping on-line would require me to use a computer, the fact is this would deprive me of the ability to just stop by and pick up an item I needed at any point in time without having to go home, use a computer, order something. The fact is that I would be unable to actually see for myself the shape, size and feel of the merchandize. The fact is I would have wait for it to be delivered, have it not be what I wanted because I was not able to visualize it correctly from my computer screen or that the order was incorrectly filled by Home Depot USA, Inc.'s employee. The fact is that I would have to possibly pay additional charges for shipping to get the order and then possibly have to pay for shipping to return the incorrect item. The fact is that no person, unless through criminal or civil actions involving Home Depot USA, Inc., is required to do this.

    The fact is there are a number of ways that a reasonable modification can be made so I can physically enter a Home Depot USA, Inc. store and shop. The fact is many of Home Depot USA, Inc. stores have self-serve check out so I may not need to verbally interact with employees. The fact is Home Depot USA, Inc. could provide training to their employees about Coprolalia. The fact is that Home Depot USA, Inc. always has or should have an employee who is at a managerial level on duty at all times. The fact is Home Depot USA, Inc. could have a that managerial employee who is on duty and who Home Depot USA, Inc. would provide training

4

to about Coprolalia that I could identify myself to who would then help me. The fact is that I could produce a form provided by Home Depot USA, Inc. that would identify me, explain who I am, explain Coprolalia, explain why I need assistance and because Home Depot USA, Inc. would have provided training to their employees about Coprolalia the employee or managerial employee could help me. The fact is there are probably other reasonable modifications that Home Depot USA, Inc. could provide that I have not thought of or have detailed facts about at this time.

b.  identify all documents, which you have reason to believe relate or refer to the facts set forth by you;

Answer:

Plaintiff objects to the request as being overly broad and unduly burdensome.

_____
STANLEY E. LEVIN
Attorney for Plaintiff

To the extent that Plaintiff understands those terms, Plaintiff identifies the records and/or reports of Dr. William P. Sheehan, Dr. Samuel H. Zinner, Dr. Michael Ishioka, Dr. Wray Y. Tsuzaki, Dr. Robert C. Marvit.

c.  identify all persons which you have reason to believe have knowledge of the facts set forth by you:

Answer:

Plaintiff objects to the request as being overly broad and unduly burdensome.

_____
STANLEY E. LEVIN
Attorney for Plaintiff

To the extent that Plaintiff understands those terms, the persons identified are Dr. William P. Sheehan, Dr. Samuel H. Zinner, Dr. Michael Ishioka, Dr. Wray Y. Tsuzaki, Stanley E. Levin, Bruce Sherman, Dr. Robert C. Marvit, and my son, Justin A. Muse.

d.  identify all oral communications, which you have reason to believe relate or refer to the facts set forth by you.

Answer:

Plaintiff objects to the request as being overly broad, asks for information that is protected by attorney/client privilege, and that the request is not calculated to lead to discoverable evidence that can be used at trial.

_____
STANLEY E. LEVIN
Attorney for Plaintiff

To the extent that Plaintiff understands those terms, Plaintiff states as follows:

I cannot remember exactly the date or time of the numerous conversations I have had with my doctors, attorneys, possibly friends, or strangers about this subject.

## VERIFICATION

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

JON S. MUSE, being first duly sworn upon oath, deposes and says that he has read the foregoing responses to DEFENDANT HOME DEPOT USA, INC.'S THIRD REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF JON MUSE, that he knows the contents hereof, and that the same is true to the best of his information and belief.

_____
JON MUSE

Subscribed and sworn to before me this
23rd day of June, 2006.

_____
Notary Public, State of Hawaii
Bruce P. Ellis
My Commission Expires: 6/3/08