IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | NO. **CV04-00154 DAE/BMK** |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION |
| v. | |
| HOME DEPOT USA, INC., | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF MOTION

Defendant HOME DEPOT USA, INC. ("Defendant") anticipates that

Plaintiff JON MUSE ("Plaintiff") may attempt to amend his First Amended

Complaint and introduce evidence, testimony, argument or comment concerning

theories of liability not set forth in the First Amended Complaint.

Rule 15(b) of the Federal Rules of Civil Procedure prohibits Plaintiff from

amending his Complaint to include issues newly raised at trial unless: (1) the

parties expressly or impliedly consent; and (2) the admission of evidence on any

unpled issue would not prejudice the party against whom it is offered.  Fed. R. Civ.

P. 15(b); Acequia, Inc. v. Cinton (In re Acequa, Inc.), 34 F.3d 800, 814 (9th Cir.

1994); Consolidated Data Terminals v. Applied Digital Data Sys., Inc., 708 F.2d

385, 396 (9th Cir. 1983) (holding "late pleading amendments are improper under

[Fed. R. Civ. P. 15(b)] if they cause substantial prejudice to the opposing party");

<u>Int'l Harvester Credit v. East Coast Truck</u>, 547 F.2d 888, 890 (5th Cir. 1977)

(holding Fed. R. Civ. P. 15(b) prohibits plaintiff from amending a complaint unless

he has satisfied requirements of consent and lack of prejudice).

Plaintiff should be prohibited from amending his First Amended Complaint

to include issues newly raised at trial because Defendant withholds its consent to

try <u>any</u> issue or theory of liability other than those pled in the First Amended

Complaint and which remain after the motions have been presented in this case.

Moreover, any evidence Plaintiff may introduce that is relevant to both pled and

unpled theories of liability cannot be used to imply consent to trial of any unpled

theories of liability.  See <u>In re Acequia, Inc.</u>, 34 F.3d at 814 ("Where evidence …

alleged to have shown implied consent was also relevant to the other issues at

trial[,] [it] cannot be used to imply consent to try the [unpleaded] issue.") (citations

omitted); <u>Int'l Harvester Credit</u>, 547 F.2d at 890 (holding the introduction of

evidence relevant to pled theories of negligent misrepresentation and breach of

contract could not be used to imply consent to trial on the unpled theory of

rescission).

Plaintiff should also be prohibited from amending his First Amended

Complaint because Defendant would be prejudiced by any such amendment.  For

example, it would prejudice Defendant if evidence is introduced to support basic

issues that already have been pled, and Defendant is not conscious of its relevance

to issues not raised by the pleadings.  See In re Acequia, Inc., 34 F.3d at 814.  "An adverse party cannot be expected to object to the introduction of evidence that is only tangentially related to the issues actually pleaded prior to trial unless the party has notice that the evidence is being introduced as proof on some other unpleaded issues."  Consol. Data Terminals, 708 F.2d at 396 (citing 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1493, at 466-67 (1971)).  Since the Defendant both (1) refuses to consent to any amendments that Plaintiff may seek; and (2) would be unfairly prejudiced by Plaintiff's amendments, this Court should preclude Plaintiff from amending his First Amended Complaint.

In addition to denying Plaintiff's effort to amend his First Amended Complaint, this Court should also exclude any testimony, argument, comment or opinion related to any unpled theories of liability, as they are irrelevant and prejudicial to Defendant pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence.  Evidence regarding unpled theories of liability has no legitimate tendency "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable . . . ."  See Fed. R. Evid. 401.  Since such evidence is irrelevant, it is inadmissible at trial.  Fed. R. Evid. 402.

Even if this Court determines the evidence, testimony, argument, comment or opinion on unpled theories of liability to be marginally relevant, it must be

excluded under Rule 403 of the Rules of Evidence because it would result in unfair prejudice to the Defendant as it has no probative value, and provides no benefit to the establishment of controverted facts in this case.

For the foregoing reasons, Defendant respectfully requests that this Court issue an order restraining Plaintiff from attempting to amend his First Amended Complaint and restraining Plaintiff from attempting to introduce evidence of any theory of liability not set forth in the First Amended Complaint.

DATED:  Honolulu, Hawaii, October 3, 2006.

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

/s/ Jeffrey S. Harris
JEFFREY S. HARRIS
HEATHER M. RICKENBRODE
Attorneys for Defendant
HOME DEPOT USA, INC.

631273.V1