IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>             Plaintiff,<br><br>       v.<br><br>HOME DEPOT USA, INC.,<br><br>             Defendant. | NO. **CV04-00154 DAE/BMK**<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

Defendant HOME DEPOT USA, INC. ("Defendant") anticipates that Plaintiff JON MUSE ("Plaintiff") will attempt to introduce evidence, testimony, argument and comment concerning individuals who are not similarly situated to Plaintiff.  These individuals include the occasional customer who might be overheard using a profane word in interaction with fellow customers.  Such individuals are not similarly situated to Plaintiff because they are:

   1.    Unidentified and speculative;

   2.    Not responsible for harassing Home Depot employees by using the words "c[]nt" and "f[]cking c[]nt" in reference to them;

631451.V1

3.  Involved in different conduct, such as being engaged in conversation with a friend, family member, or associate; and/or

4.  Involved in conduct that was not brought to Home Depot's attention as being problematic or offensive.

As such, evidence involving the foregoing individuals would not be relevant to proving that Plaintiff was treated in a discriminatory manner. Toledo v. Sanchez, 454 F.3d 24, 34 (1st Cir. 2006); Allen v. Interior Constr. Servs. Ltd., 214 F.3d 978, 982 (8th Cir. 2000); Hampton v. Henderson, No. C 00-2529 SI, 2001 U.S. Dist. Lexis 6489 (N. D. Cal. 2001) (attached hereto as Exh. A); *cf.* Josephs v. Pac Bell, 443 F.3d 1050, 1064 (9th Cir. 2006) (coworkers were similarly situated only where they had identical jobs and displayed identical conduct).

Evidence of these individuals thus fails to satisfy Federal Rules of Evidence 401 and 402. Permitting Plaintiff to introduce any testimony, evidence, argument or comment concerning these individuals would unfairly prejudice the Defendant. It would cause undue delay, waste time, and result in trial of collateral matters, in conflict with Rule of Evidence 403.

For the foregoing reasons, Defendant respectfully requests that this Court issue an order restraining Plaintiff from attempting to introduce any

631451.V1

testimony, evidence, argument or comment concerning evidence of any individual who was not similarly situated to Plaintiff.

DATED: Honolulu, Hawaii, October 3, 2006.

>TORKILDSON, KATZ, FONSECA,
>MOORE & HETHERINGTON,
>Attorneys at Law, A Law Corporation
>
>/s/ Jeffrey S. Harris
>JEFFREY S. HARRIS
>HEATHER M. RICKENBRODE
>Attorneys for Defendant
>HOME DEPOT USA, INC.