IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>          Plaintiff,<br><br>     v.<br><br>HOME DEPOT USA, INC.,<br><br>          Defendant. | NO. CV04-00154 DAE/BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

**I.     INTRODUCTION**

Plaintiff identified as Exhibit 30 a video entitled "A Day in the Life of Jon Muse." (This video is attached as Exhibit 6 to Plaintiff's Motion for Partial Summary Judgment, filed on September 18, 2006). This video contains a narrative by Jon Muse about his life history, a narrative by Mr. Muse's friend "Kyle" about the alleged effects of Mr. Muse's alleged condition on his life, and a narrative by Mr. Muse's son about the effects of his father's alleged condition on his life. Neither "Kyle" nor Mr. Muse's son have been identified as witnesses. Statements made during this video are inadmissible for a variety of reasons that, if the testimony were presented properly through live testimony in a question and answer format, would be dealt with through appropriate objections. Given that the video

631233.V2

contains narrative out of court statements there is no opportunity for counsel to object.

Home Depot seeks to exclude this video in its entirety pursuant to Federal Rules of Evidence 402, 403, 602, 603, 615, 701, and 801. The video is cumulative, irrelevant, misleading, and prejudicial. In addition, various statements in the video constitute hearsay, speculation, and improper opinion from a lay witness and are made by individuals without personal knowledge.

## II.   DISCUSSION

### A.   The Video Is Cumulative.

Videotapes are often used to illustrate the damages suffered by a plaintiff or to re-enact accidents. The "Day in the Life" video that Jon Muse seeks to introduce as an exhibit in this lawsuit seeks to do neither of these things.

Instead, it appears that Mr. Muse's "Day in the Life" video is intended to bolster his claim that he is disabled within the meaning of the ADA. Plaintiff contends in this lawsuit that he is disabled because he is "significantly impaired in his speech from interjecting vulgarities, most commonly the word 'c[]nt,' into his speech." First Amended Complaint at ¶3. Presumably, Plaintiff's counsel believes that the effect of Plaintiff's condition on his speech can be assessed by watching this video. Plaintiff will testify at trial, however, providing the fact-finder with an even better opportunity to observe Plaintiff's speech. Thus, the videotape is

cumulative. See Goodwin v. MTD Products Inc., 232 F.3d 600 (7th Cir. 2000)(videotape of lawnmower being assembled was properly excluded because "use of such demonstrative evidence from a videotape would have been cumulative because the lawn mower was in plain view of the jury" and the assembly of the wing nut could be readily demonstrated).

  **B.** **The Video Is Hearsay.**

To the extent that Plaintiff offers the statements made by individuals in the video for the truth of the matters asserted (i.e., any statements by "Kyle" or Mr. Muse's son), the video is precluded by Rule 801.

  **C.** **The Video Is Irrelevant, Misleading And Prejudicial.**

The video was made in a way that it appears to present an uninterrupted narrative. The video is not one continuous stream, however, but instead cuts in and out, creating a question regarding the extent of prompting that took place between shots. Moreover, at one point on the video, a voice from someone outside the camera shot can be heard prompting the speaker. The video is what another court has described as "a self-serving videotape deposition without the benefit of the opposing party participating." See Campoamor v. Brandon Pest Control, 721 So.2d 333 (Fla. Ct. App. 1998). It is difficult to see how any portion of this video would help the Court's understanding of a fact of consequence in the litigation. See Colon v. BIC USA, Inc., 199 F. Supp. 2d 53, 98 (S.D.N.Y. 2001)("Still

-3-

photographs, motion pictures, and videotapes, once properly authenticated, are admissible in evidence if helpful to the trier of fact's understanding of a fact of consequence in the litigation.").

      D.    <u>**The Video Contains Improper Testimony.**</u>

Two of the individuals filmed in the video, "Kyle" and Mr. Muse's son, were not identified as witnesses and there has been no opportunity to depose them. Fed. R. Civ. P. 26(a)(1). This alone should preclude viewing of the video by the fact-finder.

Moreover, the lengthy statements by Mr. Muse, his friend "Kyle" and his son constitute improper narrative.

None of the individuals who appear in the video to discuss Mr. Muse and his alleged condition declared under oath that what they were saying was true and their statements therefore should be excluded under Fed. R. Evid. 603.

Defendant was not given the opportunity to invoke the witness exclusion rule, Fed. R. Evid. 615.

      E.    <u>**The Video Contains Many Statements That Constitute Improper Opinion, Hearsay, and Speculation and Are Not Based On Personal Knowledge.**</u>

Many of the statements contained in the video are improper for a variety of additional reasons. "Kyle", for example, states that Mr. Muse's "Tourette's has gotten worse." "Kyle", however, is not a doctor or a psychologist but is instead a

friend whom Mr. Muse met while in "recovery" more than a decade ago. "Kyle" lacks expertise to determine whether Plaintiff's condition has worsened. This statement, even if elicited from a properly identified witness testifying under oath at trial, constitutes improper opinion under Fed. R. Evid. 701.

Some of the statements made by "Kyle" and Mr. Muse's son appear to have no basis in personal knowledge and therefore should be excluded under Rule 602. Kyle, for example, states that "Mr. Muse stays clean," but there is no evidence to indicate that "Kyle" has administered drug tests or has other means of knowing that this is true. Similarly, Mr. Muse's son states that Mr. Muse can make good money sometimes but there is no indication that he has personal knowledge of Mr. Muse's earnings.

### III.  CONCLUSION

For the foregoing reasons, Defendant seeks an order excluding the Day in the Life Video from introduction in evidence.

DATED: Honolulu, Hawaii, October 3, 2006.

                                        TORKILDSON, KATZ, FONSECA,
                                      MOORE & HETHERINGTON,
                                      Attorneys at Law, A Law Corporation

                                      /s/ Jeffrey S. Harris
                                      JEFFREY S. HARRIS
                                      HEATHER M. RICKENBRODE
                                      Attorneys for Defendant
                                      HOME DEPOT USA, INC.