IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>             Plaintiff,<br><br>    v.<br><br>HOME DEPOT USA, INC.,<br><br>             Defendant. | NO. CV04-00154 DAE/BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.    INTRODUCTION**

Plaintiff has identified as exhibit 28 an "Eligibility Confirmation letter from the Social Security Administration" which we assume is the document dated September 8, 2006 that was attached as exhibit 5 to Plaintiff's Motion for Summary Judgment (attached hereto as Exh. A).  Defendant seeks an order excluding the September 8, 2006 document from evidence on the grounds that it was not timely produced in discovery (see Defendant's Fifth Motion in Limine), that it cannot be properly authenticated, that it is barred by the hearsay rule, that it is not relevant to any matter at issue in this action and that it is inadmissible specialized opinion from a lay witness.  Fed. R. Evid. 401, 403, 701, 702, 802, 901.

631350.V1

## II. DISCUSSION

### A. The September 8, 2006 Document Cannot Be Properly Authenticated.

This document appears to be a letter supposedly issued by an "Office Manager" at the Social Security Administration. Plaintiff has not identified anyone who can testify that the document is in fact a letter from the Social Security Administration as would be required by Fed. R. Evid. 901. Rule 902 provides that extrinsic evidence of authenticity is not required for domestic public documents under seal but the requirements of 902 are not satisfied here because the document is not under seal as is required by 902(1) and it does not bear the signature in the official capacity of an officer or employee or any certification that the signer has the official capacity and that the signature is genuine as required by 902(2).

### B. This Document Is Not Relevant.

Presumably Plaintiff intends to offer this exhibit in support of his position that he is disabled. It has long been established, however, that the determination of whether someone is disabled for purposes of collecting social security benefits does not involve the same analysis as the determination of whether someone is disabled under the ADA. Johnson v. Oregon, 141 F.3d 1361, 1366-67(9th Cir. 1998). The Ninth Circuit has explained:

> . . . The distinct purposes of the ADA, Social Security, and disability insurance inform the different definitions of disability employed. Ms. Johnson's case provides an

illustration of the results of two different definitions of disability: while Standard found she was disabled and entitled to long-term disability benefits, the SSA found she was not disabled and therefore not entitled to benefits.  <u>The ADA requires a highly fact-specific analysis of whether a particular, disabled individual can perform a certain job with (or without) reasonable accommodation</u>.

In contrast, the SSA, <u>through a generalized assessment, determines whether an individual is disabled and unable to work</u>.  The Social Security Act entitles an individual to disability benefits if:

\*   \*   \*

. . . The Social Security Act does not take into account an individual's ability to work with accommodation.  *See Swanks*, 116 F.3d at 585 (reviewing federal regulations).  Thus, where "a claimant had no accommodation in his or her past work, a Social Security Administration determination that the claimant cannot do past work says nothing about the claimant's ability to perform his or her former job with reasonable accommodation." *Id*.  <u>This has led the SSA to conclude: "The ADA and the disability provision of the Social Security Act have different purposes, and have no direct application to one another."</u> *Id*. at 586 (quoting Daniel L. Skoler, Assoc. Comm'r, Soc. Sec. Admin., Disabilities Act Info. Mem. at 3 (June 2, 1993) (No. SG3P2)).

<u>Johnson</u>, 141 F.3d at 1366-67 (emphasis added).

Not only are the definitions of disability different, but the Federal Rules of Evidence do not apply in Social Security administrative proceedings.  <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1218 N. 4 (9th Cir. 2005) ("The Federal Rules of Evidence do not apply to the admission of evidence in Social Security

administrative proceedings."). Thus, any disability documentation might be based on inadmissible evidence.

Given the different standards that apply for determining whether someone is disabled under the ADA and for determining whether someone is disabled for purposes of assessing entitlement to social security benefits, the September 8, 2006 document is irrelevant.

Moreover, the September 8, 2006 document states only that Plaintiff is "entitled to monthly disability benefits". It does not state the basis for the alleged entitlement. The document does not state that SSA made a determination that Plaintiff suffers from Tourette's Syndrome or that this condition renders Plaintiff disabled for purposes of assessing his entitlement to benefits. It is certainly possible that Plaintiff suffers from some condition other than Tourette's Syndrome that forms the basis for the alleged entitlement to disability benefits.

The September 8, 2006 document was not timely produced and Defendant therefore has not had any opportunity to conduct discovery into the basis for any alleged determination by Social Security Administration that Plaintiff is disabled. Importantly, individuals are ineligible to receive social security disability benefits if they are engaged in "substantial gainful activity". 20 C.F.R. §404.1571. See also 20 C.F.R. §404.1572 (defining substantial gainful activity). Plaintiff's own testimony in which he states that he is self-employed and the Video of the Day in

the Life Of Jon Muse (identified as exhibit 30 and objected to in Defendant's Ninth Motion in Limine) which depicts Mr. Muse working and contains statements by his son that he "makes good money," certainly does not support any determination of disability by the Social Security Administration.

C. **The Document Contains Inadmissible Opinion By a Lay Witness.**

The Ninth Circuit has explained the difference between testimony that may be elicited from a lay witness and testimony that can only be elicited from an expert:

> Lay witness testimony is governed by Rule 701, which limits opinions to those "rationally based on the perception of the witness." Rule 702, on the other hand, governs admission of *expert* opinion testimony concerning "*specialized* knowledge." The testimony in this case is precisely the type of "specialized knowledge" governed by Rule 702. A holding to the contrary would encourage the Government to offer all kinds of specialized opinions without pausing first properly to establish the required qualifications of their witnesses. The mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702. Otherwise, a layperson witnessing the removal of a bullet from a heart during an autopsy could opine as to the cause of the decedent's death.

United States v. Figueroa-Lopez, 125 F.3d 1241, 1246 (9th Cir. 1997), cert. denied 523 U. S. 1131 (1998). To the extent that the letter from the Social Security Administration is being offered as evidence that Plaintiff is disabled, there is no indication that the author of the letter is qualified as an expert.

-5-

### D. The Letter Is Hearsay.

The author of the letter is not listed as a witness. The letter itself constitutes an out of court statement that Plaintiff apparently intends to offer for the truth of the matters stated therein. The letter is therefore inadmissible hearsay.

## III. CONCLUSION

For the foregoing reasons, Defendant requests that the Court issue an order precluding introduction in evidence of the September 8, 2006 document purportedly from the Social Security Administration.

DATED: Honolulu, Hawaii, October 3, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
> /s/ Jeffrey S. Harris
> JEFFREY S. HARRIS
> HEATHER M. RICKENBRODE
> Attorneys for Defendant
> HOME DEPOT USA, INC.