IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　　　Defendant. | NO. CV04-00154 DAE/BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

　　Plaintiff has identified as Exhibit 32 a Confidential Settlement Agreement and Release entered into between Bank of Hawaii and Jon Muse in connection with <u>Muse v. Bank of Hawaii</u>, CV No. 04-00156 DAE-BMK ("BOH Settlement") which previously had been consolidated with the instant matter for limited purposes. (A copy of the BOH Settlement is attached under seal as Exhibit 10 to Plaintiff's Motion for Partial Summary Judgment, filed September 18, 2006).

　　Defendant Home Depot seeks an order excluding the BOH Settlement from evidence in the instant action. The BOH Settlement is inadmissible under Rule 408. The Ninth Circuit has explained:

> Two principles underlie Rule 408: (1) "the evidence [of compromise] is irrelevant, since the offer may be motivated by desire for peace rather than from any concession of weakness of position;" (2) [a] more

-2-

consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes.

Hudspeth v. Commissioner of Internal Revenue Service, 914 F.2d 1207, 1213-14 (9th Cir. 1990).

The BOH Settlement is inadmissible because it is irrelevant. The circumstances of Plaintiff's dealings with BOH are different from his dealings with Home Depot and any modification or accommodation reached with BOH is not applicable to Home Depot.

DATED: Honolulu, Hawaii, October 3, 2006.

>TORKILDSON, KATZ, FONSECA,
>MOORE & HETHERINGTON,
>Attorneys at Law, A Law Corporation
>
>/s/ Jeffrey S. Harris
>JEFFREY S. HARRIS
>HEATHER M. RICKENBRODE
>Attorneys for Defendant
>HOME DEPOT USA, INC.

631370.V1