IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

**CERTIFIED COPY**

JON MUSE,              )
                       )
        Plaintiff,     )
                       )
   vs.                 )  Civil No. 04-00154 DAE/BMK
                       )  (Civil Rights Violation)
HOME DEPOT USA, INC.,  )
                       )
        Defendant.     )
_____)

DEPOSITION OF HOME DEPOT USA, INC.

THROUGH ITS REPRESENTATIVE EMORY L. COOPER

ORANGE, CALIFORNIA

JUNE 6, 2006

ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com

REPORTED BY:  LISA O'SULLIVAN, CSR NO. 7822

FILE NO.:  A003F61

EXHIBIT 11

1

1  that comes onto our premises with respect, and that's a
2  requirement within the organization.
3       Q    Is there a written version of this policy?
4       A    Of our respect policy, sir?  Yes, sir.
5       Q    No, of the policy with regard to accommodating
6  customers with disabilities.
7       A    No, sir.
8       Q    Have you reviewed any e-mails or memos regarding
9  any policy regarding accommodating customers with
10 disabilities?
11      A    No, sir, not that I recall.
12      Q    Has this lawsuit, to your knowledge, resulted in
13 any change or implementation of any policy for Home Depot
14 for the accommodation of customers with disabilities?
15      A    No, sir, not that I'm aware of.
16      Q    Are there any written policies regarding
17 accommodating customers with disabilities on a local level
18 in Hawaii?
19      A    Not that I'm aware of, sir.  I think it's the same
20 policy in Hawaii as it is throughout the organization.
21      Q    So would it be fair to say that Hawaii doesn't have
22 a written policy specifically as to the accommodation of
23 customers with disabilities?
24      A    The only policy that Hawaii should be operating
25 under is the same policy that we have throughout the

43

1  organization, and that's primarily found in our respect
2  policy on how we treat customers and associates and our
3  vendors when they come into our workplace.
4      Q   Is anyone responsible for applying your respect
5  policy specifically in order to ensure that customers with
6  disabilities are accommodated?
7          MR. HARRIS:  Objection, vague and confusing.
8          THE WITNESS:  Sir, I'm not sure I understand your
9  question.  Could you repeat it?
10         MR. SHERMAN:  Certainly.  If we could have the
11 court reporter read the question back.
12              (Record is read.)
13         MR. HARRIS:  Objection, vague and confusing.
14 Assumes facts not in evidence.
15         THE WITNESS:  Sir, in ensuring that our respect
16 policy is being carried out within the organization, every
17 manager within a Home Depot organization or a Home Depot
18 store, any assistant manager, human resource manager, as
19 well as all associates, are charged with the responsibility
20 of maintaining respect in our workplace as it relates to
21 associates, vendors, customers, and anyone that comes onto
22 our premises.
23      Q   BY MR. SHERMAN:  Is there anyone who's responsible
24 for national corporate policy, to implement a policy
25 regarding accommodating customers with disabilities

1  specifically?
2          MR. HARRIS: Objection, assumes facts not in
3  evidence. Misstates the prior testimony.
4      Q   BY MR. SHERMAN: You may answer, sir.
5          MR. HARRIS: Objection. There's been no testimony
6  as to any such specific policy.
7      Q   BY MR. SHERMAN: Mr. Cooper, you may answer.
8      A   I think I've said before, we don't have a national
9  corporate policy on addressing disabilities of customers.
10     Q   What do you know about the Americans with
11 Disabilities Act, Mr. Cooper?
12         MR. HARRIS: Objection, outside the scope of the
13 deposition. Specifically covered by a prior magistrate
14 judge's order. Harassing.
15     Q   BY MR. SHERMAN: Mr. Cooper, you can answer.
16     A   Could you repeat the question?
17     Q   Certainly. What do you know about the Americans
18 with Disabilities Act, Mr. Cooper?
19         MR. HARRIS: Same objection, outside the scope of
20 the deposition. Harassing. Violates the court's order and
21 the parties' agreement.
22         THE WITNESS: Could I have a moment with my
23 counsel?
24     Q   BY MR. SHERMAN: I'd like to ask you if you could
25 try to answer the question without consulting with

1  with.  That's just a part of our day-to-day customer

2  service.

3             MR. HARRIS:  The witness has asked me several times

4  for lunch.  It's 1:15.  Would you please reach an

5  appropriate time in your questioning for a break?  And he

6  says he needs to go to the restroom.

