IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>             Plaintiff,<br><br>        v.<br><br>HOME DEPOT USA, INC.,<br><br>             Defendant. | NO. CV04-00154 DAE/BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.     PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE STRICKEN BECAUSE IT WAS FILED AFTER THE DEADLINE, AND BECAUSE IT ATTEMPTS TO INTRODUCE NEW EVIDENCE**

Plaintiff JON MUSE ("Plaintiff") filed his Reply Memorandum in Support of Motion for Summary Judgment on October 9, 2006.  Defendant filed its Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment and Reply Memorandum in Support of Motion for Summary Judgment on September 28, 2006.  According to Local Rule 7.9,

> A party's opposition to the counter motion must be combined into one document with that party's reply in support of the original motion and may not exceed the page limit for a reply absent leave of court.  <u>The Movant on a counter motion shall have three (3) days after receipt of opposition within which to file and serve a reply</u>.

LR7.9.  This means that Plaintiff's Reply Memorandum was due on October 3,

631858.V1

2006. Even if the Court were to apply Local Rule 7.4 to determine the deadline for Plaintiff's Reply Memorandum, the latest Plaintiff could have filed it was October 5, 2006. It was not filed until October 9, 2006, and should therefore be stricken. LR11.1 ("Failure of counsel or of a party to comply with any provisions of these rules is a ground for imposition of sanctions.").[1]

Not only is Plaintiff's Reply Memorandum untimely, it also relies on assumed facts that are not in evidence and on attorney speculation.

According to Local Rule 7.4, "[a] reply must respond only to arguments raised in the opposition. Any arguments raised for the first time in the reply shall be disregarded." LR7.4. Plaintiff's attempt to introduce the deposition testimony of Emory Cooper regarding Home Depot's national policies is non-responsive to Defendant's argument that Plaintiff failed to request an accommodation, and should be disregarded.

---

[1] More generally, Plaintiff's attempt to circumvent the Rule 16 Scheduling Order by filing a Motion for Partial Summary Judgment along with his Memorandum in Opposition to Plaintiff's Motion should be disregarded. The dispositive motion deadline in this matter was November 30, 2005, and Rule 16 is not trumped by Local Rule 7.9. United States ex rel. IBM v. Hartford Fire Ins. Co., 112 F. Supp. 2d 1023, 1029 (D. Haw. 2000); see Doe v. Haw. Dep't of Educ., 351 F. Supp. 2d 998, 1007 (D. Haw. 2004); Makin v. Hawaii, 114 F. Supp. 2d 1017, 1029 (D. Haw. 1999) (Ezra, J). Defendant has the only summary judgment motion properly before the Court, as the hearing on it was continued by the Court in order for Plaintiff to complete discovery (which was not done until after the discovery cutoff). See Order Granting Plaintiff's Motion to Continue Hearing on Defendant's Motion for Summary Judgment, filed February 28, 2006.

Moreover, it is improper for Plaintiff to submit new evidence in his reply without affording Defendant the opportunity to respond. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996). Indeed, it is established that "where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." Id. (citing Black v. TIC Inv. Corp., 900 F.2d 112, 116 (7th Cir. 1990). In light of this, it is appropriate for Plaintiff's Reply Memorandum to be stricken.

**II.   IF THE COURT DOES NOT STRIKE PLAINTIFF'S REPLY MEMORANDUM, IT SHOULD GRANT DEFENDANT'S REQUEST FOR LEAVE TO ADDRESS FACTUAL MATTERS RAISED FOR THE FIRST TIME IN PLAINTIFF'S REPLY MEMORANDUM**

Even if the Court does not strike Plaintiff's Reply Memorandum, the United States Court of Appeals for the Ninth Circuit's decision in Provenz mandates that Defendant be given the opportunity to respond to the new factual matters raised for the first time in Plaintiff's Reply Memorandum. Id.

First, Plaintiff's Reply Memorandum erroneously asserts that he had no duty to seek a modification because Emory Cooper, Home Depot's Rule 30(b)(6) deponent, testified that Home Depot had no national policy regarding the disabled. Such a claim mischaracterizes Mr. Cooper's testimony, which actually establishes that Plaintiff's situation was covered by company policies regarding excellent customer service and respect. See Decl. of Counsel ¶ 2; Exh. A (Cooper Tr. at

42:14-43:04; 43:16-44:22; 73:22-75:02; 102:14-103:02).  Indeed, Home Depot has policies addressing the disabled, including policies that disallow discrimination or harassment of associates, customers, or vendors on the basis of disability.  See Decl. of Counsel ¶ 3; Exh. B.

Second, Plaintiff's memorandum cites, but does not attach, Plaintiff's October 12, 2005 deposition transcript to assert that Defendant acted in extreme bad faith by relying on Plaintiff's Response to Defendant Home Depot USA, Inc.'s Third Request for Answers to Interrogatories, No. 1, which Plaintiff served on June 23, 2006.  This interrogatory response, which is attached as Exhibit 1 to Defendant's Separate and Concise Statement of Facts in Opposition to Plaintiff's 9/18/2006 Motion for Partial Summary Judgment, limited Plaintiff's disability claim to the major life activity of communication.  See Decl. of Counsel ¶ 4.  Defendant's reliance on Plaintiff's verified discovery response is not in bad faith where it was given <u>more than eight months</u> after Plaintiff's deposition, and preceded the taking of six depositions, including those of Plaintiff's experts.  See Decl. of Counsel ¶ 5.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Strike Plaintiff's Reply Memorandum or, in the alternative,

grant its request for leave to address factual matters raised for the first time in Plaintiff's Reply Memorandum.

    DATED: Honolulu, Hawaii, October 10, 2006.

>TORKILDSON, KATZ, FONSECA,
>MOORE & HETHERINGTON,
>Attorneys at Law, A Law Corporation
>
>/s/ Jeffrey S. Harris
>JEFFREY S. HARRIS
>HEATHER M. RICKENBRODE
>Attorneys for Defendant
>HOME DEPOT USA, INC.