IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF STANLEY E. |
| vs. | ) | LEVIN |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DECLARATION OF STANLEY E. LEVIN

I, STANLEY E. LEVIN, declare as follows:

1. I am one of the named attorneys in the above captioned case and make the following declarations in response to Home Depot's Motion to Strike Plaintiff's Reply Brief for untimeliness, or to submit additional briefs in opposition to purportedly new factual matters raised in the Reply.

2. In reviewing the local rules, including Local Rule 7.9, Plaintiff's counsel admits that a reply should have been filed earlier. However, there is no doubt that this was a harmless error.

3. Home Depot's purported surprise of "new" facts of the assertion that Home Depot has no policy related to customers with disabilities indicates that it failed to read Plaintiff's Concise Statement. In response to Defendant's Concise Statement

of Fact No. 1, Plaintiff responded, in part, "Defendant has no policies for the treatment of persons with disabilities.  See Exhibit 9 (42:14-25, 43:1-11, 45:8-9)." Exhibit 9 is portions of Emory Cooper's deposition transcript.  The additional pages of the transcript attached to the Reply Memorandum merely buttress the testimony attached to the original concise statement.  The additional pages are unnecessary to Plaintiff's argument, and were provided to show just how baseless Home Depot's arguments are, as the policies upon which Home Depot rely clearly apply to employees, not customers, as Mr. Cooper confirmed.

I declare under penalty of perjury that the above is true and correct.

Executed on the 11th day of October, 2006.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN