OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawai'i 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN     5996
ATTORNEY AT LAW
A Law Corporation
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY     5546
E-mail: FeeneyatLaw@cs.com
1164 Bishop Street, Suite 124
Honolulu, Hawai'i 96813
Tel: (808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff
JON MUSE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S PROPOSED |
| vs. | ) | FINDINGS OF FACT; |
| | ) | CONCLUSIONS OF LAW AND |
| HOME DEPOT USA, INC. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | TRIAL DATE: January 17, 2007 |
| | ) | TIME:         9:00 a.m. |
| _____ | ) | JUDGE:        Hon. David A. Ezra |

PLAINTIFF'S PROPOSED FINDINGS OF FACT

Plaintiff has a neurological impairment known as Tourette Syndrome.

1. Plaintiff's Tourette Syndrome renders certain vocal utterances, known as coprolalia, and physical movements, known as copropraxia, uncontrollable.

2. Plaintiff's Tourette Syndrome, coprolalia, and copropraxia adversely affect his ability to speak, communicate, and interact with others.

3. Plaintiff's involuntary use of profanities is not directed at anyone and is unintentional.

4. Plaintiff has been found to be entitled to monthly social security Supplemental Security Income ("SSI") disability benefits.

5. The ability to speak, communicate, interact with others, and work are "major life activities" as set forth in Title III of the Americans with Disabilities Act ["ADA"].

6. Plaintiff's Tourette Syndrome is an impairment that substantially affects his major life activities of speaking, communicating, and interacting with others, in comparison to most people.

7. Plaintiff's Tourette Syndrome qualifies him as "disabled" within the meaning of Title III of the ADA.

8. Plaintiff is physically disabled for the purposes of seeking recovery pursuant to H.R.S. § 347-13.

9. Plaintiff's disability entitles him to protection pursuant to H.R.S. § 489-3.

10. Defendant considers Plaintiff to be a person with a disability as defined by Title III of the ADA.

11. Plaintiff requests the opportunity to shop at Home Depot stores solely on Oahu.

12. During the incidents in question, Plaintiff made Defendant aware that he was using profane language as a result of his impairment and explained that he did not mean to offend anyone but that he could not stop his utterances while attempting to shop at Home Depot and, as such, sufficiently requested a modification of Home Depot's policies to allow him to shop there.

13. Defendant denied Plaintiff full and equal enjoyment of its services, privileges, and advantages of a place of public accommodation (Home Depot) on the basis of Plaintiff's disability.

14. The following accommodation reasonably will allow Plaintiff to shop at Defendant's retail locations on Oahu:

a) Defendant shall educate its staff generally about Tourette Syndrome, and that certain customers may appear in their stores from time to time with such an impairment;

b) Defendant shall educate specifically one or more staff in each of its stores on Oahu as to Plaintiff's manifestations of Tourette Syndrome;

c) Plaintiff shall give at least eighteen (18) hours notice to a Home Depot store on Oahu, and shall ask Defendant the name of the person to whom he should report upon arrival to the store, and to whom he shall report for check out or other services offered by Home Depot;

d) Plaintiff, while in Home Depot, will refrain from engaging in conversation with other employees of Home Depot;

e) If Defendant deems necessary, it may provide Plaintiff with an attendant whose role shall be limited to answering any questions that Plaintiff may have; preventing any misunderstandings with other customers of Home Depot with whom Plaintiff may encounter; and opening a cash register line for Plaintiff's purchases only, thus avoiding a line of customers behind Plaintiff.

f) To the extent possible, Plaintiff shall schedule his visits to Home Depot on days and at times during normal business hours that are less busy than other such days and times, though not necessarily the least busiest times.

15. Defendant's provision of goods and services requires no fundamental alteration to services for Plaintiff during the short time and the few days that he would be shopping in Defendant's stores.

16. Plaintiff is entitled to statutory damages.

17. Plaintiff has suffered intentionally inflicted emotional distress from Defendant arising from its willful and unlawful exclusion of Mr. Muse from Defendant's stores. Plaintiff is claiming $50,000.00 for the intentional emotional distress by Defendant to Plaintiff.

18. Plaintiff is the prevailing party in this litigation and is entitled to reasonably attorneys' fees and costs, which shall be determined upon the submittal of affidavits by Plaintiff's counsel, after review and comment by Defendant.

## CONCLUSIONS OF LAW

1. This case involves the interpretation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et. seq.* ("ADA"), which prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" offered by a place of public accommodation. 42 U.S.C. § 12132(a) *et. seq.;* 28 C.F.R. § 36.201(a).

