OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN    5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY    5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel: (808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | CIVIL NO. 04-00154 DAE/BMK |
| | (Civil Rights Violation) |
| Plaintiff, | PLAINTIFF'S MEMORANDUM IN |
| | OPPOSITION TO DEFENDANT |
| vs. | HOME DEPOT USA, INC.'S |
| | SECOND (2ND) MOTION IN |
| HOME DEPOT USA, INC., | LIMINE (RESTRAINING |
| | PLAINTIFF JON MUSE FROM |
| Defendant. | ATTEMPTING TO INTRODUCE |
| | EVIDENCE, TESTIMONY, |
| | ARGUMENT, AND COMMENT |
| | CONCERNING THE OPINIONS OF |
| | SAMUEL H. ZINNER, M.D.) AND |
| | CERTIFICATE OF SERVICE |
| | |
| | TRIAL WEEK: January 17, 2007 |
| _____ | JUDGE: David A. Ezra |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT HOME DEPOT USA, INC.'S SECOND (2ND) MOTION IN LIMINE (RESTRAINING PLAINTIFF JON MUSE FROM ATTEMPTING TO INTRODUCE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE OPINIONS OF SAMUEL H. ZINNER, M.D.)

## I.   INTRODUCTION

By this Motion in Limine, Defendant appears to seek an order from this Court that: (1) bars any testimony or reference to Plaintiff's expert, Samuel H. Zinner, M.D. (Dr. Zinner); or (2) renders Dr. Zinner's previous testimony as wrong, flawed, and misguided. Defendant's efforts must be rejected.

## II.   DR. ZINNER'S TESTIMONY IS RELEVANT

Citing *Daubert*, the Defendant seeks to invoke the doctrine of relevance in a desperate and ill-conceived effort to stop Dr. Zinner from testifying. The standard is: will the testimony of the witness "assist the trier of fact to understand the evidence or determine a fact in issue." *See* e.g. *U.S. v. Fox, 2005* WL23421 (9th Cir. 2005) (applying the plain error rule to review of decisions by the district courts about expert witnesses).

This is a simple case but it does have some complex aspects. That is, as long as the Defendant continues in its effort to not stipulate that Plaintiff suffers from Tourette Syndrome with manifestations of coprolalia and copropraxia, then the testimony of a nationally respected expert in the Tourette Syndrome field is essential to the Court's proper understanding of Tourette Syndrome. In light of the

Court's statements at the hearing on Defendant's Motion to Dismiss, where the Court questioned such things as the loudness of Plaintiff's utterances, and whether they are voluntary, Dr. Zinner's testimony after examining Plaintiff are crucial to any understanding of Plaintiff's case. To answer such questions as: What is coprolalia or copropraxia? Is it voluntary? These are essential questions that the Plaintiff needs to address in establishing its *prima facie* case under Title III. It is essential to understand this affliction, and thus, to understand Plaintiff's needs under Title III that Dr. Zinner be allowed to testify.

### III.  DR. ZINNER'S TESTIMONY IS RELIABLE

Dr. Zinner will testify that he used the standard battery of tests and that this is one factor in the well-established method of determining whether a person has the Tourette condition. All that is required of the Court as the gatekeeper under *Daubert* is to determine if Dr. Zinner reached his opinions based on well-accepted or researched methods used in the profession of medicine to diagnose patients. This will all be presented to the Court in the usual manner and in the normal course.

### IV.  OTHER DEFENSE COMPLAINTS ABOUT DR. ZINNER

Defendant raises other more strained and inappropriate concerns about Dr. Zinner's opinions. For instance, Defendant takes great umbrage at the metaphor of Dr. Zinner that Tourette Syndrome is due to faulty wiring in the brain. This was

Dr. Zinner's helpful metaphor to assist the laymen in the case (the attorneys and the Court) with the difficult job of trying to understand this mysterious condition.

The other complaints do not target the admissibility of Dr. Zinner's testimony but its weight once admitted, for example, the Defendant takes effort and time to attack Dr. Zinner's suggestion that signage will help. If the Defendant would carefully read his deposition, he would discover that this is but one of the suggestions that have worked in other settings for other people. Since the determination of disability is recognized as a very individualistic inquiry, then it follows that the solutions are very individualistic also. So, Dr. Zinner is just alerting the court to one of the many choices for accommodations that have worked in other cases.

## V.   CONCLUSION

Plaintiff does not believe that Defendant Home Depot's motion in limine pursuant to Daubert and Kumbo as to his expert Dr. Samuel Zinner is well taken. Given the fact, however, that this is a bench trial, it may be best that any decision be reserved until the Plaintiff has had the opportunity to qualify his expert, Dr. Samuel Zinner, at trial. Should the court have any concerns regarding Daubert and Kumbo, Plaintiff believes that such concerns can and will be addressed and alleviated by Dr. Zinner's testimony in the form of an offer of proof and the record

will be preserved as to both parties to this litigation. Again, because this is a bench trial, such an approach will not result in an appreciably longer trial.

DATED: Honolulu, Hawaii, December 4, 2006.

/s/ STANLEY E. LEVIN
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff