OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN     5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY     5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, ) | CIVIL NO. 04-00154 DAE/BMK |
| ) | (Civil Rights Violation) |
| Plaintiff, ) | PLAINTIFF'S MEMORANDUM IN |
| ) | RESPONSE TO DEFENDANT |
| vs. ) | HOME DEPOT USA, INC.'S |
| ) | THIRD (3RD) MOTION IN LIMINE |
| HOME DEPOT USA, INC., ) | (EXCLUDING EVIDENCE, |
| ) | TESTIMONY, ARGUMENT AND |
| Defendant. ) | COMMENT ON THE SEPTEMBER |
| ) | 14, 2005 REPORT BY ROBERT C. |
| ) | MARVIT, M.D., EXCEPT TO THE |
| ) | EXTENT THAT IT COMES |
| ) | WITHIN AN EXCEPTION TO THE |
| ) | HEARSAY RULE) AND |
| ) | CERTIFICATE OF SERVICE |
| ) | TRIAL WEEK: January 17, 2007 |
| _____ ) | JUDGE: David A. Ezra |

PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT
HOME DEPOT USA, INC.'S  THIRD (3RD) MOTION IN LIMINE
(EXCLUDING EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT
ON THE SEPTEMBER 14, 2005 REPORT BY ROBERT C.
MARVIT, M.D., EXCEPT TO THE EXTENT THAT IT COMES
<u>WITHIN AN EXCEPTION TO THE HEARSAY RULE)</u>

Strangely, the Defendant, by and through its counsel, has filed a Motion in Limine seeking to exclude testimony, argument, and comment on the September 14, 2005 report by Robert C. Marvit, M.D.  The thrust of this Motion in Limine is that the opinions (and report) of the Defendant's own designated expert are neither reliable and relevant and do not comply with the requirements of F.R.E. Rules 702 and 703 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  Even more strangely, the Defendant asserts in the Motion in Limine that: "[p]laintiff is unable to satisfy his burden of proving that any of Dr. Marvit's opinions are reliable.  Plaintiff cannot show that there are any theories or techniques underpinning Dr. Marvit's opinions, much less that they can be or have been tested.  Plaintiff cannot show that any such theories or techniques have been subjected to peer review and publication, or that there is a known or potential rate of error.  Plaintiff cannot show that any such theories or techniques enjoys [sic] general acceptance in the scientific community, or that a connection exists between any opinion reached by use of such methods and the information that Dr. Marvit obtained about the Plaintiff."  Defendant's Memorandum in Support at p. 3.  In some old fashioned way, Plaintiff's counsel had always assumed that the Defendant's goal was to qualify its own expert witness pursuant to F.R.E. 703.

It is difficult to know where to begin in addressing this extremely odd pleading and the issues it raises as to the conduct of Defendant's counsel. Needless to say, it appears that Dr. Marvit's September 14, 2004 may not have been what Defendant's counsel either expected or wanted. How could Defendant's counsel force the Plaintiff to undergo 6 hours of a F.R.C.P. Rule 35 IME with Dr. Marvit in good faith without vetting Dr. Marvit to determine if he met the requirements of F.R.E. Rules 702 and 703 (*Daubert* standards)? There are a number of other questions, including, but not limited to F.R.C.P. Rule 37 and F. R. C. P. Rule 11 issues.[1]

Plaintiff's own expert prepared a response to the report and the Plaintiff should not be precluded from questioning his own expert regarding favorable issues and factual observations raised in Dr. Marvit's report. The decision of the Defendant to exclude its own expert is not based up the deposition testimony of Dr. Marvit, as his deposition was not taken by the Plaintiff. It must be based upon information known to the Defendant at the time it selected Dr. Marvit. This raises the issue that the Rule 35 IME that the Defendant forced Jon Muse to undergo was primarily for the purpose of harassment and otherwise impermissible questioning (without the presence of Plaintiff's counsel) by the Defendant's alleged expert. It is not known how many times Defendant's counsel or law firm has employed the services of the Dr. Marvit previously, but perhaps an inquiry should be made as to the basis of his selection by Defendant's counsel in this lawsuit.

---

[1] One reason that the Defendant may want to exclude Dr. Marvit's report is that it states at p. 4: **"He has been receiving Social Security disability income for the past three years. He was evaluated by psychologist Tom Green for this benefit. He also gets Medicare health coverage."** This undermines the Defendants claim that it never knew nor should have known of the Plaintiff's receipt of Social Security disability payments based upon his inability to engage in substantial gainful activity, until after the August 25 discovery cutoff date.

The Plaintiff should be able to use Dr. Marvit's report for such purposes as may be proper, but the actions of the Defendant in designating as an expert someone it later claims is not qualified should not be countenanced.

DATED: Honolulu, Hawaii, December 4, 2006.

/s/ STANLEY E. LEVIN
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff