OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN    5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY    5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel: (808) 599-3955/Fax: (808) 599-3944
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S MEMORANDUM IN |
| vs. | ) | OPPOSITION TO DEFENDANT |
| | ) | HOME DEPOT USA, INC.'S FIFTH |
| HOME DEPOT USA, INC., | ) | (5TH) MOTION IN LIMINE |
| | ) | (EXCLUDING EVIDENCE, |
| Defendant. | ) | TESTIMONY, ARGUMENT AND |
| | ) | COMMENT CONCERNING ANY |
| | ) | DOCUMENTS PLAINTIFF FAILED |
| | ) | TO PRODUCE PRIOR TO THE |
| | ) | DISCOVERY DEADLINE) AND |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | TRIAL WEEK: January 17, 2007 |
| _____ | ) | JUDGE: David A. Ezra |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
HOME DEPOT USA, INC.'S FIFTH (5TH) MOTION IN LIMINE
(EXCLUDING EVIDENCE, TESTIMONY, ARGUMENT AND
COMMENT CONCERNING ANY DOCUMENTS PLAINTIFF FAILED
TO PRODUCE PRIOR TO THE DISCOVERY DEADLINE)

**I.    INTRODUCTION**

By this motion, Defendant seeks the exclusion of a potpourri of items all because they allegedly were not produced prior to the discovery deadline. What is most important for this Court to know is that these documents did not come into Plaintiff's custody until after the discovery cutoff and that Plaintiff still disclosed their existence to the Defendant in ample time for Defendant to respond in its opposition to the Plaintiff's Motion for Summary Judgment.

1.    The first item is the Financial Statement of Home Depot dated May 31, 2006. This document was one that was taken off the internet. So, it is clear that Home Depot wanted everyone in the public to know about its finances. This was the subject of many questions in the deposition with Mr. Cooper. Indeed, Mr. Cooper's examination included:

> Q.    By MR. SHERMAN:  Is Home Depot the largest home improvement retailer in the United States?
>
> MR. HARRIS:  Objection, assumes facts not in evidence. Outside the scope of the notice.
>
> THE WITNESS:  Yes.

Q. By MR. SHERMAN: Is it the second largest retailer in the United States?

MR. HARRIS. Same objection, outside the scope of the notice.

THE WITNESS: Yes, sir.

Q. By MR. SHERMAN: In 2005, did Home Depot do about $81.5 billion in sales?

MR. HARRIS: Objection, outside the scope of the notice and designation.

THE WITNESS: I think so.

Q. By MR. SHERMAN: In 2005, did Home Depot realize $5.8 billion in earnings?

MR. HARRIS: Objection, outside the scope of the notice and the rule.

THE WITNESS: No.

Q. By MR. SHERMAN: So if I were to tell you that I was getting these figures from a fiscal 2005 investor fact sheet published by Home Depot on the internet, that figure would be wrong?

MR. HARRIS: Objection, assumes facts not in evidence. Outside the scope of the notice. The attorney is testifying.

THE WITNESS: Sir, I may have misunderstood you. I thought you said that we had $81.5 billion in sales, and I think you said that that equates to $5.8 billion in earnings.

By "earnings" do you mean profit?

Q. By MR. SHERMAN: I'm using it exactly as it's listed here, whatever it means. It says "earnings."

3

MR. HARRIS: Same objection, the attorney is testifying. It's outside the scope of the deposition notice.

THE WITNESS: Sir, I don't know what the term "earnings" means. I have reason to believe that it was probably $5.8 billion in profit.

Q.   BY MR. SHERMAN: So if we use the phrase "$5.8 billion in profit," that would work for you?

MR. HARRIS:  Same objection,

THE WITNESS:  That's reasonable.

Q.   BY MR. SHERMAN:  Okay, and you would agree that that was approximately a 16.7 Percent increase from the profit in 2004?

MR. HARRIS:  Same objection, outside the scope of the notice, way far outside.  Harassing.

THE WITNESS:  Sir, I don't know what the 2004 figures were.

Q.   BY MR. SHERMAN: Are there over 2,000 Home Depot stores in North America?

MR. HARRIS: Outside the scope of the notice, objection. This witness isn't designated as to that fact.

THE WITNESS:  Sir, I believe it's over 1900. I don't have the exact figure.

Emory L. Cooper deposition at p. 90, line 2 to p. 92, line 8.

So, to the extent that Mr. Cooper answered any of these questions and the same information is on the financial statement, then because the deposition of the 30(b)(6) can be used for any purpose, it can be used to authenticate those portions of the financial statement.

2. Eligibility confirmation from the SSA.

This is a simple matter since under the Federal Rules of Evidence, Jon Muse is the addressee. He will authenticate this part of his testimony. See Rule 901(b)(1).

3. The Declaration of Laura Whitman.

This declaration was submitted because it authenticates the video and this of course was for the summary judgment motion. This certainly was not even created until the first or second week of September. See *Orr v. Bank of America, NT & SA*, 3d 764 (9th Cir. 2002).

4. Day in the Life Video

Again, although this was shot in April and May 2006, it was not edited until late August and early September. The video is specifically the subject of Motion in Limine number 9. For purposes of this motion, it suffices to respond to Defendant that it has assumed facts which were not true. That the video was available in early August 2006 is factually incorrect.

5. Confidential Settlement Agreement with Bank of Hawaii.

The Defendant was fully aware of this agreement and knew of its general provisions for the past eighteen months. There was no improper surprise and in fact, the time of its delivery is irrelevant to the Defendant's effort to have it stricken. Defendant knew about this document. In fact, Defendant called Mr.

Marks, the bank's attorney, in an effort to stir up Mr. Marks. Defendant's efforts were successful because the Plaintiff and the Bank negotiated an alternative arrangement that satisfied the Bank's need for confidentiality and Plaintiff's interest in rebutting Defendant's oft-stated and thoroughly incorrect notion that the parties could not agree on a reasonable accommodation.

   DATED: Honolulu, Hawaii, December 4, 2006.

               /s/ STANLEY E. LEVIN
               STANLEY E. LEVIN
               BRUCE F. SHERMAN
               THOMAS F. FEENEY

               Attorneys for Plaintiff