OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN    5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY    5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel: (808) 599-3955/Fax: (808) 599-3944
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | CIVIL NO. 04-00154 DAE/BMK |
| | (Civil Rights Violation) |
| Plaintiff, | PLAINTIFF'S MEMORANDUM IN |
| | OPPOSITION TO DEFENDANT |
| vs. | HOME DEPOT USA, INC.'S |
| | SIXTH (6TH) MOTION IN LIMINE |
| HOME DEPOT USA, INC., | (TO PRECLUDE PLAINTIFF |
| | FROM AMENDING HIS FIRST |
| Defendant. | AMENDED COMPLAINT AND TO |
| | BAR PLAINTIFF FROM |
| | INTRODUCING EVIDENCE OF |
| | ANY THEORY OF LIABILITY |
| | NOT SET FORTH IN THE FIRST |
| | AMENDED COMPLAINT) AND |
| | CERTIFICATE OF SERVICE |
| | |
| | TRIAL WEEK: January 17, 2007 |
| _____ | JUDGE: David A. Ezra |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
HOME DEPOT USA, INC.'S  SIXTH (6TH) MOTION IN LIMINE
(TO PRECLUDE PLAINTIFF FROM AMENDING HIS FIRST
AMENDED COMPLAINT AND TO BAR PLAINTIFF FROM
INTRODUCING EVIDENCE OF ANY THEORY OF LIABILITY
NOT SET FORTH IN THE FIRST AMENDED COMPLAINT)

## I.     INTRODUCTION

Like most of the approximately 13 Motions In Limine filed by Defendant, this one is very unclear about defense counsel's complaint.  Plaintiff has tried to decipher what the Defendant is really saying.   Plaintiff does not perceive Defendant to be really complaining about any event that is going to occur. Defendant's Motion raises a potential problem.   Plaintiff understands that Defendant is complaining about Plaintiff's proof of his suffering from a disability because a different "major life activity" than Tourette's adversely affecting merely communications.  In Defendant's misapplication of Title III, Defendant refers to such evidence as a "different cause of action" not raised by the complaint, thus requiring a change to the complaint.   Defendant's understanding about the ADA and of the evidence in this case are wrong and ill-conceived.

## II.    THE MOTION SHOULD BE DENIED

This Motion in Limine is yet another effort by Defendant to interject notions of Title I into this case.  As Plaintiff has been informing Defendant for the past two years this is a Title III case only, and that is what the complaint says.  Furthermore,

this is a wholly improper attempt by the Defendant to limit the complaint to one theory of ADA liability.  Defendant is trying to say that the Plaintiff is only affected by Tourette Syndrome insofar as his communications with other people is concerned.  This is typical of the defense tactic that if you repeat a wrong statement enough, then one eventually claims it is true.

The first point is that the amended complaint only describes Plaintiff as a "person with a disability."  It does not in any way limit or restrict the proof at trial to show that Plaintiff is disabled because Tourette Syndrome adversely affects his ability to work, or some other major life activity.  Mr. Muse told defense counsel just this when Defendant took Mr. Muse's deposition.  For example, one of the discussions went like this:  Does your Tourette's limit your ability to speak?

> Q.  Does -- does this Tourette's syndrome limit in any way the way you are able to care for yourself?
>
> A.  Physically?  Are you talking about physically?
>
> Q.  Yes.
>
> A.  Yes. No. No. No.  I'm able to care for myself normally, like a normal human being.
>
> Q.  Does -- does your Tourette's limit in any way the way you can perform manual tasks?
>
> A.  Manual?
>
> Q.  Yes.

A. No.

Q. Does your Tourette's limit in any way your ability to walk?

A. No.

Q. Okay. Does your Tourette's limit in any way your ability to see?

A. No.

Q. Does your Tourette's limit in any way your ability to hear?

A. No.

Q. Okay. Does your Tourette's limit in any way your ability to speak?

A. Yes.

Q. How does your Tourette's limit your ability to speak?

A. Well, I -- I -- I do use -- I do have involuntarily tics, vocal tics, which is called coprolalia, and I -- sometimes it comes out and I try to catch myself, you know, and it comes out. I can't – it does have an effect on ability, the way I speak, yes.

Q. Does -- does your Tourette's have any other limitation on your ability to speak, than you've just described?

A. Other than -- can you rephrase that question, sir.

Q. You've told me one way that your Tourette's limits your ability to speak. Does it limit your ability to speak in any other manner?

A. Besides that one word I use?

Q. Yes.

A. Are you talking about that?

4

Q. Yeah.

A. There's other words that I may use from time to time which is totally involuntarily.

Q. Does -- does your Tourette's limit your speaking in any other way?

A. I don't understand --

Q. Okay.

A. -- what you mean by that. In any other way. There's only one with way I can speak is vocally and it effects me by the words that come out of my mouth.

Q. Okay. Other than the way -- the kind of words that come out of your mouth --

A. Yes.

Q. -- is there any other way that your Tourette's limits your ability to speak?

A. Not that I know. No.

Q. Okay. Does your Tourette's limit your ability to breathe?

A. No.

Q. Okay. Does your Tourette's limit your ability to learn?

A. Learn?

Q. Yes.

A. No.

Q. Okay. Does your Tourette's limit --

5

A. Cunt.

Q. Did you have something?

A. No. Go ahead, sir.

Q. Okay. Does your Tourette's --

A. Excuse me.

Q. -- limit your ability to work?

A. Yes.

Q. How does your Tourette's limit your ability to work?

A. Well, um, I can work, but at the present time I can only work as a self-employed person, 'cause I cannot work for anybody – any other company because of the – my language that I use, and especially when you work with customers or if you're in social situations, it's just not appropriate.

Q. Okay.

A. Because... so I am employed, but I do work for myself.

And then later the following occurred:

Q. Okay. Are your relations with other people characterized on a regular basis by severe problems?

A. Severe problems, um.

MR. SHERMAN: I'm gonna object. That's vague and ambiguous. If you could be more specific.

THE WITNESS: Yeah, more specific. Could you break it down. Cunt.

>   Q. Do you understand the word severe?
>
>   A. Yes.
>
>   Q. Do you understand the word problems?
>
>   A. Yes.
>
>   Q. Okay. Use your understanding and answer that question.
>
>   A. Could you repeat the question, sir.
>
>   Q. Are your relations with others characterized on a regular basis by severe problems?

Deposition of Jon Muse taken on October 12, 2005 at p. 18, line 10 to p. 19, line 2.

There is no need to file an amended complaint putting Defendant on notice of the clear nature and significance of Plaintiff's complaint. Defendant is way off base with his motion and it must be denied.

DATED: Honolulu, Hawaii, December 4, 2006.

/s/ STANLEY E. LEVIN
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff