OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN    1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN   5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY   5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel: (808) 599-3955/Fax: (808) 599-3944
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | CIVIL NO. 04-00154 DAE/BMK |
| | (Civil Rights Violation) |
| Plaintiff, | |
| | PLAINTIFF'S MEMORANDUM IN |
| vs. | OPPOSITION TO DEFENDANT |
| | HOME DEPOT USA, INC.'S |
| HOME DEPOT USA, INC., | SEVENTH (7TH) MOTION IN |
| | LIMINE (EXCLUDING |
| Defendant. | EVIDENCE, TESTIMONY, |
| | ARGUMENT AND COMMENT |
| | CONCERNING INDIVIDUALS |
| | WHO ARE NOT SIMILARLY |
| | SITUATED TO PLAINTIFF) AND |
| | CERTIFICATE OF SERVICE |
| | |
| | TRIAL WEEK: January 17, 2007 |
| _____ | JUDGE: David A. Ezra |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
HOME DEPOT USA, INC.'S  SEVENTH (7TH) MOTION IN
LIMINE EXCLUDING EVIDENCE, TESTIMONY, ARGUMENT
AND COMMENT CONCERNING INDIVIDUALS WHO ARE
<u>NOT SIMILARLY SITUATED TO PLAINTIFF)</u>

**I.     INTRODUCTION**

This motion in limine eliminates all doubt about whether, and to what extent, Title I of the ADA are being wrongly infused in this case.  The gravamen of this motion is for the court not to consider the swear words spoken by others who are not similarly situated to the Plaintiff.  This is an absurd request and the defense counsel knows it.  This motion should be rejected.

**II.    THE MOTION SHOULD BE DENIED**

Attaching a Title I decision to the motion, Defendant claims that ". . . evidence involving the foregoing individuals would not be relevant to proving that Plaintiff was treated in a discriminatory manner" (citations omitted).  The attached decision only speaks of individuals similar to the Plaintiff there because similarity was part and parcel of the discrimination analysis for Title I.  In short, the court had to consider similar individuals to the Plaintiff to analyze Plaintiff's proffered "disparate treatment."  Again, defense counsel relies on Title I as the source of their analysis and the differences with Title III are marked in terms of the nature of the relationship (employer-employee v. store owner and customer) and its scope.

Also telling about the motion is that it ignores the testimony of Defendant's 30(b)(6) representative when he said:

> Q. All right, Mr. Cooper. Now, if someone at Home Depot, an associate, were to drop a block on their foot and say "son of a bitch," would they be terminated for that, or disciplined?
>
> MR. HARRIS: Objection, speculation.
>
> THE WITNESS: The associate would be subject to disciplinary action up to and including termination.
>
> But as you just used the word, I would say there would not be termination involved, but there would be a record of discussion and a degree of discipline within our progressive discipline system.
>
> Q. BY MR. SHERMAN: Now, if a customer were to have a block dropped on their foot by an associate, and the customer exclaimed "son of a bitch," would they be banned from the store?
>
> A. Sir, you're asking for speculation on my part, so that's what I'm going to give you. If the term was that the customer said to the associate "you son of a bitch," they would be asked to leave the store.
>
> There's a difference between saying "son of a bitch" and "you son of a bitch."
>
> Q. How about if they said "damn it" in either circumstance?
>
> A. If the associate that was with the customer found such word to be offensive and escalated it to a manager, to where the associate said, "I don't want to work in that environment, and I don't want to service that customer," it could lead to banning from the store.
>
> Q. Banning the customer, you mean?

A. Yes.

Q. So this seems to be somewhat subjective; doesn't it?

A. There is a degree of subjectivity, because not all individuals receive the same comments the same way.

However, when we look at the environment in which we're asking associates to work, there's less and less subjectivity in that as it relates to our environment. And if more than one associate hears that, or more than one associate is involved in the situation, then it becomes less subjective; when if it's just one customer with one associate, it becomes more of an individual subjectivity.

But from our culture, from our workplace altogether, we don't believe that profanity of any kind is ever acceptable in our workplace.

Q. You have a zero tolerance?

A. And we talk to associates along those lines as it relates to dealing with other associates and dealing with customers.

An associate knows what they should do if a situation happens with another associate or with a customer where they are offended.

Q. So it's a question of who's offended and not what's said?

A. If it's a one-on-one situation, it's whether or not the associate was offended. Because if it's one-on-one between an associate and a customer, the managers may not know about that, unless they overhear it or the associate reports it to a member of the leadership team.

Deposition transcript of Emory L. Cooper taken on June 6, 2006 at p. 105, line 11 to p. 107, line 18.

So Mr. Cooper clearly testified that it was a very subjective situation and as far as an employee is concerned, they are not required even to report such incidents.

> Q. Well, isn't the procedure at Home Depot, if an associate is uncomfortable in a situation, for them to take it to the manager? Aren't they obligated to report it?
>
> A. They are encouraged, and then they're told they should report it.

Deposition transcript of Emory L. Cooper taken on June 6, 2006 at p. 107, lines 19 to 23.

This is a truly unnecessary motion and it should not even see the light of day.

DATED: Honolulu, Hawaii, December 4, 2006.

/s/ STANLEY E. LEVIN
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff