OF COUNSEL:

DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN      1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN    5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY    5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel: (808) 599-3955/Fax: (808) 599-3944
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S MEMORANDUM IN |
| vs. | ) | OPPOSITION TO DEFENDANT |
| | ) | HOME DEPOT USA, INC.'S |
| HOME DEPOT USA, INC., | ) | EIGHTH (8TH) MOTION IN LIMINE |
| | ) | (TO EXCLUDE TRANSCRIPTS |
| Defendant. | ) | DESIGNATED AS EXHIBITS |
| | ) | EXCEPT AS PERMITTED UNDER |
| | ) | R. 32 FRCP AND 804(B)(1) FRE |
| | ) | AND IN ACCORDANCE WITH |
| | ) | RULE 16 SCHEDULING ORDER) |
| | ) | AND CERTIFICATE OF SERVICE |
| | ) | |
| | ) | TRIAL WEEK: January 17, 2007 |
| _____ | ) | JUDGE: David A. Ezra |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
HOME DEPOT USA, INC.'S  EIGHTH (8TH) MOTION IN LIMINE
(TO EXCLUDE TRANSCRIPTS DESIGNATED AS EXHIBITS EXCEPT
AS PERMITTED UNDER R. 32 FRCP AND 804(B)(1) FRE AND IN
<u>ACCORDANCE WITH RULE 16 SCHEDULING ORDER)</u>

## I.    INTRODUCTION

What is absolutely clear from these Motions in Limine and the entire

proceedings in this case, is that this is a simple, non-complex Title III case with no

great clashes between the parties as to what happened giving rise to the complaint.

Until the Motions in Limine, the underlying facts were largely undisputed.  Now,

by this Motion in Limine, and others, Defendant has sought the protection

(perceived by the Defendant) of the hyper technical interpretation of the rules of

evidence in a vain effort to exclude as much of the Plaintiff's case as it is possible.

This is a failed effort and therefore, the motion must be denied.

## II.    THE MOTION SHOULD BE REJECTED

The thrust of the motion is that the transcripts of depositions which Plaintiff

labeled as exhibits, should have been designated and submitted as deposition

testimony.  The designation of the transcripts as exhibits just put Defendant on

notice that these transcripts were available for impeachment.  Particularly since

Defendant has only identified three witnesses it plans to call, all three are

employees or former employees of Home Depot.  The Plaintiff does not plan to

offer these three depositions or the depositions of the medical witnesses as

affirmative proof of any claim against Defendant.  The only deposition that has been properly designated and will be admissible for Plaintiff's case is the transcript of Emery Cooper, the 30(b096) witness can be used under Rule 32 "for any purpose" and Plaintiff so intends it.

The Plaintiff is very well aware that the trial court can only consider admissible evidence in making its rulings.  Rest assured that Plaintiff will authenticate all of its admissible exhibits at the trial.  Plaintiff is aware that, for example, "a document can be authenticated under Rule 901(b)(1) by a witness who wrote it, signed it, or saw others do it."  31 Wright & Gold, Federal Practice & Procedure: Evidence Section 7106, 43 (2000).

The evidence in all depositions other than Mr. Cooper's shall be authenticated if necessary and otherwise, will be personally re-testified on the stand, and the depositions will just serve as a safety valve.

DATED: Honolulu, Hawaii, December 4, 2006.


/s/ STANLEY E. LEVIN
STANLEY E. LEVIN
BRUCE  F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff