OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE

STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN   5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY   5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel: (808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>           Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA, INC.,<br><br>           Defendant.<br><br>_____ | CIVIL NO. 04-00154 DAE/BMK<br>(Civil Rights Violation)<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT HOME DEPOT USA, INC.'S NINTH (9TH) MOTION IN LIMINE (TO EXCLUDE DAY IN THE LIFE VIDEO) AND CERTIFICATE OF SERVICE<br><br>TRIAL WEEK: January 17, 2007<br>JUDGE: David A. Ezra |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
HOME DEPOT USA, INC.'S  NINTH (9TH) MOTION IN LIMINE
(TO EXCLUDE DAY IN THE LIFE VIDEO)

The day in the life video is relevant to the issue of whether or not Plaintiff Jon Muse has Tourette Syndrome.  The observations of the participants relating to the Plaintiffs symptoms of coprolalia and copropraxia are relevant pursuant to Federal Rule of Evidence (hereafter F.R.E.) Rule 402 and can assist the court in determining issues related to the Plaintiff's condition and its effect on his life.  The video is relevant in that it shows that the Plaintiff does not exhibit the over dramatized action, with respect to the symptoms of his having Tourette Syndrome, of shouting loudly the words he can not avoid saying.  Unfortunately, most people think that all persons with Tourette Syndrome (and if they even know of the small sub categories of Coprolalia and Copropraxia), exhibit the loud verbal tics which have unfortunately been mis-portrayed in popular culture by such television shows as *L.A. Law* and movies such as *Deuce Bigilow, Male Gigolo*.  The stigma of having Tourette Syndrome is unfortunately increased by these mischaracterizetions.  A recent Emmy winning television show, *I Have Tourette's, Tourette's Doesn't Have Me,* goes a long way in dispelling myths about Tourette Syndrome.  This is a large part of the purpose of the Day in the Life video, but more specifically relating to the Plaintiff individually, to show him as he is, not as others would mis-portray him.  Because this is a bench trial there is virtually no chance

that the video will result in confusion, prejudice, or undue cost (it is only eighteen minutes long) and this it complies with the mandates of F.R.E. Rule 403.

Any statements by the participants in the video are plainly based upon personal observation and knowledge, thereby complying with the mandates of F.R,E. Rule 602.  Observations as to the increasing frequency or intensity of symptoms of the Plaintiffs condition are just that, observations and thus in accord with F.R.E. Rule 701.  F.R.E. Rules 603 and 615 are inapposite to the issue of whether or not a day in the life video is admissible.  The day in the life video is simply shows the Plaintiff as he is and how he interacts in some **outside settings (such as a public accommodation)**, it does not concern the truth of the matters asserted.  Consequently, it does not offend the requirements of F.R.E. Rule 801.  It is not cumulative, although the court will observe the Plaintiff Jon Muse testifying, it will not be able to see how he acts in public or at a public accommodation.  Plainly, this is relevant.

Any claims of late production and prejudice are poorly made and addressed in Plaintiff's Opposition to Defendant's Fifth Motion in Limine.

DATED: Honolulu, Hawaii, December 4, 2006.

>                                /s/ STANLEY E. LEVIN
>                                STANLEY E. LEVIN
>                                BRUCE  F. SHERMAN
>                                THOMAS F. FEENEY
>                                Attorneys for Plaintiff