TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS            2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE 8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001
Attorneys for Defendant
HOME DEPOT USA, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | **NO. CV04-00154 DAE/BMK** |
| Plaintiff, | DEFENDANT HOME DEPOT USA, INC.'S TRIAL BRIEF; CERTIFICATE OF SERVICE |
| v. | |
| HOME DEPOT USA, INC., | |
| Defendant. | Judge: Hon. David A. Ezra<br>Trial: January 17, 2007 |

## DEFENDANT HOME DEPOT USA, INC.'S TRIAL BRIEF

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................2

II.  PLAINTIFF'S CLAIMS ...........................................................................3

III. APPLICABLE LAW ON PLAINTIFF'S CLAIMS .................................3

  A.  PLAINTIFF'S CLAIM UNDER TITLE III OF THE AMERICANS WITH DISABILITIES ACT ...........3

    *1.  Plaintiff Cannot Show That He Was Disabled* ...............................................3

      a.  **Plaintiff's "Expert" Opinions Are Inadmissible** ...............................4

      b.  **Plaintiff's Communication Is Not Substantially Limited** ...................5

      c.  **Plaintiff's Exhibit 30 ("Day in the Life of Jon Muse" Video) Is Inadmissible** .6

      d.  **Plaintiff Is Precluded From Alleging Substantial Limitation In Additional Major Life Activities** ...................7

      e.  **Plaintiff Is Precluded From Attempting To Amend His Complaint** ...............7

      f.  **Plaintiff's Interaction With Others Is Not Substantially Limited** ...................8

      g.  **Plaintiff's Exhibit 28 (Purported 9/08/06 Letter From The Social Security Administration) Is Inadmissible** ...................9

    *2.  Plaintiff Is Judicially Estopped From Requesting Any Modifications That Involve Walking Through The Store When Employees Or Customers Are Present.* ...................10

    *3.  Plaintiff Cannot Show That The Modifications He Requested Were Reasonable* ..11

      a.  **Plaintiff's Request For A Personal Shopper Is Unreasonable** ...................11

      b.  **It Was Impossible For Employees Or Customers To Prospectively Waive State And Federal Sexual Harassment Claims** ...................13

    *4.  There is No Exception From Liability For Sexual Harassment Where The Harasser's Conduct Is Involuntary Or "Unvoluntary"* ...................14

    *5.  Plaintiff Is Precluded From Introducing Evidence Regarding Individuals And Settlement Negotiations That Are Not Similarly Situated To Plaintiff And The Facts Of This Case* ...................14

i

B.   PLAINTIFF'S CLAIMS UNDER HAWAII REVISED STATUTES ¶¶ 347-13 AND 489-3 ............16

　　1.   *Plaintiff Is Not Disabled Under Hawaii Law*..............................................................*16*

　　2.   *Plaintiff Was Not Denied The Same Privileges As Any Other Customer Who Made Sexist, Vulgar And Harassing Remarks*............................................................................*16*

　　3.   *Home Depot Is Legally Obligated To Preclude Individuals From Entering Its Stores If They Use Vulgar And Harassing Language* ......................................................*17*

　　4.   *Hawaii Law Does Not Require Home Depot To Provide Plaintiff With A Reasonable Modification* ..................................................................................................*18*

C.   REQUIRING THE MODIFICATIONS THAT PLAINTIFF REQUESTS NOW WOULD BE UNCONSTITUTIONAL...............................................................................................................19

D.   DAMAGES ......................................................................................................................19

　　1.   *Plaintiff Is Not Entitled To Damages Under Federal Or State Law*.........................*19*

　　2.   *Plaintiff Is Not Entitled To Punitive Damages*........................................................*21*

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001
Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>    Plaintiff,<br><br>  v.<br><br>HOME DEPOT USA, INC.,<br><br>    Defendant. | **NO. CV04-00154 DAE/BMK**<br><br>DEFENDANT HOME DEPOT USA,<br>INC.'S TRIAL BRIEF; CERTIFICATE<br>OF SERVICE<br><br><br>Judge: Hon. David A. Ezra<br>Trial:  January 17, 2007 |

## **DEFENDANT HOME DEPOT USA, INC.'S TRIAL BRIEF**

COMES NOW DEFENDANT HOME DEPOT USA, INC. (hereinafter

"Defendant"), and hereby submits its Trial Brief pursuant to the Court's October

18, 2006 Amended Rule 16 Scheduling Order.

