OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN     5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY     5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel: (808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | CIVIL NO. 04-00154 DAE/BMK |
| | (Civil Rights Violation) |
| Plaintiff, | |
| | PLAINTIFF'S MEMORANDUM IN |
| vs. | OPPOSITION TO DEFENDANT |
| | HOME DEPOT USA, INC.'S |
| HOME DEPOT USA, INC., | TENTH (10th) MOTION IN LIMINE |
| | (TO EXCLUDE PLAINTIFF'S |
| Defendant. | EXHIBITS 31, COUNSEL'S |
| | 07/27/2004 R. 408 LETTER) AND |
| | CERTIFICATE OF SERVICE |
| | |
| | TRIAL WEEK: January 17, 2007 |
| _____ | JUDGE: David A. Ezra |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT HOME DEPOT USA, INC.'S TENTH (10th) MOTION IN LIMINE (TO EXCLUDE PLAINTIFF'S EXHIBITS 31, COUNSEL'S 07/27/2004 R. 408 LETTER)

Generally settlement proposals and communications are excluded from evidence for the purpose of establishing liability pursuant to Federal Rule of Evidence Rule 408 (hereinafter F.R.E.). *See Cohn v. Pestmart, Inc.*, 281 F.3d 837 (9th Cir. 2002). Rule 408 does not require exclusion when the evidence is offered for another purpose other than to prove the validity or invalidity of a claim or its amount, an offer for another purpose is not banned by the rule.

In the present case, Defendant's counsel has argued in its opposition to Plaintiff's Motion for Partial Summary Judgment, that the Plaintiff has not frequented the store in question on a voluntary basis, as if it is of no real consequence to the Plaintiff that he was told by the Defendant's employees not to return until he could stop using vulgar language. The statement in the July 27, 2004 letter, "…and continue to stay out of it[sic] stores until he avoids using vulgar language in front of employees and customers" is offered to rebut the intimation by the Defendant that the Plaintiff is "voluntarily" staying out of the Defendants store. Given the Defendant's intractable position that the Plaintiff stay out of its stores until he can avoid using vulgar language (unintentionally as a result of his having Tourette Syndrome), the Plaintiff has no other choice pending the resolution of this

litigation. It is not a "voluntary" choice as advanced by Defendant's counsel in pleading.

The receipt of this letter into evidence is certainly relevant to the issue of voluntariness and satisfies the requirements of F.R.E. Rule 401. Since this is a bench trial, there is little, if any chance that the admission of this letter will result in prejudice, confusion, or waste of time.

DATED: Honolulu, Hawaii, December 4, 2006.

/s/ STANLEY E. LEVIN
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff