OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN     5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY     5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel: (808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | CIVIL NO. 04-00154 DAE/BMK |
| | (Civil Rights Violation) |
| Plaintiff, | PLAINTIFF'S MEMORANDUM IN |
| | OPPOSITION TO DEFENDANT'S |
| vs. | HOME DEPOT'S ELEVENTH (11th) |
| | MOTION IN LIMINE (TO |
| HOME DEPOT USA, INC., | EXCLUDE PLAINTIFF'S EXHIBIT |
| | 28, THE PURPORTED 09/08/2006 |
| Defendant. | LETTER FROM SOCIAL |
| | SECURITY ADMINISTRATION) |
| | AND CERTIFICATE OF SERVICE |
| | TRIAL WEEK:  January 17, 2007 |
| | JUDGE:  David A. Ezra |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
HOME DEPOT'S ELEVENTH (11th) MOTION IN LIMINE (TO EXCLUDE
PLAINTIFF'S EXHIBIT 28, THE PURPORTED 09/08/2006 LETTER
<u>FROM SOCIAL SECURITY ADMINISTRATION)</u>

Plaintiff's Exhibit 28 is a letter from the Social Security Administration, indicating that Plaintiff Jon Muse is entitled to monthly disability benefits. It is relevant to the issue of the Plaintiff's disability with respect to communication and the attendant effect on his ability to engage in substantial gainful employment. It satisfies the requirements of Federal Rule of Evidence (hereafter F.R.E.) Rule 402. Since this is a bench trial the admission of Exhibit 28 is not likely to result in prejudice, confusion, or undue cost and therefore satisfies the requirements of F.R.E. Rule 403.

The letter from the Social Security Administration is admissible as an exception to the hearsay rule pursuant to F.R.E. Rule 803(8). It is a public record or report. Defendant Home Depot has not shown that this document should not be afforded the assumption that a public official diligently performed his/her duty to make an accurate report. The public official who prepared this report need not testify concerning the matters contained in it, nor need the report have been entered at or near the time that the reported matter occurred.

The Social Security letter is also subject to authentication pursuant to F.R.E. 902. While it is not under seal, Plaintiff has listed the custodian of records from the Social Security Administration as a witness, and this will satisfy the requirements of F.R.E. Rule 902 for authentication. It should be noted that the finding or decision by the Social Security Administration regarding the Plaintiff is

subject to judicial notice pursuant to F.R.E. Rule 201. Judicial notice is properly taken of orders and decisions made by other courts or administrative agencies. *Bryant v. Carleson, supra; Assembly of State of California v. U.S. Department of Commerce*, 797 F.Supp. 1554, 1558-59 (E.D.Cal.), affirmed 968 F.2d 916 (9th Cir.1992); *Missouri Pacific Railroad Company v. United Transportation Union, General Committee of Adjustment*, 580 F.Supp. 1490 (E.D.Mo.1984), affirmed 782 F.2d 107 (8th Cir. 1986), certiorari denied 482 U.S. 927, 107 S.Ct. 3209, 96 L.Ed.2d 696 (1987).

The case cited by the Defendant, *Johnson v. Oregon*, 141 F.3d 1361 (9th Cir. 1998) involved an ADA Title I employment matter which hung on the issue of whether or not the plaintiff could establish that she was a qualified individual under the ADA pursuant to 42 U.S.C. §§ 12111(8) and 12112(a). The specific inquiry centered on whether a certain job could be performed with (or without) reasonable accommodation. *Johnson* supra at 1366. The present lawsuit is not a ADA Title I employment case. The issue here is not whether or not the Plaintiff is a qualified person with a disability, seeking a reasonable accommodation for employment purposes. In essence, the Johnson found at most that while the ADA and SSA definitions of disability are not mutually inclusive, nor are they are mutually exclusive **in the context of ADA Title I employment cases**.

Defendant continues to claim that is has been surprised and prejudiced by the purported recent addition (after the discovery cutoff date of August 25, 2006) of evidence concerning the Plaintiff's eligibility for SSI disability. This position is a misrepresentation and unsupported by the record in this lawsuit. On November 29, 2005, Defendant filed its disclosure of expert testimony designating Dr. Robert Marvit as its expert in this lawsuit. The expert's disclosure contained a written report by Dr. Marvit dated September 14, 2005 memorializing his examination of the Plaintiff on September 7, 2005. A copy of this report was received by the Defendant's counsel as evidenced by a date stamp on the filed copy of the report. The examination was a forced IME pursuant to Federal Rule of Civil Procedure Rule 35. A status conference was held on August 24, 2005 before Magistrate Judge Barry M. Kurren limiting Dr. Marvit regarding any inquiries at the examination as to what accommodations the store could make and relieving the Plaintiff from a stipulation which had been mistakenly executed. On September 6, 2005 the court entered the order granting Plaintiff Jon Muse limited relief from stipulation for medical examination.

