OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN        1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN       5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY       5546
E-mail: feen@compuserve.com
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel: (808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S MEMORANDUM IN |
| vs. | ) | OPPOSITION TO DEFENDANT |
| | ) | HOME DEPOT USA, INC.'S |
| HOME DEPOT USA, INC., | ) | TWELFTH (12th) MOTION IN |
| | ) | LIMINE (EXCLUDING |
| Defendant. | ) | PLAINTIFF'S EXHIBIT 32, |
| | ) | CONFIDENTIAL SETTLEMENT |
| | ) | AGREEMENT) AND |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | TRIAL WEEK: January 17, 2007 |
| _____ | ) | JUDGE: David A. Ezra |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT HOME DEPOT USA, INC.'S TWELFTH (12th) MOTION IN LIMINE (EXCLUDING PLAINTIFF'S EXHIBIT 32, CONFIDENTIAL SETTLEMENT AGREEMENT)

Generally Federal Rule of Evidence (hereafter F.R.E.) Rule 408 would preclude the introduction into evidence of a settlement agreement. The Defendant cites *Hudspeth v. Commissioner of Internal Revenue Service*, 914 F.2d 1207, 1213-14 (9th Cir. 1990) in support of this proposition. The exclusion of settlement agreements pursuant to F.R.E. Rule 408 is not, however, absolute. Rule 408 lays out some of the reasons that settlement offers, negotiations, and/or agreement might be admissible, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. This list is not exhaustive. In fact the court in *Hudspeth, supra* at 1214 did admit the settlement agreement to prove the bias by the IRS valuation expert.

The confidential Bank of Hawaii Settlement Agreement is offered here to rebut the claim by Defendant Home Depot that if it were to admit the Plaintiff to its store while he exhibited the symptoms of his disability, it would be subject to a number of lawsuits or other actions premised upon some theory or sexual harassment based on the Plaintiff's unintentional utterance of vulgarities. While citing no examples in support of this position, the Defendant asserts the mere possibility absolves it of any responsibility to accommodate the Plaintiff pursuant

to Title III of the Americans with Disabilities Act.  Of course, under the Defendant's theory, any Title III public Accommodation, such as a branch of the Bank of Hawaii would be subject to the same imaginary liability.  Plainly, the reasonable accommodation provided by the Bank of Hawaii in the confidential settlement agreement, puts this misrepresentation to rest.

The confidential settlement agreement is relevant to the defense raised by Defendant Home Depot and the possibility of a solution to this litigation.  It is relevant, as such, pursuant to F.R.E. Rule 402. Because this is a bench trial, it is unlikely that the admission of the settlement agreement would result in prejudice, confusion, or undue delay as specified by F.R.E, Rule 403.

DATED: Honolulu, Hawaii, December 4, 2006.

/s/ STANLEY E. LEVIN
STANLEY E. LEVIN
BRUCE  F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff