TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001
Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JON MUSE, | NO. CV04-00154 DAE/BMK |
|---|---|
| Plaintiff, | DEFENDANT HOME DEPOT USA, INC.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW; CERTIFICATE OF SERVICE |
| v. | |
| HOME DEPOT USA, INC., | |
| Defendant. | Judge: Hon. David A. Ezra<br>Trial: January 17, 2007 |

**DEFENDANT HOME DEPOT USA, INC.'S PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

COMES NOW DEFENDANT HOME DEPOT USA, INC. (hereinafter

"Home Depot"), and, pursuant to Federal Rule of Civil Procedure 52 and the

634373.V2

Amended Rule 16 Scheduling Order, hereby submits its proposed Findings of Fact and Conclusions of Law.

I.   **PROPOSED FINDINGS OF FACT**

   A.   **November 3, 2003 Incident**

   1.   On November 3, 2003, Plaintiff Jon Muse entered Defendant Home Depot's store at 421 Alakawa Street in Honolulu, Hawaii.

   2.   Plaintiff approached cashier Debra Peterson's counter to return a wheelbarrow.

   3.   Plaintiff said to Peterson: "Eh, c[]nt, can I return this c[]nt wheelbarrow c[]nt?"

   4.   Peterson was extremely offended by Plaintiff's remark, and left Plaintiff to summon her supervisor, Darlyn Kuhia.

   5.   When Peterson returned, Plaintiff said: "Um, c[]nt, what, you going, c[]nt, help me or what?"

   6.   Peterson continued to be very upset by Plaintiff's statements.

   7.   Eight to ten customers were present during Plaintiff's statements, within earshot.

8. Supervisor Darlyn Kuhia arrived and Plaintiff repeatedly called Kuhia a "f[]cking c[]nt."

9. Kuhia was extremely upset and asked Plaintiff not to call her that.

10. Kuhia called manager Mike Dolan and asked him to come to Peterson's counter.

11. Dolan arrived at Peterson's counter and Plaintiff continued to use the words "f[]cking" and "c[]nt".

12. Dolan was disturbed by Plaintiff's use of "f[]cking" and "c[]nt", and told Plaintiff that his verbal abuse of employees in front of customers was unacceptable.

13. Plaintiff continued using the words "f[]cking" and "c[]nt", and tried to approach Peterson.

14. Plaintiff was permitted to return a wheelbarrow for a refund.

15. Plaintiff mentioned that he had Tourette's Syndrome, as he continued to use the words "f[]cking" and "c[]nt" and walked out of the store.

16. Home Depot did not tell Plaintiff that he could not return to the store, and Plaintiff did not attempt to return to the store before filing his First Amended Complaint on March 5, 2004.

### B. Plaintiff's Communication

17. Plaintiff communicated with others in connection with his job, at Narcotics Anonymous and Gamblers Anonymous meetings, in his interactions with family, friends, store employees and physicians.

18. Plaintiff has only been unable to communicate with others a few times over the past few years.

### C. Plaintiff's Interaction with Others

19. Plaintiff's business requires him to regularly interact with numerous individuals working at nurseries, private residences and floral shops, and his customers buy his flowers regardless of his condition.

20. Plaintiff regularly interacts with numerous individuals during his daily life, including, but not limited to, people at stores, restaurants, physicians' offices, Narcotics Anonymous meetings, and Gamblers Anonymous meetings.

21. Plaintiff maintains relationships with family members, including his mother, son and girlfriend, friends, acquaintances, and individuals he sponsors at Narcotics Anonymous.

22. Plaintiff's condition does not hinder him from taking a leadership role in Narcotics Anonymous, assuming responsibility for finding weekly speakers for meetings that have between twenty-five and fifty participants.

23. Plaintiff does not have high levels of hostility in his interaction with others on a regular basis.

### D. Modifications

24. There is no evidence that any employee working at the Alakawa store, including Peterson, Kuhia or Dolan, would have found Plaintiff's use of the words "f[]ck" and "c[]nt" inoffensive.

25. The Alakawa store had customers in nearly every aisle in close proximity of each other at the time Plaintiff entered the store, and at most times that it was open for business.

26. To avoid having his case dismissed on September 10, 2004, Plaintiff disclaimed any request to walk through the Home Depot store when customers or employees were present.

634373.V2

## II. PROPOSED CONCLUSIONS OF LAW

1. Since Plaintiff was not substantially limited in the major life activities of communication or interacting with others when he entered the store, he was not disabled under federal or state law. Toyota Motor Mfg, Kentucky, Inc. v. Williams, 534 U.S. 184, 197-98 (2002); Fraser v. Goodale, 342 F.3d 1032, 1041 (9th Cir. 2003); Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1130-31 (10th Cir. 2003); McAlindin v. County of San Diego, 192 F.3d 1226, 1235 (9th Cir. 1999); Haw. Rev. Stat. §§ 347-13(a) and 489-3.

2. Plaintiff was not denied any goods and services that he sought, because he was permitted to return the wheelbarrow for a refund as he desired. 42 U.S.C. §12182.

