TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE   8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>Defendant. | **NO. CV04-00154 DAE/BMK**<br><br>DEFENDANT HOME DEPOT USA, INC.'S **FINAL PRETRIAL STATEMENT;** CERTIFICATE OF SERVICE<br><br>Trial:   January 17, 2007 |

## DEFENDANT HOME DEPOT USA, INC.'S
## FINAL PRETRIAL STATEMENT

COMES NOW DEFENDANT HOME DEPOT USA, INC. (hereinafter

"Home Depot"), and pursuant to Local Rule 16.6, submits the following Final

Pretrial Statement.

633655.V2

(a)    Party.

This statement is filed on behalf of Defendant Home Depot.

(b)    Jurisdiction and Venue.

The statutory basis for federal jurisdiction and venue are 28 U.S.C. § 1331

and 42 U.S.C. § 12181 *et seq*, as well as 28 U.S.C. § 1367 and Haw. Rev. Stat. §§

347-12, 489-2.

(c)    Substance of Action.

This case arises from Plaintiff Jon Muse's ("Muse") claim that the

Americans with Disabilities Act ("ADA") and state laws entitle him to subject

Home Depot employees and customers to vulgar and offensive language that

denigrates women and African-Americans, and is incendiary to all people

regardless of gender or race.  Home Depot does not agree that the ADA and state

law give Mr. Muse such a right.

(d)    Undisputed Facts.

> (i)    Home Depot operates a public accommodation.

> (ii)    On November 3, 2003, Plaintiff Jon Muse entered Defendant
Home Depot's store at 421 Alakawa Street in Honolulu, Hawaii.

> (iii)    Plaintiff approached cashier Debra Peterson's counter to return
a wheelbarrow.

> (iv)    Plaintiff said to Peterson: "Eh, c[]nt, can I return this c[]nt
wheelbarrow c[]nt?"

> (v)    Peterson was extremely offended by Plaintiff's remark, and left
Plaintiff to summon her supervisor, Darlyn Kuhia.

(vi)    When Peterson returned, Plaintiff said: "Um, c[]nt, what, you going, c[]nt, help me or what?"

(vii)   Peterson continued to be very upset by Plaintiff's statements.

(viii)  Eight to ten customers were present during the transaction.

(ix)    Supervisor Darlyn Kuhia arrived and Plaintiff repeatedly called Kuhia a "f[]cking c[]nt."

(x)     Kuhia was extremely upset and asked Plaintiff not to call her that.

(xi)    Kuhia called manager Mike Dolan and asked him to come to Peterson's counter.

(xii)   Dolan arrived at Peterson's counter and Plaintiff continued to use the words "f[]cking" and "c[]nt".

(xiii)  Dolan was disturbed by Plaintiff's use of "f[]cking" and "c[]nt", and told Plaintiff that his verbal abuse of employees in front of customers was unacceptable.

(xiv)   Plaintiff continued using the words "f[]cking" and "c[]nt", and tried to approach Peterson.

(xv)    Plaintiff was permitted to return a wheelbarrow for a refund.

(xvi)   Plaintiff mentioned that he had Tourette's Syndrome, as he continued to use the words "f[]cking" and "c[]nt" and walked out of the store.

(xvii)  Home Depot did not tell Plaintiff that he could not return to the store on November 3, 2003, and Plaintiff did not attempt to return to the store before filing his First Amended Complaint on March 5, 2004.

(xviii) Plaintiff communicated with others in connection with his job, at Narcotics Anonymous and Gamblers Anonymous meetings, in his interactions with family, friends, store employees and physicians.

(xix)   Plaintiff has only been unable to communicate with others a few times over the past few years.

(xx)   Plaintiff's business requires him to regularly interact with numerous individuals working at nurseries, private residences and floral shops, and his customers buy his flowers regardless of his condition.

(xxi)  Plaintiff regularly interacts with numerous individuals during his daily life, including, but not limited to, people at stores, restaurants, physicians' offices, Narcotics Anonymous meetings, and Gamblers Anonymous meetings.

