TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS            2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>             Plaintiff,<br><br>       v.<br><br>HOME DEPOT USA, INC.,<br><br>             Defendant. | **NO. CV04-00154 DAE/BMK**<br><br>DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1: TO PROHIBIT AND RESTRAIN ANY DEFENSE COUNSEL OR ITS STAFF FROM MENTIONING OR REPRESENTATING THAT HOME DEPOT USA, INC. HAS BEEN INVOLVED WITH SEXUAL HARASSMENT AS A RESULT OF A CUSTOMER SUFFERING FROM TOURETTE SYNDROME; CERTIFICATE OF SERVICE<br><br>Date:    January 17, 2007<br>Time:   9:00 a.m.<br>Judge:  Hon. David A. Ezra<br>Trial:    January 17, 2007 |

-2-

**DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
NO. 1: TO PROHIBIT AND RESTRAIN ANY DEFENSE
COUNSEL OR ITS STAFF FROM MENTIONING OR
REPRESENTATING THAT HOME DEPOT USA, INC.
HAS BEEN INVOLVED WITH SEXUAL HARASSMENT AS A RESULT
OF A CUSTOMER SUFFERING FROM TOURETTE SYNDROME**

Plaintiff's First Motion in Limine seems to suggest that Federal Rules of Evidence 402 and 403 justify precluding defense counsel or staff of defense counsel from "mentioning or representing" that Defendant Home Depot USA, Inc. ("Home Depot") has been "involved" with sexual harassment as a result of a customer suffering from Tourette's Syndrome. Plaintiff erroneously claims that such information is irrelevant, prejudicial and biased.

Federal Rule of Evidence 401 defines relevant evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. It is undisputed that a critical issue in this case is whether any modification requested by Plaintiff is reasonable. Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1082-83 (9th Cir. 2004). Since the Motion focuses on past "involvements" with sexual harassment as a result of a customer suffering from Tourette's Syndrome, it does not address the potential liability that Home Depot will be subjected to if Plaintiff is allowed to wander the aisles of the Alakawa store unimpeded during business hours.

Any "mention or representation" by Home Depot with regard to potential liability is relevant to demonstrate that the modifications of providing a personal shopper or posting a sign outside the Alakawa store are unreasonable under Title III of the Americans with Disabilities Act ("ADA") and Hawaii law. Reference to potential liability for sexual harassment is relevant because a claim can be established by a single severe act, Nelson v. University of Hawaii, 97 Hawai'i 376, 390, 38 P.3d 95, 109 (2001), and use of the term "f[]cking c[]nt" creates a viable claim for sexual harassment. Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir. 1994).

Further, a single instance in which an offensive word is uttered is sufficient to establish a claim of discrimination under Section 489-3. State v. Hoshijo, 102 Hawai'i 307, 321-22, 76 P.3d 550, 564-65 (2003); see also Smith v. MTL, Inc., HCRC Docket No. 92-003-PA-R-S (Nov. 9, 1993) ("[A] single instance of discrimination is sufficient to constitute a violation" of Chapter 489.)

Reference to potential liability is also relevant to Plaintiff's claim that Home Depot can avoid liability by finding an employee that is willing to walk around the store with Plaintiff and attempt to explain his statements to others. Even if such an employee were found, agreement would not preclude the employee, customer or anyone else on Home Depot premises from raising a sexual harassment claim against Home Depot, as the prospective waiver or release of any hostile work

environment claims would be unenforceable as against public policy. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 51-52, 94 S. Ct. 1011 (1974) ("[T]here can be no prospective waiver of an employee's rights under Title VII"); Faris v. Williams WPC-I, Inc., 332 F.3d 316, 321 (5th Cir. 2003) (A plain reading of [FMLA] regulations is suggests that they "prohibit[] prospective waiver of rights, not the post-dispute settlement of claims."); Riley v. American Family Mut. Ins. Co., 881 F.2d 368, 371-72 n. 6 (7th Cir. 1989) ("Prospective waivers would be unenforceable.").

