TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　　　Defendant. | **NO. CV04-00154 DAE/BMK**<br><br>DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2: TO PROHIBIT ANY REFERENCE TO THE CONSTITUTIONALITY OF THE AMERICANS WITH DISABILITIES ACT; DECLARATION OF JEFFREY S. HARRIS; EXHIBIT A; CERTIFICATE OF SERVICE<br><br>Date:　January 17, 2007<br>Time:　9:00 a.m.<br>Judge:　Hon. David A. Ezra<br>Trial:　January 17, 2007 |

-2-

**DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE NO. 2: TO PROHIBIT ANY REFERENCE
TO THE CONSTITUTIONALITY OF
THE AMERICANS WITH DISABILITIES ACT**

Defendant HOME DEPOT USA, INC. ("Home Depot") consistently argued that requiring modifications allowing Plaintiff to subject employers and customers to make vulgar and offensive sexist and racist comments would violate constitutional protections against compelled ideological speech.  See Answer to First Amended Complaint filed Nov. 1, 2005 ¶12, Motion for Summary Judgment, filed on November 29, 2005; Amended Memorandum in Support of Motion for Summary Judgment, filed on September 15, 2006; and Memorandum in Opposition to Plaintiff's September 18, 2006 Motion for Partial Summary Judgment and Reply Memorandum in Support of Defendant's Motion for Summary Judgment, filed on September 28, 2006.

Home Depot filed a "Notice to Court That Plaintiff Jon Muse Claims That Action Involves Challenges To Constitutionality Of Statute" on February 1, 2006.  The Court issued a "Notice Of Challenge To Constitutionality Of State And Federal Statutes" on February 17, 2006.  There is no dispute that this complied with Rule 24(c) and Section 2403.  Bane v. Va. Dep't of Corr. 110 F. Supp. 2d 469, 470 (D. Va. 2000) (court considered defendant's argument regarding constitutionality where after "[a]ppropriate notice pursuant to Federal Rule of Civil

Procedure 24(c) of VDOC's constitutional challenge to the ADA was given to the United States Attorney General on April 28, 2000."); Beasley v. Alabama State Univ., 3 F. Supp. 2d 1325, 1328 (M.D. Ala. 1998) (court considered constitutionality argument after "the court notified the Attorney General of the United States, pursuant to 28 U.S.C.A. § 2403(a) and Federal Rule of Civil Procedure 24(c)…").

The United States Attorney's Office, the very entity responsible for enforcing Title III of the Americans with Disabilities Act, see 42 U.S.C. § 12188(b)(1), filed the "United States Response To Notice Of Challenge To Constitutionality Of Federal Statute" (attached hereto as Exh. A). In its filing, the United States Attorney stated that "[t]he ADA does not prohibit an entity from fairly enforcing universal standards of behavior and language in the workplace and persons with disabilities must abide by such standards as well." See Exh. A at 2.

Although the Court also notified the State of Hawaii Attorney General, the State of Hawaii Attorney General failed to intervene otherwise involve himself in this case. There is no evidence that the State of Hawaii Attorney General interprets the state statutes as Plaintiff does or wishes to support the constitutionality of that interpretation. Haw. R. Evid. 304(c)(2)

In light of the foregoing, Plaintiff's claim that Home Depot "has done nothing else about its position" is inaccurate, and any attempt by Plaintiff to use

-3-

-4-

this motion in limine as an "unwritten and unnoticed motion[] for summary judgment or motion[] to dismiss" should be disregarded.  See Kuroda v. Kuroda, 87 Hawai`i 419, 427-28, 958 P.2d 541, 549-50 (App. 1998) ("The use of motions in limine to summarily dismiss a portion of a claim has been condemned, and trial courts are cautioned not to allow motions in limine to be used as unwritten and unnoticed motions for summary judgment or motions to dismiss.").

For the foregoing reasons, Defendant Home Depot respectfully requests that this Court issue an order denying Plaintiff's Motion in Limine No. 2.

DATED:  Honolulu, Hawaii, December 4, 2006.

      TORKILDSON, KATZ, FONSECA,
      MOORE & HETHERINGTON,
      Attorneys at Law, A Law Corporation

      /s/ Jeffrey S. Harris
      JEFFREY S. HARRIS
      HEATHER M. RICKENBRODE
      Attorneys for Defendant
      HOME DEPOT USA, INC.