TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS          2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>              Plaintiff,<br><br>       v.<br><br>HOME DEPOT USA, INC.,<br><br>              Defendant. | **NO. CV04-00154 DAE/BMK**<br><br>DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3: TO PROHIBIT ANY REFERENCE OR DESCRIPTION OF PLAINTIFF THAT HE YELLED AT THE HOME DEPOT PERSONNEL; CERTIFICATE OF SERVICE<br><br>Date:    January 17, 2007<br>Time:    9:00 a.m.<br>Judge:   Hon. David A. Ezra<br>Trial:    January 17, 2007 |

631672.V1

**DEFENDANT HOME DEPOT USA, INC.'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE
NO. 3:  TO PROHIBIT ANY REFERENCE OR DESCRIPTION OF
PLAINTIFF THAT HE YELLED AT THE HOME DEPOT PERSONNEL**

Without identifying the grounds upon which it is based, Plaintiff's Third

Motion in Limine seeks to preclude Defendant Home Depot USA, Inc. ("Home

Depot") from referencing or describing that Plaintiff yelled at Home Depot

personnel.  Plaintiff's failure to make <u>any</u> evidentiary arguments warrants denial of

Plaintiff's motion on this basis alone.  Instead of raising any arguments, Plaintiff's

motion consists of citations to excerpts from the deposition transcripts of Michael

Dolan, Darlyn Kuhia and Debra Peterson, although these transcripts are not

attached as exhibits to the motion.  <u>See</u> LR7.6.

The only evidentiary grounds that may be remotely applicable to Plaintiff's

motion are those provided by Federal Rules of Evidence 402 and 403.  To the

extent that Plaintiff is asserting that evidence, testimony, argument and comment

regarding the tone and volume of Plaintiff's voice on November 3, 2003 is

irrelevant, he is mistaken.  Such evidence has the "tendency to make the existence

of [several] fact[s] … of consequence to the determination of the action more

probable or less probable than [they] would be without the evidence", Fed. R.

Evid. 401, including (a) the nature of Plaintiff's exchange with Home Depot

employees on November 3, 2003; and (b) the offense that Home Depot employees

took to Plaintiff's use of vulgar and offensive words in conversations with them. As such, this information is admissible under Rule 402. See EEOC v. Nat'l Educ. Ass'n, 422 F.3d 840, 846 (9th Cir. 2005) ("[E]vidence of differences in subjective effects (along with, of course, evidence of differences in objective quality and quantity) is relevant to determining whether or not men and women were treated differently, even where the conduct is not facially sex- or gender-specific."); see also Folkerson v. Circus Circus Enterprises, Inc., 107 F.3d 754, 756 (9th Cir. 1997) ("[E]mployers may be liable for sexual harassment perpetrated by nonemployees in the workplace, where the employer knows or should have known of the conduct, and fails to take immediate and appropriate corrective action." (citations omitted)).

To the extent that Plaintiff asserts that he would be prejudiced and biased by reference to or descriptions of the tone and volume of his voice, this argument is absurd. This is not a jury trial, and Plaintiff can offer no explanation of how he will be unfairly prejudiced where the fact-finding role is assumed by this Court. See Fed. R. Evid. 403 Advisory Comm. Notes; Schultz v. Butcher, 24 F.3d 626, 632 (4th Cir. 1994) (citing Gulf States Utils. Co. v. Ecodyne Corp., 635 F.2d 517 (5th Cir. 1981) ("Certainly, in a bench trial, the … judge can … exclude … improper inferences from his mind in reaching a decision."). Plaintiff has also failed to explain why he is incapable of cross-examining witnesses in order to

counter any alleged prejudice that might result from witness descriptions of the tone and volume of his voice during the November 3, 2003 incident.

For the foregoing reasons, Defendant Home Depot respectfully requests that this Court issue an order denying Plaintiff's Motion in Limine No. 3.

DATED:  Honolulu, Hawaii, December 4, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
> /s/ Jeffrey S. Harris
> JEFFREY S. HARRIS
> HEATHER M. RICKENBRODE
> Attorneys for Defendant
> HOME DEPOT USA, INC.

-4-

631672.V1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JON MUSE,

        Plaintiff,

v.

HOME DEPOT USA, INC.,

        Defendant.

NO. **CV04-00154 DAE/BMK**

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on the dates and by the methods of service noted below, a true and correct copy of "DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3: TO PROHIBIT ANY REFERENCE OR DESCRIPTION OF PLAINTIFF THAT HE YELLED AT THE HOME DEPOT PERSONNEL", dated October 10, 2006, was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Stanley E. Levin, Esq.    slevin@davislevin.com       December 4, 2006

Bruce Sherman, Esq.        Failey52@hawaii.rr.com        December 4, 2006

Attorneys for Plaintiff JON MUSE

      DATED:  Honolulu, Hawaii, December 4, 2006.

                     TORKILDSON, KATZ, FONSECA,
                     MOORE & HETHERINGTON,
                     Attorneys at Law, A Law Corporation

                     /s/ Jeffrey S. Harris
                     JEFFREY S. HARRIS
                     HEATHER M. RICKENBRODE
                     Attorneys for Defendant
                     HOME DEPOT USA, INC.