TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS            2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>                Plaintiff,<br><br>   v.<br><br>HOME DEPOT USA, INC.,<br><br>                Defendant. | **NO. CV04-00154 DAE/BMK**<br><br>DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4: TO PROHIBIT DEFENDANT HOME DEPOT FROM MENTIONING OR REFERRING TO CASE LAW OR TITLE I OF THE AMERICANS WITH DISABILITIES ACT; DECLARATION OF JEFFREY S. HARRIS; EXHIBIT A; CERTIFICATE OF SERVICE<br><br>Date:    January 17, 2007<br>Time:   9:00 a.m.<br>Judge:  Hon. David A. Ezra<br>Trial:    January 17, 2007 |

**DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE NO. 4: TO PROHIBIT DEFENDANT HOME DEPOT
FROM MENTIONING OR REFERRING TO CASE LAW
OR TITLE I OF THE AMERICANS WITH DISABILITIES ACT**

Plaintiff's Fourth Motion in Limine seems to suggest that Federal Rules of Evidence 402 and 403 justify prohibiting defense counsel or staff of defense counsel from "mentioning or referring" to case law or to Title I of the Americans with Disabilities Act ("ADA"). This argument is improperly raised in a motion in limine, the purpose of which is to obtain an order barring the admissibility of certain evidence during trial.

Plaintiff's motion has cited no evidence that he wishes to have barred. Instead, it makes an improper legal argument that is more appropriately addressed in a motion for summary judgment. See Kuroda v. Kuroda, 87 Hawai`i 419, 427-28, 958 P.2d 541, 549-50 (App. 1998) ("The use of motions in limine to summarily dismiss a portion of a claim has been condemned, and trial courts are cautioned not to allow motions in limine to be used as unwritten and unnoticed motions for summary judgment or motions to dismiss.").

Plaintiff attempts to guise his legal argument as an evidentiary one by erroneously claiming that defense counsel's references to case law or to Title I of the Americans with Disabilities Act are irrelevant, confusing and will cause needless delay.

Federal Rule of Evidence 401 defines relevant evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  It is undisputed that the section of the ADA that defines "disability," applies to all three titles of the statute:  Title I (employment); Title II (public services); and Title III (public accommodations)."  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 802 (9th Cir. 2001).

Assuming *arguendo* that defense counsel references case law or Title I during trial, such references are clearly relevant to the issue of whether Plaintiff has met his burden of demonstrating that he is disabled within the meaning of the ADA.  See e.g., Bragdon v. Abbott, 524 U.S. 624, 648 (1998) ("We also draw guidance from the views of the agencies authorized to administer other sections of the ADA. See 42 U.S.C. § 12116 (authorizing EEOC to issue regulations implementing Title I)").  Further, this Court's use of Title I cases in its November 7, 2006 Order Denying Home Depot's Motion for Summary Judgment and Denying Jon Muse's Motion for Partial Summary Judgment suggests that the grounds upon which Plaintiff makes this claim are entirely unsupported.

Plaintiff also asserts that any references to case law or Title I of the ADA will result in confusion and delay.  Yet Plaintiff has failed to explain how this Court could possibly be confused by such references.  Plaintiff has also failed to

(a) explain how references will lengthen trial; or (b) quantify the delay and show that it will render trial unwieldy.  <u>Matsuura v. E.I. du Ponte de Nemours & Co.</u>, Civ. No. 96-01180 SOM-LEK, 2006 U.S. Dist. Lexis 68909, *17 (D. Haw. Sept. 22, 2006) (attached hereto as Exh. A).  The analysis under Rule 403 therefore favors allowing reference to case law or Title I, as the probative value of any such reference substantially outweighs any risk of confusion or delay.

For the foregoing reasons, Defendant Home Depot respectfully requests that this Court issue an order denying Plaintiff's Motion in Limine No. 4.

DATED:  Honolulu, Hawaii, December 4, 2006.

        TORKILDSON, KATZ, FONSECA,
        MOORE & HETHERINGTON,
        Attorneys at Law, A Law Corporation

<u>/s/ Jeffrey S. Harris</u>
JEFFREY S. HARRIS
HEATHER M. RICKENBRODE
Attorneys for Defendant
HOME DEPOT USA, INC.