TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS           2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>              Plaintiff,<br><br>        v.<br><br>HOME DEPOT USA, INC.,<br><br>              Defendant. | NO. CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5: TO PROHIBIT DEFENDANT HOME DEPOT USA, INC. FROM ATTEMPTING TO INTRODUCE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE LACK OF ANY NATIONAL OR LOCAL POLICY FOR ACCOMMODATING OR HANDLING DISABLED CUSTOMERS; DECLARATION OF COUNSEL; EXHIBIT A; CERTIFICATE OF SERVICE<br><br>Date: January 17, 2007<br>Time: 9:00 a.m.<br>Judge: Hon. David A. Ezra<br>Trial: January 17, 2007 |

631745.V1

-2-

**DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE NO. 5: TO PROHIBIT DEFENDANT HOME DEPOT
USA, INC. FROM ATTEMPTING TO INTRODUCE EVIDENCE,
TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE
LACK OF ANY NATIONAL OR LOCAL POLICY FOR
ACCOMMODATING OR HANDLING DISABLED CUSTOMERS**

While Plaintiff asserts that this is "a classic situation which demands the granting of a motion in limine", Defendant Home Depot USA, Inc. ("Home Depot") disagrees, as it does not understand what evidence Plaintiff is seeking to exclude or the basis upon which such exclusion is sought. The caption of Plaintiff's motion suggests that he wants to preclude Home Depot from introducing evidence regarding the lack of a national or local policy for "accommodating or handling" disabled customers. Yet the body of Plaintiff's motion suggests that he wants to preclude Home Depot from introducing evidence of policies addressing this very issue.

To the extent that Plaintiff's motion seeks to preclude Home Depot from introducing company policies, the deposition testimony of Rule 30(b)(6) deponent Emory Cooper establishes that Plaintiff's situation was covered by company policies regarding excellent customer service and respect. See Decl. of Counsel ¶ 2; Exh. A (Cooper Tr. at 42:14-43:04; 43:16-44:03; 102:14-103:02). As such, these policies are relevant under Federal Rule of Evidence 401, and admissible under Rule 402.

-2-

-3-

For the foregoing reasons, Defendant Home Depot respectfully requests that this Court issue an order denying Plaintiff's Motion in Limine No. 5.

DATED: Honolulu, Hawaii, December 4, 2006.

> TORKILDSON, KATZ, FONSECA,
> MOORE & HETHERINGTON,
> Attorneys at Law, A Law Corporation
>
> /s/ Jeffrey S. Harris
> JEFFREY S. HARRIS
> HEATHER M. RICKENBRODE
> Attorneys for Defendant
> HOME DEPOT USA, INC.

631745.V1