LUNSFORD DOLE PHILLIPS #4407
1620 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii 96813
Telephone: (808) 533-1734

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 05 2004

at _____ o'clock and _____ min. _____ M.
WALTER A. Y. H. CHINN, CLERK

Attorney for Plaintiff
JON MUSE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. CV04-00154 DAE/BMK |
| Plaintiff, | ) ) | |
| | ) | First Amended Complaint; Summons |
| vs. | ) ) | |
| HOME DEPOT USA, INC., | ) ) | |
| Defendant. | ) ) ) ) | |

## FIRST AMENDED COMPLAINT

Plaintiff JON MUSE, through his undersigned counsel, avers and alleges:

1.    This court has original jurisdiction pursuant to 28 U.S.C. § 1331, a

federal question being raised herein specifically an alleged violation of Title III of

the American with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq*; and also has

pendant jurisdiction pursuant to 28 U.S.C. §1367 over the related state law claims

of alleged violations of H.R.S



PLAINTIFF'S EXHIBIT 1

§ 347-13 and 489-2.

2.    Venue is proper because all the parties were in all material times and presently are present in this district.

3.    Plaintiff is a 43 year old man who has a long history of Tourette's disorder only partially controlled by medication.  He is significantly impaired in his speech from interjecting vulgarities, most commonly the word "cunt," into his speech.

4.    Defendant is a foreign profit corporation incorporated in 1989 and doing business in this district as "Home Depot."

5.    On November 3, 2003, plaintiff was making purchases at defendant's store at 421 Ala Kawa St. in Honolulu.

6.    In making his purchases plaintiff conversed with the check-out clerk and voiced randomly and involuntarily vulgarities.  The supervisor on duty named "Dar" overheard and ordered him to stop.

7.    Plaintiff apologized to Dar and the clerk and explained that it was because of his disability.  Plaintiff was quiet and polite but quite embarrassed because the persons in the check-out lines were listening to the exchange.  Dar indicated she did not care what sort of disability the plaintiff had.

8.    Dar was not mollified, and she summoned the manager, Mike Dolan. Plaintiff again apologized and made his explanation to the manager.

9.    The manger also disregarded plaintiff's explanation.  He stated that he would not tolerate such language.

10.    The manager told plaintiff that he did not care what kind of disability he had and that the plaintiff was not welcome there if he used such language.

## COUNT ONE

11.    Plaintiff incorporates herein the preceding paragraphs of this pleading.

12.    Plaintiff is a person with a disability.

13.    Defendant operates a public accommodation.

14.    Under ADA Title III defendant may not discriminate against plaintiff on account of his disability.

15.    In violation of ADA Title III defendant discriminated against plaintiff by refusing to provide him with equal service because of plaintiff's disability, his speech interspersed randomly with vulgarities involuntarily.

16.    Because plaintiff explained that his objectionable speech was an involuntary effect of his disability and defendant's manager refused him service after learning of plaintiff's disability, the defendant's discrimination was committed with reckless indifference to plaintiff's civil rights.

## COUNT TWO

17.    Plaintiff incorporates herein the preceding paragraphs of this pleading.

18.    Plaintiff is a person with a disability.

3

19.    Defendant operates a public accommodation.

20.    Under H.R.S. §347-13 public accommodations may not discriminate against persons with disabilities by denying them equal services of their public accommodations.

21.    Here the defendant's employee decided *sua sponte* that plaintiff was not entitled for equal services because of his disability.

22.    Defendant's denial of equal services was improper discrimination in violation of H.R.S. §347-13 because it refused to give him services on account of his disability.

23.    Because plaintiff explained that his objectionable speech was an involuntary effect of his disability and defendant's manager refuse him service after learning of plaintiff's disability, the defendant's discrimination was committed with reckless indifference to plaintiff's civil rights.

## COUNT THREE

24.    Plaintiff incorporates herein the preceding paragraphs of this pleading.

25.    Plaintiff is a person with a disability.

26.    Defendant operates a public accommodation.

27.    Under H.R.S. Chapter 489 a public accommodation may not discriminate against a person with a disability by denying him service.

28.    Defendant violated H.R.S. §489-2 by refusing service to plaintiff on account of his disability.

29.    Because plaintiff explained that his objectionable speech was an involuntary effect of his disability and defendant's manager refused him service after learning of plaintiff's disability, the defendant's discrimination was committed with reckless indifference to plaintiff's civil rights.

## CAUSATION

30.    As a proximate cause of each of the three courts alleged herein plaintiff sustained compensable injury to an extent to be shown at trial.

THEREFORE PLAINTIFF REQUESTS THE FOLLOWING RELIEF:

A.    Judgment in his favor and against the defendant;

B.    Legal relief in the form of compensatory damages;

C.    Punitive Damages

D.    Attorney's fees and costs;

E.    Costs of suit;

F.    Prejudgment and postjudgment interest; and

G.    Such other relief as the court deems necessary to do complete justice.

DATED: Honolulu, Hawaii, 3/5/2004.

_____
Lunsford Dole Phillips

Attorney for Plaintiff
Jon Muse

LUNSFORD DOLE PHILLIPS #4407
1620 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii 96813
Telephone: (808) 533-1734

Attorney for Plaintiff
JON MUSE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, | )   CIVIL NO. CV04-00154 |
| | )   DAE/BMK |
|       Plaintiff, | ) |
| | )   SUMMONS |
|    vs. | ) |
| | ) |
| BANK OF HAWAII, | ) |
| | ) |
|       Defendant. | ) |
| _____ | ) |

## SUMMONS

STATE OF HAWAII

To the above-named defendant(s):

     You are hereby summoned and required to serve upon plaintiff's attorney, whose address is stated above, an answer to the FIRST AMENDED COMPLAINT which is attached hereto. This action must be taken within 20 days after service of this summons upon you, exclusive of the date of service.

If you fail to make your written answer within the 20-day time limit, judgment by default will be taken against you for the relief demanded in the FIRST AMENDED COMPLAINT.

MAR 0 5 2004

DATED: Honolulu, Hawaii, _____.

(S) WALTER A.Y.H. CHINN
_____
Clerk of the above-entitled court

SEAL

_____
Deputy Clerk

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.

FAILURE TO OBEY THE SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE PERSON SUMMONED.