TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS         2718-0
(jsh@torkildson.com)
CLAYTON A. KAMIDA       6359-0
(cak@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　Defendant. | CIVIL NO. CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S SECOND AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES |

DEFENDANT HOME DEPOT USA, INC.'S SECOND AMENDED
RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ANSWERS TO
<u>INTERROGATORIES</u>

595342.V3



PLAINTIFF'S EXHIBIT 35

## INTERROGATORY NO. 1:

What is the name, title and business address of the employee of the Home Depot who is most knowledgeable about the claims made in this instant case?

### ANSWER:

Defendant objects on the ground that answering the request is unduly burdensome.

```
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
```

Without waiving the objection, the names, titles and addresses of the Home Depot U.S.A. Inc. employees who are knowledgeable about the facts involved in this case may be derived or ascertained from documents that Plaintiff will be given an opportunity to inspect and copy, i.e. 00000000001-94 (subject to protective order), 11013300001-7, 12000000001-75.

## INTERROGATORY NO. 2:

What is the name, title and business address of the employee of the Home Depot who is most knowledgeable about the Americans with Disabilities Act ("ADA") and its application to the Home Depot?

### ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

```
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
```

Without waiving the objection, the names, titles and addresses of the Home Depot U.S.A. Inc. employees who are knowledgeable about the ADA and its application

to the Home Depot may be derived or ascertained from documents that Plaintiff will be given an opportunity to inspect and copy, i.e. 00000000001-94 (subject to protective order), 11013300001-7, 12000000001-75.

INTERROGATORY NO. 3:

What is the business relationship between the Home Depot in Hawaii (located at 421 Alakawa Street) and the mainland Home Depots?

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, the Home Depot store located at 421 Alakawa Street is one of the stores owned and operated by Home Depot U.S.A. Inc.

INTERROGATORY NO. 4:

Does the Home Depot located at 421 Alakawa Street have full independence from the Home Depots on the mainland to make its own decision about any resolution of this lawsuit?

ANSWER:

Defendant objects on the ground that answering the request is unduly burdensome.

JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, the Home Depot store located at 421 Alakawa

595342.V3                                3

Street does not have full independence from Home Depot U.S.A., Inc.'s operations on the mainland to make its own decision about any resolution of this lawsuit.

INTERROGATORY NO. 5:

What is the name of the manager or the person in charge of the Home Depot store located at 421 Alakawa Street on the day that Plaintiff complains of?

ANSWER:

Without waiving the objection, the name of the manager in charge of the Home Depot store located at 421 Alakawa Street on the day that Plaintiff complains of may be derived or ascertained from documents that Plaintiff will be given an opportunity to inspect and copy, i.e. 11013300004-5.

INTERROGATORY NO. 6:

List all the names and addresses of all of the Home Depot employees who were involved to any degree in the acts complained of by the Plaintiff in the Complaint.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, the names and addresses of Home Depot employees who were involved to any degree in the acts complained of by the Plaintiff in the Complaint may be derived or ascertained from documents that Plaintiff will be given an opportunity to inspect and copy, i.e. 00000000001-94 (subject to protective order), 11013300001-7, 12000000001-75.

## INTERROGATORY NO. 7:

Since January 1, 2000, how many occasions has the Home Depot located at 421 Alakawa Street, had written complaints about any of its policies regarding accessibility for the disabled?

### ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Since January 1, 2000, the Home Depot located at 421 Alakawa Street, has not had any written complaints about any of its policies regarding accessibility for the disabled.

## INTERROGATORY NO. 8:

Under Rule 34, Plaintiff requests that you produce a copy of any and all complaints, documents or any materials relating to paragraph 7 above.

### ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC

Without waiving the objection, not applicable.

595342.V3                                5

INTERROGATORY NO. 9:

State your name, address, social security number, employment position and the capacity in which you respond to these interrogatories.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome but notes that the response will be supplemented.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Dorothy A. Perkins, Senior Paralegal, Employment and Labor Law, Home Depot, West Coast Store Support provided the information used to answer these interrogatories.

INTERROGATORY NO. 10:

List the name, address and telephone number of all person(s) who possess knowledge of the liability or damage aspects of this case or of any affirmative defense raised by the parties. Include in your response a summary of those matters to which those persons would testify.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, the name, address and telephone number of all person(s) who possess knowledge the matters related to this case, and the matters

to which those persons would testify may be derived or ascertained from documents that Plaintiff will be given an opportunity to inspect and copy, i.e. 00000000001-94 (subject to protective order), 11013300001-7, 12000000001-75.

