**ORIGINAL**

TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS        2718-0
(jsh@torkildson.com)
CLAYTON A. KAMIDA        6359-0
(cak@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| 'ON MUSE,<br><br>       Plaintiff,<br><br>   v.<br><br>HOME DEPOT USA, INC.,<br><br>       Defendant. | CIVIL NO. CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S THIRD AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES |

DEFENDANT HOME DEPOT USA, INC.'S THIRD AMENDED RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR ANSWERS TO
<u>INTERROGATORIES</u>

599237.V1



PLAINTIFF'S EXHIBIT 36

INTERROGATORY NO. 1:

What is the name, title and business address of the employee of the Home Depot who is most knowledgeable about the claims made in this instant case?

ANSWER:

Defendant objects to the extent that the request is unduly burdensome.

*[signature]*
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, employees Debra A. Peterson, Darlyn P. Kuhia, and Michael J. Dolan are the Home Depot employees who witnessed the events of November 3, 2003 alleged in Plaintiff's complaint. The business address of Kuhia and Dolan is 421 Alakawa St., Honolulu, Hawaii 96817. The last known address of Debra A. Peterson is listed in the Employee Statement produced to Plaintiff at 11013300002. The foregoing information can be ascertained from the Employee tatements in Bates Nos. 11013300002-7, previously provided to Plaintiff and referenced in Defendants' Second Amended Response to Plaintiff's First Request for Answers to Interrogatories.

INTERROGATORY NO. 5:

What is the name of the manager or the person in charge of the Home Depot store located at 421 Alakawa Street on the day that Plaintiff complains of?

ANSWER:

The name of the manager on duty at the Home Depot store located at 421 Alakawa Street at the time of the incident alleged in the Complaint was Michael J. Dolan, Assistant Store Manager. That information can be ascertained from the Employee Statement in Bates No. 11013300004, previously provided to Plaintiff and referenced in Defendants' Second Amended Response to Plaintiff's First Request for Answers to Interrogatories.

INTERROGATORY NO. 6:

List all the names and addresses of all of the Home Depot employees who were involved to any degree in the acts complained of by the Plaintiff in the Complaint.

ANSWER:

Defendant objects on the on the grounds that the request is unduly vague and ambiguous.

*[signature]*
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, see Response to Interrogatory No. 1.

INTERROGATORY NO. 10:

List the name, address and telephone number of all person(s) who possess knowledge of the liability or damage aspects of this case or of any affirmative defense raised by the parties. Include in your response a summary of those matters to which those persons would testify.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, Defendant responds as follows regarding any fact witnesses:

a.   Debra A. Peterson, Darlyn P. Kuhia, and Michael J. Dolan, as set forth in Response No. 1 above, are knowledgeable regarding the alleged incident on November 3, 2004 alleged in the Complaint. Their addresses are set forth in Bates Nos. 11013300003-6. Employees Kuhia and Dolan may be contacted c/o Torkildson, Katz, Fonseca, Moore & Hetherington, 700 Bishop St., 15th Floor, Honolulu, HI 96813.

b.   Jon Muse.

c.   Because discovery and trial preparation is continuing, Defendant reserves the right to amend this response to identify any medical or expert witness which it retains in the future.

## INTERROGATORY NO. 11:

List the names, addresses and telephone numbers of each witness you intend to call at the trial of this action. Include in your response whether they are lay or expert witnesses and for each lay witness provide a summary of matters about which said witness would testify.

### ANSWER:

Defendant objects on the on the ground that the request seeks information protected by the work product privilege.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, the lay witnesses that may be called at any trial of this action include the persons identified in Response No. 10 above. Because discovery and trial preparation are continuing, Defendant reserves the right to supplement this response.

## INTERROGATORY NO. 18:

Provide the names, addresses and telephone numbers of all persons that you, any insurance company, any investigator or anyone on your behalf have talked to, interviewed, taken statements from or otherwise contacted that have knowledge about the facts surrounding the claims of any party to this action. Identify which of those persons gave a statement that was recorded, video taped, transcribed or written.

### ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Without waiving the objection, names, Defendant has obtained statements from and talked to the individuals identified in Response No. 1, whose identity may be ascertained from documents that Defendant has produced at Bates Nos. 11013300001-7.

INTERROGATORY NO. 19:

Do you contend that Defendant, at the time of the incident complained of, offered Plaintiff a "reasonable accommodation" and if the answer is in the affirmative, then specify the exact details of that "reasonable accommodation" and the time and date it was offered.

ANSWER:

Defendant objects on the on the ground that answering the request is unduly burdensome and vague with respect to the terms "offered Plaintiff a 'reasonable accommodation'" in the context of a Title III case, and is premised on a misrepresentation of the applicable law.

_____
JEFFREY S. HARRIS
CLAYTON A. KAMIDA
Attorneys for Defendant
HOME DEPOT U.S.A., INC

Without waiving the objection, Defendant notes that it was Plaintiff's obligation to propose a "reasonable modification," and no such reasonable modification was proposed by Plaintiff. In addition, Defendant offered Plaintiff a "reasonable modification." Upon being called to the scene, Assistant Manager Dolan attempted to take Plaintiff to the side to complete his transaction, but the Plaintiff continued to swear and attempted to approach the cashier instead of moving away from other customers and the cashier. The details of that offer and the breakdown may be derived or ascertained from documents produced to Plaintiff in Bates Nos. 11013300004-5.

DATED: Honolulu, Hawaii, April 8, 2005.

                         TORKILDSON, KATZ, FONSECA,
                         MOORE & HETHERINGTON,
                         Attorneys at Law, A Law Corporation

                         _____
                         JEFFREY S. HARRIS
                         CLAYTON A. KAMIDA
                         Attorneys for Defendant
                         HOME DEPOT U.S.A., INC.