TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS                2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
JOHN S. MACKEY                   7006-0
(jsm@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE, <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT USA, INC., <br><br> Defendant. | NO. CV04-00154 DAE/BMK <br><br> DEFENDANT HOME DEPOT USA, INC.'S RESPONSES TO PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., DATED JULY 19, 2006 |

0026003.V1



DEFENDANT HOME DEPOT USA, INC.'S RESPONSES
TO PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS
TO DEFENDANT HOME DEPOT USA, INC., DATED JULY 19, 2006

Defendant HOME DEPOT USA, INC. hereby submits its Responses to

Plaintiff's Fourth Request for Admissions to Defendant Home Depot USA, Inc.

dated July 19, 2006, as follows:

## REQUEST FOR ADMISSION NO. 53.

Mr. Muse suffers from Tourette Syndrome.

   _____ ADMIT        \_\_X\_\_ DENY

## REQUEST FOR ADMISSION NO. 54.

Mr. Muse has coprolalia.

   _____ ADMIT        \_\_X\_\_ DENY

## REQUEST FOR ADMISSION NO. 55.

Mr. Muse has copropraxia.

   _____ ADMIT        \_\_X\_\_ DENY

## REQUEST FOR ADMISSION NO. 56.

It would make no difference whether or not Mr. Muse had requested a
modification at the time of either incident, so long as he exhibits the symptoms of
coprolalia, Home Depot would and will not permit him to physically access the
store in question or any of its stores.

   _____ ADMIT        \_\_X\_\_ DENY

## REQUEST FOR ADMISSION NO. 57.

That Home Depot has not had any lawsuits, formal or informal complaints, or reports of incidents, other than this lawsuit, involving liability for a customer's sexist, vulgar, racist, and/or harassing comments to either Home Depot employees or Home Depot customers.

_____ ADMIT                    _____ DENY

**Objection**. The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "formal or informal complaints, or reports of incidents," and "involving liability for a customer's sexist, vulgar, racist, and/or harassing comments."

## REQUEST FOR ADMISSION NO. 58.

That Tourette Syndrome can substantially limit an individual in a major life activity as defined by the Americans with Disabilities Act.

_____ ADMIT                    _____ DENY

**Objection**. The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "can substantially limit an individual".

## REQUEST FOR ADMISSION NO. 59.

That coprolalia can substantially limit an individual in a major life activity as defined by the Americans with Disabilities Act.

_____ ADMIT                    _____ DENY

**Objection**. The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "can substantially limit an individual".

## REQUEST FOR ADMISSION NO. 60.

That copropraxia can substantially limit an individual in a major life activity as lefined by the Americans with Disabilities Act.

_____ ADMIT                _____ DENY

**Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "can substantially limit an individual".

## REQUEST FOR ADMISSION NO. 61.

Mr. Muse has attention-deficit/hyperactivity disorder (ADHD).

_____ ADMIT                \_\_X\_\_ DENY

## REQUEST FOR ADMISSION NO. 62.

That attention-deficit/hyperactivity disorder (ADHD) can substantially limit an individual in a major life activity as defined by the American with Disabilities Act.

_____ ADMIT                _____ DENY

**Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "can substantially limit an individual".

## REQUEST FOR ADMISSION NO. 63.

That permitting Mr. Muse any modification which would permit him to physically enter a Home Depot store, while exhibiting the symptoms of coprolalia, would not and does not require Home Depot to become a courier for a sexist viewpoint.

_____ ADMIT                \_\_X\_\_ DENY

## REQUEST FOR ADMISSION NO. 64.

That Mr. Muse's use of the words "cunt", "fucking" and/or "nigger" are not ntentional.

_____ ADMIT                    _____ DENY

**Objection**. The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to what instances it refers to and "intentional".

## REQUEST FOR ADMISSION NO. 65.

That Home Depot has not been found legally liable for the use of sexist, vulgar, racist, or harassing comments by a customer to Home Depot employees, customers or third parties at any Home Depot store.

_____ ADMIT                    _____ DENY

**Objection**. The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible vidence, specifically as to "use of sexist, vulgar, racist, and/or harassing comments by a customer."

## REQUEST FOR ADMISSION NO. 66.

Home Depot is subject to the provisions of § 504 of the Rehabilitation Act.

_____ ADMIT                    _____ DENY

**Objection**. The request is vague and ambiguous, with respect to "subject to." Home Depot is not subject to private rights of action to enforce the Rehabilitation Act.

## REQUEST FOR ADMISSION NO. 67.

Home Depot believes that it is subject to the provisions of § 504 of the Rehabilitation Act.

_____ ADMIT                   _____ DENY

     **Objection.** The request is not reasonably calculated to the discovery of admissible evidence.


## REQUEST FOR ADMISSION NO. 68.

Home Depot receives Federal funding such that it is subject to the provisions of § 504 of the Rehabilitation Act.

_____ ADMIT                   __X__ DENY


## REQUEST FOR ADMISSION NO. 69.

Home Depot considers Mr. Muse's Tourette Syndrome/coprolalia disability as a disability that should prevent him from entering its retail establishments and hopping, regardless of accommodation.

_____ ADMIT                   __X__ DENY

**Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "considers Mr. Muse's Tourette Syndrome/coprolalia disability as a disability".

## REQUEST FOR ADMISSION NO. 70.

Home Depot considers Mr. Muse's Tourette Syndrome/coprolalia disability as a .isability that should prevent him from entering and shopping in any retail establishment that objects to the utterance of the words "cunt", "fuck," and/or "nigger" even if those words are not uttered intentionally.

        _____ ADMIT        __X__ DENY

**Objection.** The request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "considers Mr. Muse's Tourette Syndrome/coprolalia disability as a disability".

    Dated: Honolulu, Hawaii, August 18, 2006.

                TORKILDSON, KATZ, FONSECA,
                MOORE & HETHERINGTON,
                Attorneys at Law, A Law Corporation

                JEFFREY S. HARRIS
                HEATHER M. RICKENBRODE
                JOHN S. MACKEY
                Attorneys for Defendant
                HOME DEPOT USA, INC.