TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS            2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
JOHN S. MACKEY               7006-0
(jsm@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI 96813-4187
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>    Defendant. | NO. CV04-00154 DAE/BMK<br><br>DEFENDANT HOME DEPOT USA, INC.'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT HOME DEPOT USA, INC., DATED JULY 19, 2006 |

628004.V1



PLAINTIFF'S EXHIBIT 47

**DEFENDANT HOME DEPOT USA, INC.'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT HOME DEPOT, USA., INC., DATED JULY 19, 2006**

Defendant HOME DEPOT USA, INC. hereby submits its Responses to Plaintiff's Second Request for Production of Documents and Things to Defendant Home Depot USA, Inc. dated July 19, 2006, as follows:

### PRODUCTION REQUEST NO. 1:
If the response to Request for Admission Number 53 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC, is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> ### REQUEST FOR ADMISSION NO. 53:
> Mr. Muse suffers from Tourette Syndrome.
> _____ ADMIT          _____ DENY

Defendant has no documents to satisfy Request No. 1.

### PRODUCTION REQUEST NO. 2:
If the response to Request for Admission Number 54 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> ### REQUEST FOR ADMISSION NO. 54:
> Mr. Muse has coprolalia.
> _____ ADMIT          _____ DENY

Defendant has no documents to satisfy Request No. 2.

**PRODUCTION REQUEST NO. 3:**
If the response to Request for Admission Number 55 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC, is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 55:
> Mr. Muse has copropraxia.
> _____ ADMIT              _____ DENY

Defendant has no documents to satisfy Request No. 3.


**PRODUCTION REQUEST NO. 4:**
If the response to Request for Admission Number 56 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC, is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 56:
> It would make no difference whether or not Mr. Muse had requested a modification at the time of either incident, so long as he exhibits the symptoms of coprolalia, Home Depot would and will not permit him to physically access the store in question or any of its stores.
> _____ ADMIT              _____ DENY

Defendant has no documents to satisfy Request No. 4.

**PRODUCTION REQUEST NO. 5:**
If the response to Request for Admission Number 57 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 57:
> That Home Depot has not had any lawsuits, formal or information complaints, or reports of incidents, other than this lawsuit, involving liability for a customer's sexist, vulgar, racist, and/or harassing comments to either Home Depot employees or Home Depot customers.
> _____ ADMIT          _____ DENY

Defendant objects to this Request on the grounds that the request is vague and ambiguous, overly broad and unduly burdensome, specifically as to "formal or informal complaints, or reports of incidents," and "involving liability for a customer's sexist, vulgar, racist, and/or harassing comments."

**PRODUCTION REQUEST NO. 6:**
If the response to Request for Admission Number 58 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 58:
> That Tourette Syndrome can substantially limit an individual in a major life activity as defined by the Americans with Disabilities Act.
> _____ ADMIT          _____ DENY

Defendant objects to Request No. 6 on the grounds that the request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "can

substantially limit an individual".

**PRODUCTION REQUEST NO. 7:**
If the response to Request for Admission Number 59 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., is other than an unqualified yes, then produce all documents which tend to support your response(s) as to each respective request for admission:

> REQUEST FOR ADMISSION NO. 59:
> That coprolalia can substantially limit an individual in a major life activity as defined by the Americans with Disabilities Act.
> _____ ADMIT          _____ DENY

Defendant objects to Request No. 7 on the grounds that the request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "can substantially limit an individual".

**PRODUCTION REQUEST NO. 8:**
If the response to Request for Admission Number 60 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., is other than an unqualified yes, then produce all documents which tend to support your response as to this request for admission:

> REQUEST FOR ADMISSION NO. 60:
> That copropraxia can substantially limit an individual in a major life activity as defined by the Americans with Disabilities Act.
> _____ ADMIT          _____ DENY

Defendant objects to Request No. 8 on the grounds that the request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, specifically as to "can substantially limit an individual".

**PRODUCTION REQUEST NO. 9:**
If the response to Request for Admission Number 61 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC, is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 61:
> Mr. Muse has attention-deficit/hyperactivity disorder (ADHD).
> _____ ADMIT            _____ DENY

Defendant has no documents to satisfy Request No. 9.

