IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON MUSE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA, INC.<br><br>　　　　　Defendant. | CIVIL NO. 04-00154 BMK/DAE<br>(Civil Rights Violation)<br><br>DECLARATION OF THOMAS F.<br>FEENEY IN SUPPORT OF<br>PLAINTIFF'S MOTION<br>TO ENFORCE SETTLEMENT<br>AGREEMENT |

## DECLARATION OF THOMAS F. FEENEY IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

I, Thomas F. Feeney, am duly licensed to practice law In the State of Hawai'i, am one of Plaintiff's legal counsel in the above-entitled matter, and make the following assertions based upon personal knowledge, unless indicated otherwise:

1. This case settled on the afternoon of 16 January 2007, after I received a telephone call from Attorney Daniel Fears, Home Depot's mainland counsel, who was introduced to me through attorney Jeffrey Harris. In said telephone call, attorney Fears called to inform me that we had a deal upon the conditions discussed between counsel up to that point. The settlement agreement included monetary consideration, conditions under which, while at the store, Plaintiff would shop at

Home Depot, and that the terms of the agreement would remain confidential.

2. Never at any time before settling the case was there discussed a non-disparagement provision at all, much less whereby Plaintiff and his counsel would agree never to disparage Home Depot.

3. Never at any time before settling this case was there discussed a liquidated damages provision, as all, much less whereby only Home Depot would gain $15,000.00 for each proved breach of any of the terms of the settlement terms.

4. The parties were to have finished documentation by Feb. 6, 2007;

5. After settlement was reached, attorney Harris proposed, on behalf of Home Depot, that Mr. Muse try to avoid the peak shopping hours of 10:00 a.m. to 2:00 p.m. Attorney Harris assured me that this was requested as a matter of courtesy, and was not part of the original, bargained-for settlement agreement. Nevertheless, I informed attorney Harris that Mr. Muse would most likely agree to make good faith or best efforts to schedule his shopping times around such busy times of the day. The proposed wording reflects this additional agreement between the parties.

6. Defendant's counsel did not provide a response relating to non material provisions until 7 February 2007;

7. Home Depot also included in its settlement documents the proviso that Mr. Muse avoid (obviously only to the extent that his impairment allows) using language considered vulgar while in the store. Although it seemed like an odd request given the nature of Mr. Muse impairment, the language as set forth in the revised agreement reflects Mr. Muse's acknowledgment that he would, as his disability allowed, not utter words considered by others to be vulgar or course.

8. Defendant's counsel failed to respond to Plaintiff's counsel over the past 2 weeks, with the exception of 1 telephone message left on 22 February 2007, despite my calling back and leaving messages twice on 22 February, once on 23 February, and twice on 26 February 2007 (once by myself and once by attorney Sherman). The failure of Defendant's counsel to extend even the courtesy of a return telephone call to Plaintiff's counsel is particularly disturbing, given that fact that it has stopped the resolution of this matter in its tracks. Such professional discourtesy is the epitome of dilatory tactics.

9. During the week of 12 February 2007, I attempted to engage Defendant's counsel such as to submit e'mail letters to Magistrate

> Judge Kurren to resolve the purported impasse in the language of the settlement documents; Home Depot's attorney ignored the electronic mail invitations to submit a letter to the Court.

10. During the week of 19 February 2007, I tried to have Home Depot's counsel to agree to a status conference before Magistrate Judge Kurren, once again my efforts were ignored, despite e'mail messages and telephone conversations during both weeks with attorney Harris's associate attorney in this matter.

11. Attorney Harris indicated that he is fine with the language of the documents except that he wants to include a Non-disparagement clause and a liquidated damages clause in the settlement documents.

12. Because those provisions were neither discussed, nor negotiated, nor bargained for, attorney Harris's suggestions were rejected, expeditiously and firmly.

13. Since that time, over two weeks ago, Home Depot has refused to sign the settlement documents.

14. Attached hereto as Exhibit A, are true and correct copies of the settlement documents submitted under seal to which the parties have agreed, except for the inclusion of the non-disparagement clause, the liquidated damages provision, and the provision whereby Home

Depot seeks a further delay of 30 business days to cut the check for the consideration set forth in the settlement documents.

15. Attached hereto as Exhibit B is a true and correct copy of the Transcript from the Settlement on the Record heard before Judge David Alan Ezra on 17 January 2007.

16. Attached hereto as Exhibit C is a letter to the Court seeking a status conference, and inclusive of e'mail messages attempting to get Home Depot to sign the documents.

SIGNED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY THIS 26 DAY OF FEBRUARY 2007 BY:

_____
Thomas F. Feeney