TORKILDSON, KATZ, FONSECA,
MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

JEFFREY S. HARRIS            2718-0
(jsh@torkildson.com)
HEATHER M. RICKENBRODE  8174-0
(hmr@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
HOME DEPOT USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JON MUSE,<br><br>            Plaintiff,<br><br>     v.<br><br>HOME DEPOT USA, INC.,<br><br>            Defendant. | **CIVIL NO. CV04-00154 DAE/BMK**<br><br>DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, FILED FEBRUARY 27, 2007; DECLARATION OF COUNSEL; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>Trial:    October 24, 2006 |

639181.V1

### DEFENDANT HOME DEPOT USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, FILED FEBRUARY 27, 2007

Defendant HOME DEPOT USA, INC., by and through its undersigned counsel, hereby respectfully submits this opposition to Plaintiff Jon Muse's Motion to Enforce Settlement Agreement, filed February 27, 2007.

Plaintiff's Motion should be denied because (a) Plaintiff has refused to sign a copy of the settlement agreement that accurately reflects the oral settlement placed on the record on January 17, 2007; and (b) the settlement that the parties placed on the record on January 17, 2007 contemplated the inclusion of Home Depot's standard settlement terms covering non-disparagement and liquidated damages.

### I.   STATEMENT OF RELEVANT FACTS

The parties agreed to the material terms of settlement of this matter on Tuesday, January 16, 2007. They appeared before Judge Ezra on Wednesday, January 17, 2007 to place the most basic terms on the record. At that time, Defense counsel stated:

> Okay. First of all, the parties have agreed to a confidential settlement, <u>no statements to anyone</u> except that the matter has been resolved.

Transcript of Proceedings Before the Honorable David Alan Ezra, United States District Judge at 3:25-4:02 (Jan. 17, 2007) (emphasis added) (attached as Exhibit

"B" to Plaintiff's Motion to Enforce Settlement Agreement).

On February 7, 2007, Defendant sent Plaintiff's counsel a finalized copy of the settlement agreement. See Decl. of Counsel ¶ 2; Exh. "A". To date, Plaintiff's counsel has failed to return a signed copy of the agreement. If Plaintiff is concerned by the delay in finalizing the settlement documents, he should direct this concern to his own attorneys, rather than Defendant (who submitted to Plaintiff a finalized settlement agreement for signature more than three weeks ago).

## II.     ARGUMENT

It is disingenuous for Plaintiff's counsel to claim that Defendant has engaged in dilatory tactics when it is Plaintiff who has inexplicably refused to sign the February 7 settlement agreement, which embodies the general terms discussed on the record on January 17, 2007.

When a dispute arises regarding the final terms of a settlement agreement, the party that refuses to sign the agreement bears the burden of demonstrating that it is inconsistent with the terms of the agreement stated on the record. Doi v. Halekulani, 276 F.3d 1131 (9th Cir. 2002). Plaintiff has not shown that the terms he now disputes, including provisions on non-disparagement and liquidated damages, are in any way inconsistent with terms summarized on the record.

A.   **NON-DISPARAGEMENT PROVISION**

Plaintiff raises the specious argument that a non-disparagement provision was not contemplated in the parties' verbal agreement. Defendant can only assume that Plaintiff's counsel's insistence that this provision be stricken from the agreement is predicated upon a potential plan to publicly disparage Defendant to customers and the public, and frame and display a new headline alongside the others in Plaintiff counsel's own conference room.

It is undisputed that the parties agreed that "no statements [would be made] to anyone except that the matter has been resolved." See Transcript of Proceedings at 3:25-4:02 (emphasis added) (attached as Exhibit "B" to Plaintiff's Motion to Enforce Settlement Agreement). According to Plaintiff, the Court should interpret the phrase 'no statements to anyone' to exclude disparaging statements that Plaintiff and his attorneys plan to make to various third parties, including Home Depot customers and the media.

The United States Court of Appeals for the Ninth Circuit considered a similar issue in Doi v. Halekulani Corporation, 276 F.3d 1131 (9th Cir. 2002). There, defense counsel stated in open court that "[t]he release would also contain a mutual confidentiality provision, to be agreed upon by counsel, as well as a mutual non-disparagement agreement." Id. at 1139. Plaintiff sought to avoid having the agreement enforced against her by arguing that the scope of the confidentiality

provision was not "fully spelled out at the settlement hearing". Id. In denying Plaintiff's claim, the Court reasoned that "[t]he written agreement contains a very standard release clause, and there is no reason to think that it represents any overreaching by Halekulani." Id.

As in Doi, the non-disparagement clause in this case contains standard language that lacks any indication of overreaching on the part of Defendant. Id. at 1139; see also Henley v. Cuyahoga County Bd. of Mental Retardation and Developmental Disabilities, No. 04-3406, 141 Fed. Appx. 437 (6th Cir. 2005) (noting that District Court found confidentiality/non-disparagement clause "to be completely in accord with the parties' settlement discussions where they agreed to keep the terms of their agreement confidential.").

### B.   THE LIQUIDATED DAMAGES CLAUSE

Aside from Plaintiff's argument that his agreement to make "no statements to anyone" should exclude disparaging statements, Plaintiff also claims that Home Depot's standard liquidated damages provision is unfair. The purpose behind this modest confidentiality clause is to provide plaintiff and his attorneys an incentive to honor the confidentiality clause. Absent such an incentive, such clauses are difficult if not impossible to enforce.

Plaintiff cannot dispute that "[i]t is usually difficult to determine damages for breach of an agreement to keep a settlement confidential. It is for that reason

that confidentiality agreements often include a provision specifying liquidated damages for breach." <u>Crowne Investments, Inc. v. United Food and Comm'l Workers, Local No. 1657</u>, 959 F. Supp. 1473, 1480 (M.D. Ala. 1997).

Yet Plaintiff's counsel apparently seeks a settlement agreement that recites confidentiality, but lacks any means for ensuring that confidentiality is maintained. Following their argument to its logical conclusion, it would seem that Plaintiff and his attorneys expect a settlement check <u>and</u> the unfettered right to discuss the agreement and disparage Defendant to whomever they choose without any recourse whatsoever. Plaintiff has offered no authority to support this proposition, however, and has made no claim that the liquidated damages provision is unreasonable.

The written, non-economic terms necessary to effectuate the parties' on-the-record agreement to make "no statements to anyone" are not collateral matters. Indeed, these issues were essential to settlement, and Defendant would never have agreed to settlement without these standard terms that would provide a mechanism to enforce confidentiality. The provisions are neither unfair nor unjust, and Plaintiff should not be allowed to dispute them now. See <u>Shernoff v. Hewlett-Packard Co.</u>, NO. 04-4390, 2006 U.S. Dist. Lexis 87518, *8-*9 (D. N.J. Dec. 4, 2006) (settlement binding where essential non-economic terms were "freely negotiated by the parties and are neither unfair nor unjust").

## III. **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion to Enforce Settlement Agreement be denied, and that the Court order Plaintiff and his counsel to execute the written agreement that includes Home Depot's standard non-disparagement and liquidated damages clauses.

DATED: Honolulu, Hawai'i, March 12, 2007.

        TORKILDSON, KATZ, FONSECA,
        MOORE & HETHERINGTON,
        Attorneys at Law, A Law Corporation


        /s/ Heather M. Rickenbrode
        JEFFREY S. HARRIS
        HEATHER M. RICKENBRODE
        Attorneys for Defendant
        HOME DEPOT USA, INC.