OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN    1152-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN    5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY    5546
E-mail: FeeneyatLaw@cs.com
Attorney At Law,
A Law Corporation
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff
JON MUSE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON MUSE, | ) | CIVIL NO. 04-00154 DAE/BMK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S REPLY TO |
| | ) | DEFENDANT'S OPPOSITION TO |
| vs. | ) | PLAINTIFF'S MOTION TO |
| | ) | ENFORCE SETTLEMENT |
| | ) | AGREEMENT AND CERTIFICATE |
| HOME DEPOT USA, INC. | ) | OF SERVICE |
| | ) | DATE:    March 19, 2007 |
| Defendant. | ) | TIME:    10:30 a.m. |
| _____ | ) | JUDGE:  Barry M. Kurren |

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

**I.      ARGUMENT**

At some point, a party's bad faith and blatant disregard of facts and court deadlines deserve sanction.  This is just such a point.

Trying to turn the issue around, Home Depot argues that it is Plaintiff that has delayed the execution of the settlement documents beyond the deadline set by Judge Ezra, because of Plaintiff's purported refusal to sign settlement documents containing two clauses that were neither discussed during settlement negotiations nor put on the record in this case.

The **undisputed**, material facts related to the instant matter before the Court are as follows:

1. Neither a non-disparagement clause nor a liquidated damages clause ever was raised or discussed between the parties prior to agreeing to a settlement of this case.

2. Neither a non-disparagement clause nor a liquidated damages clause was mentioned on the record when Judge Ezra asked attorney Harris to describe the terms.

3. Within two days from receiving Home Depot's first draft of the settlement documents, two days after putting the settlement on the record, Plaintiff submitted its revisions to Home Depot.

4. Plaintiff, expressing concern about Home Depot's failure to respond, sought and received a status conference prior to the 6 February 2007 deadline set by Judge Ezra "no if, ands, or buts;" a deadline expressly agreed to by Home Depot counsel of record in this case.

5. Finally, one day **after** the deadline, Plaintiff receives revised settlement documents with two new provisions – a non-disparagement clause and a separate liquidated damages clause.

6. Plaintiff responded within the next few days, and submitted a revised agreement, to all of which there has been no dispute, except as to the inclusion of the non-disparagement and liquidated damages provisions.

7. Home Depot has refused to sign the documents if they do not include the two, previously non-negotiated provisions.

The burden of showing that the proposed agreement is inconsistent with the agreement put on the record, as the recognized, but misapplied, by Home Depot, is on the party refusing to sign the agreement. *See Doi v. Halekulani*, 276 F.3d 1131 (9th Cir. 2002)(in which both confidentiality and non-disparagement clauses were discussed and put on the record).

Home Depot's arguments range from the merely specious to the unprofessional assertion that Plaintiff's attorneys do not want to have a non-disparagement clause because of a purported desire to post a newspaper article on

the walls of one of Plaintiff's attorney's conference rooms walls. Aside from this childish, unfounded, and unprofessional assertion, **Home Depot's argument boils down to this: the Court should take judicial notice that all attorneys in the United States are presumed aware of, and in agreement with, the standard settlement agreement that Home Depot uses in employment law cases, and that those clauses are presumed included in any settlement discussions, even if never raised.**

This is not an exaggeration; this is exactly what Home Depot is arguing. Their argument that the phrase "no statements to anyone" in the context of the confidentiality provision includes a non-disparagement provision is gross overreaching only a law student could appreciate. Their argument that the agreement is unenforceable without a (one-sided) liquidated damages clause not only ignores the provision for attorneys' fees to a prevailing party, but also makes a mockery of the Court's ability fairly to impose appropriate sanctions on either party's failure to abide by the terms of the agreement. In addition, Home Depot's insertion of a liquidated damages that only imposes sanctions one way is telling – this is not an employment case where the employer is merely paying[1] out damages,

---

[1] Given Home Depot's current management, financial and service-related problems being reported in newspapers world wide, any statements made by those outside of Home Depot are the least of its worries. Anything that could be put on Stan Levin's conference room wall (or a thousand other conference room walls for that matter) could not begin to approach the level of "bad publicity" that Home Depot has managed to generate for itself in the past year. Defendant's counsel improperly imputes to Plaintiff and his counsel a prior disposition to violate the terms of the confidentiality provision. Given the fact that no publicity has been generated by this lawsuit in either local or national press to date, this proposition is wholly unsupported by any factual basis.

this is ADA Title III where Home Depot has affirmative, ongoing obligations to Plaintiff, obligations that Home Depot has shown it is more than willing to ignore and abuse.

Both Plaintiff and his legal counsel will abide by the terms of the confidentiality agreement – the terms of this agreement never will be mentioned to anyone, in a disparaging manner or otherwise, except as set forth in the agreement. Home Depot's non-disparagement clause, obviously gleaned from an employment settlement agreement (the word "employee" needed to be excised from the draft provided by Home Depot), is so overbroad as to be an absurd restriction on any statement as to Home Depot future actions or omissions; such a clause arguable would restrict counsel from ever representing any plaintiff in a case against Home Depot.

## II.  CONCLUSION

In conclusion, Home Depot was able to settle this case within 5 days in order to prevent a trial and the very real probability of an imposition of substantial damages and attorneys' fees and costs.  The only motivation for Plaintiff was to avoid the appeal threatened by Home Depot's counsel and to gain access to the store sooner rather than later.  Home Depot's subsequent conduct has violated both the spirit and letter of the settlement agreement.  It now seeks to have the Court force unconscionable terms upon the Plaintiff and his counsel that its lawyers did

not and could not successfully have negotiated with the Plaintiff during the intensive settlement process.

Home Depot's delay in executing the settlement documents should not be rewarded with merely an order to sign; sanctions need to be imposed in the form of the immediate tender of the settlement amount (within 5 calendar days), interest on the settlement amount and attorneys' fees and costs. Otherwise, Home Depot will continue to violate the ADA, harass plaintiffs' attorneys, and ignore court deadlines at their convenience in order to try to gain an advantage in settlement terms never negotiated.

DATED: Honolulu, Hawai'i, March 15, 2005.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY

Attorneys for Plaintiff