OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN     1152-0
851 Fort Street
400 Davis Levin Livingston Grande Place
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

BRUCE F. SHERMAN   5996
E-mail: failey52@hawaii.rr.com
THOMAS F. FEENEY   5546
E-mail: FeeneyatLaw@cs.com

Attorney At Law,
A Law Corporation
1164 Bishop Street, Suite 124
Honolulu, Hawaii 96813
Tel:(808) 599-3955/Fax: (808) 599-3944

Attorneys for Plaintiff
JON MUSE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

_____

| | |
|---|---|
| JON MUSE, | ) CIVIL NO. CV04-00154 DAE/BMK |
| | ) |
| Plaintiff, | ) PLAINTIFF'S MOTION AND |
| | ) DECLARATION FOR ORDER TO |
| vs. | ) SHOW CAUSE WHY DEFENDANT |
| | ) SHOULD NOT BE HELD IN |
| HOME DEPOT USA, INC. | ) CONTEMPT OF COURT ORDERS |
| | ) AND CERTIFICATE OF SERVICE |
| Defendant. | ) |
| | ) DATE: |
| | ) TIME: |
| _____ | ) JUDGE: Barry M. Kurren |

## PLAINTIFF'S MOTION AND DECLARATION FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT OF COURT ORDERS

Defendant Home Depot once again has delayed settlement of this matter, once again in specific violation of deadlines imposed by this Court. Plaintiff Jon Muse hereby moves for the issuance of an Order to Show Cause Why Defendant Should Not Be Held In Contempt of Court Orders, and for the imposition of sanctions, including interest from the date set originally by this Court, and for the imposition of Attorneys' Fees and Costs.

The only time that Home Depot has acted is when it has been in their self-interest or upon being brought into Court. Home Depot's actions have shown consistent and complete disdain for this Court's orders. The Plaintiff (who after more than 3 months after settlement still has not been given access to Home Depot), Plaintiff's attorneys (in the extra, so far uncompensated, efforts to enforce the Agreement and Court Orders and to remedy other delays), and the Court (in the waste of judicial resources required to enforce its own, unambiguous orders) have all suffered any prejudice from Home Depot's egregious settlement tactics.

On 19 and 20 March 2007, this Court, the Honorable Barry M. Kurren presiding, held live and telephone conference hearings on Plaintiff's Motion to Enforce the Settlement. The Court ordered that Home Depot deliver the executed settlement documents and other attendant instruments to Plaintiff within **30 days of**

2

**the hearing**. The Plaintiff and his counsel executed and delivered all the requisite settlement documents more than three (3) weeks ago.

The due date for the settlement documents and instruments was **Thursday, 19 April 2007**. None were received. No settlement documents or instruments were forthcoming by Friday, 20 April 2007, either. Communication by Attorney Bruce F. Sherman with Defendant's counsel reveals that Home Depot ordered Defendant's counsel not to turn over any of the settlement instruments pending the execution of the settlement documents by some member of Home Depot's management These documents have been in Defendant's possession for more than three weeks, and were originally ordered to be executed no later than 6 February 2007. In light of this development, the Defendant's specious argument at the March hearings, that it was concerned that the Plaintiff would violate the settlement agreement without a penalty clause in the agreement, is the height of bad faith.

All of the delay is attributable to Defendant's intransigence and bad faith settlement tactics. It is not currently known when, if at all, the Defendant will deliver the settlement instruments and executed settlement documents to the Plaintiff's counsel. Even if the Defendant should attempt to moot out this motion by delivering the documents and settlement instrument late, but before any hearing can be scheduled, isn't time that the Defendant be held accountable for violating

the court's order? Defendant Home Depot apparently believes that the courts 30-day deadline (which expired on Thursday, April 19, 2007) was simply a suggestion, not an order.

This is not a situation where the parties can't agree. And more importantly, this is not a situation where both parties are culpable. The Plaintiff and his counsel have done everything they could to meet the court's deadline. The court's deadline was unambiguous. It is a situation where one party, the Defendant, believes that it can apparently flaunt its size and self-perceived importance over the Plaintiff and the court. The Defendants arrogance in ignoring this court's deadlines should not go unrewarded. But yet again, the Defendant is a day late (actually 3 days late and counting) and a dollar short (those other acts required under the settlement agreement).

Another compelling reason to impose sanctions and thereby to hold Defendant Home Depot accountable is the fact that the parties have yet to set up procedures to ensure that the injunctive aspects of the settlement are implemented. Will this be done over the course of months at the will and whim of Defendant Home Depot, resulting in yet other hearings? In the instance where one party abuses and ignores the procedures and orders of the court, there comes a time when the court should and must ensure that the offending party be held responsible and accountable.

This motion is brought pursuant to Rules 7(b) of the Federal Rules of Civil Procedure, incorporates by reference Plaintiff's earlier filed Motion to Enforce Settlement Agreement, is based upon this Motion, the records and files herein, and the arguments to be presented at a hearing on the motion.

DATED:  Honolulu, Hawai'i, 21 April 2007.

/s/ Bruce F. Sherman
STANLEY E. LEVIN
BRUCE F. SHERMAN
THOMAS F. FEENEY
Attorneys for Plaintiff
JON MUSE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| _____ | |
| JON MUSE, | ) CIVIL NO. CV04-00154 DAE/BMK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| vs. | ) |
| | ) |
| HOME DEPOT USA, INC. | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on counsel of record

for Defendant Home Depot:

TORKILDSON, KATZ, FONSECA, MOORE & HETHERINGTON,
JEFFREY S. HARRIS. ESQ.
HEATHER M. RICKENBRODE
700 Bishop Street, 15th Floor
Honolulu, Hawai'i  96813-4187

via Electronic Filing on 21 April 2007.

DATED:  Honolulu, Hawai'i, 21 April 2007.


　　　　　　　　　　　　　　/s/ Bruce F. Sherman
　　　　　　　　　　　　　　STANLEY E. LEVIN
　　　　　　　　　　　　　　BRUCE F. SHERMAN
　　　　　　　　　　　　　　THOMAS F. FEENEY

Attorneys for Plaintiff
JON MUSE