7             MR. SHERMAN:  Well, I think we'll try and

8  accommodate him.  One last question, though.

9        Q    So how do you assist someone with a disability at a

10 Home Depot, a customer with a disability, so that it's

11 consistent with the national policy?  How would you do that

12 on a local level in Hawaii?

13            MR. HARRIS:  Objection, vague and confusing.

14 Outside the scope of the notice of taking deposition.

15 Harassing.

16            THE WITNESS:  Could you repeat the question,

17 please?

18            MR. SHERMAN:  If I could ask the court reporter to

19 kindly repeat the question.

20            (Record is read.)

21            MR. HARRIS:  Same objection, outside the scope of

22 the deposition notice.  Harassing.  Vague and confusing.

23            THE WITNESS:  Sir, could I ask for a clarification

24 on which national policy we're referring to?

25            MR. SHERMAN:  The national policy referring to

1  accommodating customers with disabilities.
2       MR. HARRIS: Objection, assumes facts not in
3  evidence.
4       THE WITNESS: Sir, I think I've said before, we
5  don't have a national policy on disabilities with customers.
6       MR. SHERMAN: Okay, let's take a break now. But
7  because we're on sort of a tight schedule with respect to
8  the time zone, if we could make this a quick lunch and set a
9  time certain for us to begin again.
10      MR. HARRIS: 45 minutes, so we're starting back at
11 2:00 our time.
12      MR. SHERMAN: So we start at 2:00 your time, 11:00
13 our time; is that correct?
14      MR. HARRIS: What time do you have?
15      MR. SHERMAN: I've got approximately 1:15, 1:16.
16      MR. HARRIS: Okay, we'll be back at 2:00 our time,
17 which will be 11:00 your time.
18      MR. SHERMAN: Okay.
19      MR. HARRIS: Thanks.
20          (Lunch recess taken.)
21      MR. SHERMAN: All right, back on the record.
22   Q  Mr. Cooper, you're still under oath. Do you
23 understand that?
24   A  Yes.
25   Q  What exactly are the -- what is your job

1  notice. Speculative. Vague and confusing.
2  This witness has not been designated to testify
3  with respect to the application of the company's policies to
4  anyone other than a person with a disability such as
5  plaintiff's alleged disability.
6  THE WITNESS: Sir, I have no idea.
7  Q   BY MR. SHERMAN: Based on your earlier testimony,
8  you assume, don't you, that persons with disabilities do
9  shop at Home Depots?
10  MR. HARRIS: Objection, misstates prior testimony.
11  Outside the scope of the deposition notice and the rule.
12  Harassing.
13  THE WITNESS: Could you repeat the question?
14  MR. SHERMAN: If I could ask the court reporter to
15  kindly repeat the question.
16  (Record is read.)
17  MR. HARRIS: Same objection.
18  THE WITNESS: I'm assuming that some do.
19  Q   BY MR. SHERMAN: But you have no specific program
20  or policy to provide guidance to the associates as to how to
21  handle specific situations for accommodating persons with
22  disabilities while they're shopping at Home Depot?
23  MR. HARRIS: Objection. This witness has been
24  designated to testify as to the application of policies to
25  individuals with disabilities such as plaintiff's alleged

83

```
 1                THE WITNESS:  Could you repeat the question,
 2    please?
 3                MR. SHERMAN:  If I could ask the court reporter to
 4    repeat the question, please.
 5                (Record is read.)
 6                MR. HARRIS:  Same objection.
 7                THE WITNESS:  No.
 8         Q      BY MR. SHERMAN:  Okay, are you familiar with the
 9    Pro Plan at Home Depot?
10         A      Which plan, sir?
11         Q      Pro, or Professional Plan.
12         A      Is it known by something other than the
13    Professional Plan?
14         Q      It's a plan whereby Home Depot provides special
15    services for contractors, professional builders.  It's
16    described in the materials that Mr. Harris provided us.
17         A      It's called Pro Sales.  Yes, I'm familiar with it
18    as Pro Sales.  I never heard it referred to as Professional
19    Plan.
20         Q      Okay, and are you aware that the description of the
21    Pro Sales states that a contractor can call up in advance
22    and be met by an associate who will help him with his
23    shopping needs?
24                MR. HARRIS:  Objection, outside the scope of the
```