2. The Supreme Court has articulated a three-step inquiry for determining whether an impairment substantially limits a major life activity so as to constitute a disability under the ADA. *See Bragdon v. Abbott,* 524 U.S. 624, 631 (1998). First, the Court must ascertain whether Plaintiff has a physical or mental "impairment." Next, the Court must identify whether any "major life activities" are impacted by that impairment.

      3. The Court must determine whether the impairment "substantially limits" any major life activity. *Id.*

      4. There are three general categories of persons who are protected under Title III of the ADA:

    a. Individuals who have a physical or mental impairment that substantially limits one or more major life activities;

    b. Individuals who have a record of a physical or mental impairment that substantially limits one or more of the individuals major life activities; and

    c. Individuals who are regarded as having such an impairment whether impaired or not.

See 42 U.S.C. § 12102(2); 28 C.F.R. § 36.104.

      5. Additionally, under the Federal Regulations, an impairment is defined as a physiological condition affecting the neurological body system. See 28 C.F.R. § 36.104.

      6. Plaintiff meets all three of the above requirements for establishing a disability: (1) Plaintiff's own testimony, and the testimony, medical records, and reports from Drs. Sheehan and Zinner establish that his impairment substantially limits more than one major life activity – speech, communication, and interacting with others; (2) as observed by both Plaintiff's expert Dr. Zinner and Plaintiff's treating psychologist, Dr. William Sheehan, as well as established by the Social Security Administration, Plaintiff is disabled sufficiently for protection by Title III

of the ADA; and (3) Home Depot considers Plaintiff's impairment so severe as to consider him unfit to shop in its, and thus in any company's, retail locations, thus naming his disability one for protection under Title III of the ADA.

7.  A person is considered an individual with a disability ... when the individual's important life activities are restricted as to the conditions, manner, or duration under which they can be performed **in comparison to most people.**" 28 C.F.R. Part 36, App. B. § 36.104 [emphasis added].

8.  The phrase "physical or mental impairment" includes any "physiological disorder or condition" that affects the neurological system or "any mental or psychological disorder such as ... emotional or mental illness."  28 C.F.R. § 36.104.

9.  Under ADA Title II, a Tourette Syndrome sufferer with coprolalia affects a major life activity of interacting with others.

10.  Major life activities are not limited to "those aspects of a person's life which have a public, economic, or daily character."

11.  Interacting and communicating with others are major life activities.  *See* 29 C.F.R. § 1630.2(i); *Head,* 413 F.3rd at 1060 *citing McAlindin v. County of San Diego,* 192 F.3d 1226, 1230 (9th Cir. 1999) *cert. denied* 120 S.Ct. 2689 (2000) ("because interacting with others is an essential, regular function, like walking and breathing, it easily falls within the definition of 'major life activity.'").  In addition,

the Equal Employment Opportunity Commission's <u>Enforcement Guidance on the Americans with Disabilities Act and Psychiatric Disabilities</u> (March 25, 1997) lists "interacting with others" as a major life activity.

12. Defendant Home Depot is a covered entity as a place of public accommodation under Title III of the ADA. See 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104.

13. Title III requires that a public accommodation may not discriminate against an individual with a disability and the operation of a place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.

14. Individuals with disabilities may not be denied the ***full and equal enjoyment*** of the goods, services, facilities, privileges, advantages or accommodations offered by the public accommodation. 28 C.F.R. § 36.201(a).

15. Although businesses covered by Title III of the ADA are not required to make accommodations that would result in fundamental alterations of goods and services provided by the entity, it is the burden of the covered entity to demonstrate such fundamental alteration. *See Johnson v. Gambrinas Co./Spoetzl Brewery*, 116 F.3d 1052 (5th Cir. 1997).

16. A public accommodation with an entity such as Home Depot must make reasonable modifications to policies, practices and procedures that are necessary to provide goods and services to a person with a disability unless such

modification would fundamentally alter the nature of the goods and services provided. 42 U.S.C. § 12182(b)(2)(A).

17. Once Defendant was put on notice of Plaintiff's disability, it was required under Title III of the ADA to reconsider its position that Plaintiff must leave the Home Depot store unless he could control his language. 42 U.S.C. § 12101, *et. seq*.

DATED: Honolulu, Hawai'i, December 4, 2006.

/S/ STANLEY E. LEVIN

_____
BRUCE F. SHERMAN
STANLEY E. LEVIN
THOMAS F. FEENEY

Attorneys for Plaintiff
JON MUSE