631598.V2

## I.    **INTRODUCTION**

On November 3, 2003 Plaintiff Jon Muse ("Plaintiff") entered Home Depot's Honolulu Store.  Plaintiff approached Debra Peterson's counter to return a wheelbarrow.  Plaintiff said to Debra: "Eh, c[]nt, can I return this c[]nt wheelbarrow c[]nt?"  Debra was extremely offended by Plaintiff's remark.  Debra left Plaintiff to summon Debra's supervisor, Darlyn Kuhia.  When Debra returned, Plaintiff said: "Um, c[]nt, what, you going, c[]nt, help me or what?"  Debra continued to be upset by Plaintiff's statements.  Eight to ten customers were present during the transaction.

Darlyn Kuhia arrived and Plaintiff repeatedly called Darlyn a "f[]cking c[]nt".  Darlyn became upset and asked Plaintiff not to call her that.  She called Manager Mike Dolan and asked him to come to Debra's counter.  Mike was disturbed by Plaintiff's use of "f[]cking" and "c[]nt", and told Plaintiff that his verbal abuse of associates in front of customers was unacceptable.  Plaintiff continued using the words "f[]cking" and "c[]nt", and tried to approach Peterson.  Plaintiff was permitted to return a wheelbarrow for a refund.  Plaintiff mentioned that he had Tourette's Syndrome as he continued to use the words "f[]cking" and "c[]nt" and walked out of the store.  Home Depot did not tell Plaintiff that he could not return to the store on November 3, 2003, and Plaintiff did not attempt to return to the store before filing his First Amended Complaint on March 5, 2004.

## II.    PLAINTIFF'S CLAIMS

Plaintiff filed his First Amended Complaint (hereinafter "Complaint") on March 5, 2004.  Count One of the Complaint claims that in "violation of ADA Title III Defendant discriminated against Plaintiff by refusing to provide him with equal service because of plaintiff's disability, his speech interspersed randomly with vulgarities."  Complaint ¶15.

Count Two of the Complaint claims that "Defendant's denial of equal services was improper discrimination in violation of H.R.S. §347-13 because it refused to give him services on account of his disability."  Complaint ¶22.

Count Three of the Complaint claims "Defendant violated H.R.S. §489-2 by refusing service to plaintiff on account of his disability."  Complaint ¶22.

Among other things, Plaintiff is seeking punitive damages as a result of the foregoing claims.

## III.    APPLICABLE LAW ON PLAINTIFF'S CLAIMS

### A.    Plaintiff's Claim under Title III of the Americans with Disabilities Act

#### 1.    Plaintiff Cannot Show That He Was Disabled

Plaintiff must show that he was disabled at the time of the November 3, 2003 events.  Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1063 (9th Cir. 2005); Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 794 (9th Cir. 2001).  To be disabled, Plaintiff had to have "a physical or mental impairment that

3

631598.V2

substantially limited one or more of the major life activities of such individual".

42 U.S.C. Section 12102(2)(A). A limitation caused by an impairment must

prevent or severely restrict the individual from doing activities that are of central

importance to most people's daily lives." Toyota Motor Mfg, Kentucky, Inc. v.

Williams, 534 U.S. 184, 197-98 (2002). Plaintiff must be "unable to perform a

major life activity that the average person in the general population can perform".

29 C.F.R. 1630.2(j).

### a.    Plaintiff's "Expert" Opinions Are Inadmissible

To the extent that Plaintiff attempts to demonstrate he is disabled by

introducing evidence, testimony, argument and comment regarding the opinions of

William P. Sheehan, M.D., Samuel H. Zinner, M.D. and Robert C. Marvit, M.D.,

such opinions are irrelevant and unreliable hearsay. See Fed. R. Evid. 702;

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993); see also

Defendant Home Depot USA, Inc.'s First Motion in Limine (restraining Plaintiff

Jon Muse from attempting to introduce evidence, testimony, argument and

comment concerning the opinions of William P. Sheehan, M.D.); Defendant Home

Depot USA, Inc.'s Second Motion in Limine (restraining Plaintiff Jon Muse from

attempting to introduce evidence, testimony, argument and comment concerning

the opinions of Samuel H. Zinner, M.D.); Defendant Home Depot USA, Inc.'s

Third Motion in Limine (excluding evidence, testimony, argument and comment

4

concerning the opinions of Robert C. Marvit, M.D.); Defendant Home Depot USA, Inc.'s Eighth Motion in Limine (excluding transcripts designated as exhibits except as permitted under R. 32 FRCP and 804(B)(1) FRE and in accordance with Rule 16 Scheduling Order): Defendant Home Depot USA, Inc.'s Thirteenth Motion in Limine (excluding William P. Sheehan, M.D.'s October 10, 2004 letter attached to Plaintiff's Exhibit 32, confidential settlement agreement).