Strangely, the Defendant, by and through it counsel, filed a Motion in Limine on October 3, 2006 seeking to exclude testimony, argument and comment on the September 14, 2005 report by Robert C. Marvit, M.D. The jist of Defendant's Third Motion in Limine regarding Dr. Marvit, was that the opinions

(and report) of its own designated expert were neither reliable and relevant and did not comply with the requirements of F.R.E. Rules 702 and 703 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  Even more strangely, the Defendant asserted in the Motion in Limine, that:

> "[p]laintiff is unable to satisfy his burden of proving that any of Dr. Marvit's opinions are reliable.  Plaintiff cannot show that there are any theories or techniques underpinning Dr. Marvit's opinions, much less that they can be or have been tested.  Plaintiff cannot show that any such theories or techniques have been subjected to peer review and publication, or that there is a known or potential rate of error.  Plaintiff cannot show that any such theories or techniques enjoys [sic] general acceptance in the scientific community, or that a connection exists between any opinion reached by use of such methods and the information that Dr. Marvit obtained about the Plaintiff."

Defendant's Memorandum in Support at p. 3. In an old fashioned way, Plaintiff's counsel had always assumed that the Defendant's goal was to qualify its own expert witness Pursuant to F.R.E. 703.

It is difficult to know where to being in addressing this extremely odd pleading and the issues it raises as to the conduct of Defendant's counsel. Needless to say, it appears that Dr. Marvit's September 14, 2004 may not have been what Defendant's counsel either expected or wanted.  How could Defendant's counsel force the Plaintiff to undergo 6 hours of an IME with Dr. Marvit without vetting Dr. Marvit to determine if he could meet Daubert standards, if the F.R.C.P. Rule 35 IME was in good faith and not just to harass Plaintiff Jon Muse?  There are a number of other questions, including, but not limited to, F.R.C.P. Rule 37 and

5

F. R. C. P. Rule 11 issues. But these are better addressed in another opposition to one of Defendant's numerous Motions in Limine.

What Dr. Marvit's September 14, 2005 report at p. 4 does say that is relevant to this opposition is: **"He has been receiving Social Security disability income for the past three years. He was evaluated by psychologist Tom Green for this benefit. He also gets Medicare health coverage."** It should be noted that this statement is not hearsay as it not being used to prove the truth of the matter asserted (whether or not Jon Muse received Social Security disability and Medicare), but rather that the Defendant's counsel was on notice of this possibility. Plaintiff filed his initial disclosure of experts on October 31, 2005, with an attached report by his designated expert, Dr. Samuel F. Zinner. Dr. Zinner's report also indicated that the Plaintiff Jon Muse received SSI disability.

Jeffery Harris, Esq., counsel for Defendant Home Depot, took the deposition of Jon Muse on October 5, 2005. It is plain that Mr. Harris knew or should have known at the time of the deposition that Mr. Muse received some form of disability payments from the federal government. He asked a question whether or not the Plaintiff received state disability payments (Muse depo at 95), but then made no further inquiry. It is not incumbent upon the Plaintiff to prepare the Defendant's counsel. There may be a number of reasons why Mr. Harris did not use the information from his own expert witness, some tactical. But it is plain that

6

Defendant's counsel has had this information in his possession for over a year. The Defendant cannot now claim in good faith that it has either been surprised or prejudiced. Perhaps this is one reason as to why the Defendant now seeks to disqualify it own expert witness.

Finally, while not necessary, Plaintiff's counsel will respond to an inappropriate and unsupported gratuitous remark inserted by the Defendant in this Motion in Limine. Defendant's counsel (at pp. 4-5) alleges that statements by Mr. Muse in the day in the life video to the effect that he is self-employed and a comment by his 15 year old son, Justin, that he "makes good money" "certainly does[sic] not support any determination of disability by the Social Security Administration." This shows complete ignorance on the part of Defendant's counsel of the Supplemental Security Income program. In appropriate situations recipients are permitted to work, so long as their income does not go over a specified monthly amount. While employing the term "substantial gainful employment" in its memo, Defendant's counsel does not appear to have bothered to understand how this term is defined or applied by the Social Security Administration. The understanding of what constitutes "good money" by a fifteen year old boy has nothing to do with whether the Plaintiff is eligible for SSI disability benefits. The statement by Defendant's counsel is mean spirited and just plain wrong.

DATED: Honolulu, Hawaii, December 4, 2006.

/s/ STANLEY E. LEVIN
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY
Attorneys for Plaintiff