3. Requiring Home Depot to expose employees and customers to Plaintiff's use of the words "f[]ck" and "c[]nt" would have been an unreasonable modification under Section 12182, because this would have subjected Home Depot to claims of sexual harassment under state and federal law. Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1082-83 (9th Cir. 2004); Freitag v. Ayers, No. 03-16702, NO. 03-17184, No. 03-17398, 2006 U.S. App. Lexis 23383, *18 (9th Cir. Sept. 13, 2006); Folkerson v. Circus Circus Enterprises, Inc., 107 F.3d 754, 756 (9thCir. 1997); Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir. 1994). Adelman v. Acme Mkts. Corp., Civil Action No. 95-4037, 1996 U.S.

Dist. Lexis 4152, *3-*4 (E.D. Pa. Apr. 2, 1996); 29 C.F.R. § 1604.11(e); <u>State v. Hoshijo</u>, 102 Hawai'i 307, 321-22, 76 P.3d 550, 564-65 (2003); <u>Nelson v. University of Hawaii</u>, 97 Hawai`i 376, 390, 38 P.3d 95, 109 (2001); Haw. Admin. R. ¶ 12-46-109(a); <u>In Re Smith/MTL</u>, Case No. 92-0003-PA-R-S (1992) (*available at* http://hawaii.gov/labor/hcrc/contested_cases.shtml).

4.  There is no exception from liability for permitting sexual harassment or racial harassment that is "unvoluntary". See <u>Elison v. Brady</u>, 924 F.2d 872, 880 (9th Cir. 1991) ("We note that the reasonable victim standard we adopt today classifies conduct as unlawful sexual harassment even when harassers do not realize that their conduct creates a hostile working environment."); <u>EEOC v. Nat'l Educ. Ass'n, Alaska</u>, 422 F.3d 840, 845 (9th Cir. 2005) ("However, a pattern of abuse in the workplace directed at women, whether or not it is motivated by "lust" or by a desire to drive women out of the organization, can violate Title VII.").

5.  It would have been impossible for Home Depot to obtain a prospective waiver of the state and federal sexual harassment claims from employees or customers, before being exposed to Plaintiff's use of the words "f[]ck" and "c[]nt". See <u>Alexander v. Gardner-Denver Co.</u>, 415 U.S. 36, 51-52 (1974); <u>Faris v. Williams WPC-I, Inc.</u>, 332 F.3d 316, 321 (5th Cir. 2003); <u>Riley v. American Family Mut. Ins. Co.</u>, 881 F.2d 368, 371-72 n. 6 (7th Cir. 1989).

634373.V2

6.Home Depot did not violate Haw. Rev. Stat. § 347-13, or Haw. Rev. Stat. § 489-3, because it treated Plaintiff the same as it would have treated any other customer who engaged in the same misconduct, and it was legally required to avoid exposing employees and customers to use of the words "f[]ck" and "c[]nt". See Volokh, Eugene, What Speech Does "Hostile Work Environment" Harassment Law Restrict?, 85 Geo. L.J. 627 (1997).

7.Statements made by Home Depot supervisor Darlyn Kuhia and manager Michael Dolan were not based on Plaintiff's alleged disability, but instead on Plaintiff voicing vulgarities. Doe v. Kahala Dental Group, 72 Haw. 150, 152, 808 P.2d 1276, 1277 (1991).

634373.V2

8. Requiring Home Depot to expose employees and customers to Plaintiff's use of the words "f[]ck" and "c[]nt" would violate constitutional protections against compelled ideological speech. Wooley v. Maynard, 430 U.S. 705, 713 (1977); see also West Virginia Bd. of Ed. v. Barnette, 319 U.S. 624, 632 (1943); United States v. United Foods, Inc., 533 U.S. 405, 410 (2001).

DATED: Honolulu, Hawaii, December 4, 2006.

        TORKILDSON, KATZ, FONSECA,
        MOORE & HETHERINGTON,
        Attorneys at Law, A Law Corporation

        /s/ Jeffrey S. Harris
        JEFFREY S. HARRIS
        HEATHER M. RICKENBRODE
        Attorneys for Defendant
        HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>        Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>        Defendant. | NO. **CV04-00154 DAE/BMK**<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT, on the dates and by the methods of service noted below, a true and correct copy of "DEFENDANT HOME DEPOT USA, INC.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW" dated December 4, 2006, was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Stanley E. Levin, Esq.    slevin@davislevin.com    December 4, 2006
    Bruce Sherman, Esq.    Failey52@hawaii.rr.com    December 4, 2006

    Attorneys for Plaintiff JON MUSE

    DATED: Honolulu, Hawaii, December 4, 2006.

                                    TORKILDSON, KATZ, FONSECA,
                                    MOORE & HETHERINGTON,
                                    Attorneys at Law, A Law Corporation

                                    /s/ Jeffrey S. Harris
                                    JEFFREY S. HARRIS
                                    HEATHER M. RICKENBRODE
                                    Attorneys for Defendant
                                    HOME DEPOT USA, INC.