(xxii) Plaintiff maintains relationships with family members, including his mother, son and girlfriend, friends, acquaintances, and individuals he sponsors at Narcotics Anonymous.

(xxiii) Plaintiff's condition does not hinder him from taking a leadership role in Narcotics Anonymous, assuming responsibility for finding weekly speakers for meetings that have between twenty-five and fifty participants.

(xxiv) Plaintiff does not have high levels of hostility in his interaction with others on a regular basis.

(xxv)  Plaintiff has not lost any business revenue as a result of his November 3, 2003 and April 25, 2004 visits to Home Depot.

(e)    Disputed Factual Issues.

(i)     Whether any impairment that Muse suffered from substantially limited his activities of communication and interacting with others.

(ii)    Whether any substantial limitations of Muse's communication activity manifested themselves during the incidents at Home Depot.

(iii)   Whether any substantial limitations of Muse's interaction with others manifested themselves during the incidents at Home Depot.

(iv)    Whether a modification of a chaperone would have been reasonable, if Muse had requested it.

(v)     Whether a modification of prominently displaying a sign warning customers and employees of Plaintiff's behavior would have been reasonable, if Muse had requested it.

(vi)    Other factual issues presented by conflicts between the parties' pretrial statements or further developments.

-4-

(f)    <u>Relief Prayed</u>.

Home Depot requests dismissal of Muse's action with prejudice.

(g)    <u>Points of Law</u>.

    (i)    <u>Title III, Americans with Disabilities Act Claim</u>

        (1)    Muse is Not Disabled Within The Meaning Of Title III

To prove that he his disabled, Muse must demonstrate that he has a "physical or mental impairment that substantially limits one or more of [Muse's] major life activities." 42 U.S.C. § 12102 (2005). The only major life activity that Muse timely claimed to be limited in is his communication with others. Muse cannot show that he was substantially limited in this major life activity, as his deposition testimony shows that he communicates with others in conjunction with his job, when he attends Narcotics Anonymous and Gamblers Anonymous meetings, in his leadership roles with Narcotics Anonymous, in his interactions with friends, acquaintances, physicians and his ex-wife, and in his relationships with his son and girlfriend. Moreover, it is undisputed that Plaintiff communicated his transactional needs to Debra Peterson, and that Plaintiff's transactions were completed to his satisfaction.

Muse made a late claim that he was limited in his interaction with others, but cannot show that he was substantially limited in this activity. This is because his deposition testimony shows that he interacts with others when he goes to Starbucks

almost every day for coffee, picks up prescriptions at the Pali Longs, spends time at the home of his neighbor, spends time with close friends, acquaintances, his girlfriend and son, attends appointments with physicians, attends Narcotics Anonymous meetings twice a week, coordinates weekly speakers for one of his Narcotics Anonymous meetings (which has between 25 and 50 attendees), sponsors five individuals in Narcotics Anonymous, attends weekly Gamblers Anonymous meetings, and interacts with his ex-wife.

Moreover, Plaintiff's business requires him to interact with numerous individuals working at nurseries, private residences, and floral shops, and his customers buy his flowers regardless of his condition. Indeed, Plaintiff testified during his deposition that he does not have high levels of hostility in his interaction with others. As such, he is not substantially limited in the major life activity of interacting with others, and is therefore unprotected by Title III. See McAlindin v. County of San Diego, 192 F.3d 1226, 1235 (9th Cir. 1999).

> (2)   Muse Is Judicially Estopped From Requesting Any Modifications That Involve Walking Through The Store When Employees Or Customers Are Present.

Plaintiff disclaimed any request to walk through Home Depot when customers or employees are present in order to avoid having his case dismissed on September 10, 2004. Transcript of Proceedings before the Honorable David Alan Ezra, Chief United States District Judge, dated September 10, 2004, at 21:06-16,

-6-

28:17-19. Even assuming that the two modifications Plaintiff now requests are relevant, both the provision of a personal shopper and posting a sign outside the store involve Plaintiff walking through the store when customers and employees are present. His previous disclaimer judicially estops him from requesting these modifications now. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001); Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990).