As the foregoing suggests, references to liability for sexual harassment are clearly relevant and admissible under Rule 402. See Fallar v. Compuware Corp., 202 F. Supp. 2d 1067, 1080-1081 (D. Ariz. 2002) (admitting evidence of a company's online advertising where the company's failure to provide a reasonable accommodation by reassigning the plaintiff is a key issue); EEOC v. Fargo Assembly Co., 142 F. Supp. 2d 1160, 1162 (D. N.D. 2000) (admitting evidence of an employee's qualifications where his ability to perform essential functions of the job with or without modification is a key issue).

Plaintiff also asserts that defense counsel's alleged failure to produce "documentation or proof to date that these unlikely scenarios ever occurred to Home Depot" supports his claim that he would be prejudiced and biased by any mention of "involvement" with sexual harassment. This argument is specious.

The Advisory Committee Notes to Federal Rule of Evidence 403 state that "'[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403; see also United States v. Lyons, 453 F.3d 1222, 1232 (9th Cir. 2006) ("Under Rule 403, "unfair prejudice" is "any undue tendency to suggest decision on an improper basis.").  Plaintiff has failed to demonstrate that evidence, testimony, argument and comment regarding Home Depot's potential liability for sexual harassment are *unfair* such that their probative value is *substantially* outweighed by their prejudice.  See United States v. Pace, 10 F.3d 1106, 1115-16 (5th Cir. 1993); SEC v. Peters, 978 F.2d 1162, 1171 (10th Cir. 1992).  This is particularly true where Plaintiff's case will be heard at a bench trial, and it is established that

> [E]xcluding relevant evidence on the basis of "unfair" prejudice is a useless procedure.  Rule 403 assumes a trial judge is able to discern and weigh the improper inferences, and then balance those improprieties against probative value and necessity.  Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision.

Schultz v. Butcher, 24 F.3d 626, 632 (4th Cir. 1994) (citing Gulf States Utils. Co. v. Ecodyne Corp., 635 F.2d 517 (5th Cir. 1981).

631650.V1

-6-

For the foregoing reasons, Defendant Home Depot respectfully requests that this Court issue an order denying Plaintiff's Motion in Limine No. 1.

DATED: Honolulu, Hawaii, December 4, 2006.

                                        TORKILDSON, KATZ, FONSECA,
                                        MOORE & HETHERINGTON,
                                        Attorneys at Law, A Law Corporation

                                        /s/ Jeffrey S. Harris
                                        JEFFREY S. HARRIS
                                        HEATHER M. RICKENBRODE
                                        Attorneys for Defendant
                                        HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　　　Defendant. | NO. **CV04-00154 DAE/BMK**<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT, on the dates and by the methods of service noted below, a true and correct copy of "DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1: TO PROHIBIT AND RESTRAIN ANY DEFENSE COUNSEL OR ITS STAFF FROM MENTIONING OR REPRESENTATING THAT HOME DEPOT USA, INC. HAS BEEN INVOLVED WITH SEXUAL HARASSMENT AS A RESULT OF A CUSTOMER SUFFERING FROM TOURETTE SYNDROME", dated October 10, 2006, was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Stanley E. Levin, Esq.　　slevin@davislevin.com　　　　December 4, 2006

631650.V1

-2-

Bruce Sherman, Esq.     Failey52@hawaii.rr.com          December 4, 2006

Attorneys for Plaintiff JON MUSE

    DATED:  Honolulu, Hawaii, December 4, 2006.

                              TORKILDSON, KATZ, FONSECA,
                              MOORE & HETHERINGTON,
                              Attorneys at Law, A Law Corporation

                              /s/ Jeffrey S. Harris
                              JEFFREY S. HARRIS
                              HEATHER M. RICKENBRODE
                              Attorneys for Defendant
                              HOME DEPOT USA, INC.