## INTERROGATORY NO. 11:

List the names, addresses and telephone numbers of each witness you intend to call at the trial of this action. Include in your response whether they are lay or expert witnesses and for each lay witness provide a summary of matters about which said witness would testify.

### ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

*/s/ signature*

JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, the lay witnesses that may be called at any trial of this action and a summary of matters about which said witnesses would testify may be derived or ascertained from documents that Plaintiff will be given an opportunity to inspect and copy, i.e. 00000000001-94 (subject to protective order), 11013300001-7, 12000000001-75.

## INTERROGATORY NO. 12:

For each expert witness you intend to call at trial, please provide the following information:

    a. Description of degrees received and area of specialty;
    b. List of publications in his area of expertise;
    c. Occupation for last five years;
    d. Subject matter of expert's testimony and a description of its substance; and
    e. Summary of the basis of the expert's opinion.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome but notes that the response may be supplemented at an appropriate time.

*[signature]*

JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC

No expert has been retained or employed at this time.

INTERROGATORY NO. 13:

Please describe with particularity all exhibits you intend to introduce at trial.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

*[signature]*

JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, exhibits Defendant intends to introduce at any trial may be derived or ascertained from documents that Plaintiff will be given an opportunity to inspect and copy, i.e. 00000000001-94 (subject to protective order), 11013300001-7, 12000000001-75.

INTERROGATORY NO. 14:

Please describe all documents, photographs or other physical evidence known by you to be relevant to the issues of this action which you did not list in your answer to the preceding interrogatory.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

*JEFFREY S. HARRIS*
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC

Without waiving the objection, not applicable.

INTERROGATORY NO. 15:

Has any expert or other person at your request evaluated Jon Muse, or any medical records or opinion letters relating to Jon Muse.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly urdensome.

*JEFFREY S. HARRIS*
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC

Without waiving the objection, no.

INTERROGATORY NO. 16:

Do you intend to have anyone evaluate Jon Muse?

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC

Without waiving the objection, yes.

INTERROGATORY NO. 17:

If the answer to either of the preceding two interrogatories are yes, please provide the name, address and telephone numbers of such persons and include the date and time when such evaluation was or is planned to be conducted.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC

Without waiving the objection, not applicable.

INTERROGATORY NO. 18:

Provide the names, addresses and telephone numbers of all persons that you, any insurance company, any investigator or anyone on your behalf have talked to, interviewed, taken statements from or otherwise contacted that have knowledge about the facts surrounding the claims of any party to this action. Identify which of those persons gave a statement that was recorded, video taped, transcribed or written.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, names, addresses and telephone numbers of all persons that Defendant, any insurance company, any investigator or anyone on Defendant's behalf has talked to, interviewed, taken statements from or otherwise contacted that have knowledge about the facts surrounding the claims of any party to this action may be derived or ascertained from documents that Plaintiff will be given an opportunity to inspect and copy, i.e. 00000000001-94 (subject to protective order), 11013300001-7, 12000000001-75.

INTERROGATORY NO. 19:

Do you contend that Defendant, at the time of the incident complained of, offered Plaintiff a "reasonable accommodation" and if the answer is in the affirmative, then specify the exact details of that "reasonable accommodation" and the time and date it was offered.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome and vague with respect to the terms "offered Plaintiff a 'reasonable accommodation'" in the context of a Title III case.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC

Without waiving the objection, Defendant offered Plaintiff a variety of "reasonable modifications" and Plaintiff was responsible for the breakdown in the interactive

process, and the details of those offers and the breakdown may be derived or ascertained from documents that Plaintiff will be given an opportunity to inspect and copy, i.e. 00000000001-94 (subject to protective order), 11013300001-7, 12000000001-75, especially 11013300004-5 and 12000000017-18.

## INTERROGATORY NO. 20:

Does the Defendant claim that Plaintiff is not an "individual with a disability", and if the answer is in the affirmative, specify why Defendant so contends.

### ANSWER:

Defendant objects on the ground that answering the request is unduly burdensome. Defendant objects on the on the ground that answering the request is unduly burdensome and vague with respect to the terms "offered Plaintiff a 'reasonable accommodation'" in the context of a Title III case.

JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC

Without waiving the objection, Plaintiff did not have an impairment that substantially limits a major life activity, and Defendant did not know that Plaintiff had such an impairment, and the reasons why these facts are true may be derived or ascertained from documents that Plaintiff will be given an opportunity to inspect and copy, i.e. 00000000001-94 (subject to protective order), 11013300001-7, 12000000001-75, especially 12000000001-75.