**PRODUCTION REQUEST NO. 10:**
If the response to Request for Admission Number 62 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 62:
> That attention-deficit/hyperactivity disorder (ADHD) can substantially limit an individual in a major life activity as defined by the Americans with Disabilities Act.
> _____ ADMIT            _____ DENY

Defendant objects to Request No. 10 on the grounds that the request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, specifically as to "can substantially limit an individual".

**PRODUCTION REQUEST NO. 11:**
If the response to Request for Admission Number 63 contained in the PLAINTIFF'S FOURT REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 63:
> That permitting Mr. Muse any modification which would permit him to physically enter a Home Depot store, while exhibiting the symptoms of coprolalia, would not and does not require Home Depot to become a courier for a sexist viewpoint.
> _____ ADMIT        _____ DENY

Defendant objects to Request No. 11 on the grounds that the request seeks only statutory and case laws which are equally within the possession or control of the Plaintiff.

**PRODUCTION REQUEST NO. 12:**
If the response to Request for Admission Number 64 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC, is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 64:
> That Mr. Muse's use of the words "cunt", "fucking" and/or "nigger" are not intentional.
> _____ ADMIT        _____ DENY

Defendant has no documents to satisfy Request No. 12.

**PRODUCTION REQUEST NO. 13:**
If the response to Request for Admission Number 65 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 65:
> That Home Depot has not been found legally liable for the use of sexist, vulgar, racist, or harassing comments by a customer to Home Depot employees, customers or third parties at any Home Depot store.
> _____ ADMIT           _____ DENY

Defendant objects to Request No. 13 on the grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, and unduly burdensome. Defendant further states that the document that supports defendant's response to the request for admission is the request for admission itself, as defendant's objection is supported by the objectionable nature of the request.

**PRODUCTION REQUEST NO. 14:**
If the response to Request for Admission Number 66 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 66:
> That Home Depot is subject to the provisions of § 504 of the Rehabilitation Act.
> _____ ADMIT           _____ DENY

Defendant objects to Request No. 14 on the grounds that the request seeks only statutory and case laws which are equally within the possession or control of

the Plaintiff.

**PRODUCTION REQUEST NO. 15:**
If the response to Request for Admission Number 67 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 67:
> Home Depot believes that it is subject to the provisions of § 504 of the Rehabilitation Act.
> _____ ADMIT          _____ DENY

Defendant objects to Request No. 15 on the grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence.

**PRODUCTION REQUEST NO. 16:**
If the response to Request for Admission Number 68 contained in the PLAINTIFF'S FOURT REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC., is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 68:
> Home Depot receives Federal funding or the equivalent thereof, such that it is subject to the provisions of § 504 of the Rehabilitation Act.
> _____ ADMIT          _____ DENY

Defendant objects to Request No. 16 on the grounds that the request seeks only statutory and case laws which are equally within the possession or control of the Plaintiff.

## PRODUCTION REQUEST NO. 17:

If the response to Request for Admission Number 69 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC, is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

### REQUEST FOR ADMISSION NO. 69:

Home Depot considers Mr. Muse's Tourette Syndrome/coprolalia disability as a disability that should prevent him from entering its retail establishments and shopping, regardless of accommodation.

_____ ADMIT                   _____ DENY

Defendant has no documents to satisfy Request No. 17.

**PRODUCTION REQUEST NO. 18:**
If the response to Request for Admission Number 70 contained in the PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT HOME DEPOT USA, INC, is other than an unqualified yes, then produce all documents which tend to support your response to this request for admission:

> REQUEST FOR ADMISSION NO. 70:
> Home Depot considers Mr. Muse's Tourette Syndrome/coprolalia disability as a disability that should prevent him from entering and shopping in any retail establishment that objects to the utterance of the words "cunt", "fuck," and/or "nigger" even if those words are not uttered intentionally.
> _____ ADMIT   _____ DENY

Defendant has no documents to satisfy Request No. 18.

Dated: Honolulu, Hawaii, August 18, 2006.

                TORKILDSON, KATZ, FONSECA,
                MOORE & HETHERINGTON,
                Attorneys at Law, A Law Corporation

                */s/ Jeffrey S. Harris*
                JEFFREY S. HARRIS
                HEATHER M. RICKENBRODE
                JOHN S. MACKEY
                Attorneys for Defendant
                HOME DEPOT USA, INC.