### b.    Plaintiff's Communication Is Not Substantially Limited

Plaintiff has alleged that he is substantially limited in the major life activity of communication. He is unable to demonstrate this, as he cannot show that he was repeatedly unable to communicate with others when he felt it was necessary. Instead, Plaintiff's trial testimony will reflect his deposition and establish that (a) there have only been a few instances in which Plaintiff was unable to communicate with others when he felt it was necessary during the past few years; (b) Plaintiff communicated with others throughout his daily life, whether it was in conjunction with his job, at various stores, at Narcotics Anonymous and Gamblers Anonymous meetings, or during interactions with friends, physicians, acquaintances, his son, girlfriend, and ex-wife; and (c) Plaintiff also communicated his transactional needs to Home Depot cashier Debra Peterson on November 3, 2003, and his transactions were carried according to the requests he communicated.

"Being unable to think and communicate three times in a five month period is not a substantial limitation." Fraser v. Goodale, 342 F.3d 1032, 1041 (9th Cir. 2003); see also Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1130-31 (10th Cir. 2003) (communication not substantially limited where plaintiff had no difficulty speaking to her doctor, he had no difficulty understanding her, and she had conversations with "family members, friends, other employees and supervisors"). As such, Plaintiff's occasional inability to communicate with others when necessary fails to constitute a substantial limitation under the ADA.

### c.  Plaintiff's Exhibit 30 ("Day in the Life of Jon Muse" Video) Is Inadmissible

Further, to the extent that Plaintiff attempts to show that he is disabled by introducing a "Day in the Life of Jon Muse" video, such evidence is inadmissible as (a) Plaintiff failed to produce it prior to the discovery deadline; (b) it is cumulative, irrelevant, misleading, and prejudicial; and (c) various statements contained in the video constitute hearsay, speculation and improper opinion from a lay witness and are made by individuals without personal knowledge. Fed. R. Civ. Pro. 26, 34 and 37; Fed. R. Evid. 402, 403, 602, 603, 615, 701 and 801; see also Defendant Home Depot USA, Inc.'s Fifth Motion in Limine (excluding evidence, testimony, argument and comment concerning any documents Plaintiff failed to produce prior to the discovery deadline); Defendant Home Depot USA, Inc.'s Ninth Motion in Limine (to exclude day in the life video).

631598.V2

### d.  Plaintiff Is Precluded From Alleging Substantial Limitation In Additional Major Life Activities

Plaintiff failed to allege that he was substantially limited in any major life activity other than communication prior to the discovery deadline. As such, he is precluded from raising any claims regarding these theories during trial. See Fed. R. Civ. Pro. 37(c)(1); Thibeault v. Square D Co., 960 F.2d 239, 247 (1st Cir. 1992); Kulas v. Dean, #1914, 19 Fed. Appx. 576, 577 (9th Cir. 2001); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-1107 (9th Cir. 2001); Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100, 1118 (C.D. Cal. 2002); Stender v. Vincent, 92 Hawai`i 355, 367-69, 992 P.2d 50, 62-64 (2000); see also Defendant Home Depot USA, Inc.'s Fourth Motion in Limine (excluding evidence, testimony, argument, and comment concerning major life activities other than communication).

### e.  Plaintiff Is Precluded From Attempting To Amend His Complaint

Plaintiff is also prohibited from attempting to amend his complaint in order to add additional theories at this late date, as Home Depot expressly withholds is consent to try any issue or theory of liability other than those pled in Plaintiff's First Amended Complaint, and which remain after the motions have been presented in this case. See Fed. R. Civ. P. 15(b); Acequia, Inc. v. Cinton (In re Acequia, Inc.), 34 F.3d 800, 814 (9th Cir 1994); Consolidated Data Terminals v.