> (3)    The Modifications Muse Requested After Commencing Litigation Are Not Reasonable

Even if Muse could prove that he was disabled, he would not be able to prove that he requested and was denied a reasonable modification. Johnson v. Gambrinus Co./Spoetzl Brewery, 116 F.3d 1052, 1058-60 (5th Cir. 1997). Muse did not request an accommodation until months after litigation commenced. Zukle v. The Regents of the Univ. of Calif., 166 F.3d 1041, 1051 n.16 (9th Cir. 1999) (request for accommodation is unreasonable if it is made too late). Proposed modifications, such as having a chaperone or posting a sign at the entrance of the Alakawa store, are not reasonable. Compare Bercovitch v. Baldwin School, 133 F.3d 141, 152 (1st Cir. 1998) (request for modification is unreasonable if it requires a public accommodation to disregard its rules of conduct); Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston, 515 U.S. 557 (1995) (request for modification is unreasonable if it requires a public accommodation to propound a particular view on sexual orientation); Larsen v. Carnival Corp., 242 F.

-7-

Supp. 2d 1333, 1348 (S.D. Fla.) (request for modification is unreasonable if it poses a danger to the person requesting it).

Specifically, the modification of having a chaperone walk around the Alakawa store with Muse is unreasonable because it will not prevent employees and customers from being exposed to Muse's offensive language, and it will expose Home Depot to liability. Courts interpreting Title III of the ADA have applied the analytical framework of Title I in the Title III context. Dahlbert v. Avis Rent A Car Sys., Inc., 92 F. Supp.2d 1091, 1105 (D. Colo. 2000); see also Freilich v. Board of Directors of Upper Chesapeake Health, Inc., 142 F. Supp.2d 679, 700 (D. Md. 2001). The Fifth Circuit in Johnson, has noted that the principles behind the "reasonable accommodation" inquiry under Title I and the "reasonable modification" inquiry are extremely similar, and require the same burdens of proof. 116 F.3d at 1059.

Courts in Title I cases have determined that an accommodation which allows the employee to harass customers or co-workers is unreasonable. In Ray v. The Kroger Co., 264 F. Supp. 2d 1221 (S.D. Ga. 2003), aff'd 90 Fed. Appx. 384 (11th Cir. 2003), the court found that an employer was not required to retain a clerk who made repeated offensive outbursts to customers because he was afflicted with Tourette's Syndrome. Likewise, the ADA does not require reasonable accommodation of an employee whose mental illness caused her to harass her co-

-8-

workers.  Palmer v. Circuit County of Cook County, 117 F.3d 351, 352-53 (7th

Cir. 1997).  ("It would be unreasonable to demand of the employer either that it

force its employees to put up with this [threatening behavior] or that it station

guards to prevent the mentally disturbed employee from getting out of hand.")

Similarly, any accommodation requiring clerks, supervisors, managers and

customers to accept Plaintiff's offensive language is unreasonable, particularly

where it exposes Defendant to liability for sexual and racial harassment.  Use of

the term "f[]cking c[]nt" is "patently offensive", Transcript of Proceedings before

the Honorable David Alan Ezra, Jon Muse v. Home Depot USA, Inc., Civil No.

04-00154 DAE (Oct. 16, 2006), and creates a viable claim for sexual harassment.

Folkerson v. Circus Circus Enterprises, Inc., 107 F.3d 754, 756 (9th Cir. 1996);

Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir. 1994); see also

Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1074 (10th Cir. 1998).  Home Depot

cannot ignore customers or employees directing vulgar language at employees.