7

Applied Digital Data Sys., Inc., 708 F.2d 385, 396 (9th Cir. 1983); see also

Defendant Home Depot USA, Inc.'s Sixth Motion in Limine (to preclude Plaintiff

from amending his First Amended Complaint and to bar Plaintiff from introducing

evidence of any theory of liability not set forth in the First Amended Complaint).

### f.    Plaintiff's Interaction With Others Is Not Substantially Limited

Even if Plaintiff were allowed to allege that he was substantially limited in

the major life activity of interacting with others, Plaintiff will not be able to show

that his "relations with others were characterized on a regular basis by severe

problems, for example, consistently high levels of hostility, social withdrawal, or

failure to communicate when necessary" at the relevant time.  McAlindin v.

County of San Diego, 192 F.3d 1226, 1235 (9th Cir. 1999).  This is because it is

undisputed that Plaintiff is able to shop at stores, interacts with others when he

goes to Starbucks almost every day for coffee, picks up prescriptions at the Pali

Longs, spends time at the home of his neighbor, spends time with close friends,

acquaintances, his girlfriend and son, attends appointments with physicians,

attends Narcotics Anonymous meetings twice a week, coordinates weekly speakers

for one of his Narcotics Anonymous meetings (which has between 25 and 50

attendees), sponsors five individuals in Narcotics Anonymous, attends weekly

Gamblers Anonymous meetings, and interacts with his ex-wife.  Moreover,

Plaintiff's business requires him to interact with numerous individuals working at

8

nurseries, private residences, and floral shops, and his customers buy his flowers regardless of his condition. Indeed, Plaintiff testified during his deposition that he does not have high levels of hostility in his interaction with others, and that there have only been a few instances in which Plaintiff was unable to communicate with others when he felt it was necessary during the past few years.

g.      **Plaintiff's Exhibit 28 (Purported 9/08/06 Letter From The Social Security Administration) Is Inadmissible**

The fact that Plaintiff is not substantially limited in any major life activities would not be altered by Plaintiff's attempt to introduce a September 8, 2006 letter that he purports to have received from the Social Security Administration. This letter is irrelevant and inadmissible on the grounds that it was not timely produced in discovery, that it cannot be properly authenticated, that it is barred by the hearsay rule, and that it is inadmissible specialized opinion from a lay witness. Fed. R. Civ. Pro. 26, 34, 37; Fed. R. Evid. 401, 403, 701, 702, 802, 901; see Defendant Home Depot USA, Inc.'s Fifth Motion in Limine (excluding evidence testimony, argument and comment concerning any documents Plaintiff failed to produce prior to the discovery deadline); Defendant Home Depot USA, Inc.'s Eleventh Motion in Limine (excluding Plaintiff's Exhibit 28, the purported 9/08/2006 letter from the Social Security Administration). The letter is also irrelevant under Ninth Circuit precedent. Kennedy v. Applause, 90 F.3d 1477 (9th Cir. 1996) ("The SSA's decision represents that administrative body's assessment

9

of Kennedy's disability claim.  Regardless of that assessment, Kennedy had to

present evidence in the district court to create at least a genuine issue of material

fact on the question whether she was a qualified individual with a disability under

the ADA."); see also Griffith v. Wal-Mart Stores, 135 F.3d 376, 380 (6th Cir.

1998) ("By contrast, the Social Security Administration does not consider whether

an individual is able to work with reasonable accommodation in determining

entitlement to disability").

### 2. Plaintiff Is Judicially Estopped From Requesting Any Modifications That Involve Walking Through The Store When Employees Or Customers Are Present.

In order to avoid having his case dismissed on September 10, 2004, Plaintiff

disclaimed any request to walk through the Home Dept store when customers or

employees were present.  Transcript of Proceedings before the Honorable David

Alan Ezra, Chief United States District Judge, dated September 10, at 21:06-16,

28:17-19.  Even assuming that the only two modifications that Plaintiff requests

now (personal shopper, sign outside store) are relevant to this action, both involve

Plaintiff walking through the store when customers and employees are present.

His previous disclaimer of request to walk through the store when customers and

employees are present judicially estops him from requesting these modifications

now.  See Hamilton v State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir.

2001); Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990).

10

### 3.    Plaintiff Cannot Show That The Modifications He Requested Were Reasonable

Plaintiff was not denied any goods and services that he sought, because he was permitted to return the wheelbarrow for a refund as he desired.  42 U.S.C. § 12182.  Further, Plaintiff has the burden of showing that modifications he did not request until months after filing suit are reasonable.  Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1082-83 (9th Cir. 2004).  To the extent that Plaintiff is requesting a personal shopper or a sign posted at the Alakawa store entrance, such requests are unreasonable.