Further, even if an employee was willing to walk around the store with

Plaintiff and attempt to explain his statements to others, such agreement would not

preclude the employee from raising a sexual harassment claim against Home

Depot, as the prospective waiver or release of any hostile work environment claims

would be unenforceable as against public policy.  See Alexander v. Gardner-

Denver Co., 415 U.S. 36, 51-52, 94 S. Ct. 1011 (1974) ("[T]here can be no

prospective waiver of an employee's rights under Title VII"); <u>Faris v. Williams WPC-I, Inc.</u>, 332 F.3d 316, 321 (5th Cir. 2003) (A plain reading of [FMLA] regulations is suggests that they "prohibit[] prospective waiver of rights, not the post-dispute settlement of claims."); <u>Riley v. American Family Mut. Ins. Co.</u>, 881 F.2d 368, 371-72 n. 6 (7th Cir. 1989) ("Prospective waivers would be unenforceable."). This is particularly the case where Home Depot's attempt to identify an employee willing to be exposed to Plaintiff's offensive and harassing language would exercise compulsion on that employee. Because of the power differential between Home Depot and its employees, there is no possibility of an employee's non-coerced consent.

Finally, even if Home Depot could avoid liability for claims raised by employees agreeing to interact with Muse, such agreement would not protect Home Depot from liability for claims raised by offended customers. There is no exception from liability for permitting sexual or racial harassment that is "unvoluntary". <u>See</u> <u>Ellison v. Brady</u>, 924 F.2d 872, 880 (9th Cir. 1991); <u>EEOC v. Nat'l Educ. Ass'n Alaska</u>, 422 F.3d 840, 845 (9th Cir. 2005).

Plaintiff cannot refute the fact that "the proprietor of a business has the right to expel or restrain a person who by virtue of abusive conduct refuses to leave or persists in this abusive conduct after being cautioned, though that person was

initially on the premises by express or implied invitation...". <u>Griego v. Wilson</u>, 91

N.M. 74, 76, 570 P.2d 612 (N.M. Ct. App. 1977).

For the foregoing reasons, Plaintiff's Title III claim will fail.

(ii)    <u>Claims Under Hawaii Revised Statutes Section 347-13 and
        Section 489-3</u>

Plaintiff's claims under Hawaii Revised Statutes Sections 347-13 and 489-3

will fail because Plaintiff cannot demonstrate that he was disabled within the

meaning of those sections. Assuming *arguendo* that Plaintiff is disabled within the

meaning of Sections 347-13 and 489-3, Plaintiff's claims will still fail because he

cannot show that he was denied the same privileges as any other customer who

made sexist, vulgar, and harassing remarks. <u>See</u> <u>Ward v. Housatonic Area Reg'l</u>

<u>Transit Dist.</u>, 154 F. Supp. 2d 339, 344-45 (D. Conn. 2001) (bus rider refused

service for disruptive acts). Home Depot would have asked any customer or

employee uttering those sexist, vulgar and harassing words to leave its property.

Plaintiff may suggest that he was denied privileges because one Home Depot

supervisor stated during her deposition that she did not interfere when she

overheard customers directing profanity at one another. Unidentified customers

who may have been heard making unidentified curses would not be similarly

situated to Plaintiff. <u>See</u> <u>Hac v. University of Hawaii</u>, 102 Hawai`i 92, 102, 73

P.3d 46, 56 (2003). Plaintiff was not observed making obscene statements to other

customers, but instead to company employees. As such, it was not discriminatory

-11-

for Home Depot to subject Plaintiff to the same treatment any offensive customer would have received in similar circumstances.

Hawaii law establishes that sexual harassment claims can be established by a single severe act. Nelson v. University of Hawaii, 97 Hawai`i 376, 390, 38 P.3d 95, 109 (2001). A single instance in which an offensive word is uttered is also sufficient to establish a claim of discrimination under Section 489-3. State v. Hoshijo, 102 Hawai`i 307, 321-22, 76 P.3d 550, 564-65 (2003); see also Smith v. MTL, Inc., HCRC Docket No. 92-003-PA-R-S (Nov. 9, 1993) (*available at* http://hawaii.gov/labor/hcrc/contested_cases.shtml) ("[A] single instance of discrimination is sufficient to constitute a violation" of Chapter 489.)