### a.    Plaintiff's Request For A Personal Shopper Is Unreasonable

Any request would be unreasonable as a matter of law if it involved the provision of a personal shopper.  6 FR 35544, 35565 ("Of course, a store would not be required to provide a personal shopper.") (interpreting 28 C.F.R. 36.303(b)(4)); Adelman v. Acme Mkts. Corp., Civil Action No. 95-4037, 1996 U.S. Dist. Lexis 4152, *3-*4 (E.D. Pa. Apr. 2, 1996).  Requiring a personal shopper or a sign posted at the store entrance would be unreasonable, as it would expose customers and employees from Plaintiff's offensive words and behavior.  It would also expose Home Depot to statutory and tort liability.  29 C.F.R. Section 1604.11(e); Freitag v. Ayers, No. 03-16702, No. 03-17184, No. 03-17398, 2006

U.S. App. Lexis 23383 *18 (9th Cir. Sept. 13, 2006); <u>Folkerson v. Circus Circus</u>

<u>Enterprises, Inc.</u>, 107 F.3d 754, 756 (9th Cir. 1997).

Such liability could take the form of claims of sexual and racial harassment.

<u>See</u> <u>Nelson v. University of Hawaii</u>, 97 Hawai`i 376, 390, 38 P.3d 95, 109 (2001);

<u>Arquero v. Hilton Hawaiian Village LLC</u>, 104 Hawai`i 423, 428, 91 P.3d 505, 510

(2004); Hawaii Administrative Rules Section 12-46-109(a). It is established that

use of the term "f[]cking c[]nt" is "patently offensive", Transcript of Proceedings

before the Honorable David Alan Ezra, <u>Jon Muse v. Home Depot USA, Inc.</u>, Civil

No. 04-00154 DAE, <u>Jon Muse v. Bank of Hawaii</u>, Civil No. 04-00156SOM (Oct.

16, 2006), and creates a viable claim for sexual harassment. <u>Steiner v. Showboat</u>

<u>Operating Co.</u>, 25 F.3d 1459, 1464 (9th Cir. 1994). Plaintiff can offer no evidence

disputing the fact that his use of the terms "c[]nt" and "f[]cking" was unwelcome,

severe and pervasive, and extremely upsetting to Home Depot's employee,

supervisor and manager. <u>See</u> <u>Nelson v. University of Hawaii</u>, 97 Hawai'i 376,

391-92, 38 P.3d 95, 110-111 (2001). Home Depot does not have the option of

failing to act when any of its customers or employees direct such vulgar language

at employees.

b.    **It Was Impossible For Employees Or Customers To Prospectively Waive State And Federal Sexual Harassment Claims**

Further, even if an employee was willing to walk around the store with Plaintiff and attempt to explain his offensive comments to others, such agreement would not preclude the employee from raising a sexual harassment claim against Home Depot, as the prospective waiver or release of any hostile work environment claims would be unenforceable as against public policy. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 51-52, 94 S. Ct. 1011 (1974) ("[T]here can be no prospective waiver of an employee's rights under Title VII"); Faris v. Williams WPC-I, Inc., 332 F.3d 316, 321 (5th Cir. 2003) (A plain reading of [FMLA] regulations is suggests that they "prohibit[] prospective waiver of rights, not the post-dispute settlement of claims."); Riley v. American Family Mut. Ins. Co., 881 F.2d 368, 371-72 n. 6 (7th Cir. 1989) ("Prospective waivers would be unenforceable."). This is particularly the case where Home Depot's attempt to identify an employee willing to be exposed to Plaintiff's offensive and harassing language would be exercise compulsion on that employee. Because of the power differential between Home Depot and its employees, there is no possibility of an employee's non-coerced consent.