It is established that use of the term "f[]cking c[]nt" creates a viable claim for sexual harassment. Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir. 1994). Plaintiff can offer no evidence disputing the fact that his use of the terms "c[]nt" and "f[]cking" was unwelcome, severe and pervasive, and extremely upsetting to Home Depot's employee, supervisor and manager. See Nelson v. University of Hawaii, 97 Hawai`i 376, 391-92, 38 P.3d 95, 110-111 (2001).

Plaintiff's state law claims also fail because neither Section 347-13 nor Section 489-3 define discrimination to include "reasonable modification," as does 42 U.S.C. § 12182(2)9a)(i) for purposes of Title III.

-12-

Finally, Plaintiff cannot dispute the fact that Defendant's supervisor and manager's statements were based not on Plaintiff having an alleged disability, but on Plaintiff voicing vulgarities. See Doe v. Kahala Dental Group, 72 Haw. 150, 152, 808 P.2d 1276, 1277 (1991).

For the foregoing reasons, Plaintiff's state law claims will fail.

> (iii)   Requiring the Modifications that Plaintiff Now Requests Would Be Unconstitutional

Requiring Home Depot to post a sign at the Alakawa entrance or to provide Plaintiff with a chaperone and expose employees and customers to Plaintiff's vulgar and obscene language would violate constitutional protections against compelled ideological speech. Wooly v. Maynard, 430 U.S. 705, 713 (1977) ("The right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all."). If Home Depot were required to allow customers making vulgar and offensive sexist and racist comments, it would be conveying an ideological message against its will.   See Wooly, 430 U.S. at 713; West Virginia Bd. of Ed. v. Barnette, 319 U.S. 624, 632 (1943); United States v. United Foods, Inc., 533 U.S. 405, 410 (2001).

> (iv)   Plaintiff Is Not Entitled To Damages Under Federal Or State Law

Plaintiff is not entitled to damages under Title III. <u>Wander v. Kaus</u>, 304 F.3d 856, 858 (9th Cir. 2002). The only remedy available to Plaintiff is "preventative relief, including an application for a permanent or temporary injunction, retraining order, or other order". 42 U.S.C. § 2000a-3(a); 42 U.S.C. § 12188(a). Injunctive relief is improper in this matter. For reasons discussed more fully above, Plaintiff cannot prove he is protected by Title III, or that Home Depot has violated that statute.

Plaintiff is not entitled to any damages under Hawaii law. Section 347-13(a) and Section 489-3 both limit Plaintiff's recovery to "three times [his] actual damages or $1000, whichever sum is greater". Haw. Rev. Stat §§ 347-13.5; 489-7.5. Actual damages are meant to compensate an individual for his actual injuries or loss. <u>See</u> <u>e.g.</u> <u>Rankin v. City of Philadelphia</u>, 963 F. Supp. 463, 478 (E.D. Pa. 1997). The only attempt Plaintiff has made to identify and quantify his alleged damages is a statement that he is having a "hard time emotionally". Since Plaintiff has failed to prove that he is disabled, or that Home Depot was required and failed to provide a reasonable modification under state law, he is not entitled to actual damages for having a "hard time".

Plaintiff is not entitled to punitive damages. Punitive damages are not available under Title III, or Sections 347-13 and 489-3 of the Hawaii Revised Statutes. <u>See</u> <u>Zanakis-Pico v. Cutter Dodge, Inc.</u>, 98 Hawai`i 309, 316,

-14-

(h)    <u>Previous Motions</u>.