4.    **There is No Exception From Liability For Sexual Harassment Where The Harasser's Conduct Is Involuntary Or "Unvoluntary"**

Even if Home Depot could avoid liability for claims raised by employees agreeing to interact with Muse, such agreement would not protect Home Depot from liability for claims raised by offended customers. There is no exception from liability for permitting sexual or racial harassment that is "unvoluntary". See Ellison v. Brady, 924 F.2d 872, 880 (9th Cir. 1991) ("We note that the reasonable victim standard we adopt today classifies conduct as unlawful sexual harassment even when harassers do not realize that their conduct creates a hostile working environment."; EEOC v. Nat'l Educ. Ass'n Alaska, 422 F.3d 840, 845 (9th Cir. 2005) ("However, a pattern of abuse in the workplace directed at women, whether or not it is motivated by "lust" or by a desire to drive women out of the organization, can violate Title VII.").

5.    **Plaintiff Is Precluded From Introducing Evidence Regarding Individuals And Settlement Negotiations That Are Not Similarly Situated To Plaintiff And The Facts Of This Case**

Plaintiff may attempt to demonstrate that his requested modifications are reasonable by introducing evidence, testimony, argument and comment concerning individuals who are not similarly situated to him, the terms of a settlement agreement he entered into with Bank of Hawaii, and settlement negotiations with Home Depot.

14

Unidentified individuals who may have been observed using an unidentified profane word by a Home Depot supervisor are not similarly situated to Plaintiff. Toledo v. Sanchez, 454 F.3d 24, 34 (1st Cir. 2006); Allen v. Interior Constr. Servs. Ltd., 214 F.3d 978, 982 (8th Cir. 2000); Hampton v. Henderson, No. C 00-2529 SI, 2001 U.S. Dist. Lexis 6489 (N.D. Cal. 2001); see also Hac v. Univ. of Hawaii, 102 Hawai`i 92, 102-03, 73 P.3d 46, 56-57 (2003) (citing Sawyers v. Romines, 858 S.W.2d 862, 864 (Mo. Ct. App. 2993) and Mathews v. ocean Spray Cranberries, Inc., 686 N.E.2d 1303, 1310 (Mass. 1997)).

Further, evidence, testimony, argument and comment concerning individuals who are not similarly situated to Plaintiff, the terms of a settlement agreement he entered into with Bank of Hawaii, and settlement negotiations with Home Depot are inadmissible under Federal Rules of Evidence 401, 402, 403 and 408. See Defendant Home Depot USA, Inc.'s Seventh Motion in Limine (excluding evidence, testimony, argument and comment concerning individuals who are not similarly situated to Plaintiff); Defendant Home Depot USA, Inc.'s Tenth Motion in Limine (Excluding Plaintiff's Exhibit 31, Counsel's 7/27/2004 R. 408 Letter); Defendant Home Depot USA, Inc.'s Twelfth Motion in Limine (excluding Plaintiff's Exhibit 32, confidential settlement agreement). The Bank of Hawaii settlement agreement is also inadmissible because Plaintiff failed to produce it prior to the discovery deadline. Fed. R. Civ. P. 26, 34, 37; see also Defendant

Home Depot USA, Inc.'s Fifth Motion in Limine (excluding evidence, testimony,
argument and comment concerning any documents Plaintiff failed to produce prior
to the discovery deadline).

**B.    Plaintiff's Claims Under Hawaii Revised Statutes ¶¶ 347-13 And 489-3**

      1.    **Plaintiff Is Not Disabled Under Hawaii Law**

Plaintiff's claims under Hawaii Revised Statutes Sections 347-13 and 489-3
fail for the same reasons that his claims under ADA Title III fail, as those sections
define disability and discrimination no more broadly than the corresponding
federal law and Plaintiff cannot demonstrate that he was disabled within their
meaning.  See French v. Hawaii Pizza Hut, Inc., 105 Hawai`i 462, 467, 99 P.3d
1046, 1051 (2004); Bitney v. Honolulu Police Dep't, 96 Hawai`i 243, 254, 30 P.3d
257, 268 (2001).

      2.    **Plaintiff Was Not Denied The Same Privileges As Any Other Customer Who Made Sexist, Vulgar And Harassing Remarks**

Even assuming *arguendo* that Plaintiff was disabled within the meaning of
Sections 347-13 and 489-3, Plaintiff's claims still fail because he cannot show that
he was denied the same privileges as any other customer who made sexist, vulgar,
and harassing remarks.  See Ward v. Housatonic Area Reg'l Transit Dist., 154 F.
Supp. 2d 339, 344-45 (D. Conn. 2001) (bus rider refused service for disruptive

acts). Home Depot would have asked any customer or employee uttering those sexist, vulgar and harassing words to leave its property.