| Date | Motion | Disposition |
|------|--------|-------------|
| 4/09/04 | Defendant Home Depot USA, Inc.'s Motion to Dismiss Complaint | Denied 1/11/05 |
| 2/23/05 | Plaintiff's Motion to Compel Discovery and for Sanctions | |
| 3/16/05 | Plaintiff's Second Motion to Compel Discovery | |
| 11/29/05 | Defendant Home Depot USA, Inc.'s Motion for Summary Judgment | Denied 11/07/06 |
| 1/13/06 | Plaintiff's Third Motion to Compel Discovery | Denied 3/23/06 |
| 1/19/06 | Defendant Home Depot USA, Inc.'s Counter Motion to Plaintiff's Third Motion to Compel Discovery | Denied 3/23/06 |
| 1/20/06 | Plaintiff's Motion to Strike Defendant Home Depot USA, Inc.'s Counter Motion to Compel Discovery | Denied 3/23/06 |
| 2/22/06 | Plaintiff's Motion to Continue Defendant's Motion for Summary Judgment Pursuant to F.R.C.P. 56(f) | Granted 3/1/06 |
| 4/7/06 | Defendant Home Depot USA, Inc.'s Motion to Compel Discovery and For Sanctions | Granted in Part and Denied in Part 6/8/06 |
| 5/1/06 | Plaintiff's Fourth Motion to Compel Discovery | Granted in Part and Denied in Part 6/8/06 |
| 7/3/06 | Plaintiff's Motion for Leave to File Second Amended Complaint | Denied 8/16/06 |
| 8/23/06 | Plaintiff's Fifth Motion to Compel Discovery and For Sanctions | Granted in part and denied in part 9/22/06 |
| | Plaintiff's Motion for Partial Summary Judgment | Denied 11/07/06 |

-15-

(i)    Witnesses to be Called.

       (1)    Jon Muse
             c/o Stanley E. Levin, Esq.
             400 Davis Levin Livingston Grande Place
             851 Fort Street
             Honolulu, Hawaii  96813

             -and-

             Bruce F. Sherman, Esq.
             1164 Bishop Street, #124
             Honolulu, Hi  96813

Plaintiff has personal knowledge regarding matters at issue in this litigation, including, but not limited to, his allegations contained in the Complaint.

       (2)    Michael J. Dolan
             c/o Torkildson, Katz, Fonseca, Moore & Hetherington
             700 Bishop Street, Suite 1500
             Honolulu, Hawaii  96813

Mr. Dolan has personal knowledge regarding matters at issue in this litigation, including, but not limited to, the allegations contained in the Complaint.

       (3)    Darlyn P. Kuhia
             c/o Torkildson, Katz, Fonseca, Moore & Hetherington
             700 Bishop Street, Suite 1500
             Honolulu, Hawaii  96813

Ms. Kuhia has personal knowledge regarding matters at issue in this litigation, including, but not limited to, the allegations contained in the Complaint.

       (4)    Debra A. Peterson

-16-

c/o Torkildson, Katz, Fonseca, Moore & Hetherington
700 Bishop Street, Suite 1500
Honolulu, Hawaii 96813

Ms. Peterson has personal knowledge regarding matters at issue in this

litigation, including, but not limited to, the allegations contained in the Complaint.

(j) <u>Exhibits, Schedules and Summaries</u>.

(i)    Debra Peterson's Employee Statement, dated February 20, 2004
(Exhibit 27 to Muse's Deposition);

(ii)   Darlyn Kuhia's Employee Statement, dated February 20, 2004
(Exhibit 28 to Muse's Deposition);

(iii)  Michael Dolan's Employee Statement, dated February 24, 2004
(Exhibit 29 to Muse's Deposition);

(iv)   Debra Peterson's Employee Statement, dated April 26, 2004
(Exhibit 30 to Muse's Deposition);

(v)    Plaintiff's Response to Defendant Home Depot USA, Inc.'s
First Request for Answers to Interrogatories to Plaintiff Jon
Muse dated May 24, 2005;

(vi)   Plaintiff's Response to Defendant Home Depot USA, Inc.'s
Second Request for Answers to Interrogatories to Plaintiff Jon
Muse dated January 24, 2006;

(vii)  Plaintiff's Response to Defendant Home Depot USA, Inc.'s
First Request for Admissions to Plaintiff Jon Muse dated
May 24, 2006;