Plaintiff may suggest that he was denied privileges because one Home Depot supervisor stated during a deposition that she did not interfere when she overheard customers directing profanity at one another. Unidentified customers who may have been heard making unidentified curses would not be similarly situated to Plaintiff. See Hac v. University of Hawaii, 102 Hawai`i 92, 102, 73 P.3d 46, 56 (2003); see Defendant Home Depot USA, Inc.'s Seventh Motion in Limine (excluding evidence, testimony, argument and comment concerning individuals who are not similarly situated to Plaintiff). Plaintiff was not observed making obscene statements to other customers, but instead to company employees. As such, it was not discriminatory for Home Depot to subject Plaintiff to the same treatment any offensive customer would have received after harassing employees.

### 3. Home Depot Is Legally Obligated To Preclude Individuals From Entering Its Stores If They Use Vulgar And Harassing Language

Case law requires Home Depot to preclude individuals from entering its stores if they use vulgar and harassing language. Hawaii law establishes that sexual harassment claims can be established by a single severe act. Nelson v. University of Hawaii, 97 Hawai`i 376, 390, 38 P.3d 95, 109 (2001). A single instance in which an offensive word is uttered is sufficient to establish a claim of

discrimination under Section 489-3. State v. Hoshijo, 102 Hawai'i 307, 321-22, 76

P.3d 550, 564-65 (2003); see also Smith v. MTL, Inc., HCRC Docket No. 92-003-

PA-R-S (Nov. 9, 1993) (*available at* http://hawaii.gov/labor/hcrc/contested_cases.shtml)

("[A] single instance of discrimination is sufficient to constitute a violation" of

Chapter 489.). As a result, Home Depot is legally obligated to act when any of its

customers or employees direct such vulgar language at employees.

### 4.   Hawaii Law Does Not Require Home Depot To Provide Plaintiff With A Reasonable Modification

Plaintiff's state law claims also fail because neither Section 347-13 nor

Section 489-3 define discrimination to include "reasonable modification", as does

42 U.S.C. §12182(2)(a)(i) for purposes of ADA Title III. Section 347-13 is

explicitly subject "to the conditions and limitations established by law and

applicable alike to all persons". Id. Section 489 likewise disclaims the desire to

require any modifications. Haw. Rev. Stat. §489-2 ("No place of public

accommodation defined in this section shall be requested to reconstruct any facility

or part thereof to comply with this chapter."); see Sen. Stand. Comm. Rep. No.

2918, in 1990 Senate Journal, at 1196 ("It is the intent of your Committee that

places of public accommodation not be required to make any modifications to be in

compliance with the law."). As such, Defendant had no obligation to provide

Plaintiff with a requested reasonable modification under state law.

Finally, Plaintiff cannot dispute that the Defendant's supervisor and

manager's statements were based not on Plaintiff having an alleged disability, but

on Plaintiff voicing vulgarities. See Doe v. Kahala Dental Group, 72 Haw. 150,

152, 808 P.2d 1276, 1277 (1991).

### C.    Requiring the modifications that Plaintiff requests now would be unconstitutional

Requiring the modifications Plaintiff requests would violate constitutional

protections against compelled ideological speech. Wooley v. Maynard, 430 U.S.

705, 713 (1977) ("The right of freedom of thought protected by the First

Amendment against state action includes both the right to speak freely and the

right to refrain speaking at all."). If Defendant were required to allow customers

making vulgar and offensive sexist and racist comments, it would be conveying an

ideological message against its will. See Wooley, 430 U.S. at 713; West Virginia

Bd. of Ed. v. Barnette, 319 U.S. 624, 632 (1943); United States v. United Foods,

Inc., 533 U.S. 405, 410 (2001).

### D.    Damages

#### 1.    Plaintiff Is Not Entitled To Damages Under Federal Or State Law

Plaintiff is not entitled to damages under Title III. Wander v. Kaus, 304

F.3d 856, 858 (9th Cir. 2002). The only remedy available to Plaintiff is

"preventive relief, including an application for a permanent or temporary

injunction, restraining order, or other order". 42 U.S.C. § 2000a-3(a); 42 U.S.C. § 12188(a). Injunctive relief is improper in this matter. For reasons discussed more fully above, Plaintiff cannot prove he is protected by Title III, or that Home Depot has violated that statute.