(viii) Plaintiff's Response to Defendant Home Depot USA, Inc.'s
Third Request for Answers to Interrogatories to Plaintiff Jon
Muse dated May 24, 2006;

(ix)   Plaintiff's Supplemental Response to Defendant Home Depot
USA, Inc.'s First Request for Answers to Interrogatories to
Plaintiff Jon Muse dated May 24, 2005 Pursuant to Order
Granting in Part and Denying in Part Plaintiff Jon Muse's

Fourth Motion to Compel Discovery and Granting in Part and Denying in Part Defendant Home Depot USA, Inc.'s Motion to Compel Discovery filed June 8, 2006;

(x)    Home Depot Discrimination Policies;

(xi)   Home Depot Workplace Harassment Policies;

(xii)  Home Depot Sexual Harassment Policies;

(xiii) Home Depot "Living Our Values";

(xiv)  Letter from Jeffrey S. Harris to Lunsford Dole Phillips, dated May 14, 2004.

(xv)   Transcript of Proceedings before the Honorable David Alan Ezra, Jon Muse v. Home Depot USA, Inc., Civil No. 04-00154 DAE, Jon Muse v. Bank of Hawaii, Civil No. 04-00156SOM (Sept. 10, 2004).

(k)    Further Discovery or Motions.

None.

(l)    Stipulations.

None requested or proposed.

(m)    Amendments, Dismissals.

None requested or proposed.

(n)    Settlement Discussion.

On August 23, 2006, Home Depot transmitted an offer of settlement to Muse's counsel that would allow Muse to shop in its Alakawa store either before or after store hours, provided that he calls a week in advance to provide adequate time for staffing, describes the kinds of goods that he would like to examine to ensure adequate precautions in the areas involved, has contact only with a

-18-

designated company representative to ask directions or questions and check out his purchases, brings his own personal shopper to assist him in the aisles so that he has no contact with others, and refrains from conversation with anyone other than the designated company representative and his personal shopper. Muse's attorneys refused this proposal.

     (o)   <u>Agreed Statement</u>.

Presentation of the action on an agreed statement of facts is not likely to be feasible.

     (p)   <u>Bifurcation, Separate Trial of Issues</u>.

Home Depot sees no need to bifurcate the trial.

     (q)   <u>Reference to Master or Magistrate Judge</u>.

Reference of this case to the Magistrate is neither desired nor feasible.

     (r)   <u>Appointment and Limitation of Experts</u>.

Appointment of an impartial expert and limitation of the number of experts does not seem necessary.

     (s)   <u>Trial</u>.

A bench trial is scheduled for January 17, 2007.

     (t)   <u>Estimate of Trial Time</u>.

Home Depot expects to need about two court days for the presentation of its case.

(u)    <u>Claims of Privilege or Work Product</u>.

Not applicable.

(v)    <u>Miscellaneous</u>.

Not applicable.

DATED:  Honolulu, Hawaii, December 4, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
> /s/ Heather M. Rickenbrode
> JEFFREY S. HARRIS
> HEATHER M. RICKENBRODE
> Attorneys for Defendant
> HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | NO. **CV04-00154 DAE/BMK** |
| Plaintiff, | CERTIFICATE OF SERVICE |
| v. | |
| HOME DEPOT USA, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on the dates and by the methods of service

noted below, a true and correct copy of "DEFENDANT HOME DEPOT USA,

INC.'S PRETRIAL STATEMENT," dated December 4, 2006, was served on the

following at their last known addresses:

Served Electronically through CM/ECF:

| | | |
|---|---|---|
| Stanley E. Levin, Esq. | slevin@davislevin.com | December 4, 2006 |
| Bruce Sherman, Esq. | Failey52@hawaii.rr.com | December 4, 2006 |

Attorneys for Plaintiff JON MUSE

DATED:  Honolulu, Hawaii, December 4, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
> /s/ Heather M. Rickenbrode
> JEFFREY S. HARRIS
> HEATHER M. RICKENBRODE
> Attorneys for Defendant
> HOME DEPOT USA, INC.

633655.V2