Plaintiff is not entitled to any damages under Hawaii law. Section 347-13(a) and Section 489-3 both limit Plaintiff's recovery to "three times [his] actual damages or $1000, whichever sum is greater". Haw. Rev. Stat. §§ 347-13.5; 489-7.5. Actual damages are meant to compensate an individual for his actual injuries or loss. See e.g., Rankin v. City of Philadelphia, 963 F. Supp. 463, 478 (E.D. Pa. 1997). Plaintiff seeks damages for "psychological injury, embarrassment and alienation", claiming that he is entitled to these damages "to address the humiliation, anguish, emotional distress, and inconvenience" he has allegedly experienced. See Plaintiff's Response to Defendant Home Depot USA, Inc.'s Second Request For Answers To Interrogatories To Plaintiff Jon Muse Dated January 24, 2006, No. 1 (Feb. 23, 2006). Yet the only attempt Plaintiff made to quantify these alleged damages is a statement that he is having a "hard time emotionally". Since Plaintiff has failed to prove that he is disabled, or that Home Depot was required and failed to provide a reasonable modification under state law, he is not entitled to actual damages for having a "hard time".

631598.V2

## 2.    Plaintiff Is Not Entitled To Punitive Damages

Punitive damages are not available under Title III, or Sections 347-13 and 489-3 of the Hawaii Revised Statutes. See Zanakis-Pico v. Cutter Dodge, Inc., 98 Hawai`i 309, 316, 47 P.3d 1222, 1229 (2002) (available damages are determined "primarily from the language contained in the statute itself"). These provisions already have a penalty: "three times the person's actual damages or $1000, whichever sum is greater". Haw. Rev. Stat. §§ 347-13.5; 489-7.5.

Punitive damages are not encompassed within the definition of actual damages. See Masaki v. General Motors Corp., 71 Haw. 1, 6-8 & 12, 780 P.2d 566, 570-71 & 573 (1989) ("Punitive or exemplary damages are generally defined as those damages assessed in addition to compensatory damages for the purpose of punishing the defendant for aggravated or outrageous misconduct..."); Howell v. Assoc. Hotels, Ltd., 40 Haw. 492, 501, 1954 Haw. Lexis 16, at *14-15 (1954) (punitive damages are measured by a standard that bears "no necessary relationship to the actual damages awarded").

Even if punitive damages were an available remedy, Plaintiff would not be entitled to them, as he can offer no evidence suggesting that Home Depot acted in the face of a perceived risk that its actions would violate federal law. Hemmings v. Tidyman's Inc., 285 F.3d 1174 (9th Cir. 2002); Masaki v. General Motors, 71

21

Haw. 1, 16-17 (1989); see also Kolstad v. American Dental Ass'n, 527 U.S. 526, 528, 545-46 (1999).

To the extent that Plaintiff seeks to bolster his punitive damages claim by attempting to introduce evidence, testimony, argument and comment concerning Exhibit 11 ("Financial Statement of Home Depot, Inc.", dated May 31, 2006), this document is inadmissible because Plaintiff failed to produce it prior to the discovery deadline.  See Defendant Home Depot USA, Inc.'s Fifth Motion in Limine (excluding evidence, testimony, argument and comment concerning any documents Plaintiff failed to produce prior to the discovery deadline).

DATED:  Honolulu, Hawaii, December 4, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
> /s/ Jeffrey S. Harris
> JEFFREY S. HARRIS
> HEATHER M. RICKENBRODE
> Attorneys for Defendant
> HOME DEPOT USA, INC.

631598.V2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | NO. **CV04-00154 DAE/BMK** |
| Plaintiff, | CERTIFICATE OF SERVICE |
| v. | |
| HOME DEPOT USA, INC., | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT, on the dates and by the methods of service

noted below, a true and correct copy of "DEFENDANT HOME DEPOT USA,

INC.'S TRIAL BRIEF" dated December 4, 2006, was served on the following at

their last known addresses:

<u>Served Electronically through CM/ECF</u>:

Stanley E. Levin, Esq.    slevin@davislevin.com    December 4, 2006
Bruce Sherman, Esq.    Failey52@hawaii.rr.com December 4, 2006

Attorneys for Plaintiff JON MUSE

DATED:  Honolulu, Hawaii, December 4, 2006.

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

/s/ Jeffrey S. Harris
JEFFREY S. HARRIS
HEATHER M. RICKENBRODE
Attorneys for Defendant
HOME DEPOT USA, INC